IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, TORRENCE VAUGHNS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants,<br><br>    Plaintiffs,<br><br>v.<br><br>VEE PAK, INC.,<br><br>    Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge |

**CLASS ACTION COMPLAINT**

Plaintiffs Brian Lucas, Aronzo Davis, Torrence Vaughns, Joe Eagle and Michael Keys ("Plaintiffs"), on behalf of themselves and all other similarly situated job applicants, for their Complaint against Vee Pak, Inc. (hereinafter referred to as "Vee Pak"), state as follows:

**I.  INTRODUCTION**

1.  This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section §1981"), for Defendant's discrimination against African-American job applicants in its hiring practices. Vee Pak operates manufacturing and packaging facilities in Hodgkins and Countryside, Illinois, supplying products for companies such as Johnson & Johnson. Vee Pak staffs its operation both through direct hires and through multiple staffing agencies on the west and southwest side of Chicago, including Staffing Network, LLC (Staffing Network), Alternative Staffing, Inc. ("ASI") and MVP Workforce Solutions, LLC (MVP). Beginning in or about November of 2011 and continuing on thereafter, Plaintiffs, all African-American, were qualified to work at Vee Pak and sought employment directly at Vee Pak and/or through its staffing agencies but were repeatedly denied the opportunity to work at Vee Pak and, in some instances, even denied the opportunity to apply for work at Vee Pak. In addition to being

1

denied employment at Vee Pak themselves, Plaintiffs witnessed other qualified African-American applicants being denied the opportunity to work at or apply for work at Vee Pak through its staffing agencies while other, non-African American applicants who appeared at Vee Pak's staffing agencies after Plaintiffs and other similarly situated African American applicants, were given the opportunity to apply and to work at Vee Pak.

2. Plaintiffs will seek to certify their Title VII and Section §1981 claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' Title VII and Section 1981 claims pursuant to 28 U.S.C. §1331, arising under 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, respectively.

4. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendant maintained offices and transacted business within this jurisdiction.

5. On May 17, 2012, Plaintiffs filed charges of discrimination against Vee Pak with the EEOC. The EEOC has issued a Notice of Right to Sue to Plaintiffs.

6. The case is timely filed.

## III. PARTIES

**A. Plaintiffs**

7. Each Plaintiff:
   a. is African-American;
   b. is qualified to perform work at Vee Pak, Inc.;
   c. was or is a "job applicant" at Vee Pak, either directly or through one or more of its staffing agencies, Staffing Network, ASI and/or MVP.

**B. Defendant**

8. At all relevant times, Defendant Vee Pak, Inc.:
   a. has been a corporation organized under the laws of the State of Illinois;

2

    b.    has conducted business in Illinois and within this judicial district; and

    c.    has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c);

### IV.    FACTUAL BACKGROUND

9. Beginning in or about November of 2011 and continuing thereafter, Plaintiffs Brian Lucas, Aronzo Davis and Torrence Vaughns attempted to apply for employment directly at Vee Pak. Vee Pak did not hire Plaintiffs Lucas and Davis.

10. Vee Pak employs the majority of its employers in its manufacturing and packaging facility through staffing agencies.

11. On information and belief, the overwhelming majority of laborers employed by Vee Pak directly or through its staffing agencies, Staffing Network, ASI and MVP, in its manufacturing and packaging facilities are non-African American laborers and are primarily Hispanic.

12. Staffing Network operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

13. ASI operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

14. MVP operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

15. Upon learning that Vee Pak employs most of its employees through staffing agencies, Plaintiffs Lucas and Davis contacted Vee Pak to ask where they could apply for employment through a staffing agency.

16. Vee Pak representatives repeatedly refused to inform Plaintiffs Lucas and Davis of what staffing agencies they could apply to in order to secure work at Vee Pak.

17. In or about November of 2011, Plaintiffs Lucas and Davis finally learned that Vee Pak used temporary laborers from Staffing Network and ASI.

18. In or about November of 2011 and thereafter, Plaintiffs Lucas and Davis applied to both Staffing Network and ASI for employment, specifically asking to be assigned at Vee Pak.

19. In or about November of 2011 and thereafter, Plaintiffs Keys and Eagle likewise sought employment at Staffing Network, specifically asking to be assigned to work at Vee Pak.

20. Staffing Network refused to assign Plaintiffs Lucas, Davis, Keys and Eagle and Vaughns to work at Vee Pak.

21. Staffing Network refused to allow other similarly situated African American job applicants to work at Vee Pak.

22. Staffing Network assigned other, non-African American applicants to work at Vee Pak even though they had no additional qualifications than Plaintiffs and sought employment after Plaintiffs.

23. ASI refused to assign Plaintiff Lucas to work at Vee Pak.

24. ASI refused to allow other similarly situated African American job applicants to work at Vee Pak.

25. ASI assigned other, non-African American applicants to work at Vee Pak even though they had no additional qualifications than Plaintiff Lucas and sought employment after Plaintiff Lucas and other similarly situated African American job applicants..

