**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, TORRENCE VAUGHANS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12 C 9672 ) |
| VEE PAK, INC., WJI INDUSTRIES, INC. d/b/a STAFFING NETWORK, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP and ALTERNATIVE STAFFING, INC. d/b/a ASI, | ) Judge Tharp ) ) Magistrate Judge Keys ) ) ) |
| Defendants. | ) |

**DEFENDANT VEE PAK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
SECOND AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant, VEE PAK, INC. ("Vee Pak"), by and through its attorneys,

DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY, and for its ANSWER AND

AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT,

states as follows:

## I. INTRODUCTION

1.　　This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42
U.S.C. § 1981 ("Section § 1981"), for Defendants' discrimination against African American job
applicants in its hiring practices. Vee Pak operates manufacturing and packaging facilities in
Hodgkins and Countryside, Illinois, supplying products for companies such as Johnson &
Johnson. Vee Pak staffs its operation both through direct hires and through multiple staffing
agencies on the west and southwest side of Chicago, including Staffing Network, ASI and MVP.
Beginning in or about November of 2011 and continuing on thereafter, Plaintiffs, all African
American, were qualified to work at Vee Pak and sought employment directly at Vee Pak and/or
through its staffing agencies but were repeatedly denied the opportunity to work at Vee Pak and,
in some instances, even denied the opportunity to apply for work at Vee Pak. In addition to
being denied employment at Vee Pak themselves, Plaintiffs witnessed other qualified African

American applicants being denied the opportunity to work at or apply for work at Vee Pak through its staffing agencies while other, non-African American applicants who appeared at Vee Pak's staffing agencies after Plaintiffs and other similarly situated African American applicants, were given the opportunity to apply and to work at Vee Pak.

> **ANSWER:**   Vee Pak only admits that it operates manufacturing and packaging facilities in Hodgkins and Countryside, Illinois, supplying products for companies per contract.  Vee Pak staffs its operation both through direct hires and through multiple staffing agencies, including Staffing Network, ASI and MVP.  Vee Pak denies the remaining allegations in paragraph 1.

2.     Plaintiffs will seek to certify their Title VII and Section § 1981 claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

> **ANSWER:**   Vee Pak denies that this case is appropriate for class certification.

## II.  JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiffs' Title VII and Section § 1981 claims pursuant to 28 U.S.C. § 1331, arising under 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, respectively.

> **ANSWER:**   Vee Pak admits that this Court has subject matter jurisdiction but denies that it engaged in act acts giving rise to this Court's jurisdiction.

4.     Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendant maintained offices and transacted business within this jurisdiction.

> **ANSWER:**   Vee Pak admits that venue is proper in this Court but denies that it engaged in act acts giving rise to venue.

5.     On May 17, 2012, Plaintiffs filed charges of discrimination against Vee Pak with the EEOC.  On November 29, 2012, the EEOC issued a Notice of Right to Sue to Plaintiff Lucas and on December 12, 2012, the EEOC issued a Notice of Right to Sue to Plaintiffs Davis, Vaughans, Eagle and Keys.  Plaintiffs' Right to Sue Notices from the EEOC are attached hereto as Group Exhibit A.

> **ANSWER:**   Vee Pak only admits that Group Exhibit A are the Notice of Right to Sue letters and denies the remaining allegations in paragraph 5.

6.      The case is timely filed.

**ANSWER:**    Vee Pak denies the allegations in paragraph 6.

## III.  PARTIES

A.    **Plaintiffs**

7.      Plaintiff Brian Lucas:

       a.      is African American;
       b.      is qualified to perform work at Vee Pak, Inc.;
       c.      was or is a "job applicant" at Vee Pak, either directly or through its
           staffing agencies, Staffing Network, ASI and MVP.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore, demands strict proof thereof. Vee Pak denies that Lucas was a direct job applicant at Vee Pak.

8.      Plaintiff Aronzo Davis:

       a.      is African American;
       b.      is qualified to perform work at Vee Pak, Inc.;
       c.      was or is a "job applicant" at Vee Pak, either directly or through one of its
           staffing agencies, Staffing Network.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore, demands strict proof thereof. Vee Pak denies that Davis was a direct job applicant at Vee Pak.

