IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, TORRENCE VAUGHANS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants,<br><br>                Plaintiffs,<br><br>v.<br><br>VEE PAK, INC., WJI INDUSTRIES, INC. d/b/a STAFFING NETWORK, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP and ALTERNATIVE STAFFING, INC. d/b/a ASI,<br><br>                Defendants. | Case No. 12 C 9672<br><br>Judge Tharp<br><br>Magistrate Judge Keys |

**JOINT INITIAL STATUS REPORT**

1. **Nature of the Case:**
   a. **Attorneys of Record:**

**For Plaintiffs:**
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
401 S. LaSalle St, Ste. 1400
Chicago, IL 60605
(312) 795-9121

**For Vee Pak, Inc ("Vee Pak")**:
Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
   Nemec and Hoff, Ltd.
835 McClintock Drive, 2nd Floor
Burr Ridge, Illinois 60527
(630) 655-6000

**For Defendant Personnel Staffing Group, LLC d/b/a MVP ("MVP")**:
Carter A. Korey
Elliot Richardson
Ryan D. Gibson
Kory Cotter Heather & Richardson, LLC
Two First National Plaza
20 S. Clark Street, Suite 500
Chicago, Illinois 60603
(312) 372-7075

**For Defendant Staffing Network[1] ("Staffing Network")**:
Margaret A. Gisch
Laura A. Balson
Brianna L. Golan
GOLAN & CHRISTIE LLP
70 W Madison, Ste 1500
Chicago, IL 60602
(312) 696-2636

---

[1] Counsel for Staffing Network Holdings, LLC d/b/a Staffing Network has indicated to Plaintiff's counsel that WJI Industries, Inc is not the properly named party. Plaintiff has not agreed to correct the claimed misnomer at this time. The parties will continue to attempt to resolve the issue, or will bring a motion before the Court if it cannot be resolved.

**For Defendant Alternative Staffing, Inc. d/b/a/ ASI ("ASI")**:
Kerryann Minton
Katherine Goyert
Brian Paul
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
(312) 222-0800

    **b. Claims Asserted (and Counterclaims if applicable):**

This lawsuit arises under Title VII and under Section 1981, alleging that Defendants discriminated against African American job applicants in their hiring practices. Vee Pak operates two plants in the suburban Chicago area. Vee Pak staffs its operation both through direct hires and through staffing agencies, including Staffing Network, MVP and ASI. Plaintiffs allege that beginning in or about November of 2011 and continuing on thereafter, Plaintiffs, all African American, were qualified to work at Vee Pak and sought employment directly at Vee Pak and/or through its staffing agencies but were denied the opportunity to work at Vee Pak. Plaintiffs seek to bring their Title VII claims and Section 1981 claims as a class action pursuant to Rule 23 of FRCP on behalf of themselves and other African American applicants who allegedly applied for work at Vee Pak directly and/or through its staffing agencies, including Staffing Network, MVP and ASI.

No counterclaims have been asserted in the Answers filed by MVP and Vee Pak. The Answers from Staffing Network and ASI have not yet been filed because they are not due until next week. Defendants deny some or all of Plaintiffs' factual averments upon which the claims are based, and all Defendants maintain that this case is not an appropriate one for class relief.

    c. **Major Factual and Legal Issues:**

        i. **Factual Issues:** Whether Defendants failed to hire or assign Plaintiffs to work at Vee Pak on the basis of their race, African American.

        ii. **Legal Issues:**

1. Whether or not there is a class of other similarly situated applicants appropriate for certification of a class pursuant to FRCP Rule 23;
2. Whether or not Defendant(s) alleged discriminatory hiring practices rose to the level of willful and/or reckless conduct, warranting the imposition of punitive damages;
3. Whether or not Defendant Vee Pak failed to exercise reasonable care to prevent Staffing Network, MVP and ASI, from engaging in discriminatory hiring practices;
4. Whether or not Defendants Staffing Network, MVP and ASI failed to exercise reasonable care to prevent its agents from engaging in discriminatory hiring practices requested by Vee Pak;
5. Whether any affirmative defenses raised by any of the Defendants bars or limits any of the claims or relief sought by Plaintiffs.

    d. **Relief Sought by Plaintiffs:**

        i. That Plaintiffs' Title VII and Section 1981 claims against Defendants be certified as a class action pursuant to FRCP Rule 23;

        ii. That Defendant(s) be enjoined from its alleged discriminatory hiring practices;

        iii. That Plaintiffs and a class be awarded back pay, front pay, compensatory and punitive damages in an amount to be determined at trial;

        iv. All reasonable attorneys' fees and costs in bringing this action.

2. **Basis of Federal Jurisdiction:**

This Court has jurisdiction over Plaintiffs' Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section §1981") claims pursuant to 28 U.S.C. §1331, arising under 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, respectively.

