IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, TORRENCE VAUGHANS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 12 C 9672 |
| VEE PAK, INC., STAFFING NETWORK HOLDINGS, LLC, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP and ALTERNATIVE STAFFING, INC. d/b/a ASI, ) ) ) ) ) ) ) | Judge Tharp<br><br>Magistrate Judge Keys |
| Defendants. ) | |

**DEFENDANT VEE PAK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT**

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## I. FACTUAL BACKGROUND

Vee Pak is engaged in manufacturing products for third parties. (Third Amended Class Action Complaint ¶ 1) [Dkt. 45] ("TAC"). Vee Pak staffs its production and shipping operations, in part, through temporary employment of workers obtained from service companies in the Chicago area. (*Id*. ¶ 1). In November 2011, Plaintiffs claimed they sought work at Vee Pak directly, but were denied employment. (*Id*. ¶ 1). Plaintiffs also assert that they sought to work at Vee Pak through various employment agencies, but those agencies failed to assign Plaintiffs to Vee Pak. (*Id*. ¶ 1). On May 17, 2012, Plaintiffs, through their attorney, each filed Charges of Discrimination ("Charges") with the EEOC. (*Id*. ¶ 5). The Charges, all similar, complain that Vee Pak "had a policy and practice of steering qualified African-Americans applicants and employees … away from work at Vee Pak …" (Exh. 1).[1] Plaintiffs further alleged that the "policies and practices of Vee Pak … resulted in systematic discrimination against African-American applicants …" (Exh. 1).

On May 24, 2013, Plaintiffs filed their Third Amended Class Action Complaint ("Complaint") alleging racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e against Vee Pak (Counts I and II), and 42 U.S.C. § 1981 (Counts III-VI) against Vee Pak and three employment agencies – Staffing Network Holdings, LLC ("Staffing Network"), Personnel Staffing Group, LLC d/b/a Most Valuable Personnel d/b/a MVP ("MVP") and Alternative Staffing, Inc. d/b/a ASI ("ASI").[2]

Counts I and III-VI must be dismissed since (i) Plaintiffs have failed to plead plausible claims; (ii) there are no facts supporting direct, vicarious, "joint employer" or "single employer"

---

[1] The Charges are attached hereto as <u>Exhibit 1</u>. The Charges are referenced in the Third Amended Class Complaint and are central to Plaintiff claims in this case. Thus, they can be properly considered in a Rule 12(b)(6) motion to dismiss. See *Duferco Steel v. M.V Kalisti*, 121 F.3d 321, 324, n.3 (7th Cir. 1997).
[2] Staffing Network, MVP and ASI will be collectively referred to as the "employment agencies" or "agencies."

liability; and (iii) Vee Pak owes no affirmative duty of care to prevent any alleged discrimination by the employment agencies against an unknown class of temporary workers. Count II of the Complaint must be dismissed since the "adverse impact" (or "disparate impact") theory was not contained in any of the Charges and this new "disparate impact" theory is not reasonably related to the "disparate treatment" theory. Alternatively, Count II must be dismissed since there are no plausible facts to sustain a direct hiring, "single employer" or "joint employer" theory of liability against Vee Pak.

## II. RULE 12(b)(6) STANDARD

The Rule 12(b)(6) standard is well-known. In order "[t]o state a claim upon which relief can be granted, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Shah v. Littelfuse Inc.*, 12 CV 6845, 2013 WL 1828926, at *2 (N.D. Ill. Apr. 29, 2013)[3], citing Fed.R.Civ.P. 8(a)(2). While the complaint need not be specific in factual detail, the plaintiff must allege facts that when "accepted as true ... 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The starting point in analyzing any complaint is Rule 8. "Federal Rule of Civil Procedure 8(a)(2) imposes 'two easy-to-clear hurdles' that a complaint must satisfy in order to survive a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6)." *Shah*, 2013 WL 1828926, at *2, quoting *Tamayo,* 526 F.3d at 1084, quoting *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). The first requirement is that the "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Certain types of pleading fail to meet this requirement. For instance, "[a] pleading that offers 'labels and

---

[3] A copy of all Westlaw citations is attached hereto as Group Exhibit 2.

