**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BRIAN LUCAS, ARONZO DAVIS,
TORRENCE VAUGHANS, JOE EAGLE and
MICHAEL KEYS, on behalf of themselves
and similarly situated job applicants,

        Plaintiffs,

    v.

VEE PAK, INC., STAFFING NETWORK
HOLDINGS LLC, PERSONNEL STAFFING
GROUP, LLC d/b/a MOST VALUABLE
PERSONNEL d/b/a MVP and
ALTERNATIVE STAFFING, INC. d/b/a ASI,

        Defendants.

Case No.: 12-CV-9672

Honorable Judge John J. Tharp, Jr.

Magistrate Judge Keys

**DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTIONS TO DISMISS AND/OR STRIKE PLAINTIFFS' CLASS
ALLEGATIONS AND MOTION TO DISMISS PLAINTIFFS' CLAIMS**

16112196v.4

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.     PLAINTIFFS' CLASS ALLEGATIONS ARE RIPE FOR DISMISSAL ....................... 2

     A.     Plaintiffs' Bare Assertions Are Insufficient Under Rule 8(a)(2) And Their Class Claims Should Be Dismissed Without Delay. ............................. 2

     B.     Plaintiffs' Reliance On Non-Binding Decisions In Pending Cases Is Misplaced. .......................................................................................... 4

     C.     Plaintiffs' Proposed Class Remains Unascertainable. ............................. 5

     D.     Plaintiffs' Class Allegations Are Conclusory. ....................................... 6

          1.     Plaintiffs' Bare Allegations Do Not Meet The Commonality Requirement. ................................................................................. 6

          2.     Plaintiffs' Bare Allegations Are Insufficient To Meet The Predominance And Superiority Requirements. ............................ 8

          3.     Plaintiffs Have Failed To Demonstrate Numerosity. ................ 11

          4.     Plaintiffs Have Failed To Sufficiently Plead Typicality. ........... 12

          5.     Plaintiffs Have Failed To Sufficiently Plead Adequacy Of Representation Requirement. .................................................... 13

          6.     The Class Allegations Against ASI in Count V of Plaintiffs' Complaint Should Be Dismissed For Additional Reasons. ....... 14

II.     PLAINTIFFS FAIL TO STATE A CLAIM IN COUNTS II-VI ................................ 16

     A.     Plaintiffs' Reliance On Judge Chang's Ruling in Lucas v. Gold Standard Baking, Inc. Is Misplaced. ..................................................................... 16

     B.     Count II — Disparate Impact. ................................................................ 16

     C.     Counts III-VI - § 1981. ......................................................................... 18

     D.     Counts IV, V and VI — Vicarious Liability. .......................................... 18

CONCLUSION ....................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adedeji v. Cobble,*
No. 10-CV-0892, 2013 WL 449592 (N.D. Ill. Feb. 5, 2013) ...................................................10

*Agnew v. Nat'l Collegiate Athletic Ass'n,*
683 F.3d 328 (7th Cir. 2012) .........................................................................................10

*Allen v. Chi. Transit Auth.,*
No. 99 C 7614, 2000 WL 1207408 (N.D. Ill. July 31, 2000) ......................................7, 12, 13

*Arango v. Work & Well, Inc.,*
No. 11 C 1525, 2012 WL 3023338 (N.D. Ill. July 24, 2012) ................................................2, 3

*Baker v. Home Depot USA, Inc.,*
No. 11 C 6768, 2013 WL 271666 (N.D. Ill. Jan. 24, 2013) ...................................................3

*Bd. of Educ. of Twp. High Sch. Dist. No. 214 v. Climatemp, Inc.,*
Nos. 79 C 3144, 79 C 4898, 1981 WL 2033 (N.D. Ill. Feb. 20, 1981)....................................3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...............................................................................................2, 18

*Bennett v. Roberts,*
No. 96 C 6917, 2000 U.S. Dist. LEXIS 1693 (N.D. Ill. Feb. 14, 2000)...................................7

*Burlington Indus., Inc. v. Ellerth,*
524 U.S. 742 (1998).............................................................................................19, 20

*Cheek v. Western and S. Life Ins. Co.,*
31 F.3d 497 (7th Cir. 1994) .........................................................................................17

*Christian v. Generation Mortg. Co.,*
No. 12 C 5336, 2013 WL 2151681 (N.D. Ill. May 16, 2013) ...................................................8

*Cmty. for Creative Non-Violence v. Reid,*
490 U.S. 730 (1989)....................................................................................................19

*Colby v. J.C. Penney Co.,*
811 F.2d 1119 (7th Cir. 1987) ....................................................................................4, 16

*Comcast Corp. v. Behrend,*
133 S. Ct. 1426 (2013)................................................................................................11

*Cornette v. Jenny Garton Ins. Agency, Inc.,*
No. 1-CV-60, 2010 WL 2196533 (N.D. W. Va. May 27, 2010)......................................11, 12

*East Texas Freight Sys. Inc. v. Rodriguez,*
    431 U.S. 395 (1977)........................................................................................13, 14

*Ellis v. Elgin Riverboat Resort,*
    217 F.R.D. 415 (N.D. Ill. 2003)..............................................................8, 12, 13

*Fletcher v. ZLB Behring, LLC,*
    245 F.R.D. 328 (N.D. Ill. 2006)......................................................................5

*Furnco Constr. Corp. v. Waters,*
    438 U.S. 567 (1978)........................................................................................18

*Gen. Tel. Co. of the Sw. v. Falcon,*
    457 U.S. 147 (1982)..........................................................................................8

*Harper v. Ulta Salon Cosmetics & Fragrance, Inc.,*
    No. 05 CV 1285, 2005 WL 3542482 (N.D. Ga. Dec. 23, 2005) ...........................11

*Harris v. Gen. Dev. Corp.,*
    127 F.R.D. 655 (N.D. Ill. 1989)........................................................................6

