IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VEE PAK, INC., STAFFING NETWORK HOLDINGS LLC, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP and ALTERNATIVE STAFFING, INC. d/b/a ASI,<br><br>　　　　　　Defendants. | Case No.: 12-CV-9672<br><br>Honorable Judge John J. Tharp, Jr.<br><br>Magistrate Judge Daniel G. Martin |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
<u>OF BIFURCATION OF DISCOVERY</u>**

Defendants Vee Pak, Inc. ("Vee Pak"), Staffing Network Holdings LLC ("Staffing Network"), Personnel Staffing Group, LLC d/b/a Most Valuable Personnel d/b/a MVP ("MVP") and Alternative Staffing, Inc. d/b/a ASI ("ASI") (collectively "Defendants) respectfully submit the following Joint Memorandum in Support of Their Motion For Bifurcation of Discovery.

## INTRODUCTION

Plaintiffs Brian Lucas, Aronzo Davis, Joe Eagle and Michael Keys (collectively "Plaintiffs") filed a putative class action against Defendants alleging violations of Title VII of the Civil Rights Act and 42 U.S.C. § 1981 based on Defendants' alleged failure or refusal to assign them to work at Vee Pak based on their race, African American. (Dkt. No. 101 ¶¶ 91.) Plaintiffs' putative class is untenable. Accordingly, Defendants respectfully request an order bifurcating discovery into two phases: (1) first, discovery into class action certification issues, *i.e.*, whether Plaintiffs can meet Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy, and the requirements of Rule 23(b)(3) ("Class Discovery"); and (2) second, discovery as to the merits of any possible class, multi-plaintiff, or single-plaintiff claims ("Merits Discovery"). This approach has been adopted by many courts. Bifurcated discovery will promote judicial economy, provide for the most efficient and just resolution of this matter, conserve resources for both parties and the Court, and streamline the litigation.

For example, if this Court denies class action certification based on Plaintiffs' inability to meet Rule 23's requirements, or defines the class differently than as alleged in Plaintiffs' Fourth Amended Class Action Complaint ("Complaint"), discovery into the merits of any claims may be altered or potentially eliminated altogether. By resolving the issue of class certification before Merits Discovery, this Court will conserve judicial resources and potentially narrow the scope of issues for a more efficient final resolution. For these reasons and those discussed more fully

1

below, Defendants respectfully request that this Court grant their motion bifurcating discovery into Class Discovery and Merits Discovery.

## BACKGROUND FACTS

Plaintiffs brought suit as a class action under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, alleging that they were denied the ability to be assigned work at Defendant Vee Pak because of their race. (Dkt. No. 101, ¶¶ 1-2.) Plaintiffs seek to represent "[a]ll African Americans who sought work assignments through the staffing agencies Staffing Network, ASI or MVP, and were otherwise eligible to work at Vee Pak, but on one or more occasions were not assigned to work at Vee Pak during the period of four years[1] prior to the Plaintiffs commencing this action up through and including the date of judgment." (Dkt. No. 101, ¶ 89.) Defendants deny these allegations, and deny that Plaintiffs will be able to maintain this suit as a class action because Plaintiffs will be unable to satisfy the requirements of Rule 23. (*See* Dkt. Nos. 54, 57, 60, 63, 67.)

Plaintiffs' claims and Defendants' defenses are not susceptible to class-wide proof. Reaching a determination related to the merits of the Title VII and Section 1981 claims that Plaintiffs assert will require highly individualized inquiries that are not suitable for class action treatment. For example, to resolve Plaintiffs' claims, the Court will need to conduct individualized inquiries regarding whether a class member "sought" employment with Vee Pak (including his or her awareness of Vee Pak as a client of the employment agency), the identity of the particular employment agency, the location of the agency, communications between the agency and class member concerning employment or assignments with the agency's client, the

---

[1] Plaintiffs are asserting Section 1981(a) "failure to hire" discrimination claims, which would be subject to Illinois' two-year limitations period for personal injury claims , *Dandy v. UPS, Inc.*, 388 F.3d 263 (7th Cir. 2004); *Porter v. Pipefitters Ass'n Local Union 597, U.A.*, 12-CV-9844, 2013 WL 5162206, at *4 (N.D. Ill. Sept. 12, 2013), as opposed to 42 U.S.C. § 1658's four-year limitations period for Section 1981(b) post contract -formation discrimination. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2002).

