**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN LUCAS, ARONZO DAVIS, JOE EAGLE and MICHAEL KEYS, on behalf of themselves and similarly situated job applicants, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12 C 9672 |
| | ) |
| VEE PAK, INC., STAFFING NETWORK HOLDINGS LLC, PERONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP and ALTERNATIVE STAFFING, INC. d/b/a ASI, | ) Judge Tharp ) ) Magistrate Judge Martin ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT VEE PAK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant, VEE PAK, INC., by and through its attorneys, GOLDSTINE,

SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., and VEDDER PRICE, and for its

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIFTH AMENDED CLASS

ACTION COMPLAINT, states as follows:

## I. INTRODUCTION

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e, *et seq*. ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42
U.S.C. § 1981 ("Section § 1981"), for Defendants' discrimination against African American
laborers in their practices of assigning work.  Vee Pak operates manufacturing and packaging
facilities in Hodgkins and Countryside, Illinois, supplying products for companies such as
Johnson & Johnson.   Vee Pak staffs its operation primarily through temporary employment
agencies on the west and southwest side of Chicago, including Staffing Network, ASI and MVP.
Beginning in or about November of 2011 and continuing on thereafter, Plaintiffs, all African
American, were qualified to work at Vee Pak and sought work assignments at Vee Pak through
its employment agencies but were repeatedly denied the opportunity to be assigned work at Vee
Pak.  In addition to being denied the opportunity to be assigned to Vee Pak themselves, Plaintiffs
witnessed other qualified African American laborers being denied the opportunity to be assigned

to work at Vee Pak through its employment agencies while other, non-African American applicants who appeared at Vee Pak's employment agencies, Staffing Network, ASI, and MVP, seeking assignments after Plaintiffs and other similarly situated African American applicants, were given the opportunity to qualify for assignment to work at Vee Pak.

> **ANSWER:**    Vee Pak only admits that it operates manufacturing and packaging facilities in Hodgkins and Countryside, Illinois, supplying products for companies per contract. Vee Pak staffs its operation both through direct hires and through multiple staffing agencies, including Staffing Network, ASI and MVP. Vee Pak denies the remaining allegations in paragraph 1.

2.      Plaintiffs will seek to certify their Title VII and Section § 1981 claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

> **ANSWER:**    Vee Pak denies that this case is appropriate for class certification.

## II.  JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' Title VII and Section § 1981 claims pursuant to 28 U.S.C. § 1331, arising under 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. §§ 1981, respectively.

> **ANSWER:**    Vee Pak admits that this Court has subject matter jurisdiction but denies that it engaged in act acts giving rise to this Court's jurisdiction.

4.      Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

> **ANSWER:**    Vee Pak admits that venue is proper in this Court but denies that it engaged in act acts giving rise to venue.

5.      On May 17, 2012, Plaintiffs Lucas, Eagle and Keys filed charges of discrimination against Vee Pak with the EEOC. On November 29, 2012, the EEOC issued a Notice of Right to Sue to Plaintiff Lucas and on December 12, 2012, the EEOC issued a Notice of Right to Sue to Plaintiffs Eagle and Keys. Plaintiffs Lucas, Eagle and Keys' Right to Sue Notices from the EEOC are attached hereto as Group Exhibit A. Plaintiffs Antwoin Hunt and James Zollicoffer have not filed a charge with the EEOC in regards to Vee Pak, but the Title VII claims of each, described herein, fall within the scope of the charges filed by Plaintiffs Lucas, Eagle and Keys. Accordingly, Plaintiffs Hunt and Zollicoffer were not required to exhaust their remedies before joining the instant action as named Plaintiffs.

> **ANSWER:**    Vee Pak only admits that Group Exhibit A are the Notice of Right to Sue letters and denies the remaining allegations in paragraph 5.

6.      The case is timely filed.

**ANSWER:**     Vee Pak denies the allegations in paragraph 6.

## III.  PARTIES

**A.**     **Plaintiffs**

7.     Plaintiff Brian Lucas:
     a.     is African American;
     b.     is and, at all relevant times, has been qualified to perform work at Vee Pak;
     c.     is and, at all relevant times, has been a "job applicant" at Vee Pak;
     d.     is and, at all relevant times, has been a laborer seeking assignments including to Vee Pak, from MVP;
     e.     is and, at all relevant time, has been a laborer seeking assignments including to Vee Pak, from Staffing Network;
     f.     is and, at all relevant times, has been a laborer seeking assignments including to Vee Pak, from ASI.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore, demands strict proof thereof. Vee Pak denies that Lucas was a direct job applicant at Vee Pak.

8.     Plaintiff Joe Eagle:
     a.     is African American;
     b.     is and, at all relevant times, has been qualified to perform work at Vee Pak;
     c.     is and, at all relevant times, has been a "job applicant" at Vee Pak;
     d.     is and, at all relevant times, has been a laborer seeking assignments, including to Vee Pak, from Staffing Network.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore, demands strict proof thereof. Vee Pak denies that Eagle was a direct job applicant at Vee Pak.