26. In or about November of 2011 and thereafter, Plaintiffs Vaughns sought employment at MVP, specifically asking to work at Vee Pak.

27. MVP refused to assign Plaintiff Vaughns to work at Vee Pak.

28. MVP refused to allow other similarly situated African American job applicants to work at Vee Pak.

29. MVP assigned other, non-African American applicants to work at Vee Pak even though they had no additional qualifications than Plaintiff Vaughns and sought employment after Plaintiff Vaughns and other similarly situated African-Americans job applicants.

30. Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, Staffing Network, ASI and MVP did not engage in discriminatory hiring practices.

## V. CLASS ACTION ALLEGATIONS

31. Plaintiffs will seek to certify their claims for race-based discrimination claim arising under Title VII (Count I) and arising under Section 1981 (Count II) as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable;

   b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employed hundreds of individuals in Illinois during the Title VII and Section 1981 Class Periods;

   c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   (i) Whether Defendant discriminated against African American job applicants in its hiring practices;
   (ii) Whether Staffing Network, ASI and MVP were agents of Vee Pak in its hiring;
   (iii) Whether Staffing Network, ASI and MVP complied with a discriminatory request by Vee Pak in its hiring;
   (iv) Whether Defendant failed to exercise reasonable care to prevent its agents, Staffing Network, ASI and MVP, from engaging in discriminatory hiring practices;
   (v) Whether Defendants have made job assignments in a discriminatory manner based on race;
   (vi) Whether conduct complained of herein constitutes a violation of Section 1981;
   (vii) Whether Defendant has and/or continues to have to have a systemic custom and policy of race-based discrimination targeting African American job applicants;
   (viii) Whether Plaintiffs and members of the Class have or continue to sustain damages, and, if so, the proper measure of damages;

5

    (ix)    Whether Plaintiffs and other members of the Class are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief

d. Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating discrimination and other employment class actions;

e. The class representatives and the members of the class have been equally affected by Defendant's race-based discrimination in its hiring practices;

f. Members of the class will be reluctant to bring forth claims for unpaid wages violations for fear of retaliation;

g. The class representatives, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

32. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

### COUNT I
### Violation of Title VII- Race-based Discrimination
### Plaintiffs on behalf of themselves and similarly situated African American job applicants
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 32 as though set forth herein.

33. As described more fully above and specifically in paragraphs 9 - 30, *supra*, Defendant intentionally discriminated against all Plaintiffs based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

6

34. As described more fully above and specifically in paragraphs 9 - 30, *supra*, Defendant intentionally discriminated against other similarly situated African American job applicants based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

35. As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendant, all Plaintiffs suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. Defendant's conduct was willful and/or reckless, warranting the imposition of punitive damages.

37. The Class that Plaintiffs seek to represent is made up of and defined as: All African American job applicants of Vee Pak, either directly or through its agents Staffing Network, ASI and/or MVP.

WHEREFORE, Plaintiffs respectfully pray that this Court:

A. allow this action to proceed as a class action against Vee Pak pursuant to Rule 23;

B. enjoin Vee Pak from continuing or permitting future violations of Title VII for racial discrimination against African American job applicants;

C. enter a judgment in their favor and against Vee Pak for compensatory damages in amounts to be determined at trial;

D. enter a judgment in their favor and against Vee Pak for punitive damages in amounts to be determined at trial;

E. for all reasonable attorney's fees and costs in bringing this action; and

F. for such other relief as this Court deems just and equitable.

**COUNT II**
**Violation of Section 1981 – Race-based Discrimination**
**Plaintiffs on behalf of themselves and similarly situated African American job applicants**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 37 as though set forth herein.

38. Count arises under Section 1981 for Defendant's discriminatory practices in hiring, either directly or through its agents, described more fully in paragraphs 9 - 30, *supra*.

39. Defendant's discrimination against African American job applicants in hiring was based on Plaintiffs' and similarly situated job applicants' race, African American, and in violation of 42 U.S.C. §1981.

40. As a direct and proximate result of the willful and reckless acts or omissions of Defendant alleged *supra*, all Plaintiffs and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

41. Defendant's conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs and the Class pray that this Court enter judgment against Defendants as follows:

A. A judgment for compensatory and punitive damages;

B. Reasonable attorneys' fees and costs incurred in filing this action; and

C. That the Court declare that Defendants violated Section 1981;

D. Such other and further relief as this Court deems appropriate and just.

Dated: December 5, 2012

Respectfully submitted,

s/Christopher J. Williams
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
ALVAR AYALA (ARDC #6295810)
Workers' Law Office, P.C.
401 S. LaSalle, Suite 1400
Chicago, Illinois 60605
(312) 795-9121

Attorneys for Plaintiffs