9.      Plaintiff Torrence Vaughans:

       a.      is African American;
       b.      is qualified to perform work at Vee Pak, Inc.;
       c.      was or is a "job applicant" at Vee Pak, either directly or through one of its
           staffing agencies, MVP.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore, demands strict proof thereof. Vee Pak denies that Vaughns was a direct job applicant at Vee Pak.

10.     Plaintiff Joe Eagle:

    a.     is African American;
    b.     is qualified to perform work at Vee Pak, Inc.;
    c.     was or is a "job applicant" at Vee Pak, either directly or through one of its staffing agencies, Staffing Network.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore, demands strict proof thereof. Vee Pak denies that Eagle was a direct job applicant at Vee Pak.


11.     Plaintiff Michael Keys:

    a.     is African American;
    b.     is qualified to perform work at Vee Pak, Inc.;
    c.     was or is a "job applicant" at Vee Pak, either directly or through one of its staffing agencies, Staffing Network.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore, demands strict proof thereof. Vee Pak denies that Keys was a direct job applicant at Vee Pak.


**B.**     **Defendants**

12.     At all relevant times, Defendant Vee Pak, Inc.:

    a.     has been a corporation organized under the laws of the State of Illinois;
    b.     has conducted business in Illinois and within this judicial district; and
    c.     has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

**ANSWER:**     Vee Pak admits that it is a corporation organized under the laws of the State of Illinois and that it conducts business in Illinois and within this judicial district. Vee Pak denies that it would have been the Plaintiffs' "employer."


13.     At all relevant times, defendant Staffing Network:

    a.     has been a corporation organized under the laws of the State of Illinois;
    b.     has conducted business in Illinois and within this judicial district; and
    c.     has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13.


14.    At all relevant times, Defendant MVP:

   a.    has been a corporation organized under the laws of the State of Delaware;
   b.    has conducted business in Illinois and within this judicial district; and
   c.    has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14.


15.    At all relevant times, Defendant ASI:

   a.    has been a corporation organized under the laws of the State of Illinois;
   b.    has conducted business in Illinois and within this judicial district; and
   c.    has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.


## IV.  FACTUAL BACKGROUND

16.    Beginning in or about November of 2011 and continuing thereafter, Plaintiffs Brian Lucas, Aronzo Davis and Torrence Vaughans attempted to apply for employment directly at Vee Pak.  Vee Pak did would not hire Plaintiffs Lucas, Davis and Vaughans or even allow Plaintiffs Lucas, Davis or Vaughans to apply for work.

**ANSWER:**    Vee Pak denies the allegations in paragraph 16.


17.    Vee Pak would initially not even inform Lucas, Davis and Vaughans as to how to apply for work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 17.


18.    Vee Pak employs the majority of its employees in its manufacturing and packaging facility through staffing agencies, including Staffing Network, ASI and MVP.

**ANSWER:**    Vee Pak only admits that it has used Staffing Network, ASI and MVP for its workforce needs.  Further, Vee Pak denies the remaining allegations in paragraph 18.

19.    On information and belief, the overwhelming majority of laborers employed by Vee Pak directly or through its staffing agencies, Staffing Network, ASI and MVP, in its manufacturing and packaging facilities are non-African American laborers.

**ANSWER:**    Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced.  Vee Pak demands strict proof thereof.

20.    On information and belief, the overwhelming majority of laborers employed by Vee Pak directly or through its staffing agencies, Staffing Network, ASI and MVP, in its manufacturing and packaging facilities are Hispanic.

**ANSWER:**    Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced.  Vee Pak demands strict proof thereof.

21.    Staffing Network operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 21.

22.    ASI operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 22.

23.    MVP operated as an agent of Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 23.

24.    Upon learning that Vee Pak employs most of its employees through staffing agencies, Plaintiffs Lucas, Davis and Vaughans contacted Vee Pak to ask where they could apply for employment through a staffing agency.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24.  Further, Vee Pak denies the allegations and demands strict proof thereof.

25.    Vee Pak representatives repeatedly refused to inform Plaintiffs Lucas, Davis and Vaughans of what staffing agencies they could apply to in order to secure work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 25.

26.    In or about November of 2011, Plaintiffs Lucas, Davis and Vaughans finally learned that Vee Pak used temporary laborers from Staffing Network and ASI.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore demands strict proof thereof.