3. **Status of Service:** All Defendants have been served and have filed appearances.

4. **Consent to Proceed Before a Magistrate Judge:** The Parties do not consent to proceed before the Magistrate Judge.

5. **Pending Motions and Case Plan**

    a. There are currently no pending motions.
    b. Plaintiffs anticipate seeking leave to file an amended Complaint to add Plaintiffs, add Staffing Network Holdings, LLC, possibly dismiss WJI Industries, Inc. *without prejudice* and to assert an "Adverse Impact" theory in the alternative to its current "Disparate Treatment" theory in the Complaint. Plaintiffs also plan on filing a Motion to Clarify the Court's Preservation Order if there continues to be a dispute between that Parties that cannot be resolved. Defendants reserve their right to object to any of the motions Plaintiffs anticipate filing.

    c. Discovery Plan

        i. Discovery needed[2]:

            1. Plaintiffs will require discovery on the testimony and records (incorporating physical documents as well as electronic records, communications and video records) relating to:
                a. Contracts between Vee Pak and Staffing Network, MVP and ASI;
                b. Communications between Vee Pak and Staffing Network, MVP and ASI relating to assignment of laborers;
                c. Assignment of laborers from Defendants Staffing Network, MVP and ASI to Vee Pak;
                d. Defendants' employment and applicant records.

            2. Defendants will require discovery on the basis for all of Plaintiffs' allegations, including, without limitation:
                a. Plaintiffs' work histories and qualifications;
                b. Plaintiffs' relationships with each other and CASTE;
                c. Plaintiffs' knowledge of any non-African-American job applicants who were treated more favorably than Plaintiffs in applying or inquiring about employment opportunities;
                d. Proof of Plaintiffs' alleged attempts to apply to work with Defendants;
                e. Plaintiffs' contacts with media about their allegations;
                f. Other litigation, including currently pending litigation, in which Plaintiffs are seeking back pay for the same time period at issue in this litigation;
                g. Plaintiffs' efforts to find other employment (e.g. mitigation);

---

[2] All parties maintain the right to assert any and all objections at the time discovery requests containing the items in this paragraph are actually served.

      h. Plaintiffs' use of the Internet or social media to oppose any discrimination by any of the Defendants.

    ii. Proposed Discovery Plan: Defendants would like to limit initial discovery to Plaintiffs only, to avoid unnecessary use of resources in the event class certification is not granted by the Court, but Plaintiffs do not agree. Plaintiffs believe that limited class discovery is appropriate in this type of case which is in large part based on records Defendants are required to keep pursuant to state and federal law. The parties have discussed this issue and will attempt to work out the scope of initial discovery and will involve the Court if necessary. Defendants have indicated a Protective Order will need to be entered prior to producing many of the documents sought by Plaintiffs.

  **d.** Trial: The Parties expect a trial to last 3-5 days. A jury trial has been requested by Defendant MVP.

**6. Status of Settlement Discussions:**

  **a.** The Parties have not yet engaged in settlement discussions;
  **b.** The Parties do not request a settlement conference at this time.

Respectfully Submitted,

| | |
|---|---|
| **For Plaintiffs:** | **For Vee Pak, Inc ("Vee Pak")**: |
| s/Christopher J. Williams | s/ Donald S. Rothschild |
| Christopher J. Williams | Donald S. Rothschild |
| Alvar Ayala | Brian M. Dougherty |
| Workers' Law Office, P.C. | Goldstine, Skrodzki, Russian, |
| 401 S. LaSalle St, Ste. 1400 |     Nemec and Hoff, Ltd. |
| Chicago, IL 60605 | 835 McClintock Drive, 2nd Floor |
| (312) 795-9121 | Burr Ridge, Illinois 60527 |
| | (630) 655-6000 |
| **For Defendant Personnel Staffing Group, LLC d/b/a MVP ("MVP")**: | **For Defendant Staffing Network ("Staffing Network")**: |
| s/ Carter A. Korey | s/ Laura A. Balson |
| Carter A. Korey | Margaret A. Gisch |
| Elliot Richardson | Laura A. Balson |
| Ryan D. Gibson | Brianna L. Golan |
| Kory Cotter Heather & Richardson, LLC | Golan & Christie LLP |
| Two First National Plaza | 70 W Madison, Ste 1500 |
| 20 S. Clark Street, Suite 500 | Chicago, IL 60602 |
| Chicago, Illinois 60603 | (312) 696-2636 |
| (312) 372-7075 | |

**For Defendant Alternative Staffing, Inc. d/b/a/ ASI ("ASI")**:
s/ Kerryann Minton
Kerryann Minton
Katherine Goyert
Brian Paul
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
(312) 222-0800

Dated: May 2, 2013