2

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.

The second requirement is that the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."  *Concentra*, 496 F.3d at 776, quoting *Twombly,* 550 U.S. at 555.  The hallmark as elucidated by the Supreme Court is now "plausibility."  "A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  "The plausibility standard ... asks for more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).  These principles apply to "discrimination suits." *Id*. at 684.

### III.  ARGUMENT

#### A.  Count I – Failure to Hire (Title VII)

In Count I, Plaintiffs Brian Lucas, Arronzo Davis and Torrence Vaughns[4] allege a Title VII "failure to hire" claim against Vee Pak.  The only factual allegations are that these Plaintiffs "attempted to apply for employment" with Vee Pak (TAC ¶ 19), they were not informed on how to apply for work (*id*., ¶ 20), and that Vee Pak informed them they would not be hired directly.

---

[4] Plaintiffs Joe Eagle and Michael Keys have not alleged that they applied for work at Vee Pak or that applying would have been futile. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977); *Fitzgerald v. Fraites*, 95 C 7717, 1996 WL 480379, at *4-5 (N.D. Ill. Aug. 22, 1996) (showing that the futility theory requires some factual detail).  Thus, they must be dismissed from Count I.

3

(*Id*. ¶ 21). Plaintiffs also assert that their not being hired was part of "pattern and practice of intentional discrimination" against African-Americans. (*Id*. ¶¶ 91-93)

In order to make "a prima facie case of disparate treatment … a plaintiff [must] show[] the following:

> 1) the applicant belongs to a racial minority; 2) the applicant applied for and was qualified for a job for which the employer was seeking applicants; 3) despite being qualified, the applicant was rejected; and 4) after the applicant's rejection, the position remained open and the employer continued to seek applications from persons of the rejected applicant's qualifications. *E.E.O.C. v. Target Corp*., 460 F.3d 946, 956-57 (7th Cir. 2006)

Plaintiffs Lucas, Davis and Vaughns fail to allege the second and third elements. Plaintiffs never identified their qualifications or what job they were applying for, as opposed to just randomly seeking a job without any knowledge if positions were even open and available. Plaintiffs were never rejected, as opposed to Vee Pak informing them that they would not be hired directly. (TAC ¶ 21). Vee Pak relied upon the employment agencies for its positions (*id*. ¶ 24), and there is nothing unlawful under Title VII about rejecting direct applicants in favor of employment agency referrals. Since Vee Pak was not accepting direct applicants, the fourth element is inapplicable.

Plaintiffs' claims do not rise above the "speculative level" because all they have shown is that they tried to get work from Vee Pak and were not hired. The allegations do not show that non-African-Americans applied directly and were hired, that non-African-Americans were supplied with information on how to apply for a job or (even more preposterous) that non-African-Americans were hired despite there being no job openings. The court must "draw on its judicial experience and common sense" when assessing the allegations. *Iqbal*, 556 U.S. at 679. The allegations do not show that Plaintiffs were rejected based on their race, as opposed to "obvious alternative explanation[s]," *Twombly*, 550 U.S. at 567, namely: (1) no available jobs;

4

(2) Vee Pak does not engage in direct hiring; and (3) Vee Pak relies on employment agencies to fill the positions sought by Plaintiffs. *Nordmeyer v. Cundiff*, 10 CV 792, 2011 WL 4529422, at *5 (S.D. Ill. Sept. 28, 2011) (considering "obvious alternative explanations"). Because of the lack of factual detail, the allegations "stop[] short of the line between possibility and plausibility …" *Twombly*, 550 U.S. at 557. Plaintiffs' story is that their not being hired was racially motivated, but that "story [does not] hold[] together," *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011), in the absence of additional facts showing that race was the "plausible" motivating factor.