*Hovsepian v. Apple, Inc.,*
    No. 08 CV 5788, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...........................4

*Jiang v. Allstate Ins. Co.,*
    199 F.R.D. 267 (N.D. Ill. 2001)..................................................................11, 12

*Ladik v. Wal-Mart Stores, Inc.,*
    No. 13-CV-123, 2013 WL 2351866 (W.D. Wis. May 24, 2013) ...........................3

*Lucas v. Gold Standard Baking, Inc.,*
    13 C 1524 (Aug. 22, 2013) ......................................................................4, 16

*McGowan v. Deere & Co.,*
    581 F.3d 575 (7th Cir. 2009) ..........................................................................9

*Oshana v. Coca-Cola Co.,*
    472 F.3d 506 (7th Cir. 2006) ..........................................................................5

*Padron v. Wal-Mart Stores, Inc.,*
    783 F. Supp. 2d 1042 (N.D. Ill. 2011) .............................................................2

*Puffer v. Allstate Ins. Co.,*
    255 F.R.D. 450 (N.D. Ill. 2009)........................................................................9

*Radmanovich v. Combined Ins. Co. of Am.,*
    216 F.RD. 424, 435 (N.D. Ill. 2003)..................................................................9

iii

*Semenko v. Wendy's Int'l, Inc.*,
 12-CV-836, 2013 WL 1568407 (W.D. Pa. Apr. 12, 2013)....................................................12

*Steelworkers v. Weber*,
 443 U.S. 193 (1979)...................................................................................................18

*Texas Dep't of Cmty. Affairs v. Burdine*,
 450 U.S. 248 (1981)...................................................................................................18

*Vance v. Ball State Univ.*,
 133 S. Ct. 2434 (2013)...............................................................................................20

*Wal-Mart Stores, Inc. v. Dukes*,
 131 S. Ct. 2541 (2011)............................................................................................6, 8

*Wright v. Family Dollar, Inc.*,
 No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) ..............................2, 3

## STATUTES

42 U.S.C. § 2000e-2(a)(1)..........................................................................................17

42 U.S.C. § 2000e-2(j)...............................................................................................18

42 U.S.C. § 2000e(b)..................................................................................................19

## OTHER AUTHORITIES

Rule 8(a)(2) ............................................................................................................1, 2

Rule 12(b)(6) ..............................................................................................................20

Rule 12(f) ...............................................................................................................3, 20

Rule 23 ...................................................................................................1, 3, 11, 13

Rule 23(a) ..........................................................................................1, 2, 11, 20

Rule 23(a)(1) ..............................................................................................................11

Rule 23(a)(2) ................................................................................................................6

Rule 23(b) ....................................................................................................................2

Rule 23(b)(3) ....................................................................................................1, 8, 20

Rule 23(d)(1)(D) ......................................................................................................3, 4

iv

## INTRODUCTION

Plaintiffs' Response to Defendants' Motions to Dismiss and/or Strike Class Allegations (ECF No. 75) misconstrues the basis for Defendants' Motions. Defendants do not seek to hold Plaintiffs to a standard higher than that required under Rule 8(a)(2) and make no demand for "proof." Quite the contrary, as explained in Defendants' initial briefs (ECF Nos. 55, 62, 65, 68), Defendants' Motions should be granted because Plaintiffs have failed to *plead* any viable basis for proceeding as a class action under Rule 23. Simply stated, even if the Court accepts Plaintiffs' allegations as true, those allegations cannot satisfy the requirements of Rule 23(a) or Rule 23(b)(3), and no amount of discovery will change that conclusion. First, Plaintiffs fail to establish that the proposed class, however redefined, is "ascertainable" as required by binding precedent. Second, even after filing their Third Amended Complaint, Plaintiffs continue to assert only in conclusory fashion that their claims meet the requirements of Rule 23(a). More specifically, as pled, Plaintiffs' allegations underlying the architecture of their class claims would require highly individualized, fact-specific inquiries and Plaintiffs have failed to plead sufficient facts to raise a reasonable expectation that the claims of the purported class could be tried on common proof. Third, accepting Plaintiffs' class theories, this Court would have to make individualized inquiries regarding the highly varied circumstances of each putative class member's alleged discriminatory failure to be assigned to Vee Pak and the type and amount of damages, if any, to which each class member might be entitled. These individual inquiries overwhelm any common contentions and preclude class certification as a matter of law.

## ARGUMENT

### I. PLAINTIFFS' CLASS ALLEGATIONS ARE RIPE FOR DISMISSAL

#### A. Plaintiffs' Bare Assertions Are Insufficient Under Rule 8(a)(2) And Their Class Claims Should Be Dismissed Without Delay.

Contrary to Plaintiffs' assertions (ECF No. 75 at pp. 5-7), Defendants do not seek to have this Court impose a standard more strict than Rule 8(a)(2) upon Plaintiffs. Defendants' Motions to Dismiss simply illustrate that, even under a notice pleading standard, Plaintiffs' allegations fall short. It is fundamental that "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). Rule 8(a)(2) applies equally to plaintiffs seeking to proceed to discovery on class claims. *See, e.g.*, *Padron v. Wal-Mart Stores, Inc.*, 783 F. Supp. 2d 1042, 1045 (N.D. Ill. 2011) (dismissing class claims where allegations were mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *Arango v. Work & Well, Inc.*, No. 11 C 1525, 2012 WL 3023338, at *2 (N.D. Ill. July 24, 2012) (striking class allegations from the pleadings where the "plaintiff ha[d] no factual basis to state a plausible claim for relief"). Where, as here, Plaintiffs merely recite the language of Rule 23(a) and Rule 23(b) (ECF No. 45 ¶ 89), and the architecture of their class theories is not viable as a matter of law, the Court should not subject Defendants to the rigors and costs of futile class-wide discovery. As Defendants established in their opening briefs (ECF Nos. 55, 62, 65 and 68), Plaintiffs' rote assertions do not measure up under *Twombly* and *Iqbal* and are insufficient to move this case forward as a class action. *Padron*, 783 F. Supp. 2d at 1045; *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *2 (N.D. Ill. Nov. 30, 2010). Accordingly, Plaintiffs' class-based allegations should be dismissed and/or stricken.