2

position for which the class member sought employment, whether the a position was open, whether the individual was qualified for the position, and whether he or she sought permanent or temporary assignment.

Before the parties expend significant resources conducting discovery on the merits of these allegations, Defendants respectfully submit that the parties should focus their efforts on whether class action treatment is appropriate. Bifurcating discovery will create efficiencies and allow the parties to avoid expending significant resources on Merits Discovery that will prove wasted in the likely event that the Court denies class certification. If Plaintiffs can meet their burden, and the Court determines that this action may proceed on a class basis, the Court then can determine the appropriate scope of Merits Discovery without prejudicing either party.

In sum, the Court should bifurcate discovery to allow Class Discovery in the pre-certification phase, geared toward determining whether Plaintiffs can satisfy Rule 23(a), and Rule 23(b)(3), and allow Merits Discovery to proceed thereafter only as necessary.

## ARGUMENT

### I. Bifurcation Of Class Discovery And Merits Discovery Will Enable The Parties And The Court To Reach An Early Resolution On Class Action Certification

Early disposition of class action certification issues is in the best interest of the Parties and this Court. Indeed, Rule 23(c)(1) requires a certification decision be made as soon as practicable after the commencement of a putative class action. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). Hence, numerous courts have bifurcated Class Discovery and Merits Discovery to promote both fairness and efficiency. *See Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 933 (N.D. Ill. 2013) ("[I]n the interest of convenience and judicial economy, bifurcating class certification from merits discovery is appropriate."); *Harris v. comScore, Inc.*, 11-CV-5807, 2012 WL 686709 at *3 (N.D. Ill. Mar. 2, 2012) ("Proceeding with merits

discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue."); *Standard Iron Works v. ArcelorMittal*, 639 F. Supp. 2d 877, 902-03 (N.D. Ill. 2009) (noting that it is the court's custom in "sizable, complex cases…to proceed with discovery in phases"); *Hernandez et al. v. Simmons Foods, Inc. et al.*, 14-CV-5159-JLH (N.D. Ar. Oct. 16, 2014) (allowing defendants to take discovery regarding plaintiff before deciding class certification); *Elrod v. City of Chicago*, Nos. 06-CV-2505, 07-CV-203, 2007 WL 3241352, at *5 (N.D. Ill. Nov. 1, 2007) ("[B]ifurcating can avoid the potential for extremely costly and burdensome, yet ultimately unnecessary, discovery."); *Larson v. Burlington N. and Santa Fe Ry.*, 210 F.R.D. 663, 666 (D. Minn. 2002) (ordering bifurcation because it would allow "a reasonably expeditious resolution of the certification question . . . without denying the Plaintiffs a practicable basis upon which to move for class certification"); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) ("To make early class certification practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits."); *see also* Fed. R. Civ. P. 1 (noting that "the just, speedy, and inexpensive determination of every action and proceeding" should be the goal of litigants and courts).

In addition to the case precedent supporting bifurcation of discovery, the Manual for Complex Litigation encourages bifurcation of class certification and merits discovery:

> Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.

4

Manual for Complex Litigation (Fourth) § 21.14.  The Manual for Complex Litigation also notes that "in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden" and courts have cited to the Manual in their decisions. *Id.; Harris v. comScore, Inc.*, 2012 WL 686709, at * 3.  As such, the Manual advises that courts should "stay merits discovery during the precertification period and lift the stay after deciding the certification motion."  Manual for Complex Litigation § 21.14.