9     Plaintiff Michael Keys:
     a.     is African American;
     b.     is, and at all relevant times, have been qualified to perform work at Vee Pak;
     c.     is and, at all relevant times, has been a "job applicant" at Vee Pak;
     d.     is and, at all relevant times, has been a laborer seeking assignments, including to Vee Pak, from Staffing Network.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore, demands strict proof thereof. Vee Pak denies that Keys was a direct job applicant at Vee Pak.

3

10.     Plaintiff Antwoin Hunt:
       a.      is African American;
       b.      is and, at all relevant times, has been qualified to perform work at Vee
               Pak;
       c.      is and, at all relevant times, has been a "job applicant" at Vee Pak; and
       d.      is and, at all relevant times, has been a laborer seeking assignments,
               including to Vee Pak, from MVP;.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to
the truth of the allegations in paragraph 10 and therefore, demands strict proof thereof.
Vee Pak denies that Hunt was a direct job applicant at Vee Pak.

11.     Plaintiff James Zollicoffer:
       a.      is African American;
       b.      is and, at all relevant times, has been qualified to perform work at Vee
               Pak;
       c.      is and, at all relevant times, has been a "job applicant" at Vee Pak; and
       d.      is and, at all relevant times, has been a laborer seeking assignments,
               including to Vee Pak, from MVP;.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to
the truth of the allegations in paragraph 11 and therefore, demands strict proof thereof.
Vee Pak denies that Zollicoffer was a direct job applicant at Vee Pak.

**B.**    **Defendants**

12.     At all relevant times, Defendant Vee Pak:
       a.      has been a corporation organized under the laws of the State of Illinois;
       b.      has conducted business in Illinois and within this judicial district; and
       c.      has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b)
               and 42 U.S.C. § 1981(c).

**ANSWER:**     Vee Pak admits that it is a corporation organized under the laws of the
State of Illinois and that it conducts business in Illinois and within this judicial district.
Vee Pak denies that it would have been the Plaintiffs' "employer."

13.     At all relevant times, Defendant Staffing Network:
       a.      has been a corporation organized under the laws of the State of Illinois;
       b.      has conducted business in Illinois and within this judicial district; and
       c.      has been an "employment agency" as that term is defined by 42 U.S.C. §
               2000e(c); and
       d.      has been an "employer" as that term is defined by 42 U.S.C. § 1981(c).

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to
the truth of the allegations in paragraph 13.

14. At all relevant times, Defendant MVP:
   a. has been a corporation organized under the laws of the State of Delaware;
   b. has conducted business in Illinois and within this judicial district; and
   c. has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c); and
   d. has been an "employer" as that term is defined by 42 U.S.C. § 1981(c).

   **ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. At all relevant times, Defendant ASI:
   a. has been a corporation organized under the laws of the State of Illinois;
   b. has conducted business in Illinois and within this judicial district; and
   c. has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c); and
   d. has been an "employer" as that term is defined by 42 U.S.C. § 1981(c).

   **ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.

## IV.  FACTUAL BACKGROUND

16. Vee Pak employs the vast majority of the laborers in its manufacturing and packaging facility through employment agencies, including Staffing Network, ASI and MVP. See declaration of Isaura Martinez, attached hereto as Exhibit B.

   **ANSWER:**   Vee Pak only admits that it has used Staffing Network, ASI and MVP for its workforce needs.  Further, Vee Pak denies the remaining allegations in paragraph 16.

17. The overwhelming majority of laborers who work at Vee Pak facility through its employment agencies, Staffing Network, ASI and MVP, are Latino employees.  *See* declaration of Isaura Martinez, attached hereto as Exhibit B.

   **ANSWER:**   Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced.  Vee Pak demands strict proof thereof.

18. Almost no African Americans laborers are assigned to work at the Vee Pak facility.  *See* declaration of Isaura Martinez, attached hereto as Exhibit B.

   **ANSWER:**   Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced.  Vee Pak demands strict proof thereof.

19. Beginning in or about November of 2011 and continuing thereafter, Plaintiff Brian Lucas attempted to apply for employment directly at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced. Vee Pak demands strict proof thereof.

20.     Initially, Vee Pak would not even inform Lucas as to how to apply for work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 20.

21.     Eventually, Vee Pak advised Plaintiff Brian Lucas that he would not be hired directly by Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 21.

22.     Upon learning that Vee Pak employs most of its employees through employment agencies, Plaintiff Lucas contacted Vee Pak to ask where he could apply for employment through an employment agency.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22. Further, Vee Pak denies the allegations and demands strict proof thereof.

23.     Vee Pak representatives repeatedly refused to inform Plaintiff Lucas  of what staffing employment agencies they could apply to in order to secure work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 23.

24.     In or about November of 2011, Plaintiff Lucas finally learned that Vee Pak used temporary laborers from Staffing Network, MVP and ASI.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore demands strict proof thereof.

25.     In or about November of 2011 and thereafter, Plaintiff Lucas sought work assignments from Staffing Network at its third party client companies, including Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore, demands strict proof thereof.

26.     In or about the summer of 2010 and thereafter, Plaintiff Zollicoffer sought work assignments at third party client companies of Staffing Network, including Vee Pak, through Staffing Network's Cicero, Illinois office.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore, demands strict proof thereof.