27.    In or about November of 2011 and thereafter, Plaintiffs Lucas, Davis and Vaughans attempted to apply for work Staffing Network for employment.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore, demands strict proof thereof.

28.    Staffing Network requires African American employees to complete a pre-application while non-African American job applicants are not required to complete a pre-application or complete a different pre-application.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore, demands strict proof thereof.

29.    Staffing Network requires African Americans to return at a different time to complete an application at another time in instances where Staffing Network even allows African Americans to apply for employment, if the company even allows African Americans to apply for work.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore, demands strict proof thereof.

30.    In or about November of 2011, Plaintiffs Lucas, Davis, Vaughans, Eagle and Keys attempted to apply for employment at Staffing Network and were required to complete a pre-application and told they had to return a later time to complete an application.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore, demands strict proof thereof.

31.    In or about November of 2011 and thereafter, Plaintiffs Lucas, Davis, Vaughans, Eagle and Keys specifically requested to be assigned to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore, demands strict proof thereof.

32.    Plaintiffs Lucas, Davis, Vaughans, Eagle and Keys were told by agents of Staffing Network that they would be more likely to be assigned if they were willing to work at other locations because they would not be likely to be sent to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore, demands strict proof thereof.

33.    Plaintiffs Lucas, Davis, Vaughans, Eagle and Keys witnessed non-African American, Hispanic employees being allowed to apply for work immediately and being assigned to work.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore, demands strict proof thereof.

34.    On information and belief, several Hispanic applicants who sought work at Staffing Network after Plaintiffs were assigned to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore, demands strict proof thereof.

35.    Staffing Network refused to assign Plaintiffs Lucas, Davis, Keys and Eagle and Vaughans to work at Vee Pak because of their race, African American.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore, demands strict proof thereof.

36.    Staffing Network refused to allow other similarly situated African American job applicants to work at Vee Pak because of their race, African American.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore, demands strict proof thereof.

37.    Staffing Network assigned other, non-African American applicants to work at Vee Pak even though they had no more qualifications than Plaintiffs and sought employment after Plaintiffs.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore, demands strict proof thereof.

38.    On information and belief, Staffing Network refused to assign Plaintiffs Lucas, Davis, Keys and Eagle, Vaughans and other similarly situated African American job applicants to work at Vee Pak because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 38.

39.    In or about November of 2011 and thereafter, Plaintiff Lucas attempted to apply for work ASI for employment.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore, demands strict proof thereof.

40.    Plaintiff Lucas specifically asked the dispatcher at ASI if he could be assigned to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore, demands strict proof thereof.

41.    ASI refused to assign Plaintiff Lucas to work at Vee Pak or to any other work sites.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore, demands strict proof thereof.

42.    ASI refused to allow other similarly situated African American job applicants to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore, demands strict proof thereof.

43.     ASI assigned other, non-African American applicants to work at Vee Pak even though they had no more qualifications than Plaintiff Lucas and sought employment after Plaintiff Lucas and other similarly situated African American job applicants.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore, demands strict proof thereof.

44.     ASI refused to assign Plaintiff Lucas to work at Vee Pak because of their race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore, demands strict proof thereof.

45.     ASI refused to allow other similarly situated African American job applicants to work at Vee Pak because of their race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore, demands strict proof thereof.

46.     On information and belief, ASI refused to assign Plaintiff Lucas and other similarly situated African American job applicants to work at Vee Pak because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 46.

47.     In or about November of 2011 and thereafter, Plaintiff Vaughans attempted to apply for work MVP for employment.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore, demands strict proof thereof.

48.     Plaintiff Vaughans specifically asked the dispatcher at MVP if he could be assigned to work at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore, demands strict proof thereof.

49.    MVP refused to assign Plaintiff Vaughans to work at Vee Pak or to any other work sites.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore, demands strict proof thereof.

50.    MVP refused to allow other similarly situated African American job applicants to work at Vee Pak.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore, demands strict proof thereof.

51.    MVP assigned other, non-African American applicants to work at Vee Pak even though they had no more qualifications than Plaintiff Vaughans and sought employment after Plaintiff Vaughans and other similarly situated African American job applicants.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore, demands strict proof thereof.

52.    MVP refused to assign Plaintiff Vaughans to work at Vee Pak because of his race, African American.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore, demands strict proof thereof.