### B. Count I – Pattern & Practice (Title VII)

In a "pattern and practice" discrimination case, a plaintiff has "to prove more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *Int'l Bhd. of Teamsters*, 431 U.S. at 336. The complaint must show that "racial discrimination was the company's standard operating procedure the regular rather than the unusual practice." *Id*. 336. Plaintiffs' pattern and practice allegations fail because, as required by *Twombly* and *Iqbal*, there is no factual enhancement to the conclusory allegations. (TAC ¶¶ 91-93). For instance, there are no allegations demonstrating that Vee Pak has a history of not hiring African-Americans, *Vasich*, 2013 WL 80372, at *11, or that statistical or anecdotal evidence lends a reasonable inference that racial discrimination in hiring was Vee Pak's standard operating procedure. The Declaration of Isaura Martinez (TAC, Ex. B) does not plausibly suggest unlawful conduct because there is nothing demonstrating whether the workers she observed were either hired directly by Vee Pak or assigned by employment agencies. In fact, Martinez says she was assigned by MVP and that "all of [the workers] were from employment agencies." (*Id*. ¶¶ 4, 8). Absent factual

5

enhancement, there is no reasonable inference that Vee Pak's direct hiring practices violate Title VII.

### C. Count II - The "adverse impact" claim is outside the scope of the Charges (Title VII)

Count II alleges a disparate **impact** theory. Unlike a disparate treatment claim, where the plaintiff must show that a protected trait "actually motivated the employer's decision[,]'" *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003), citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993), a disparate impact claim does not focus on intent. "Claims of disparate treatment [are] distinguish[able] from claims that stress 'disparate impact.' " "[Disparate impact] involve[s] employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Bhd. of Teamsters*, 431 U.S. at 335, n.15. "Under a disparate-impact theory of discrimination, 'a facially neutral employment practice may be deemed [illegally discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case.' " *Raytheon Co.*, 540 U.S. at 52-53, quoting *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 645–646 (1989), superseded by statute on other grounds, 42 U.S.C. § 2000e–2(k). Both theories will necessarily delve into different types of evidence, which is important when analyzing EEOC charges of discrimination.

The allegations in an EEOC charge of discrimination frame the scope of the alleged unlawful conduct. "Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002), quoting *Harper v. Godfrey Co.,* 45 F.3d 143, 147-48 (7th Cir. 1995); *Vasich v. City of Chicago*, 11 C 4843, 2013 WL 80372, at *4 (N.D. Ill. Jan. 7, 2013) (Tharp, J.). "This rule both 'afford[s] an opportunity for the EEOC to settle the dispute between

the employee and employer and put[s] the employer on notice of the charge against it.'" *Peters*, 307 F.3d at 550, quoting *Harper*, 45 F.3d at 148. "To include a discrimination claim in a federal district court complaint that was not brought in the charges filed with the EEOC a plaintiff must" show that*:* "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." *Harper*, 45 F.3d at 148. "For purposes of this standard, '[t]he claims are not alike or reasonably related unless there is a factual relationship between them.'" *Peters*, 307 F.3d at 550, quoting *Harper*, 45 F.3d at 148. "This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Peters*, 307 F.3d at 550, quoting *Harper*, 45 F.3d at 148 (internal quotation marks and citations omitted).

The districts courts in the Northern District have held that the failure to include a "disparate impact" claim in an EEOC charge of discrimination prevents that claim from being litigated in a federal lawsuit. *DeJesus v. Contour Landscaping, Inc*., 763 F.Supp.2d 1029 (N.D. Ill. 2011) (finding that "[t]here is no mention of any facially neutral policies that resulted in any discriminatory treatment."); *Padron v. Wal-Mart Stores, Inc*., 783 F.Supp.2d 1042 (N.D. Ill. 2011) (finding that the EEOC charges "failed to identify a facially-neutral policy or practice that disproportionately impacted a class of Cuban warehouse employees.")