16112196v.4

The fact that the litigation is in the pleading stage is of no consequence. *See, e.g.*, ECF No. 75 at p. 1. Pursuant to Rules 12(f) and 23(d)(1)(D), this Court should dismiss and/or strike Plaintiffs' class claims because the Third Amended Complaint is defective and demonstrates that Plaintiffs cannot maintain a class action as a matter of law. The Court should not require the parties to engage in burdensome, expensive and useless class-wide discovery to determine that Plaintiffs' class allegations should be dismissed and/or stricken with prejudice. *See, e.g., Ladik v. Wal-Mart Stores, Inc.*, No. 13-CV-123, 2013 WL 2351866, at *8 (W.D. Wis. May 24, 2013) (granting motion to dismiss class allegations because plaintiffs failed to identify "a policy or practice at the regional level that applies to the entire class"); *Baker v. Home Depot USA, Inc.*, No. 11 C 6768, 2013 WL 271666, at *5 (N.D. Ill. Jan. 24, 2013) (granting motion to strike class allegations because issues of causation, extent of class members' injuries, corresponding remedies, and potential applicability of affirmative defenses precluded class certification); *Arango*, 2012 WL 3023338, at *3 (granting motion to strike class allegations where individual issues predominated; "[e]ach employment decision must be individually investigated and substantiated" to show that employer's policy prevented each class member's ongoing employment); *Wright*, 2010 WL 4962838, at *2-4 (granting motion to strike class allegations where plaintiff could not demonstrate adequacy or typicality because the putative class was "permeated by conflicts of interest," with class members accusing other class members of violating the law and defendant's policies).

Where, like here, the face of the complaint shows that Rule 23 requirements could never be satisfied, a court may preemptively deny class certification, dismiss the class allegations, or strike the class allegations. *See, e.g., Bd. of Educ. of Twp. High Sch. Dist. No. 214 v. Climatemp, Inc.*, Nos. 79 C 3144, 79 C 4898, 1981 WL 2033, at *2 (N.D. Ill. Feb. 20, 1981)

(granting motion to strike class allegations, explaining that "motions to strike are a reflection of the court's inherent power to prune pleadings in order to expedite the administration of justice and to prevent abuse of its process"); *Hovsepian v. Apple, Inc.*, No. 08 CV 5788, 2009 WL 5069144, at *2, *6 (N.D. Cal. Dec. 17, 2009) (noting that under Rule 23 (d)(1)(D) "this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained," and striking those allegations).

    **B.**    **Plaintiffs' Reliance On Non-Binding Decisions In Pending Cases Is Misplaced.**

Plaintiffs' Response is devoid of any attempt to distinguish the authority relied upon by Defendants in their Motions to Dismiss and/or Strike Plaintiffs' class allegations and is also devoid of citation to controlling authority to counter Defendants' arguments. Plaintiffs have not, and cannot, reconcile any of the case law cited in any of Defendants' Motions with their unfounded assertion that class treatment is appropriate. Instead, Plaintiffs rely solely upon non-binding decisions from pending cases to support their Response. Not only are the orders in those pending cases not precedential, but also Plaintiffs misconstrue the rulings in an effort to defeat Defendants' Motions in this case. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987) ("district judges in this circuit must not treat decisions by other district judges, in this … circuit[], as controlling"). For example, in the *Gold Standard Baking* litigation, Judge Chang had informed the parties prior to briefing that he would break from the rulings of his colleagues on the bench and allow class discovery without first scrutinizing the pleading. (*See* Transcript of Proceedings before the Hon. Edmond E. Chang, *Lucas v. Gold Standard Baking, Inc.*, 13 C 1524 (Aug. 22, 2013), attached as Exhibit F to ECF No. 75, at 12:14-17 where the Court stated that "I have to respectfully disagree with those of my colleagues who -- in those particular cases -- I think jumped the gun in stopping class certification discovery."). Thus, not only is the *Gold*

*Standard Baking* litigation non-binding on this Court, but it also is distinguishable from this case and this Court should consider well-established case law that supports an inquiry into the viability of a plaintiff's class claims at this early juncture. Further, Plaintiffs' attempt to compare the case at hand to the *Ferrara Candy Company* litigation is futile as the court in that case was not faced with a motion to dismiss and/or strike class allegations. As such, this Court should not consider either pending litigation persuasive in the instant case.

      **C.**     **Plaintiffs' Proposed Class Remains Unascertainable.**

Plaintiffs' class definition remains unascertainable. Plaintiffs seek to represent:

> "[a]ll African-Americans who sought work assignments at Vee Pak, either directly or through its agents, [Defendants staffing agencies], but were not assigned to work at Vee Pak because of their race."

(ECF No. 45 ¶¶ 97, 103, 112, 124, 136, 148). Plaintiffs acknowledge the deficiencies with this definition and claim that the flaws with the definition "can easily be fixed" by redefining the class to include only "all African-Americans who sought work assignments with Vee Pak through its employment agencies." (ECF No. 75 at p. 19). Even with this proposed modification, Plaintiffs' proposed putative class still remains too speculative to obtain certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *Fletcher v. ZLB Behring, LLC*, 245 F.R.D. 328, 335 (N.D. Ill. 2006) ("A sufficiently definite class exists if the court can ascertain the class members by reference to objective criteria.").