Recognizing that discovery in complex cases may have to proceed in phases, the Standing Order Establishing Pretrial Procedure in the Northern District of Illinois provides guidance in accord with the Manual for Complex Litigation.  *See Standing Order Establishing Pretrial Procedure-Procedures for Complex or Protracted Discovery* (N.D. Ill).  Specifically, the Standing Order provides that "if at any time during the scheduling conference or later status, [or] hearings it appears that complex or protracted discovery will be sought, the court may:  (a) determine that the Manual on Complex Litigation 2d be used as a guide for procedures to be followed in the case; or (b) determine that discovery should proceed by phases." *Id*.  The size and scope of this putative nationwide class action without question will involve complex and/or protracted discovery.  Therefore, pursuant to its authority under the foregoing Standing Order, this Court should allow this case to proceed in phases, bifurcating Class Discovery and Merits Discovery.

Further, courts adhere to the view that discovery on the merits should only proceed *if* and *when* a class is certified.  *See Reid v. Unilever U.S., Inc.,* 964 F. Supp. 2d 893, 933 (N.D. Ill. 2013) ("it is axiomatic that defining the class will make it easier to determine the limits of discovery on the merits"); *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. 05-CV-520-

5

GPM, 2007 WL 865681, at *2 (S.D. Ill. Mar. 16, 2007) (stating that, during the pre-certification phase, "discovery is supposed to be limited to the threshold requirements for class certification"); *cf. Lady Di's Inc. v. Enhanced Billing Servs., Inc., et al.*, 2010 U.S. Dist. LEXIS 17565, at *6 (S.D. Ind. Feb. 25, 2010) (finding pre-Rule 23 certification discovery permissible only to the extent it "is reasonably necessary to establish [plaintiff's] class allegations").

In accordance with these guiding principles, discovery in this case should be bifurcated into Class Discovery and Merits Discovery. The mandates of fairness and efficiency are best served by bifurcating discovery. Bifurcation will provide a reasonably expeditious resolution of the class action certification question without denying Plaintiffs a practicable basis upon which to move for class action certification under Rule 23.

Moreover, bifurcation is even more appropriate given the highly individualized nature of the allegations concerning Defendants' purported practices and the claims of Plaintiffs, let alone unidentified putative class members. (*See* Dkt. No. 101, ¶¶ 24, 38.) The purported inability of each Plaintiff to be hired by Vee Pak is highly individualized, involving, among other differences, each class member's qualifications, if and/or where the class member actually applied for work, the available openings at the time he or she requested work, the number of other, qualified applicants, and the reasons that the defendant staffing agencies assigned or did not assign each class member to Vee Pak.

Indeed, if class action certification is denied, it is unlikely this case will continue in its current form. If Plaintiffs cannot satisfy the requirements of Rule 23(a) (*i.e.*, numerosity, commonality, typicality, adequacy of representation), and 23(b)(3), the parameters of this suit will be substantially altered, either disposing of this action altogether or substantially narrowing Merits Discovery. *Reid*, 964 F.Supp. at 933. Accordingly, bifurcation should be granted

6

because it serves the interests of efficiency and fairness, because resolution of the certification issue likely greatly will impact further proceedings of this case (and potentially end this putative class action), and because it potentially will allow the parties to avoid costly and lengthy discovery on the merits of Plaintiffs' claims.

## II. Bifurcation Of Discovery Will Streamline Litigation And Avoid Waste Of Resources

Until a certification decision is made, neither the Court nor the parties will know the scope of this case. The time and expense of Merits Discovery will vary widely depending on the scope. As such, until the parties obtain a decision on class certification, they must – if discovery is not bifurcated – necessarily prosecute or defend the case on the broadest possible basis. Limiting initial discovery to issues relevant to class certification avoids this undesirable avenue and advances one of the policies of class actions: efficiency and economy. Because it is in the interests of both parties and this Court to conserve resources and resolve the certification issue before engaging in lengthy and costly discovery, Defendants request that the Court order bifurcated discovery.

Plaintiffs will likely argue that the phased discovery proposed by Defendants will cause delays. However, the opposite is true. In this case, the exact length of discovery cannot be calculated at this time with any degree of certainty. Neither Plaintiffs nor Defendants know, at this time, how much information and documents will need to be produced, given that both the issue of the viability of this case as a class action and the individual merits of the Plaintiffs' claims will be at issue. These "unknowns" may lead to requests for extensions for discovery – from both parties – as the case proceeds. Bifurcation, on the other hand, will provide for a more focused discovery schedule, while effectively allowing for a prompt decision on the certification issue. *Harris*, 2012 WL 686709, at *4.