27.     Staffing Network operates as an employment agency with its offices which are located at or have been located in Chicago south side at or about 5101 S. Keeler Avenue, Chicago, Illinois, in Burbank, Illinois, and in Cicero, Illinois and other locations in Illinois which, upon information made assignments to Vee Pak.

**ANSWER:**     Vee Pak admits the allegations in paragraph 27.

28.     Staffing Network is in the business of finding third party client companies, including Vee Pak, who need the services of additional labor, selling those companies the services of temporary laborers, and then continually recruiting temporary laborers to fulfill that service.

**ANSWER:**     Vee Pak lacks knowledge and information to form a belief as to the truth of the allegations, and further states that there is no time period referenced.  Vee Pak demands strict proof thereof.

29.     Staffing Network acts as an agent of Vee Pak in recruiting, training, assigning and paying laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 29.

30.     Staffing Network acts as a joint employer with Vee Pak in the assignment of laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 30.

31.     As part of its business, Staffing Network is constantly engaged in recruiting low and moderately-skilled laborers to fill ongoing work orders, meaning that when a laborer seeks an assignment through Staffing Network, such laborers are seeking a work assignment at any third party client companies to which Staffing Network supplies labor.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore, demands strict proof thereof.

32.     Staffing Network permits walk-ins to come to one of their offices to seek work assignments.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore, demands strict proof thereof.

33.     When an individual comes to Staffing Network's offices to seek work assignments, a Staffing network employee will typically take contact information for the individual for the purpose of contacting that individual when there is a work assignment available.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore, demands strict proof thereof.

34. Staffing Network does occasionally assign African American laborers to work at some third party client company. For example, Plaintiffs Lucas and Keys were briefly sent to a work assignment at a third party client company called Great Kitchens.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore, demands strict proof thereof.

35. However work assignments for African Americans through Staffing Network are sporadic.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore, demands strict proof thereof.

36. Staffing Network almost never assigns African Americans employees to work at Vee Pak.

**ANSWER:** Vee Pak denies the allegations of Paragraph 36.

37. Staffing Network requires African American laborers seeking work assignments to complete a pre-application while non-African American job applicants are not required to complete a pre-application or to complete a different pre-application.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore, demands strict proof thereof.

38. Staffing Network has a more restrictive time period for African American laborers who are seeking a work assignment from Staffing Network than other, non-African American laborers.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore, demands strict proof thereof.

39. In or about November of 2011, Plaintiffs Lucas, Eagle and Keys attempted to seek work assignments at Staffing Network and were required to complete a pre-application and told they had to return a later time to complete an application.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore, demands strict proof thereof.

40. In or about November of 2011 and thereafter, Plaintiffs Lucas, Eagle and Keys specifically requested to be assigned to work at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore, demands strict proof thereof.

41.     Staffing Network failed or refused to assign Plaintiffs Lucas, Eagle,Keys and Zollicoffer to work at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore, demands strict proof thereof.

42.     Plaintiffs Lucas, Eagle, Keys and Zollicoffer witnessed non-African American, Latino employees being allowed  to apply for work immediately and being assigned to work.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore, demands strict proof thereof.

43.     Plaintiffs Lucas, Keys, Eagle and Zollicoffer are and at all relevant times have been equally qualified to work at Vee Pak as Latino laborers who sought and were given a work assignment at Vee Pak after Plaintiffs applied for work.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore, demands strict proof thereof.

44.     Staffing Network failed or refused to assign Plaintiffs Lucas, Keys, Eagle and Zollicoffer to work at Vee Pak because of their race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore, demands strict proof thereof.

45.     Staffing Network failed or refused to allow other similarly situated African American laborers to work at Vee Pak because of their race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore, demands strict proof thereof.

46.     Staffing Network assigned other, non-African American applicants to work at Vee Pak even though they had no more qualification than Plaintiffs and sought work assignments from Staffing Network after Plaintiffs and other similarly situated African American laborers.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore, demands strict proof thereof.

47.     Other African American laborers were likewise equally qualified to perform the work at the Vee Pak facility as Latino Laborers who sought and who were given a work assignment at Vee Pak after African American laborers sought a work assignment at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore, demands strict proof thereof.

48.     Vee Pak was aware or should have been aware that Staffing Network has been engaging in a discriminatory practice of assigning almost exclusively Latino employees to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 48.

49.     Vee Pak failed to exercise reasonable care in ensuring that Staffing Network, as an agent of Vee Pak, was not engaging in a discriminatory assignment practice.

**ANSWER:**     Vee Pak denies the allegations in paragraph 49.

50.     On information and belief, Staffing Network failed or refused to assign Plaintiffs and other similarly situated African Americans to work at Vee Pak because it was complying with discriminatory request by Vee Pak to steer African American applicants away from work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 50.

51.     ASI operates as an employment agency with offices located at 5620 W. Cermak Rd., Cicero, Illinois, and elsewhere in Illinois.

**ANSWER:**     Vee Pak admits the allegations in paragraph 51.

52.     ASI is in the business of finding third party client companies, including Vee Pak, who need the services of additional labor, selling those companies the services of temporary laborers, and then continually recruiting temporary laborers to fulfill that service.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore, demands strict proof thereof.

53.     ASI acts as an agent of Vee Pak in recruiting, training, assigning and paying laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 53.