53.    MVP refused to allow other similarly situated African American job applicants to work at Vee Pak because of their race, African American.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore, demands strict proof thereof.

54.    On information and belief, MVP refused to assign Plaintiff Vaughans and other similarly situated African American job applicants to work at Vee Pak because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 54.

55.    Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, Staffing Network, ASI and MVP did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 55.

## V.  CLASS ACTION ALLEGATIONS

56.    Plaintiffs will seek to certify their claims for race-based discrimination claim arising under Title VII (Count I) and arising under Section 1981 (Counts II through V) as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    a.    The class is so numerous that joinder of all members is impracticable;

    b.    While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employed hundreds of individuals in Illinois during the Title VII and Section 1981 Class Periods;

    c.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.  These common questions of law and fact include, without limitation:

        (i)    Whether Defendant Vee Pak discriminated against African American job applicants in its hiring practices;

        (ii)    Whether Staffing Network, ASI and MVP were agents of Vee Pak in its hiring;

        (iii)    Whether Staffing Network, ASI and MVP complied with a discriminatory request by Vee Pak in its hiring;

        (iv)    Whether Defendant Vee Pak failed to exercise reasonable care to prevent its agents, Staffing Network, ASI and MVP, from engaging in discriminatory hiring practices;

        (v)    Whether Defendants Staffing Network, ASI and MVP failed to exercise reasonable care to prevent its agents from engaging in discriminatory hiring practices requested by Vee Pak.

        (vi)    Whether Defendants have made job assignments in a discriminatory manner based on race;

        (vii)    Whether conduct complained of herein constitutes a violation of Title VII;

        (viii)    Whether conduct complained of herein constitutes a violation of Section 1981;

(ix)     Whether Defendant Vee Pak has and/or continues to have to have a systemic custom and policy of race-based discrimination targeting African American job applicants;

(x)      Whether Defendants Staffing Network, ASI and MVP have had and/or continues to have to have a systemic custom and policy of race-based discrimination targeting African American job applicants;

(xi)     Whether Plaintiffs and members of the Classes have or continue to sustain damages, and, if so, the proper measure of damages;

(xii)    Whether Plaintiffs and other members of the Class are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief.

d.       Plaintiffs will fairly and adequately represent and protect the interests of the Class members.  Plaintiffs' Counsel is competent and experienced in litigating discrimination and other employment class actions;

e.       The class representatives and the members of the class have been equally affected by the Defendants' race-based discrimination in its hiring practices;

f.       The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class.  If individual actions were required to be brought by each member of the class or injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

**ANSWER:**     Vee Pak denies the allegations in paragraph 56.

57.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**ANSWER:**     Vee Pak denies the allegations in paragraph 57.

**COUNT I**
**Violation of Title VII - Race-based Discrimination**
**All Plaintiffs on behalf of themselves and a class of similarly situated**
**African American job applicants as against Defendant Vee Pak**
***Class Action***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 57 as though set forth herein.

58.     This Count arises under Title VII for Defendant Vee Pak's discriminatory practices in hiring, either directly or through its agents, as described more fully in paragraphs 16-55, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American job applicants.

**ANSWER:**     Vee Pak denies the allegations in paragraph 58.

59.     As described more fully above and specifically in paragraphs 16-55, *supra*, Defendant Vee Pak intentionally discriminated against all Plaintiffs based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

**ANSWER:**     Vee Pak denies the allegations in paragraph 59.

60.     As described more fully above and specifically in paragraphs 16-55, *supra*, Defendant Vee Pak intentionally discriminated against other similarly situated African American job applicants based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

**ANSWER:**     Vee Pak denies the allegations in paragraph 60.

61.     As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendant Vee Pak, all Plaintiffs suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**     Vee Pak denies the allegations in paragraph 61.

62.     Defendant's conduct was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**     Vee denies the allegations in paragraph 62.

63.     The Class that Plaintiffs seek to represent is made up of and defined as: All African Americans who applied for jobs with Vee Pak, either directly or through its agents Staffing Network, ASI and/or MVP, but were not hired because of their race within the period of two years prior to the filing of the Plaintiffs' EEOC charges up through and including the date of judgment.

**ANSWER:**     Vee Pak denies the allegations in paragraph 63.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

## COUNT II
### Violation of Section 1981 - Race-based Discrimination
### All Plaintiffs on behalf of themselves and a class of similarly situated
### African American job applicants as against Defendant Vee Pak
### *Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 63 as though set forth herein.