By way of comparison, simply alleging a disparate impact claim in a charge of discrimination does not bring **every** such claim into the fray in a subsequent lawsuit. *Bennett v. Schmidt*, 96 C 6914, 2000 WL 1161073 (N.D. Ill. July 14, 2000) (finding that the charge complained "of the disparate impact resulting from a selection team that excludes African-Americans, [while] the complaint takes issue with the disparate impact resulting from allowing the school principal to determine who to interview[]"; disparate impact count dismissed)

In the present case, Count II (disparate impact) is not reasonably related to the Charges. In the Charges, Plaintiffs alleged that they were denied employment because they are African-American. (Exh. 1). Plaintiffs further alleged that Vee Pak instituted a "policy and practice" of steering qualified African-American individuals away from Vee Pak in favor or less qualified non-African-American job applicants. (Exh. 1). The allegations, fairly interpreted, evidence only disparate treatment (intentional discrimination) because of race. *Raytheon Co.*, 540 U.S. at 52; cf. *Bennett*, 2000 WL 1161073, at *6 (plaintiff alleged a practice in her charge that could be construed as facially neutral).

Similar to *DeJesus* and *Padron*, Plaintiffs failed to identify in their Charges any facially-neutral policy or practice that disproportionately impacted African-American job applicants. See also *Hankins v. Best Buy Co., Inc.*, 10 CV 4508, 2011 WL 6016233 (N.D. Ill. Dec. 2, 2011). The Charges themselves fail to even use the term "disparate impact," which is not surprising since a "policy and practice" of intentionally refusing to hire African-Americans is on the opposite end of the Title VII spectrum from a neutral employment practice disproportionately affecting African-American job applicants. For the first time, Count II mentions a facially-neutral practice of hiring Latino laborers over African-American laborers by deferring to the assignment practices of the employment agencies. Cf. *Bennett*, 2000 WL 1161073, at *6 (court construed charge as referring to neutral policy).

The "same conduct" is not at issue when comparing the Charges to Count II. The Charges claim that Vee Pak had a "policy and practice" of steering African-American applicants (Exh. 1), while Count II now includes conduct by the employment agencies, namely their "prefer[ence] to assign … Latino laborers over African American laborers … [which] has caused a significant disparate impact …" (TAC ¶ 100). The scope of the conduct in Count II is now

8

expanded to include an employment practice not instituted by Vee Pak, but rather by employment agencies assigning laborers to Vee Pak. There are no allegations in Count II that Vee Pak assisted in formulating a preferential hiring practice, as opposed to accepting laborers assigned by the employment agencies. As a result, Count II implicates different individuals (viz. employment agencies) engaging in different conduct (viz. preferring Latinos over African-Americans in job assignments) when compared to the factual circumstances in the Charges. See *Peters*, 307 F.3d at 550; *Bennett*, 2000 WL 1161073, at *6 (policies implicated different individuals). The factual relationship connecting the Charges to Count II is altogether absent.

Second, the EEOC's investigation into the Charges would not necessarily include a disparate impact claim when there is no mention of a facially-neutral employment practice. The purpose of this rule is to "afford[] the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted). The Charges fail to mention Latino laborers being hired or assigned in greater numbers than African-American laborers. Consequently, Vee Pak lacked notice that the employment agencies it utilized were possibly engaging in employment practices causing a disproportionate impact on African-Americans. It would strain reason to find that a "policy and practice" disparate-treatment charge always includes a disparate impact claim, in light of the distinction the Supreme Court has made in those theories, *Raytheon Co.*, 540 U.S. at 52, as well as the EEOC. Equal Employment Opportunity Commission, EEOC COMPLIANCE MANUAL, Section 15: Race and Color Discrimination, p. 20 (4/19/06), online at http://www.eeoc.gov/policy/docs/race-color.pdf (visited May 28, 2013).