Plaintiffs' proposed class of African-Americans "who sought to be assigned" remains insufficiently defined. As discussed in Vee Pak's and Alternative Staffing Inc.'s ("ASI's") opening briefs (ECF Nos. 62 at pp. 4-5 and 68 at pp. 7-8), African-Americans who "sought assignments" could include many different scenarios, including: (1) any African-American who claims he or she "sought employment" but did not complete an application and was not placed at Vee Pak; (2) any African-American who did complete an application but was not placed at Vee

Pak or (3) any African-American who completed an application but was assigned by the employment agency to another client but not Vee Pak, among a multitude of other unique scenarios. Plaintiffs' purported class also requires individualized inquiries into how a class member "sought" employment with Vee Pak (including his or her awareness of Vee Pak as a client of the employment agency), the position for which the class member sought employment, whether the position was open, his or her qualifications for the position and whether he or she sought permanent or temporary assignment. All of these variables are simply incapable of class-wide determination. *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 658 (N.D. Ill. 1989) (striking class claims where the plaintiffs sought class certification for all African-Americans who were "discouraged or excluded from applying" for a position with the defendant). This Court should dismiss and/or strike Plaintiffs' purported class action because the class remains insufficiently defined and would require individualized inquiries making a class action unworkable.

**D.     Plaintiffs' Class Allegations Are Conclusory.**

**1.     Plaintiffs' Bare Allegations Do Not Meet The Commonality Requirement.**

As explained in Defendants' opening briefs, Plaintiffs' conclusory allegations that Plaintiffs and the putative class suffered the same alleged violations of Title VII and Section 1981 are insufficient to satisfy the commonality requirements of Rule 23(a)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Plaintiffs' efforts to establish commonality by reciting "a few common questions of fact and law" (ECF No. 75 at 16; *see also* ECF No. 45 at 89(c)) ignore the requirement that those questions also generate common *answers* that will drive the litigation. *Dukes*, 131 S. Ct. at 2551.

Plaintiffs have not asserted, and cannot assert, any factual allegations that demonstrate the "glue" binding the claims of all class members together. Liability in this case will depend on

6

the individual reasons for each assignment decision. Plaintiffs admit that African-Americans were assigned to Vee Pak on some occasions. (ECF No. 45 at ¶¶ 34-35). Even accepting Plaintiffs' allegations that African-Americans were subject to different standards and procedures in the hiring and placement process, that too – coupled with the admission that African-Americans were not uniformly disfavored – plainly demonstrates the individualized nature of Plaintiffs' claims. If some African-American applicants were selected and some were not, then those alleged standards and procedures clearly affected some class members differently than others. Class treatment is not appropriate under these circumstances. *See Allen v. Chi. Transit Auth.*, No. 99 C 7614, 2000 WL 1207408, at *10 (N.D. Ill. July 31, 2000) (plaintiffs failed to satisfy the commonality requirement where challenged decisions were made in different ways by different people in different departments); *Bennett v. Roberts*, No. 96 C 6917, 2000 U.S. Dist. LEXIS 1693, at *10-13 (N.D. Ill. Feb. 14, 2000) (holding plaintiff failed to establish commonality because determination as to whether a decision was discriminatory depended on too many individualized factors, including the applicant's qualifications, previous work history and number of applicants who applied).

Plaintiffs argue that the Complaint alleges that Defendants "had a preference for assigning Latino workers to work at Vee Pak and disfavored assigning African-American laborers." (ECF No. 75 at p. 11). However, the cited paragraphs of the Complaint merely allege individual instances where African-American laborers were not selected for a particular placement. (ECF No. 45 ¶¶ 33-46, 58-66, and 77-85). For example, the Complaint alleges that Plaintiffs specifically requested to work at Vee Pak, but were turned down. (*Id.* at ¶¶ 39-40). Even assuming that those allegations could demonstrate disparate treatment for the *individual* Plaintiffs, which they cannot, they are plainly insufficient to establish commonality because the

7

alleged disparity in and of itself provides no answers regarding its cause. *See, e.g.*, *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *2 (N.D. Ill. May 16, 2013) (citing *Dukes*, 131 S. Ct. at 2547) (allegations that class members fared statistically worse than others is insufficient to establish commonality because such an imbalance "says nothing about the cause of the disparity").

Finally, Plaintiffs rely on their lone allegation (repeated for each staffing agency Defendant) that Vee Pak and its staffing agencies were acting pursuant to a discriminatory policy to steer African-American laborers away from work at Vee Pak. (ECF No. 75 at 11; ECF No. 45 ¶¶ 49, 69, 88). That conclusory allegation – stated on "information and belief" – is insufficient to demonstrate the existence of a class of persons affected by a company-wide policy or practice of discrimination. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 162 (1982) (a plaintiff's allegation that he suffered discrimination and that the company has a policy of discrimination is insufficient to establish the existence of a class of persons who suffered the same injury); *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 425-26 (N.D. Ill. 2003) (finding the named plaintiffs' allegation that the employer engaged in a pattern or practice of discrimination in favor of Asians insufficient to establish commonality). Thus, Plaintiffs cannot sufficiently plead commonality.

### 2. Plaintiffs' Bare Allegations Are Insufficient To Meet The Predominance And Superiority Requirements.

Even if Plaintiffs could plead commonality, which they cannot, they certainly cannot satisfy the more rigorous predominance requirements of Rule 23(b)(3). (ECF Nos. 55 at pp. 12-15, 62 at p. 11-14, 65 at pp. 11-13, 68 at pp. 12-15). The threshold question of why any particular laborer was or was not assigned to Vee Pak is an individualized issue requiring answers to a series of uncommon questions that take into account: Vee Pak's needs for laborers on a particular day, which staffing agency provided the labor, that company's pool of available

8

labor on that day or week, the staffing needs of that company's other clients which might have affected who was assigned to which client, the particular individuals involved in the assignment decisions, and the reasons why particular assignment decisions were made. (ECF Nos. 55 at pp. 13-14, 62 at pp. 13-14, 65 at pp. 12-13 and 68 at pp. 13-14). Moreover, as Plaintiffs maintain that they seek to represent all African-American laborers who sought work at Vee Pak regardless of the job for which the laborer sought work (ECF No. 45 ¶¶ 97, 103, 112, 124, 136, 148; ECF No. 75 at p. 19), an individualized assessment of each class member's qualifications for each position to which one of the Defendant employment agencies assigned workers to Vee Pak during the purported time period will be necessary. In short, whether the laborer sought a particular job at Vee Pak or just any work at Vee Pak, the reason why he or she was not assigned to Vee Pak will depend upon the work available on that day and his or her qualifications for that work.