### III.     Proposed Pre-Certification Discovery Is Economical

The allegations of Plaintiffs' Complaint demonstrate the individualized nature of their claims, as well as the individualized nature of the relief sought. Class Discovery will assist this Court in distinguishing the individual from the common elements of the claims, issues, and defenses, and in deciding the extent to which the need for individual proof outweighs the economy of receiving common proof. Class Discovery may determine the extent to which individual potential class members have an interest in separate actions, inconsistent with class treatment. Should the Court determine that Plaintiffs fail to satisfy the Rule 23 predominance requirements, much time and resources will be saved by not forcing the parties to engage in class-wide Merits Discovery prior to the Court's class certification decision.

Plaintiffs allege that they do not know "the precise number of Class Members, but based on information and belief, that "Defendants employed hundreds of individuals in Illinois." (Dkt. No. 101, ¶ 88(b)). Defendants' challenge of this bold, unsupported allegation during Class Discovery may reveal that Plaintiffs' allegation is nothing but pure hyperbole. Indeed, Class Discovery may demonstrate that Plaintiffs cannot meet Rule 23(a)(1)'s requirement that the putative class be sufficiently numerous for certification. Or, it may reveal, as Defendants previously have argued to the Court, that Plaintiffs' proposed class is not "ascertainable" as required by binding precedent. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *Fletcher v. ZLB Behring, LLC*, 245 F.R.D. 328, 335 (N.D. Ill. 2006) ("A sufficiently definite class exists if the court can ascertain the class members by reference to objective criteria."). Class discovery may reveal that Plaintiffs' class action is better handled through joinder or some other procedure other than a class action, thus obviating the need for costly and burdensome discovery into the merits of an undefined, overly broad class.

8

Additionally, the allegations of Plaintiffs' Complaint lack the "unifying force" sufficient to satisfy Rule 23(a). For instance, Plaintiffs admit that African-Americans were assigned to Vee Pak on some occasions. (Dkt. No. 101, ¶¶ 17, 34, 58, 77.) Even accepting Plaintiffs' allegations that African-Americans were subject to different standards and procedures in the hiring and placement process, that allegation – coupled with the admission that African-Americans were not uniformly disfavored – plainly demonstrates the individualized nature of Plaintiffs' claims. If some African-American applicants were selected and some were not, then those alleged standards and procedures clearly affected some class members differently than others. Class Discovery will reveal whether commonality exists, or whether the claims and defenses are too singular to satisfy Rule 23(a)(2), or whether those individual issues will predominate over any common issues as prohibited by Rule 23(b)(3).

The predominance inquiry is "far more demanding" than commonality. *Amchem Prods. v. Windsor*, 521 U.S. 591, 624 (1997). The Seventh Circuit has stated that if "class certification only serves to give rise to hundreds or thousands of individual proceedings requiring tailored remedies, it is hard to see how common issues predominate. *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008). Damages "must be considered" in resolving predominance. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (held that courts should examine the proposed damages methodology at the certification stage to ensure that it is consistent with the classwide theory of liability and capable of measurement on a classwide basis); *Hamilton v. O'Connor Chevrolet*, No. 02-C-1897, 2006 U.S. Dist. LEXIS 44149, at *37-39 (N.D. Ill. June 12, 2006) (citing cases); *Lemon v. Int'l Union*, 216 F.3d 577, 581 (7th Cir. 2000) (noting that "each individual plaintiff" must "show the magnitude of injury to determine compensatory damages"). Defendants should not have to bear the burden of costly Merits Discovery in the

9

likely event that Plaintiffs cannot demonstrate that they can meet those demanding requirements (and the other Rule 23 requirements).