54.     ASI acts as a joint employer with Vee Pak in the assignment of laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 54.

55.     ASI acts as an agent of Vee Pak in recruiting, training, assigning and paying laborers to work at Vee Pak and, on information and belief, complied with a discriminatory request by Vee Pak not to steer African American applicants away from work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 56.

56.     ASI permits walk-ins to come to one of their offices to seek work assignments.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore, demands strict proof thereof.

57.     When an individual comes to ASI's office seeking work assignments an ASI employee will typically take contact information for the individual for the purpose of contacting that individual when there is a work assignment available.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore, demands strict proof thereof.

58.     ASI has a policy of keeping laborers contact information and/or application of file for several months.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore, demands strict proof thereof.

59.     ASI does occasionally assign African American laborers to work at some third party client companies.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore, demands strict proof thereof.

60.     However, work assignments for African American laborers through ASI are sporadic.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore, demands strict proof thereof.

61.     Many of the Latino employees assigned to work at Vee Pak by ASI do not have any special skills training or qualifications.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore, demands strict proof thereof.

62.     In or about November of 2011 and thereafter, Plaintiff Lucas requested a work assignment from ASI.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore, demands strict proof thereof.

63.     Plaintiff Lucas specifically asked the dispatcher at ASI if he could be assigned to work at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore, demands strict proof thereof.

64.     ASI failed and refused to assign Plaintiff Lucas to work at Vee Pak because of his race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore, demands strict proof thereof.

65.     ASI failed or refused to allow other similarly situated African American laborers to work at Vee Pak because of their race, African American.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore, demands strict proof thereof.

66.     ASI assigned other, non-African American laborers to work at Vee Pak even though they had no more qualification than Plaintiff Lucas, and sought employment after Plaintiff Lucas and other similarly situated African American, Latino laborers.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore, demands strict proof thereof.

67.     Other African American laborers were likewise equally qualified to perform the work at the Vee Pak facility as Latino laborers who sought and were given a work assignment at Vee Pak after African American laborers sought a work assignment at Vee Pak.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore, demands strict proof thereof.

68.     Vee Pak was aware or should have been aware, that ASI has been engaging in a discriminatory practice of assigning almost exclusively Latino employees to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 68.

69.     Vee Pak failed to exercise reasonable care in ensuring that ASI, as an agent of Vee Pak, was not engaging in a discriminatory assignment practice.

**ANSWER:**     Vee Pak denies the allegations in paragraph 69.

70.     On information and belief, ASI failed or refused to assign Plaintiff Lucas and other similarly situated African American laborers to work at Vee Pak because it was complying with a discriminatory request from Vee Pak to steer African American laborers away from Vee Pak.

12

**ANSWER:**     Vee Pak denies the allegations in paragraph 70.

71.     MVP operates an employment agency with an office located at 5637 W. Roosevelt Road, Cicero, Illinois and elsewhere in Illinois.

**ANSWER:**     Vee Pak admits the allegations in paragraph 71.

72.     MVP is in the business of finding third party client companies, including Vee Pak, who need the services of additional labor, selling those companies the services of temporary laborers, and then continually recruiting temporary laborers to fulfill that service.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore, demands strict proof thereof.

73.     MVP acts as an agent of Vee Pak in recruiting, training, assigning and paying laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 73.

74.     MVP acts as a joint employer with Vee Pak in the assignment of laborers to work at Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 74.

75.     MVP permits walk-ins to come to one of their offices to seek work assignments.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore, demands strict proof thereof.

76.     When an individual comes to ASI's office seeking work, an MVP employee will typically take contact information for the individual for the purpose of contacting that individual when there is a work assignment available.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore, demands strict proof thereof.

77.     MVP has a policy of keeping laborers contact information and/or application of file for several months.

**ANSWER:**     Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore, demands strict proof thereof.

78.     MVP does occasionally assign African American laborers to work at some third party client companies.  For example:

a.  Prior to and after seeking work assignments through MVP's Cicero office, Plaintiff Zollicoffer has been assigned by MVP branch offices other than MVP's Cicero office to work at third party client companies other than Vee Pak; and

b.  In or about August of 2014, after the original filing of this lawsuit, MVP did assign Plaintiff Hunt to work at a third party client company through its Cicero office, but not Vee Pak.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore, demands strict proof thereof.

79.   However, work assignments for African American laborers through MVP are sporadic.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore, demands strict proof thereof.

80.   Many of the Latino employees assigned to work at Vee Pak by MVP do not have any special skills training or qualifications.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore, demands strict proof thereof.

81.   In or about November of 2011 and thereafter, Plaintiff Lucas attempted to apply for work MVP for employment.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore, demands strict proof thereof.

82.   Plaintiff Lucas specifically asked the dispatcher at MVP if he could be assigned to work at Vee Pak.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore, demands strict proof thereof.

83.   In or about the summer of 2010 and thereafter, Plaintiff Zollicoffer sought work assignments at third party client companies of MVP, including Vee Pak, through MVP's Cicero, Illinois office.

**ANSWER:**   Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore, demands strict proof thereof.

84. Between approximately 2010 and august of 2014, Plaintiff Hunt sought work assignments at third party client companies of MVP, including Vee Pak, through MVP's Cicero, Illinois office.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore, demands strict proof thereof.