64.     This Count arises under Section 1981 for Defendant Vee Pak's discriminatory practices in hiring, either directly or through its agents, described more fully in paragraphs 16-55, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American job applicants.

**ANSWER:**     Vee Pak denies the allegations in paragraph 64.

65.     As described more fully above and specifically in paragraphs 16-55, *supra*, Defendant Vee Pak intentionally discriminated against all Plaintiffs based on their race, African American, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**ANSWER:**     Vee Pak denies the allegations in paragraph 65.

66.     Defendant Vee Pak made discriminatory requests of its agents for hiring of laborers, Staffing Network, ASI and MVP, in that, on information and belief, Defendant Vee Pak requested that these agents for hiring steer Plaintiffs and other applicants away from work at Vee Pak based on their race, African American.

**ANSWER:**     Vee Pak denies the allegations in paragraph 66.

67.     Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, Staffing Network, ASI and MVP did not engage in discriminatory hiring practices.

**ANSWER:**     Vee Pak denies the allegations in paragraph 67.

15

68.     Defendant Vee Pak's discrimination against African American job applicants in hiring was based on Plaintiffs' and similarly situated job applicants' race, African American, and in violation of 42 U.S.C. § 1981.

**ANSWER:**     Vee Pak denies the allegations in paragraph 68.


69.     As a direct and proximate result of the willful and reckless acts or omissions of Defendant Vee Pak alleged in paragraphs 16-55, *supra*, all Plaintiffs and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**     Vee Pak denies the allegations in paragraph 69.


70.     Defendant Vee Pak's conduct was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**     Vee Pak denies the allegations in paragraph 70.


71.     The Class that Plaintiffs seek to represent is made up of and defined as: All African Americans who applied for jobs with Vee Pak, either directly or through its agents Staffing Network, ASI and/or MVP, but were not hired because of their race within the period of four years prior to the filing of this lawsuit up through and including the date of judgment.

**ANSWER:**     Vee Pak denies the allegations in paragraph 71.


WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter

judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all

other relief it deems equitable and just.


**COUNT III**
**Violation of Section 1981 - Race-based Discrimination**
**All Plaintiffs on behalf of themselves and a class of similarly situated African American**
**job applicants as against Defendants Staffing Network and Vee Pak**
***Class Action***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 71 as though set forth herein.

72.     This Count arises under Section 1981 for Defendant Staffing Network's discriminatory practices in hiring described more fully in paragraphs 16-38 and 55, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American job applicants.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore, demands strict proof thereof.

73.     Defendant Staffing Network required Plaintiffs and other similarly situated African American job applicants undergo additional steps in order to apply for work at Staffing Network as described more fully in paragraphs 16-38, *supra*.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore, demands strict proof thereof.

74.     Defendant Staffing Network engaged in discriminatory hiring practices against Plaintiffs and other similarly situated African American job applicants on the basis of their race, African American, as described more fully in paragraphs 16-38, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore, demands strict proof thereof.

75.     As described more fully above and specifically in paragraphs 16-38 and 55, *supra*, Defendant Staffing Network's discrimination against Plaintiffs and other similarly situated job applicants based on their race, African American, was intentional.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore, demands strict proof thereof.

76.     Defendant Staffing Network failed to assign African American applicants to work at Vee Pak on the basis of their race, African American, as described more fully in paragraphs 16-38, *supra*.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore, demands strict proof thereof.

77.     On information and belief, Defendant Staffing Network's failure to assign Plaintiffs and other similarly situated African American job applicants to work at Vee Pak were, in part, because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 77.


78.    On information and belief, Vee Pak's request to Staffing Network to steer request from Vee Pak to steer African American job applicants away from Vee Pak, including Plaintiffs, was based on their race, African American.

**ANSWER:**    Vee Pak denies the allegations in paragraph 78.


79.    Defendant Staffing Network failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore, demands strict proof thereof.


80.    Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, Staffing Network, did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 80.


81.    Defendant Staffing Network's conduct in not hiring or assigning Plaintiffs and other similarly situated African American job applicants to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**    Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore, demands strict proof thereof.