### D. Count II – Neutral Employment Policy (Title VII)

9

Count II alleges that Vee Pak's **direct** hiring practices have resulted in a disproportionate number of Latino hires that has adversely impacted Plaintiffs and African-Americans. (TAC ¶ 98). But there is no factual enhancement to this conclusion, so it is not accepted as true. *Iqbal*, 556 U.S. at 681. The allegations show that Vee Pak was relying on **employment agencies** for its workers (*id*. ¶¶ 16-87, 99-100) as opposed to directly hiring workers. These inconsistent allegations do not plausibly suggest that Vee Pak devised any facially-neutral hiring practice. *Iqbal*, 556 U.S. at 687.

### E. Counts I and II - "Joint Employer" Theory (Title VII)

Plaintiffs make specific reference to Vee Pak and each employment agency being a "joint employer." (TAC ¶¶ 29, 53, 73). To prevail under this theory, Plaintiffs "must allege facts that, if true, establish (1) a joint employer relationship, (2) that the joint employer knew or should have known of the discriminatory conduct, and (3) that the joint employer failed to take prompt corrective measures within its control." *Shah*, 2013 WL 1828926, at *6.

In *Shah*, plaintiff made conclusory allegations that an employment agency acted negligently in failing to ameliorate discriminatory behavior by his actual employer, without demonstrating how the agency acted negligent. *Id*. at *6. The district court found such a "boilerplate" allegation that the agency acted negligently was insufficient. *Id*. The district court also rejected plaintiff's argument that the agency's failure to protect the employee from discrimination was a basis for liability. *Id*.

In the present case, Plaintiffs fail to allege any of the three *Shah* elements. Plaintiffs allege that each employment agency acted as an "agent" of Vee Pak in "recruiting, training, assigning and paying laborers to work at Vee Pak." (TAC ¶¶ 28, 52, 72). However, there are no

10

facts detailing the principal-agency relationship, such as the right to control.[5] A bare label or legal conclusion of agency is insufficient and not accepted as true. *Iqbal*, 556 U.S. 678; *Twombly*, 550 U.S. at 555.

There are also no facts demonstrating Vee Pak's knowledge of the employment agencies alleged discriminatory hiring practices. (TAC ¶¶ 36, 37, 47, 67, 86). Merely because one's workforce has a heavy Latino presence does not transmogrify into knowledge that an employment agency must be discriminating against African-Americans in assignment referrals. *Iqbal*, 556 U.S. at 683 (no discriminatory state of mind alleged). Plaintiffs have done nothing more than plead facts (viz, Vee Pak has large Latino workforce) that are merely "consistent" with Vee Pak's "liability" (viz, employment agencies' hiring practices resulted in preference for Latino workers assigned to Vee Pak). See *Iqbal*, 556 U.S. at 678. But this does not rise to the level of plausibility. *Id*.

Lastly, Plaintiffs allege that Vee Pak failed to exercise reasonable care to ensure that its "agents" did not engage in discriminatory hiring practices. (TAC ¶ 102). The *Shah* court rejected a similar argument made against an employment agency, stating that "[a]n employment agency's failure to protect does not lead to joint employer status." *Shah*, 2013 WL 1828926, at *6. This is logical, as one company cannot typically force another to change its hiring practices. *E.E.O.C. v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 661 (7th Cir. 2003); *Watson v. Adecco*, 252 F.Supp.2d 1347, 1356-57 (M.D. Fla. 2003).

### F. Counts I and II – "Single Employer" Theory (Title VII)

Alternatively, if Plaintiffs rely upon the "single employer" theory, that also fails. Under this theory, "the interrelation of two nominally separate business entities may lead a court to consider them as a single entity" for the purposes of liability in employment discrimination

---

[5] See section III.J, *infra*.

cases. *Rogers v. Sugar Tree Prod., Inc.,* 7 F.3d 577, 582 (7th Cir. 1993); *Richard v. LeSalle Talman Bank,* No. 94 C 1799, 1995 WL 234633, at *9 (N.D. Ill. April 19, 1995) (applying doctrine in Title VII case). "When determining whether two corporations should be treated as a single employer, the court must consider whether the following factors exist: (1) the interrelation of operations, such as common offices, common record keeping, and shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." *Chisholm v. Foothill Capital Corp.*, 3 F. Supp. 2d 925, 933 (N.D. Ill. 1998), citing *Rogers,* 7 F.3d at 582.