The resolution of each putative class member's claims will require yet another set of individualized inquiries into his or her race, performance, qualifications, the alleged discriminatory treatment to which he or she was subject, if any, how such treatment compares to that of similarly-situated persons outside of the protected class, and the legitimate business reasons for each decision. (*See* ECF No. 68 at 14). Those individualized questions will predominate over any questions that are common to the class. Plaintiffs have not asserted sufficient facts showing that their claims are sufficiently cohesive with those of the proposed class to warrant adjudication by class action. *See McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009); *Puffer v. Allstate Ins. Co.*, 255 F.R.D. 450, 471 (N.D. Ill. 2009); *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 435 (N.D. Ill. 2003).

16112196v.4

Plaintiffs ignore these individual inquiries, dismissing them as a "fiction" about how laborers are placed at Vee Pak by the staffing agency Defendants. (ECF No. 75 at p. 13). Plaintiffs' Response makes clear that their class-wide contentions are premised on a fiction of their own: a grossly oversimplified version of the selection and placement process that seemingly takes no account of placement needs, qualifications, or any other factor other than that the laborer showed up at the staffing agency seeking work that day. Yet, that narration was not pled in the Complaint. Rather, Plaintiffs merely pled that: (1) Vee Pak requests laborers through its staffing agencies; (2) the staffing agencies recruit laborers to fill those orders; and (3) those laborers are not seeking work at any particular client company, but rather will work wherever they are placed. (ECF No. 75 at pp. 13-14). Even if true, these allegations say nothing about the selection process itself, which is the lynchpin of Plaintiffs' claims. The Complaint is devoid of any allegations that describe how that process was discriminatory except for the sole conclusory assertion that Defendants exhibited a preference for one race over another. Plaintiffs cannot use their Response to fill in the blanks in their factually deficient pleading. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Adedeji v. Cobble*, No. 10-CV-0892, 2013 WL 449592, at *2 (N.D. Ill. Feb. 5, 2013) ("Defendants are correct that a complaint cannot be amended by plaintiff's brief in opposition to a motion to dismiss.").

Further, Plaintiffs also have failed to allege a viable method for measuring damages on a class-wide basis. Indeed, Plaintiffs fail to even address this issue in their Response. An analysis of each class member's claim for monetary relief -- including compensatory and punitive relief -- will require individual inquiries as to the merits of each putative class members' claim. Without

16112196v.4

such a methodology, "[q]uestions of individual damages calculations will inevitably overwhelm questions common to the class." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013). For this additional reason, Plaintiffs have insufficiently pled predominance and superiority.

### 3. Plaintiffs Have Failed To Demonstrate Numerosity.

Plaintiffs cannot satisfy numerosity based on mere speculation (ECF No. 45 ¶¶ 89(a)-(b)) or their bare assertion in their Response (ECF No. 75 at p. 17) that their claims are shared with "hundreds if not thousands of similarly situated African-Americans." *Jiang v. Allstate Ins. Co.*, 199 F.R.D. 267, 270 (N.D. Ill. 2001); *Cornette v. Jenny Garton Ins. Agency, Inc.*, No. 1-CV-60, 2010 WL 2196533, at *2 (N.D. W. Va. May 27, 2010) (finding that plaintiff's allegations regarding numerosity and other required elements of Rule 23 were "plainly inadequate" and explaining that "[w]here the inability to maintain the suit as a class action is apparent from the face of the complaint, a court may dismiss class allegations"); *Harper v. Ulta Salon Cosmetics & Fragrance, Inc.*, No. 05 CV 1285, 2005 WL 3542482, at *2 (N.D. Ga. Dec. 23, 2005) (finding plaintiffs' estimate of the number of African-Americans in the Atlanta area either currently employed by the defendant or who applied and were denied employment irrelevant to identifying class members and insufficient evidence of numerosity).

Plaintiffs' Complaint merely alleges on "information and belief" that all Defendants "employed hundreds of individuals in Illinois." (ECF No. 45 at ¶ 89(b)). However, the number of employees employed by the Defendants bears no relationship whatsoever to how many people would be in the putative class. Like in *Cornette*, Plaintiffs ask this Court to assume that the class is in the "hundreds if not thousands" (ECF No. 75 at p. 17) and parrot the language in Rule 23(a)(1) (ECF No. 45 at ¶ 89(a)). Plaintiffs' conclusory statement that "[t]he class is so numerous that joinder of all members is impracticable" is insufficient to satisfy the Rule 23(a)'s numerosity requirement. *Id*. Plaintiffs' bare assertion that other African-Americans were not

11

assigned to Vee Pak also cannot satisfy the numerosity requirement. Without sufficient facts to support their allegations, Plaintiffs' allegations are "plainly inadequate" to meet the numerosity requirement. *Jiang*, 109 F.R.D. at 270; *Cornette*, 2010 WL 2196533, at *2.