Finally, Class Discovery saves time and resources because it is narrowly focused on the issues that are relevant to the Rule 23 inquiry. For example, discovery as to whether named Plaintiffs' claims are typical of the proposed class or whether they will fairly and adequately represent the class, as required by Rules 23(a)(3) and (4), are focused on issues relating to just the named Plaintiffs. Whether the named Plaintiffs' claims are idiosyncratic and subject to individualized defenses, and whether they have substantial interests antagonistic to those of putative class members, are questions that can be answered with discovery that is narrowly focused on the named Plaintiffs themselves. It does not require far-reaching class-wide discovery. The allegations in the Complaint suggest that the named Plaintiffs have distinct claims based on their experiences that may not be typical or may make them inadequate to represent the proposed class. *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999) (where "the class representative's claim is extremely weak, this is an independent reason to doubt the adequacy of his representation"). Hence, it would be premature (and costly) to engage in Merits Discovery prior to Plaintiffs establishing the Rule 23(a)(3) and (4) requirements.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court bifurcate class action certification and merits discovery in the manner described above or for any further relief as may be deemed just.

| | |
|---|---|
| **DATED: October 28, 2014** | Respectfully submitted, |
| By: */s/ Donald S. Rothschild* | By: */s/ Gerald L. Maatman, Jr.* |
| Donald S. Rothschild<br>Brian Michael Dougherty<br>Goldstine Skrodzki Russian Nemec & Hoff, Ltd.<br>835 McClintock Drive, Second Floor<br>Burr Ridge, IL 60527<br>Telephone: (630) 655-6000<br>dsr@gsrnh.com<br>bmd@gsrnh.com<br><br>*Attorneys For Defendant Vee Pak, Inc.* | Gerald L. Maatman, Jr.<br>Jennifer A. Riley<br>Matthew Gagnon<br>Ashley C. Workman<br>SEYFARTH SHAW LLP<br>131 S. Dearborn Street, Suite 2400<br>Chicago, Illinois 60603<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br>gmaatman@seyfarth.com<br>jriley@seyfarth.com<br><br>Laura A. Balson<br>Golan & Christie, LLP<br>70 West Madison Street, Suite 1500<br>Chicago, IL 60602<br>Telephone: (312) 263-2300<br>labalson@golanchristie.com<br><br>*Attorneys for Defendant Staffing Network Holdings, LLC d/b/a Staffing Network* |
| By: */s/ Kerryann Haase Minton* | By: */s/ Britney Zilz* |
| Kerryann Haase Minton<br>Brian P. Paul<br>Katherine Lee Goyert<br>Michael Best & Friedrich LLP<br>Two Prudential Plaza<br>180 N. Stetson Avenue, Suite 2000<br>Chicago, IL 60601<br>Telephone: (312) 222-0800<br>Facsimile: 312-222-0818<br>kmhaase@michaelbest.com<br>ppaul@michaelbest.com<br>klgoyert@michaelbest.com<br><br>*Attorneys For Defendant Alternative Staffing, Inc. d/b/a ASI* | Carter A. Korey<br>Elliot S. Richardson<br>Ryan D Gibson<br>Britney Zilz<br>Nicholas Joseph Tatro<br>Korey Kotter Heather & Richardson LLC<br>20 S. Clark Street, Suite 500<br>Chicago, IL 60603<br>Telephone: (312) 372-7075<br>Facsimile: 312-372-7076<br>ckorey@koreylaw.com<br>erichardson@rloattorneys.com<br>rgibson@kchrlaw.com<br><br>*Attorneys For Defendant Personnel Staffing Group, LLC d/b/a Most Valuable Personnel d/b/a MVP* |

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., an attorney, do hereby certify that on October 28, 2014, I caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF BIFURCATION OF DISCOVERY** to be filed with the Clerk of the Court via the Court's electronic filing system, which will serve a copy on the following via e-mail:

>Christopher J. Williams
>Alvar Ayala
>Jenee Gaskin
>Workers' Law Office, P.C.
>401 S. LaSalle, Suite 1400
>Chicago, IL 60605
>aayala@wagetheftlaw.com
>cwilliams@wagetheftlaw.com
>jgaskin@wagetheftlaw.com
>
>Peter Romer-Friedman
>Joseph M. Sellers
>Cohen Milstein Sellers & Toll PLLC
>1100 New York Ave. NW
>Suite 500
>Washington, DC 20005
>
>*Attorneys For Plaintiffs*

                */s/ Gerald L. Maatman, Jr.*