85. MVP failed or refused to assign Plaintiffs Lucas, Hunt and Zollicoffer to work at Vee Pak, because of their race, African American.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore, demands strict proof thereof

86. MVP failed or refused to allow other similarly situated African American job applicants to work at Vee Pak because of their race, African American.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore, demands strict proof thereof

87. MVP assigned other, non-African American laborers to work at Vee Pak even though they had no more qualifications than Plaintiffs Lucas, Hunt and Zollicoffer and sought employment after Plaintiffs Lucas, Hunt and Zollicoffer and other similarly situated African American laborers.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore, demands strict proof thereof

88. Other African American laborers were likewise equally qualified to perform the work at the Vee Pak facility as Latino laborers who sought and were given a work assignment at Vee Pak after African American laborers sought a work assignment at Vee Pak.

**ANSWER:** Vee Pak lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore, demands strict proof thereof.

89. Vee Pak was aware or should have been aware, that MVP has been engaging in a discriminatory practice of assigning almost exclusively Latino employees to work at Vee Pak.

**ANSWER:** Vee Pak denies the allegations in paragraph 89.

90. Vee Pak failed to exercise reasonable care in ensuring that MVP, as an agent of Vee Pak, was not engaging in a discriminatory assignment practice.

**ANSWER:** Vee Pak denies the allegations in paragraph 90.

91.     On information and belief, MVP refused to assign Plaintiff Lucas and other similarly situated African Americans to work at Vee Pak because it was complying with a discriminatory request by Vee Pak to steer African American laborers away from Vee Pak.

**ANSWER:**     Vee Pak denies the allegations in paragraph 91.

## V.   CLASS ACTION ALLEGATIONS

92.     Plaintiffs will seek to certify their claims for race-based discrimination arising under Title VII (Count I and II) and arising under Section 1981 (Counts III through VI) as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

a.     The class is so numerous that joinder of all members is impracticable;

b.     While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employed hundreds of individuals in Illinois during the Title VII and Section 1981 Class Periods;

c.     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

(i)     Whether Defendant Vee Pak has a policy or pattern and practice in place in its hiring practices that results in discrimination against African American laborers;

(ii)     Whether Staffing Network, ASI and MVP engaged in discriminatory practices as "employment agencies", agents of Vee Pak, or "joint employers" with Vee Pak;

(iii)     Whether Staffing Network, ASI and MVP have a policy or a pattern and practice in place in its assignment practices that result in discrimination against African American laborers;

(iv)     Whether Staffing Network, ASI and MVP complied with requests from Vee Pak in its assignments;

(v)     Whether conduct complained of herein constitutes a violation of Title VII;

(vi)     Whether conduct complained of herein constitutes a violation of Section 1981;

(vii)     Whether Defendant Vee Pak failed to exercise reasonable care to prevent its agents, Staffing Network, ASI and MVP, from engaging in discriminatory hiring practices;

(viii)     Whether Defendants have made job assignments in a discriminatory manner based on race;

(ix)     Whether Defendants Staffing Network, ASI and MVP have had and/or continues to have to have a systemic custom and policy of race-based discrimination targeting African American job applicants;

(x)     Whether Plaintiffs and members of the Classes have or continue to sustain damages, and, if so, the proper measure of damages;

16

(xi)     Whether Plaintiffs and other members of the Class are entitled to, among other things, injunctive and other equitable relief, and if so, the nature and extent of such injunctive and other equitable relief.

d.      Plaintiffs will fairly and adequately represent and protect the interests of the Class members.  Plaintiffs' Counsel is competent and experienced in litigating discrimination and other employment class actions;

e.      The class representatives and the members of the class have been equally affected by the Defendant Vee Pak's race-based discrimination in its hiring practices; and by Defendants Staffing Network, ASI and MVP in its race based discrimination in its assignment practices;

f.      The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class.  If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

**ANSWER:**     Vee Pak denies the allegations in paragraph 92.

93.     The Class that Plaintiffs seek to represent is made up of and defined as:  All African Americans who sought work assignments through the staffing agencies Staffing Network, ASI or MVP, and were otherwise eligible to work at Vee Pak, but on one or more occasions were not assigned to work at Vee Pak during the period of four years prior to the Plaintiffs' original Complaint up through and including the date of judgment.

**ANSWER:**     Vee Pak denies the allegations in paragraph 93.

94.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**ANSWER:**     Vee Pak denies the allegations in paragraph 94.

**COUNT I**
**Violation of Title VII - Race-based Discrimination - Disparate Treatment**
**Plaintiffs on behalf of themselves and a class of similarly situated**
**African American laborers as against Defendant Vee Pak**
***Class Action***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 94 as though set forth herein.