82.    As a direct and proximate result of the willful and reckless acts or omissions of Defendants Staffing Network and Vee Pak alleged in paragraphs 16-38 and 55, *supra*, all Plaintiffs and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 82.


83.    The Class that Plaintiffs seek to represent is made up of and defined as: All African Americans who applied for jobs with Vee Pak, through its agents Staffing Network, but were not hired or assigned to work at Vee Pak because of their race within the period of four years prior to the filing of this lawsuit up through and including the date of judgment.

**ANSWER:**    Vee Pak denies the allegations in paragraph 83.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

## COUNT IV
### Violation of Section 1981 - Race-based Discrimination
### Plaintiff Lucas on behalf of himself and a class of similarly situated African American job applicants as against Defendants ASI and Vee Pak
### *Class Action*

Plaintiff Lucas hereby incorporates and re-allege paragraphs 1 through 83 as though set forth herein.

84.     This Count arises under Section 1981 for Defendant ASI's discriminatory practices in hiring described more fully in paragraphs 39-46 and 55, *supra*, resulting in disparate treatment of Plaintiff Lucas and a class of African American job applicants.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore, demands strict proof thereof.

85.     Defendant ASI engaged in discriminatory hiring practices against Plaintiff Lucas and other similarly situated African American job applicants on the basis of their race, African American, as described more fully in paragraphs 39-46 and 55, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore, demands strict proof thereof.

86.     As described more fully above and specifically in paragraphs 39-46 and 55, *supra*, Defendant ASI's discrimination against Plaintiff Lucas and other similarly situated job applicants based on their race, African American, was intentional.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore, demands strict proof thereof.

87.     Defendant ASI failed to assign African American applicants to work at Vee Pak on the basis of their race, African American, as described more fully in paragraphs 39-46 and 55, *supra*.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore, demands strict proof thereof.

88.     On information and belief, Defendant ASI's failure to assign Plaintiff Lucas and other similarly situated African American job applicants to work at Vee Pak were, in part, because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 88.

89.     On information and belief, Vee Pak's request to ASI to steer request from Vee Pak to steer African American job applications away from Vee Pak, including Plaintiff Lucas, was based on their race, African American.

**ANSWER:**     Vee Pak denies the allegations in paragraph 89.

90.     Defendant ASI failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore, demands strict proof thereof.

91.     Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, ASI, did not engage in discriminatory hiring practices.

**ANSWER:**     Vee Pak denies the allegations in paragraph 91.

92.     Defendant ASI's conduct in not hiring or assigning Plaintiff Lucas and other similarly situated African American job applicants to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore, demands strict proof thereof.

93.     As a direct and proximate result of the willful and reckless acts or omissions of Defendants ASI and Vee Pak alleged in paragraphs 39-46 and 55, *supra*, all Plaintiff Lucas and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**     Vee Pak denies the allegations in paragraph 93.

94.     The Class that Plaintiff Lucas seek to represent is made up of and defined as: All African Americans who applied for jobs with Vee Pak, through its agents ASI, but were not hired or assigned to work at Vee Pak because of their race within the period of four years prior to the filing of this lawsuit up through and including the date of judgment.

**ANSWER:**     Vee denies the allegations in paragraph 94.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter

judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all

other relief it deems equitable and just.

### COUNT V
### Violation of Section 1981 - Race-based Discrimination
### Plaintiff Vaughans on behalf of himself and a class of similarly situated
### African American job applicants as against Defendant MVP and Vee Pak
### *Class Action*

Plaintiff Vaughans hereby incorporates and re-allege paragraphs 1 through 94 as though set forth herein.

95.     This Count arises under Section 1981 for Defendant MVP's discriminatory practices in hiring described more fully in paragraphs 47-55, *supra*, resulting in disparate treatment of Plaintiff Vaughans and a class of African American job applicants.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore, demands strict proof thereof.

96.     Defendant MVP engaged in discriminatory hiring practices against Plaintiff Vaughans and other similarly situated African American job applicants on the basis of their race, African American, as described more fully in paragraphs 39-46 and 55, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore, demands strict proof thereof.

97.     As described more fully above and specifically in paragraphs 39-46 and 55, *supra*, Defendant MVP's discrimination against Plaintiff Vaughans and other similarly situated job applicants based on their race, African American, was intentional.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore, demands strict proof thereof.