Plaintiffs have not offered any allegations under the "single employer" theory. The allegations that the employment agencies acted as Vee Pak's "agents" in "recruiting, training, assigning and paying laborers to work at Vee Pak" (TAC ¶¶ 28, 52, 72) are conclusory and fall woefully short of what is required under *Rogers*.

**G. Counts I and II – Failure to Exercise Reasonable Care (Title VII)**

Plaintiffs additionally claim that Vee Pak is liable because it failed to exercise reasonable care in preventing discrimination by the employment agencies. (TAC ¶¶ 96, 102). A failure to exercise reasonable care presupposes an affirmative duty to protect; but such a duty, under Title VII, has been rejected by the Seventh Circuit. See *Pipefitters Ass'n Local Union 597*, 334 F.3d at 661 (holding that "unions have [no] affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the workplace."); *Conway v. CHA*, 11 C 7257, 2013 WL 1200612, at *9 (N.D. Ill. Mar. 25, 2013) (non-employers did not have a duty to prevent discrimination). There is nothing in the Complaint remote suggesting that Vee Pak was inextricably involved with formulating the employment agencies' assignment policies or practices. Under these facts, Vee Pak (as merely a recipient of workers assigned by the

12

employment agencies) has no duty to prevent discrimination against a class of unidentified laborers.

### H. Count III, IV, VI and VI – Failure to Hire (§ 1981)

Counts III-VI allege, in conclusory fashion and on information and belief, that Vee Pak "discriminator[ily] requested" that the agencies steer away African-American job applicants. (TAC ¶¶ 49, 54, 69, 88, 106, 118-119, 130-131, 142-143). To plead a § 1981 "failure to hire" claim, a plaintiff must allege that: "1) he is a member of a protected class; 2) he was qualified for an open position for which he applied; 3) his application for employment was rejected; and 4) [d]efendant[] filled the position with someone not of [plaintiff's] protected class." *Rainey v. United Parcel Serv.*, 10 C 4669, 2013 WL 1181485 (N.D. Ill. Mar. 21, 2013), citing *Blise v. Antaramian,* 409 F.3d 861, 866 (7th Cir. 2005).

Count III[6] suffers from the same infirmities as Count I, since Plaintiffs Lucas, Davis and Vaughns have not alleged what positions they applied for and whether the positions were even open. If there were no open positions, then of course they could not be rejected and the positions could not have been filled by someone outside the protected class. Consequently, Plaintiffs cannot show that intentional discrimination occurred on account on their race. Anyone who is not hired could concoct a theory that an adverse employment decision was motivated by a protected trait. But that only shows that discrimination is a "possibl[e]" reason, not a plausible one. *Iqbal*, 556 U.S. at 679. The unadorned, "naked assertion" that Vee Pak made "discriminatory requests" does not suffice. *Twombly*, 550 U.S. at 557.

### I. Counts III, IV, V and VI – "Joint Employer" and "Single Employer" Theories (§ 1981)

---

[6] Since Plaintiffs Eagle and Keys never applied for work with Vee Pak or have shown the futility in doing so, they should be dismissed from Count III.