### 4. Plaintiffs Have Failed To Sufficiently Plead Typicality.

Plaintiffs' conclusory allegation that Plaintiffs and the putative class members "have been equally affected by [Defendants' discriminatory hiring practices and discriminatory assignment practices]" is insufficient to plead typicality. (ECF No. 45 at ¶ 89(e)). In their Response, Plaintiffs abandon their "direct hire" claim against Vee Pak in favor of a claim that Defendants employment agencies engaged in discriminatory assignment practices either independently or at Vee Pak's direction and attempt to establish typicality based on their speculative assertion that "there is not great variation in requisite qualifications for laborers seeking assignment at Vee Pak." (ECF No. 75 at p. 17). Nonetheless, Plaintiffs and the putative class members' claims are too unique to establish the typicality requirement. *Ellis*, 217 F.R.D. at 428. Even if an individual Plaintiff successfully established their individual claim, the putative class members would not necessarily be entitled to relief. *Semenko v. Wendy's Int'l, Inc.*, 12-CV-836, 2013 WL 1568407, at *9 (W.D. Pa. Apr. 12, 2013). Each class member would need to demonstrate that they were in the pool of laborers available for work on a particular day on which Vee Pak needed additional labor and that he or she was not selected for discriminatory reasons. Such an inquiry would require each class member to demonstrate the superiority of his or her work history and qualifications when compared to those ultimately assigned to Vee Pak. *Ellis*, 217 F.R.D. at 428; *Allen*, 2000 WL 1207408, at *10. Thus, numerous, individualized, fact-intensive determinations would be necessary to adjudicate the claims of the putative class members, which defeats typicality. *Id.*

### 5. Plaintiffs Have Failed To Sufficiently Plead Adequacy Of Representation Requirement.

Again, Plaintiffs simply parrot the language in Rule 23 in an effort to plead adequacy of representation. (ECF No. 45 at 89(d)). And, again, that is insufficient even at the pleading stage. In their Response, Plaintiffs merely assert in conclusory fashion that "there is not great variation in requisite qualifications for laborers seeking assignment at Vee Pak to … challenge the adequacy of Plaintiffs as Class Representatives." (ECF No. 75 at p. 17). But Plaintiffs fail to plead sufficient facts to demonstrate that Plaintiffs' interests will not conflict with those of the purported class members. *Allen*, 2000 WL 1207408, at *11. Indeed, Plaintiffs do not dispute that their claims will conflict with those of the class member with whom they competed for the same jobs. This conflict defeats the adequacy of representation requirement. *Id*.; *see also Ellis*, 217 F.R.D. at 430.

Plaintiffs also concede that they cannot establish adequacy of representation because they have not identified which jobs to which they claim Defendants failed to assign them. Plaintiffs cannot represent class members who applied for jobs for which Plaintiffs would not be qualified. As discussed in Vee Pak's opening brief (ECF No. 62 at p. 11), the experience and qualifications will be different depending upon the position to which an applicant applies. If a Plaintiff lacks the requisite qualifications for a particular job, then that Plaintiff has not been injured and, therefore, cannot represent a class member who applied for the same job. *East Texas Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403-04 (1977). Neither Plaintiffs' bare assertion that they "will fairly and adequately represent and protect the interest of the class members" (ECF No. 45 at 89(d)) nor their conclusory allegation that they were "qualified to perform work at Vee Pak" (ECF No. ¶¶ 7-11) make them adequate representatives of a putative class that includes individuals with unique skills, experience and qualifications who supposedly were passed over

for a variety of unspecified positions at Vee Pak.  Plaintiffs' generic allegations of class-wide

race discrimination in assignments at Vee Pak are insufficient to make them adequate class

representatives.  *Rodriguez*, 431 U.S. at 405-6.

### 6. The Class Allegations Against ASI in Count V of Plaintiffs' Complaint Should Be Dismissed For Additional Reasons.

In addition to the foregoing reasons, the class allegations against ASI in Count V of

Plaintiffs' Third Amended Complaint should be dismissed because Plaintiffs' Response makes

clear that the alleged class against ASI lacks typicality, numerosity, and common questions that

will generate common answers and certainly will not predominate the individualized questions

underlying Plaintiffs' claim.

In their Response, Plaintiffs allege that "when a laborer seeks an assignment at an

employment agency, s/he is seeking *any* of the work assignments at *any* of the employment

agency's clients on that day *or* on future days."  (ECF No. 75 at p. 13) (emphasis added).

Plaintiffs further allege that when a laborer seeks a work assignment from ASI, the laborer "does

not apply for a single, specific job, but seeks assignment to any low-skilled jobs at third party

client companies."  (ECF No. 75 p. 14)  However, Plaintiffs concede that Plaintiff Brian Lucas,

the only Plaintiff who alleges he "requested" work from ASI, did not follow this procedure.

Rather, Plaintiffs allege that Lucas walked into ASI and "specifically asked the dispatcher at ASI

if he could be assigned to work at Vee Pak."  (ECF No. 45 ¶¶ 61-62).  Lucas admits that he did

not complete an employment application or provide ASI with any personal information.  (*Id*. at

¶¶ 61-63).  Plaintiffs admit that Lucas violated the normal procedure of taking employees into a

database to assign them out to any of ASI's clients based on the demands from those clients on

those days.  Instead, Lucas demanded to work at Vee Pak only and refused to complete an

employment application when he was told that would not be possible.  (*Id*. at ¶¶ 61-63).  Thus,

14

through their own pleadings, Plaintiffs concede that Lucas did not follow ASI's hiring process as set forth in Plaintiffs' Complaint.

After admitting that Lucas did not follow standard protocol, Plaintiffs then proceed to identify "common questions" that clearly will not provide common answers or, in fact, any answers. Plaintiffs ask "on days that Vee Pak sought low-skilled laborers from [ASI], how did [ASI] fill that order?" (ECF No. 75 at p. 16). This question is irrelevant to Lucas's claim because he did not complete an employment application and, thus, was not in ASI's database of laborers. Lucas could not have been called to fill an order because ASI had no reason to know Lucas existed, let alone a way to contact him. Plaintiffs also ask "[w]hich laborers in its database of laborers did [ASI] chose to assign?" (ECF No. 75 at p. 16). Once again, this question is irrelevant to Lucas's claim as he pleads he was not in ASI's database. Plaintiffs ask, "were Latino laborers favored over African American laborers [and], if so, was there a legitimate, non-discriminatory business reason?" (ECF No. 75 at p. 16). Lucas was not even considered for assignment because he did not complete an application and, thus, was not in the database. Each of the alleged "common questions" have no relevance to Lucas's claims against ASI.