17

**ANSWER:**     Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 94 as if fully set forth herein.

95.     This Count arises under Title VII for Defendant Vee Pak's discriminatory practices in hiring, either directly or through its agents, Staffing Network, ASI, and MVP, as described more fully in paragraphs 16-91, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

**ANSWER:**     Vee Pak denies the allegations in paragraph 95.

96.     As described more fully above in paragraphs 16-91, *supra*, Defendant Vee Pak engaged in a pattern and practice of intentional discrimination against Plaintiffs based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

**ANSWER:**     Vee Pak denies the allegations in paragraph 96.

97.     As described more fully in paragraphs 16-91, *supra*, Defendant Vee Pak engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

**ANSWER:**     Vee Pak denies the allegations in paragraph 97.

98.     As a direct and proximate result of the above-alleged acts or omissions of Defendant Vee Pak, Plaintiffs and all similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**     Vee Pak denies the allegations in paragraph 98.

99.     Defendant Vee Pak's conduct was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**     Vee Pak denies the allegations in paragraph 99.

100.    Vee Pak failed to exercise reasonable care to ensure that its agents for the assignments of laborers, Staffing Network, ASI and MVP, did not engage in discriminatory assignment practices.

**ANSWER:**     Vee Pak denies the allegations in paragraph 100.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

**COUNT II**
**Violation of Title VII - Race-based Discrimination - Adverse Impact**
**Plaintiffs on behalf of themselves and a class of similarly situated**
**African American laborers as against Defendant Vee Pak**
***Class Action***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 100 as though set forth herein.

**ANSWER:**    Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 100 as if fully set forth herein.

101.    This Count arises under Title VII for Defendant Vee Pak's policy and practice of hiring Latino laborers over African-American laborers, either directly or through its agents, Staffing Network, ASI and MVP, as described more fully in paragraphs 16-91, *supra*, resulting in a significant adverse impact on Plaintiffs and a class of African American laborers.

**ANSWER:**    Vee Pak denies the allegations in paragraph 101.

102.    As described more fully in paragraphs 16-91, *supra*, Defendant Vee Pak has engaged in a practice of securing the vast majority of its laborers through its employment agencies, including Staffing Network, ASI and MVP.

**ANSWER:**    Vee Pak denies the allegations in paragraph 102.

103.    Vee Pak's practice of securing laborers to work at its Illinois facilities from employment agencies which prefer to assign and, in fact, do assign Latino laborers over African American laborers has caused a significant disparate impact on Plaintiffs and other similarly situated African American laborers in getting work assignments at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 103.

104.    As a direct and proximate result of the above-alleged acts or omissions of Defendant Vee Pak, Plaintiffs and other similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 104.

105.    Vee Pak failed to exercise reasonable care to ensure that its agents for the assignment of laborers, Staffing Network, ASI and MVP, did not engage in discriminatory assignment practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 105.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

**COUNT III**
**Violation of Section 1981 - Race-based Discrimination**
**All Plaintiffs on behalf of themselves and a class of similarly situated African American job applicants as against Defendants Vee Pak**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 105 as though set forth herein.

**ANSWER:**    Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 105 as if fully set forth herein.

106.    This Count arises under Section 1981 for Defendant Vee Pak's discriminatory practices in hiring, either directly or through its agents, described more fully in paragraphs 16-91, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American job applicants.

**ANSWER:**    Vee Pak denies the allegations in paragraph 106.

107.    As described more fully above and specifically in paragraphs 16-91, *supra*, Defendant Vee Pak intentionally discriminated against all Plaintiffs based on their race, African American, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C.§1981.

**ANSWER:**    Vee Pak denies the allegations in paragraph 107.

108.    Defendant Vee Pak made discriminatory requests of its agents, Staffing Network, ASI and MVP, for assigning laborers, in that, on information and belief, Defendant Vee Pak requested that these agents steer Plaintiffs and other similarly situated African Americans away from work at Vee Pak based on their race, African American.

**ANSWER:**    Vee Pak denies the allegations in paragraph 108.

109.    In the alternative, Defendant Vee Pak knew or should have known that its agents, Staffing Network, ASI and MVP, were engaged in discriminatory practice of assigning laborers to work at Vee Pak.

**ANSWER:**    Vee Pak denies the allegations in paragraph 109.

110.     Vee Pak failed to exercise reasonable care to ensure that its agents for assigning laborers to work at Vee Pak, Staffing Network, ASI, and MVP, did not engage in discriminatory assignment practices.

**ANSWER:**     Vee Pak denies the allegations in paragraph 110.

111.     Defendant Vee Pak's discrimination against African American job applicants in hiring was based on Plaintiffs' and similarly situated job applicants' race, African American, and in violation of 42 U.S.C. §1981.

**ANSWER:**     Vee Pak denies the allegations in paragraph 111.

112.     As a direct and proximate result of the acts or omissions of Defendant Vee Pak alleged in paragraphs 16-91, *supra*, Plaintiffs and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**     Vee Pak denies the allegations in paragraph 112.

113.     Defendant Vee Pak's conduct was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**     Vee Pak denies the allegations in paragraph 113.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

**COUNT IV**
**Violation of Section 1981 - Race-based Discrimination**
**Plaintiffs on behalf of themself and a class of similarly situated African American laborers as against Defendants Staffing Network and Vee Pak**
***Class Action***

Plaintiff hereby incorporates and re-allege paragraphs 1 through 113 as though set forth herein.