98.    Defendant MVP failed to assign African American applicants to work at Vee Pak on the basis of their race, African American, as described more fully in paragraphs 39-46 and 55, *supra*.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore, demands strict proof thereof.

99.    On information and belief, Defendant MVP's failure to assign Plaintiff Vaughans and other similarly situated African American job applicants to work at Vee Pak were, in part, because it was complying with a discriminatory request from Vee Pak to steer African American job applicants away from Vee Pak.

**ANSWER:**   Vee Pak denies the allegations in paragraph 99.

100.    On information and belief, Vee Pak's request to MVP to steer request from Vee Pak to steer African American job applicants away from Vee Pak, including Plaintiff Vaughans, was based on their race, African American.

**ANSWER:**   Vee Pak denies the allegations in paragraph 100.

101.    Defendant MVP failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore, demands strict proof thereof.

102.    Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, MVP, did not engage in discriminatory hiring practices.

**ANSWER:**   Vee Pak denies the allegations in paragraph 102.

103.    Defendant MVP's conduct in not hiring or assigning Plaintiff Vaughans and other similarly situated African American job applicants to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore, demands strict proof thereof.

104.    As a direct and proximate result of the willful and reckless acts or omissions of Defendants MVP and Vee Pak alleged in paragraphs 39-46 and 55, *supra*, all Plaintiff Vaughans and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 104.

105.    The Class that Plaintiff Vaughans seek to represent is made up of and defined as: All African Americans who applied for jobs with Vee Pak, through its agents MVP, but were not hired or assigned to work at Vee Pak because of their race within the period of four years prior to the filing of this lawsuit up through and including the date of judgment.

**ANSWER:**    Vee Pak denies the allegations in paragraph 105.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter

judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all

other relief it deems equitable and just.

**AFFIRMATIVE DEFENSES**

As Affirmative Defenses to the Second Amended Class Action Complaint, Vee Pak, Inc.

states as follows:

**FIRST AFFIRMATIVE DEFENSE**
(Failure to state a claim against Vee Pak, Inc.)

The Second Amended Class Action Complaint, and each purported cause of action

therein, fails to state facts sufficient to constitute a cause of action against Vee Pak, Inc., and

further fails to state facts sufficient to entitle Plaintiffs or any purported similarly situated job

applicants to any relief whatsoever from Vee Pak, Inc.

**SECOND AFFIRMATIVE DEFENSE**
(Failure to mitigate damages)

Upon information and belief, Plaintiffs and the putative class claims are barred, in whole or in part, by their failure to mitigate damages since they failed to take reasonable steps to secure comparable work.

### THIRD AFFIRMATIVE DEFENSE
(Statute of limitations)

Claims on behalf of a putative class are barred by applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

Any damages that Plaintiffs or any putative class member may have suffered, which Vee Pak, Inc. continues to deny, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages whatsoever against Vee Pak, Inc.

### FIFTH AFFIRMATIVE DEFENSE
(Indemnification)

Vee Pak, Inc. is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs or any putative class member are the result of the acts or omissions of third parties over whom Vee Pak, Inc. had neither control nor responsibility.

### SIXTH AFFIRMATIVE DEFENSE
(Improper Request for Punitive Damages)

Plaintiffs' Second Amended Class Action Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

### SEVENTH AFFIRMATIVE DEFENSE
(Right to assert additional defenses)

Vee Pak, Inc. reserves the right to assert additional Affirmative Defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Vee Pak, Inc. prays as follows:

1.      That Plaintiffs and the putative class take nothing by reason of the Second

Amended Class Action Complaint herein;

2.      That the Second Amended Class Action Complaint be dismissed in its entirety;

3.      That Vee Pak, Inc. be awarded costs of suit and reasonable attorney's fees

incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.


Dated:  April 30, 2013

                                        Respectfully submitted,

                                        VEE PAK, INC.,


                                        By: /s/ Donald S. Rothschild
                                            One of Its Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000


## CERTIFICATE OF SERVICE

I, Donald S. Rothschild, an attorney, certify that I served a copy of **Defendant Vee Pak, Inc.'s Answer and Affirmative Defenses to Second Amended Class Action Complaint**, filed with the United States District Court, via CM/ECF, on all registered users, on this 30th day of April, 2013.


                                        _____/s/ Donald S. Rothschild
                                        Attorney for Defendant

674935.2

25