13

To the extent that Plaintiffs are relying on the "joint employer" and single employer" theories in Counts III-VI, those theories must be rejected for the reasons stated in section III.E and F, *supra*. See *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 343-44 (5th Cir. 2006) (applying "single enterprise" test to § 1981 claim)

### J. Counts IV, V and VI[7] – Vicarious Liability (§ 1981)

Plaintiffs seem to invoke the theory that Vee Pak is vicariously liable for the acts of the employment agencies who allegedly engaged in discriminatory practices. (TAC ¶¶ 114-117, 126-129, 138-141). Pleading facts in support of agency is required under *Iqbal* and *Twombly*. *Comercializadora Recmaq Limitada v. Hollywood Auto Mall, LLC*, 12 CV 945, 2013 WL 2248140, at * 14, n.9 (S.D. Cal. May 20, 2013) (finding inadequate under *Iqbal*, a conclusory allegation that one "served as an agent for another …"); cf. *Sefton v. Toyota Motor Sales U.S.A.*, 09 C 3787, 2010 WL 1506709, at *3 (N.D. Ill. Apr. 14, 2010) (noting that pre-*Twombly*, courts in the Northern District required factual allegations supporting agency). The only "agency" facts are conclusory and devoid of any factual detail. (TAC ¶¶ 28, 52, 72). Agency requires control, *Dolter v. Keene's Transer, Inc.*, 08 CV 262, 2008 WL 3010062, at *2 (S.D. Ill. Aug. 5, 2008), but the allegations show that the employment agencies controlled their application and assignment practices (*id*. ¶¶ 26-88), and noticeably absent from those allegations is any mention of Vee Pak.[8]

### K. Counts III, IV, V and VI – Failure to Exercise Reasonable Care (§ 1981)

In Counts III-VI, Plaintiffs claim that Vee Pak is liable because it failed to exercise reasonable care to prohibit discrimination by the employment agencies. (TAC ¶¶ 108, 120, 133,

---

[7] Count IV is the only count where all of the Plaintiffs are named. (TAC ¶ 38). Plaintiffs Eagle and Keys must be dismissed from Counts V and VI.
[8] Paragraphs 36 and 37 are the only allegations referencing a specific employment practice, but there are no allegations implicating Vee Pak. (TAC ¶¶ 36-37)

14

145). This theory has been rejected by the Supreme Court in *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982). There, contractors and others were sued under § 1981. The district court found a "duty to see that discrimination does not take place in the selection of one's workforce." *Id*. at 391-92. Rejecting that notion, the Supreme Court held that "Congress meant to do no more than prohibit the employers … from intentionally depriving black workers of the rights enumerated in the statute … [and] did not intend to make [employers] the guarantors of the workers' rights as against third parties who would infringe them." *Id*. at 396. There are no allegations that Vee Pak had any responsibility or input in how the employment agencies assigned its workers to Vee Pak. Consequently, Vee Pak had no meaningful control over the employment agencies' selection and assignment practices. Plaintiffs' allegations that Vee Pak had an obligation to see that its future workforce did not face discriminatory selection measures must be rejected based on these obscure facts.

## IV. CONCLUSION

Plaintiffs have no detailed facts supporting their claims, as opposed to assumptions and speculation that race somehow played a role in their not being hired by Vee Pak directly or assigned to Vee Pak by any of the agencies. The possibility of discrimination does not get Plaintiffs through the door to conduct discovery on their claims, as more is required, especially in a case like this one -- a class action with correspondingly substantial discovery. *Twombly*, 550 U.S. at 558-560. Aside from the lack of factual specificity supporting liability under the various theories presented, Plaintiffs suggestion of a duty of care has been rejected by the Seventh Circuit and the Supreme Court.

15

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter an order dismissing it from the Third Amended Class Action Complaint with prejudice and awarding all other relief this Court deems equitable and just.

        Respectfully submitted,

        VEE PAK, INC.,

        By: /s/ Donald S. Rothschild
            One of Its Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## CERTIFICATE OF SERVICE

I, Donald S. Rothschild, an attorney, certify that I served a copy of **Defendant Vee Pak, Inc.'s Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss the Third Amended Class Action Complaint**, filed with the United States District Court, via CM/ECF, on all registered users, on this 28th day of June, 2013.

        /s/ Donald S. Rothschild
        Attorney for Defendant Vee Pak, Inc.