Despite conceding that Lucas never applied for employment with ASI, Plaintiffs seem bewildered as to why ASI never contacted Lucas for a work assignment. The answer to this alleged "singular common question" is quite simple. ASI never contacted Lucas for a work assignment because, as conceded by Plaintiffs, Lucas never applied for a work assignment from ASI and, thus, was not in ASI's database of available laborers. Further, Plaintiffs' assertion in a footnote that ASI did not assign African-American employees to third-party clients is flatly

15

contradicted by Plaintiffs' allegation that ASI occasionally assigns African-American laborers to work at third party clients. (ECF No. 45 ¶ 58).

In addition to the myriad of problems with Plaintiffs' class allegations against all Defendants, Plaintiffs admit in their Response that their alleged class theory has no application to ASI because Lucas did not apply to ASI and, thus, was not available in ASI's database to be sent to work at Vee Pak or any other ASI client. Accordingly, for the foregoing reasons, this Court should dismiss and/or strike the class allegations in Count V of Plaintiff's Complaint.

## II.  PLAINTIFFS FAIL TO STATE A CLAIM IN COUNTS II-VI

### A.  Plaintiffs' Reliance On Judge Chang's Ruling in *Lucas v. Gold Standard Baking, Inc.* Is Misplaced.

In *Lucas v. Gold Standard Baking, Inc.*, Judge Chang never ruled on two defense motions: (1) whether the EEOC charges alleged disparate impact claims and (2) the failure to allege joint-employer liability. (ECF No. 75, Ex. F). These same arguments were made by Vee Pak in its motion to dismiss. As previously discussed, Plaintiffs' reliance on the *Gold Standard Baking* litigation and *Ferrara Candy Company* litigation is misplaced as those cases are not binding on this Court as "district judges in this circuit must not treat decisions by other district judges, in this ... circuit[], as controlling [] ..." *Colby*, 811 F.2d at 1124. The responsibility of maintaining uniform laws rests with the "appellate rather than trial judges ..." *Id.* Thus, this Court's review of the Defendants' Motions to Dismiss must be undertaken with the facts peculiar to this case and based on precedential authority, which *Gold Standard Baking* and *Ferrara Candy Company* are not.

### B.  Count II — Disparate Impact.

Plaintiffs want this Court to believe that paragraphs 3, 5 and 6 support disparate impact claims, which is absurd. Race discrimination in an EEOC charge and in a complaint "are not

alike or reasonably related just because they both assert the same forms of [race] discrimination."
*Cheek v. Western and S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). The EEOC charges
must contain "some degree of specificity." *Id.* at 502. Paragraph 3 of the Charges states that
complainant was denied employment "because of my race." (ECF No. 59, Ex. 1). Paragraph 5
states that similar African-Americans were denied employment "because of their race." (ECF
No. 59, Ex. 1). This is disparate treatment under the plain language of 42 U.S.C. § 2000e-
2(a)(1). Paragraph 6 makes loose reference to "policies and practices" of the Defendants herein.
(ECF No. 59, Ex. 1). Based on the totality of the allegations, the "policies and practices" alleged
in the Charges were the refusal to hire African-Americans "because of their race." There is no
mention anywhere of a facially neutral employment policy that preferred the hiring of Latino
workers over African-Americans either directly or from employment agencies and that had a
disparate impact on the latter. While the Charges do reference "non-African-Americans," there
is no mention whatsoever that Latinos were preferred over African-Americans as the result of a
facially neutral employment policy. As the Charges were drafted by Plaintiffs' counsel, the
Charges should have been more specific.

Plaintiffs argue that the disparate treatment claim was alleged "in the alternative" to the
disparate impact claim, which means that Plaintiffs' intent was to proceed primarily under a
disparate impact theory. (ECF No. 75 at p. 9). But this belies the Complaint that was initially
filed that contained only disparate treatment claims. (ECF No. 1). There is no mention in the
Complaint of a neutral employment policy that favored hiring Latinos over African-Americans.
The first time a disparate impact claim was pled was the Third Amended Complaint, close to 6
months later! (ECF No. 45). Based on this, it is clear that the disparate impact claims were

contrived after the Complaint was filed and was not the primary theory that Plaintiffs were proceeding under.

The neutral employment policy cannot be retaining employment agencies to fill Vee Pak's staffing needs. (ECF No. 75 at pp. 7-8). "Title VII ... does not demand that an employer give preferential treatment to minorities or women." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981), citing 42 U.S.C. § 2000e-2(j); *see also Steelworkers v. Weber*, 443 U.S. 193, 205-06, (1979). Title VII "was not intended to 'diminish traditional management prerogatives[,]'" *Burdine*, 450 U.S. at 259, quoting *Weber*, 443 U.S. at 207, and "does not require the employer to restructure his employment practices to maximize the number of minorities and women hired." *Burdine*, 450 U.S. at 259, citing *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577-78 (1978). Plaintiffs' argument is really an end-around to 42 U.S.C. § 2000e-2(j). Thus, Vee Pak cannot be liable for using employment agencies whose worker assignments may have created a purported racial imbalance.

### C. Counts III-VI - § 1981.

Counts III-VI are based on the bald, conclusory allegation that, on information and belief, Vee Pak made discriminatory requests to the employment agencies to steer away Plaintiffs and other African-Americans. (ECF No. 45 ¶¶ 49, 54, 69, 88, 106, 118, 130, 142). These "naked assertion[s]" need more facts, which Plaintiffs admittedly cannot offer up. *Twombly*, 550 U.S. at 557.