**ANSWER:**     Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 113 as if fully set forth herein.

114.     This Count arises under Section 1981 for Defendant Staffing Network's discriminatory practices in assigning laborers to third party client companies described more fully in paragraphs 16-50, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

21

**ANSWER:**     Vee Pak denies the allegations in paragraph 114.

115.     Defendant Staffing Network engaged in discriminatory assignment practices against Plaintiffs and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 16-50, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**ANSWER:**     Vee Pak denies the allegations in paragraph 115.

116.     As described more fully in paragraphs 16-50, *supra*, Defendant Staffing Network engaged in a pattern and practice of racial discrimination against Plaintiffs and other similarly situated African American laborers based on their race, African American.

**ANSWER:**     Vee Pak denies the allegations in paragraph 116.

117.     As described more fully in paragraph 16-50, *supra*, Defendant Staffing Network's discrimination against Plaintiffs and other similarly situated laborers based on their race, African American, was intentional.

**ANSWER:**     Vee Pak denies the allegations in paragraph 117.

118.     Defendant Staffing Network failed or refused to assign African American applicants to work at Vee Pak in favor of Latino employees on the basis of their race, African American, as described more fully in paragraphs 16-50, *supra*.

**ANSWER:**     Vee Pak denies the allegations in paragraph 118.

119.     On information and belief, Defendant Staffing Network's failure to assign Plaintiffs and other similarly situated African American laborers to work at Vee Pak was, in part, because it was complying with a discriminatory request from Vee Pak to steer African American laborers away from Vee Pak in favor of Latino laborers.

**ANSWER:**     Vee Pak denies the allegations in paragraph 119.

120.     On information and belief, Vee Pak's request to Staffing Network to steer African American laborers away from Vee Pak was based on their race, African American.

**ANSWER:**     Vee Pak denies the allegations in paragraph 120.

121.     Defendant Staffing Network failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

**ANSWER:**     Vee Pak denies the allegations in paragraph 121.

122.    Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, Staffing Network, did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 122.

123.    Defendant Staffing Network's conduct in not assigning Plaintiffs and other similarly situated African American laborers to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**    Vee Pak denies the allegations in paragraph 123.

124.    As a direct and proximate result of the willful and reckless acts or omissions of Defendants Staffing Network and Vee Pak alleged in paragraphs 16-50, *supra*, all Plaintiffs and similarly situated African American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 124.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

**COUNT V**
**Violation of Section 1981 - Race-based Discrimination**
**Plaintiffs on behalf of themselves and a class of similarly situated**
**African American laborers as against Defendant ASI and Vee Pak**
***Class Action***

Plaintiffs hereby incorporates and re-allege paragraphs 1 through 124 as though set forth herein.

**ANSWER:**    Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 124 as if fully set forth herein.

125.    This Count arises under Section 1981 for Defendant ASI's discriminatory practices in assigning laborers to third party client companies described more fully in paragraphs 16-24 and 51-70, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

**ANSWER:**    Vee Pak denies the allegations in paragraph 125.

126.    Defendant ASI engaged in discriminatory assignment  practices against Plaintiffs and other similarly situated African American on the basis of their race, African American, as

described more fully in paragraphs 16-24 and 51-70, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 126.

127.     As described more fully in paragraphs 16-24 and 51-70, *supra*, Defendant ASI engaged in a pattern and practice of racial discrimination against Plaintiffs and other similarly situated African American laborers based on their race, African American.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 127.

128.     As described more fully in paragraphs 16-24 and 51-70, *supra*, Defendant ASI's discrimination against Plaintiffs and other similarly situated laborers based on their race, African American, was intentional.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 128.

129.     Defendant ASI failed or refused to assign African American applicants to work at Vee Pak in favor of Latino employees on the basis of their race, African American, as described more fully in paragraphs 16-24 and 51-70, s*upra*.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 129.

130.     On information and belief, Defendant ASI's failure to assign Plaintiffs and other similarly situated African American laborers to work at Vee Pak was, in part, because it was complying with a discriminatory request from Vee Pak to steer African American laborers away from Vee Pak in favor of Latino laborers.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 130.

131.     On information and belief, Vee Pak's request to ASI to steer African American laborers away from Vee Pak was based on their race, African American.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 131.

132.     Defendant ASI failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 132.

133.     Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, ASI, did not engage in discriminatory hiring practices.

> **ANSWER:**     Vee Pak denies the allegations in paragraph 133.

134.    Defendant ASI's conduct in not assigning Plaintiffs and other similarly situated African American laborers to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**    Vee Pak denies the allegations in paragraph 134.

135.    As a direct and proximate result of the willful and reckless acts or omissions of Defendants ASI and Vee Pak alleged in paragraphs 16-24 and 51-70, *supra*, all Plaintiffs and similarly situated African American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 135.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

### COUNT VI
### Violation of Section 1981 - Race-based Discrimination
### Plaintiffs on behalf of themselves and a class of similarly situated
### African American laborers as against Defendant MVP and Vee Pak
### *Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 136 (sic) as though set forth herein.

**ANSWER:**    Vee Pak adopts and incorporates by reference its answer to paragraphs 1 through 135 as if fully set forth herein.

136.    This Count arises under Section 1981 for Defendant MVP's discriminatory practices in assigning laborers to third party client companies described more fully in paragraphs 16-24 and 71-92, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

**ANSWER:**    Vee Pak denies the allegations in paragraph 136.

137.    Defendant MVP engaged in discriminatory assignment practices against Plaintiffs and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 16-24 and 71-92, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981.