### D. Counts IV, V and VI — Vicarious Liability.

Plaintiffs' conclusory allegation that Vee Pak had a discriminatory request to the employment agencies is not enhanced by the allegations that (1) Vee Pak contracted with

employment agencies, (2) that Vee Pak failed to share information with Plaintiffs'[1] or (3) that a majority of the laborers sent to Vee Pak were Latino. (ECF No. 75 at p. 20). The first and second categories show that Vee Pak contracted with employment agencies and did not allow Plaintiffs to apply directly, consistent with how Vee Pak fills openings. Plaintiffs fail to explain how those allegations plausibly suggest that Vee Pak intended on discriminating against Plaintiffs and similar individuals.

Plaintiffs also fail to explain why the third category plausibly suggests intentional discrimination. The allegations rest on faulty logic, namely, *post hoc ergo propter hoc* ("after this, therefore because of this"). Obvious alternative explanations exist for the allegations, and Plaintiffs fail to explain how those explanations are implausible on their face or why intentional discrimination is the more plausible explanation.

Plaintiffs' agency allegations are equally deficient. (ECF No. 75 at pp. 20-22). While Plaintiffs cite the definition of an "agent" under Title VII, there are no allegations, consistent with this definition, showing that the employment agencies were subject to Vee Pak's control in regards to recruiting, training, assigning or paying laborers. (ECF No. 45 ¶¶ 28, 52, 72).[2] Federal law acknowledges a distinction between agents and independent contractors, *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 750-51 (1989), and when Congress defined "employer" under 42 U.S.C. § 2000e(b) to include an "agent", it surely was aware of common-law distinctions between "agents" and "independent contractors." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754-55 (1998).

---

[1]     Plaintiffs argue that Vee Pak's direct hire practices are not at issue (ECF No. 75 at pp. 18-19), so the allegations in paragraphs 20-23 of the Third Amended Complaint do not really augment the theory of intentional discrimination by Vee Pak.

[2]     Plaintiffs' own understanding of how Vee Pak and the employment agencies operate shows that Vee Pak has no involvement with recruitment. (ECF No. 75 at pp. 13-14).

16112196v.4

Plaintiffs only argument on "control" is that Vee Pak controlled the size of the order, the timing of the order, etc. and could discontinue using a specific laborer.  (ECF No. 75 at p. 21). Such allegations are never pled and even if they were, they do not show "control" in terms of agency.  All it shows is that some sort of contractual relationship existed between Vee Pak and the employment agencies.

Plaintiffs suggest that a "joint employer" theory is adequately pled because the workers performed at Vee Pak's facility, used its equipment and that Vee Pak reserved all other supervisory rights.  (ECF No. 75 at p. 23).  The cases cited by Plaintiffs are of no help (ECF No. 75 at p. 23) because the issue was not whether "joint employer" liability was adequately pled. Under this theory, Plaintiffs must allege some basis for holding Vee Pak liable for the assignment decisions of the employment agencies.  Plaintiffs fail to point to any allegations that Vee Pak knew or should have known that any employment agency was intentionally discriminating against African-Americans and that Vee Pak should have taken corrective measures within its control to prevent the discrimination.  *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013) (explaining employer liability under Title VII); *Ellerth*, 524 U.S. at 765.

## CONCLUSION

Plaintiffs' class claims in Counts I-VI of their complaint are legally insufficient under Rules 23(a) and 23(b)(3) and should be dismissed and/or stricken with prejudice pursuant to Rules 12(f) and 23(d)(1)(D).  Plaintiffs' claims in Counts II-VI also fail to state a claim and should be dismissed pursuant to Rule 12(b)(6).

16112196v.4

**DATED: September 20, 2013**

Respectfully submitted,

By: */s/ Donald S. Rothschild*

Donald S. Rothschild
Brian Michael Dougherty
Goldstine Skrodzki Russian Nemec & Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
Telephone: (630) 655-6000
dsr@gsrnh.com
bmd@gsrnh.com

*Attorneys For Defendant Vee Pak, Inc.*

By: */s/ Gerald L. Maatman, Jr.*

Gerald J. Maatman, Jr.
Jennifer Riley
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gmaatman@seyfarth.com
jriley@seyfarth.com

Laura A. Balson
Golan & Christie, LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
Telephone: (312) 263-2300
labalson@golanchristie.com

*Attorneys for Defendant Staffing Network
Holdings, LLC d/b/a Staffing Network*

By: */s/ Kerryann Haase Minton*

Kerryann Haase Minton
Brian P. Paul
Katherine Lee Goyert
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, IL 60601
Telephone: (312) 222-0800
Facsimile: 312-222-0818
kmhaase@michaelbest.com
ppaul@michaelbest.com
klgoyert@michaelbest.com

*Attorneys For Defendant Alternative Staffing,
Inc. d/b/a ASI*

By: */s/ Carter A. Korey*

Carter A. Korey
Elliot S. Richardson
Ryan D Gibson
Korey Kotter Heather & Richardson LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603
Telephone: (312) 372-7075
Facsimile: 312-372-7076
ckorey@koreylaw.com
erichardson@rloattorneys.com
rgibson@kchrlaw.com

*Attorneys For Defendant Personnel Staffing
Group, LLC d/b/a Most Valuable Personnel
d/b/a MVP*

21

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., an attorney, do hereby certify that on September 20, 2013, I caused a true and correct copy of the foregoing DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS AND/OR STRIKE PLAINTIFFS' CLASS ALLEGATION AND MOTION TO DISMISS PLAINTIFFS' CLAIMS to be filed with the Clerk of the Court via the Court's electronic filing system, which will serve a copy on the following via e-mail:

> Alvar Ayala
> Christopher J Williams
> Workers' Law Office, P.C.
> 401 S. LaSalle, Suite 1400
> Chicago, IL 60605
> aayala@wagetheftlaw.com
> cwilliams@wagetheftlaw.com
>
> *Attorneys For Plaintiffs*

>       */s/ Gerald L. Maatman, Jr.*
>       Gerald L. Maatman, Jr.