**ANSWER:**    Vee Pak denies the allegations in paragraph 137.

138.    As described more fully in paragraphs 16-24 and 71-92, *supra*, Defendant MVP engaged in a pattern and practice of racial discrimination against Plaintiffs and other similarly situated African American laborers based on their race, African American.

**ANSWER:**    Vee Pak denies the allegations in paragraph 138.

139.    As described more fully in paragraphs 16-24 and 71-92, *supra*, Defendant MVP's discrimination against Plaintiffs and other similarly situated laborers based on their race, African American, was intentional.

**ANSWER:**    Vee Pak denies the allegations in paragraph 139.

140.    Defendant MVP failed or refused to assign African American applicants to work at Vee Pak in favor of Latino employees on the basis of their race, African American, as described more fully in paragraphs 16-24 and 71-92, *supra*.

**ANSWER:**    Vee Pak denies the allegations in paragraph 140.

141.    On information and belief, Defendant MVP's failure to assign Plaintiffs and other similarly situated African American laborers to work at Vee Pak was, in part, because it was complying with a discriminatory request from Vee Pak to steer African American laborers away from Vee Pak in favor of Latino laborers.

**ANSWER:**    Vee Pak denies the allegations in paragraph 141.

142.    On information and belief, Vee Pak's request to MVP to steer African American laborers away from Vee Pak was based on their race, African American.

**ANSWER:**    Vee Pak denies the allegations in paragraph 142.

143.    Defendant MVP failed to exercise reasonable care to ensure that its agents for hiring of laborers did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 143.

144.    Defendant Vee Pak failed to exercise reasonable care to ensure that its agents for hiring of laborers, MVP, did not engage in discriminatory hiring practices.

**ANSWER:**    Vee Pak denies the allegations in paragraph 144.

145.    Defendant MVP's conduct in not assigning Plaintiffs and other similarly situated African American laborers to work at Vee Pak was willful and/or reckless, warranting the imposition of punitive damages.

**ANSWER:**    Vee Pak denies the allegations in paragraph 145.

146.    As a direct and proximate result of the willful and reckless acts or omissions of Defendants MVP and Vee Pak alleged in paragraphs 16-24 and 71-92, *supra*, all Plaintiffs and similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:**    Vee Pak denies the allegations in paragraph 146.

WHEREFORE, Defendant, VEE PAK, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiffs, with costs assessed, and that this Court award all other relief it deems equitable and just.

## AFFIRMATIVE DEFENSES

As Affirmative Defenses to the Fifth Amended Class Action Complaint, Vee Pak, Inc. states as follows:

### First Affirmative Defense
(Failure to State a Claim Against Vee Pak, Inc.)

The Fifth Amended Class Action Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Vee Pak, Inc., and further fails to state facts sufficient to entitle Plaintiffs or any purported similarly situated job applicants to any relief whatsoever from Vee Pak, Inc.

### Second Affirmative Defense
(Failure to Mitigate Damages)

Upon information and belief, Plaintiffs and the putative class claims are barred, in whole or in part, by their failure to mitigate damages since they have failed to take reasonable steps to secure comparable work.

### Third Affirmative Defense
(Statute of Limitations)

Any claims on behalf of a putative class are barred by applicable statutes of limitation.

### Fourth of Affirmative Defense
(Estoppel)

Any damages that Plaintiffs or any putative class member may have suffered, which Vee Pak, Inc. continues to deny, with direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages whatsoever against Vee Pak, Inc.

### Fifth Affirmative Defense
(Indemnification)

Vee Pak, Inc. is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs or any putative class member are the result of the acts or omissions of third parties over whom Vee Pak, Inc. had neither control nor responsibility.

### Sixth Affirmative Defense
(Unclean Hands)

Plaintiffs' and class members' claims are barred, in whole or in part, by the doctrine of unclean hands

### Seventh Affirmative Defense
(Good Faith Conduct)

Any claim for punitive damages is barred by Vee Pak, Inc.'s good faith efforts to comply with applicable, existing law.

### Eighth Affirmative Defense
(Lack of Agency)

Any behavior by any Vee Pak, Inc. employee or supervisor to engage in any unlawful discrimination was conduct occurring outside the scope of employment and authority for which Vee Pak, Inc. lacked notice or knowledge and was without the consent of Vee Pak, Inc.

### Ninth Affirmative Defense
(Non-Discrimination Policy)

Vee Pak, Inc. has a policy of making hiring and other employment decisions based on factors other than race and other protected characteristics.

Respectfully submitted,

VEE PAK, INC.,

By:  /s/ Donald S. Rothschild
          One of its Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

Edward C. Jepson, Jr.
Thomas G. Abram
Vedder Price
222 North LaSalle, Suite
Chicago, IL 60601
(312) 609-7500

### CERTIFICATE OF SERVICE

      I, Donald S. Rothschild, an attorney, certify that I served a copy of **Defendant Vee Pak, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Fifth Amended Class Action Complaint**, filed with the United States District Court, via CM/ECF, on all registered users, on this 18th day of February, 2016.

          ____/s/ Donald S. Rothschild
          Attorney for Defendant Vee Pak, Inc.