**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN LUCAS ET AL., | |
| Plaintiffs, | Case No. 12 C 9672 |
| v. | Judge Tharp |
| VEE PAK, INC. ET AL., | Magistrate Judge Martin |
| Defendants. | |

**CLASS ACTION PARTIAL SETTLEMENT AGREEMENT
<u>WITH ALTERNATIVE STAFFING, INC. ONLY</u>**

This Class Action Settlement Agreement ("Agreement") is made and entered into by and between Defendant Alternative Staffing, Inc. ("ASI") and Plaintiffs Brian Lucas, Joseph Eagle, Michael Keys, Antwoin Hunt and James Zollicoffer ("Named Plaintiffs") as well as other, similarly situated persons whom Brian Lucas (the "Class Representative") seeks to represent in a certified class (the "ASI Class") (collectively the "Settling Parties") in a partial settlement of this matter. This Agreement shall be binding on: (1) the Class Representative and the ASI Class; and (2) Defendant ASI, subject to the Court's approval. This Agreement does not settle the claims of the Class Representative or any of the similarly situated persons whom he seeks to represent in a certified class against Defendants Vee Pak, Inc. ("Vee Pak"), Staffing Network Holdings, LLC ("Staffing Network") and Personnel Staffing Group, LLC d/b/a MVP ("MVP") (hereafter "Non-Settling Defendants").

Pursuant to the terms of this Agreement, the Class Representative and the similarly situated persons whom he seeks to represent in a class advancing claims against ASI seek certification of a Class of laborers who sought work assignments through ASI during the class period as defined herein ("ASI Class") pursuant to Rule 23 of the Federal Rules of Civil

Procedure. In the event the Court certifies the proposed class for settlement purposes only, the Class Representative will seek preliminary approval of the terms of the class settlement and will seek issuance of notice to the class and final approval of the settlement terms. However, in order to eliminate the risk of confusion that multiple notices might create, the Class Representative and ASI will ask the Court to include language specifically addressing the fact that it is possible that some members of the ASI Class may have additional claims against one or more of the Non-Settling Defendants and that such claims are not impacted by this settlement or their decision to remain in the ASI Class or opt-out of the ASI Class.

## SECTION I

## RECITALS

1.      On December 5, 2012, Plaintiffs, on behalf of themselves and other similarly situated persons, filed a class action Complaint in the United States District Court for the Northern District of Illinois, alleging violations of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, *et. seq*. ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, ("Section 1981") (the "Lawsuit").

2.      Plaintiffs filed a First Amended Complaint on February 28, 2013, a Second Amended Complaint on March 7, 2013, a Third Amended Complaint on May 23, 2013, a Fourth Amended Complaint on October 10, 2014 and a Fifth Amended Complaint on February 4, 2016. The Fifth Amended Complaint ("Complaint") is the operative Complaint in this matter at the time of this settlement.

3.      Defendant ASI denies all liability and wrongdoing associated with the claims alleged in Plaintiffs' Complaint. Specifically, Defendant ASI denies that it discriminated against any of the Plaintiffs, including Brian Lucas, Joseph Eagle, Michael Keys, Antwoin Hunt or James Zollicoffer, former Plaintiffs, including Aronzo Davis or Torrence Vaughans, or other African

2

Americans on the basis of race in violation of Title VII, Section 1981, or any other federal or state law. Defendant ASI further denies all other allegations of wrongdoing in the Complaint. Defendant ASI also denies that litigation of the Lawsuit as a class action is appropriate, and reserves the right to argue that the Lawsuit should not be certified as a class action in the event this settlement is not approved.

4.    Counsel for the Settling Parties have vigorously pursued their positions and the rights of their clients through extensive briefing, legal and factual analysis, as well as formal and informal discovery.

5.    In light of the novel legal issues briefed to date, the time and expense associated with future discovery, as well as the challenges and risks associated with class briefing, summary judgment, and a potential trial of this matter, the Settling Parties to the Lawsuit elected to engage in settlement discussions.

6.    On April 23, 2015, the Settling Parties reached the settlement terms set forth in this Agreement with the assistance of The Honorable Morton Denlow (Ret.).

7.    The Named Plaintiffs, Defendant ASI, and their counsel believe it is in their best interests and the best interest of the ASI Class to resolve this matter at this time.

8.    Class Counsel, acting in the best interest of the ASI Class Members, wish to resolve this matter in a fair and cost-effective method that benefits the ASI Class without the expense, delay and risk of protracted and complex litigation.

9.    Defendant ASI and its counsel also wish to avoid the expense, burden, diversion and risk of protracted litigation and wish to resolve this matter.

10.    Should the Agreement not become final, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall

be admissible evidence in this or other legal action or used contrary to the interests of ASI, the Class Representative or of members of the ASI Class. Whether or not the Agreement is finally approved, neither the Agreement nor any document, statement, proceeding, or conduct related to this Agreement, nor reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for a purpose adverse to a Settling Party.

11.     This Agreement contains all terms of agreement between the Named Plaintiffs, Defendant ASI, and their respective counsel relating to this partial settlement of the Lawsuit against ASI only. At all times, the negotiations leading to the Agreement were adversarial, non-collusive, and at arm's-length.

**SECTION II**

**DEFINITIONS**

12.     "Administration Costs" means the costs associated with administering the Agreement, including the fees and costs of the Settlement Administrator.

13.     "ASI" refers to Defendant Alternative Staffing, Inc.

14.     An "ASI Claim Form" means the forms, attached as Exhibit B, C and D by which a Class Member may submit a Claim to the Settlement Administrator. The ASI Claim Form shall be mailed via first class U.S. mail to the last known address of each member of the ASI Settlement Class by the Settlement Administrator.

15.     The "ASI Class" is defined as:

> The Class Representative and all African Americans who sought a work assignment through ASI to work at Vee Pak but, on one or more occasion, were not assigned or hired to work at Vee Pak during the period of December 5, 2008 through January 16, 2018.

16.     "ASI Class Data" refers to contact and work information (including name, address, city, state, zip code, social security number, actual hours worked, and actual wages paid) for all ASI

4

laborers who are identified in ASI's database as having sought work through ASI during the ASI Settlement Class Period and (1) for whom there is information in ASI's database identifying the race of the laborer as African-American; or (2) for whom there is no information in ASI's database about the laborer's race.

17.      "ASI Class Members" refers to all persons who meet the Class definition identified in this Agreement. For purposes of this Agreement, Class Representative Brian Lucas and former Class Representative Aronzo Davis are deemed to be members of the ASI Class. For purposes of this Agreement, ASI Class Members shall be identified in one of the following three manners:

      a.      "ASI Laborers in the ASI Class Data Identified as African American" refers to all ASI laborers who are identified in ASI's database as having sought work through ASI during the ASI Class Period and for whom there is information in ASI's database identifying their race as African-American. Such laborers shall be presumed to be ASI Class Members;

      b.      "ASI Laborers in the ASI Class Data without Race Identified" refers to all ASI laborers who are identified in ASI's database as having sought work through ASI during the ASI Class Period but for whom there is no information about race in ASI's database. In order to be deemed an ASI Class Member, each such laborer shall be required to submit, along with a completed ASI Claim Form, a sworn attestation that s/he identifies as African American, in the form attached as Exhibit C; and

      c.      "ASI Laborers not in the ASI Class Data" refers to individuals who are not identified in ASI's database but who respond to publication of the ASI Settlement Notice. In order to be deemed an ASI Class Members, each such individual shall be required to submit, along with a completed ASI Claim Form, a sworn attestation that s/he identifies as African American and that s/he sought work through ASI during the ASI Class Period, in the form attached as Exhibit D.

18.   The "ASI Class Period" means the period from December 5, 2008 to January 16, 2018.

19.   The "ASI Class Settlement Fund" means the ASI Settlement Amount minus any contributions from the ASI Settlement Amount as approved by the Court to: (a) Service Payment to the Class Representative; (b) attorneys' fees and costs awarded to Class Counsel; (c)

Administration Costs, and (d) the Defendant ASI's portion of State and Federal payroll taxes for settlement payments.

20.     "ASI's Counsel" refers to Michael Best & Friedrich LLP.

21.     "ASI Final Judgment" means the date on which the Court enters an order dismissing all claims against ASI with prejudice and dismissing ASI from the lawsuit with prejudice.  The Settling Parties shall submit a proposed order for an ASI Final Judgment setting forth the terms of this Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Approval Hearing or at such other time as the Court deems appropriate.

22.     An "ASI Notice Packet" means the collection of documents that will be sent by first class U.S. mail to each ASI Class Member consisting of the ASI Class Action Settlement Notice (Exhibit A), an ASI Claim Form attached as Exhibit B, C or D, depending on in which group identified in paragraph 17, *supra*, the class member falls, and a stamped envelope addressed to the Settlement Administrator.

23.     The "ASI Settlement Account" means the interest-bearing trust account controlled by the Settlement Administrator at a federally-insured bank into which the Settlement Amount shall be deposited within 30 days from the Preliminary Approval Date.  In the event that the Court does not enter a Final Judgment, the Settlement Amount deposited into the Settlement Account shall be returned to Defendant ASI, plus any earned interest, less any Administration Costs expended up to that point.  No other funds shall be comingled within the ASI Settlement Account.

24.     The "ASI Settlement Amount" is Ninety-Three Thousand Dollars and No Cents ($93,000.00), which is the maximum total amount that Defendant ASI shall pay under the terms of this Agreement other than the General Release payment to the Class Representative, and from

which all payments contemplated by this Agreement, with the exception of the General Release Payment, shall be made.

25.     The "ASI Settlement Notice" means the document, attached as Exhibit A, which shall advise ASI Class Members of the terms of the ASI Settlement and shall describe how: (a) an ASI Class Member may exclude him or herself from the Settlement; or (b) an ASI Class Member may object to the Settlement.

26.     "ASI Settlement Payment" means a Claimant's share of the ASI Class Settlement Fund.

27.     "ASI Settlement Website" means a website to be established by the Settlement Administrator on which the ASI Settlement Notice (Exhibit A), a fillable ASI Claim Form (Exhibit D) shall be posted.

28.      "Average Wage of ASI Laborer Assigned to Vee Pak" refers to the average wages earned by all laborers assigned to Vee Pak by ASI during the Settlement Class Period, regardless of race.  Average wages are calculated by multiplying the average hours worked per above laborer by the Illinois minimum wage rate of $8.25 per hour.  For purposes of this Settlement, this average amount shall be the presumed amount of back pay lost by any class member.

29.     A "Claim" means a materially complete and timely ASI Claim Form submitted by an ASI Class Member to the Settlement Administrator.

30.     The "Claim Deadline" means the date 90 calendar days after the date on which  the ASI Settlement Notices are mailed, and it shall be the last date by which the following must be postmarked, emailed, filed, or faxed in order to be timely and effective: (a) an ASI Claim Form submitted by an ASI Class Member; (b) an ASI Claim Form and a sworn attestation verifying class membership by a potential ASI Class Member; (c) a Request for Exclusion by a Class

Member who wishes to be excluded from the Settlement Class, *see infra* paragraph 78; and/or (d) written objections to the Agreement by a Class Member.

31.    A "Claimant" means an ASI Class Member who submits a complete and timely ASI Claim Form.  The Class Representative will be deemed to be a Claimant and will not be required to file an ASI Claim Form.

32.     "Class Counsel" refers to Christopher J. Williams and Alvar Ayala of the Workers' Law Office, P.C., as well as Joseph Sellers, Shaylyn Cochran and Miriam Nemeth of Cohen, Milstein, Sellers & Toll P.L.L.C.

33.    The "Class Representative" means Brian Lucas. Former Class Representative, Aronzo Davis, shall be deemed to be a member of the ASI Class by this Agreement.

34.    The "Class Data" means the data, provided by Defendant ASI to the Settlement Administrator and to Class Counsel in a form usable by commercially available database software, like Microsoft Access or Excel, containing solely the following information with respect to each putative ASI Class Member: his or her (1) name; (2) last-known home address; and (3) social security number.

35.    The "Court" refers to the United States District Court for the Northern District of Illinois, Eastern Division.

36.    The "Effective Date" means the first business day after the last day of the period for appeal of the ASI Final Judgment, or if an appeal has been filed, the date on which the appeal is final.  The Parties agree to waive all rights to appeal upon entry of ASI Final Judgment.

37.    The "Approval Hearing" means the hearing on Plaintiffs' Motion for Final Approval of this Agreement.

38.     The "Final ASI Settlement Class" refers to all ASI Class Members who do not timely exclude themselves from the Agreement consistent with the exclusion procedures set forth in this Agreement.

39.     "Non-Settling Defendants" refers to Vee Pak, Inc., Staffing Network Holdings, LLC and/or Personnel Staffing Group, LLC d/b/a MVP.

40.     An "Opt-Out" is a Class Member who has timely filed a Request for Exclusion using the process specified in the Agreement.

41.     The "Opt-Out/Objection Deadline" means the date by which an ASI Class Member may file a Request for Exclusion to exclude him or herself from the Settlement or file an Objection to the Settlement, and shall be sixty (60) days from the date of the mailing of the ASI Settlement Notice.

42.     The "Parties" refers to Named Plaintiffs, the ASI Class Members, and Defendant ASI, and in the singular refers to any of them, as the context makes apparent. In light of the representative nature of this action, the Class Representative has authorized Class Counsel to take positions on his behalf and at such time as the Court certifies the ASI Class, Class Counsel shall be authorized to take positions on behalf of the Class.

43.     The "Preliminary Approval Date" is the date on which the Court issues the Preliminary Approval Order granting preliminary approval of this Agreement (Dkt. No. 296) or January 16, 2018.

44.     The "Preliminary Approval Order" means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Agreement entered as Docket No. 296.

45.     The "Released Parties" refers to Defendant ASI and Resource Management Group, Inc. ("RMG"), as well as their respective former and current parent companies, owners, directors, officers, agents, employees, attorneys, predecessors, assigns, subsidiaries, shareholders, insurers, and benefit plans.

46.     "Resource Management Group, Inc." or "RMG" is a jointly owned entity with ASI that manages the operations of ASI.

47.     The "Settlement Administrator" is charged with administering the process for distributing the settlement funds, in consultation with the Parties' respective counsel.  The Parties have selected Garden City Group, LLC, located at 1531 Utah Ave. S., Ste 600 Seattle, WA 98134 (www. gardencitygroup.com), to act as the Settlement Administrator.

48.     "Settlement Agreement" or "Agreement" refers to this Partial Settlement Agreement entered between the Class Representative and the ASI Class and ASI and RMG.

## SECTION III

## CERTIFICATION OF THE SETTLEMENT CLASS

49.     For settlement purposes only, the Parties agree that the class defined below satisfies the requirements of Rule 23, Fed.R.Civ.P., and, therefore, that the Court should grant the Class Representative and the ASI Class certification of their claims in this action.  The proposed class is defined as:

> The Class Representative and all African Americans who sought a work assignment through ASI to work at Vee Pak but, on one or more occasion, were not assigned or hired to work at Vee Pak during the period of December 5, 2008 through January 16, 2018.

50.     For purposes of Settlement, ASI agrees that it will not challenge the Class Representative or former Class Representative Aronzo Davis' claim that they are included in the ASI Class. However, ASI does not waive this or any other argument that the Class Representative is not

10

adequate class representative of the ASI Class in the event this Agreement is not approved by the Court.

51.     As certification of the proposed class is a material term of this Agreement, the effectiveness of the Agreement is contingent upon the Court granting certification of the ASI Class defined above in paragraph 49.  Defendant ASI does not waive, and instead expressly reserves its right to challenge the propriety of class certification should the Court not finally approve the Agreement by entering a Final Judgment.  In support of this request for class certification, the Class Representative will submit to the Court argument and evidence sufficient to demonstrate satisfaction with the requirements of Rule 23, Fed. R. Civ. P., and Defendant ASI agrees to cooperate in providing such evidence that may be relevant to this determination.

**SECTION IV**

**SETTLEMENT APPROVAL PROCEDURE**

52.     The Parties agree that they shall seek approval of this Partial Settlement immediately and that such settlement shall not be dependent on or otherwise impacted by the claims against the Non-Settling Defendants. To that end, the Parties will: (a) execute the Agreement through Class Counsel and Defendant ASI's Counsel; and (b) ask the Court to enter an order granting preliminary approval of the material terms of the Agreement, in the form attached hereto as Exhibit C, pursuant to Fed.R.Civ.P. Rule 23, including (i) certification of the ASI Class, (ii) appointment of Class Counsel, (iii) appointment of Class Representative(s) for the Class, (iv) appointment of the Settlement Administrator, (v) approving the form and manner of notice to the ASI Class of the Settlement; (vi) providing an opportunity for members of the ASI Class to object or exclude themselves from the Settlement; and (vi) holding a fairness hearing.

## SECTION V

## DUTIES OF THE PARTIES BEFORE COURT APPROVAL

53.     As soon as is practicable, the Parties shall submit this Agreement to the Court for

preliminary approval.  Upon execution of the Agreement, the Parties shall promptly seek an

order:

  a.     Preliminarily approving the Agreement;

  b.     Certifying the ASI Class for settlement purposes only, appointing Class Counsel,
         appointing Class Representative(s) for the ASI Class, and appointing the
         Settlement Administrator;

  c.     Directing the distribution of the ASI Notice Packet to ASI Class Members; and

  d.     Scheduling a final hearing on the question of whether the Agreement should be
         finally approved as fair and reasonable.

## SECTION VI

## SETTLEMENT AMOUNT AND ALLOCATION

54.     No later than sixty (60) calendar days after the Preliminary Approval Date, ASI shall

transmit the ASI Settlement Amount, Ninety-Three Thousand and No Cents ($93,000.00), by

wire transfer (or other appropriate means) to the Settlement Administrator for deposit into the

Settlement Account.

55.     The Settlement Administrator shall hold the ASI Settlement Amount in trust until this

Agreement is finally approved by the Court.

56.     Class Counsel will request that the ASI Class Settlement Fund paid by ASI be held in

trust until the conclusion of this litigation against Non-Settling Defendant Vee Pak—because

Class Counsel believes there is a strong likelihood that Vee Pak may be required to contribute to

the ASI Class Settlement Fund through settlement or judgment, which would impact the amount

of recovery for ASI Class Members—or until such other time as the Court deems appropriate, at

which time the ASI Settlement funds will be distributed in accordance with claims process set forth herein. ASI agrees not to oppose this request.

57.     Once this Agreement is approved by the Court and distribution of the ASI Class Settlement Fund is further authorized by the Court, the Parties agree that the ASI Class Settlement Fund shall be distributed to Final ASI Class Members as follows:

   a.     The ASI Class Settlement Fund proceeds will be distributed through a claims-made process based on the formula described below;

   b.     Each Final ASI Class Member who files a complete Claim Form shall receive an ASI Settlement Payment based on the following formula:

      i.     *Back Pay Award*: Each Final ASI Class Member who files a complete and timely ASI Claim Form shall receive a back pay award in the amount of the "Average Wage of ASI Laborer Assigned to Vee Pak" (as defined in paragraph 28 of this Agreement) less the actual amount of any wages earned by that Class Member through an assignment from ASI during the ASI Class Period.

      In the event that the total claims for back pay are greater than the total ASI Class Settlement Fund, the amount of each Back Pay Award shall be reduced on a *pro rata* basis. The Back Pay Award shall be considered wages and shall be reported as such on an IRS Form W-2. Appropriate withholding of federal, state, and local income taxes and the Claimants' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the portion of the Settlement Payments considered to be wages and reported on the above referenced Form W-2.

      ii.     *Punitive Damage Award*: In the event the ASI Class Settlement Fund is greater than the total claims for back pay, the balance of the ASI Class Settlement Fund shall be distributed to each Final ASI Class Member who files a complete and timely ASI Claim Form on a *pro rata* basis, in proportion to the amount of the Back Pay Award received, as a Punitive Damage Award. The Punitive Damage Award shall be considered statutory damages and will be reported as such on an IRS Form 1099 where mandated by the Internal Revenue Service.

   c.     Other than the withholding and reporting requirements herein, each Claimant shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Agreement.

58.     If the Court does not enter a Final Approval Order, then the entire amount in the
Settlement Account, including interest earned on that amount, will be returned to Defendant ASI,
less any Administration Costs expended up to that point.  No other funds shall be added to or
comingled with the ASI Settlement Account other than additional ASI Settlement Funds
contributed at a future date by a Non-Settling Defendant.  In no event shall the Settlement
Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the ASI
Settlement Account, except as expressly provided in this Agreement.  The Parties agree that the
ASI Settlement Account is intended to be a "Qualified Settlement Fund" under Section 468B of
the Internal Revenue Code and Treas.  Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq.,* and will
be administered by the Settlement Administrator as such.  All interest accruing thereon shall
become part of the ASI Settlement Amount.

59.     With respect to the ASI Settlement Account, the Settlement Administrator shall open and
administer the Settlement Account in such a manner as to qualify and maintain the qualification
of the Settlement Account as a "Qualified Settlement Fund" under Section 468B of the Code
Treas.  Reg. § 1.468B-1; and, at the time the Settlement Administrator is directed by Order of the
Court to distribute the ASI Settlement Funds, to:  (1) calculate, withhold, remit and report each
Claimant's and Defendants' share of applicable payroll taxes in connection with the Settlement
Payment; (2) satisfy all tax reporting, return and filing requirements with respect to the
Settlement Account and interest or other income earned by the Settlement Account; and (3)
satisfy out of the Settlement Account all taxes (including estimated taxes, interest or penalties)
with respect to the interest or other income earned by the ASI Settlement Account.  Fees,
expenses, and costs incurred in connection with the opening and administration of the ASI
Settlement Account shall be treated as and included in the costs of administering the Agreement

and as Administration Costs. The Parties and the Settlement Administrator shall elect to treat the ASI Settlement Account as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 CFR § 1.468B-1(j)(2)(i), and such election statement shall be attached to the appropriate returns as required by 26 CFR § 1.468B-1(j)(2)(ii). The Parties agree to cooperate with the Settlement Administrator and one another as necessary to effectuate the terms of this Agreement.

60.     Once this Agreement is approved by the Court and distribution of the ASI Class Settlement Fund is further authorized by the Court, the Settlement Administrator shall distribute the ASI Settlement Funds. The ASI Settlement Account shall be used to pay:

     a.     Court-approved Settlement Payments of the Claimants of the ASI Class;

     b.     The attorneys' fees, costs, and litigation expenses of Class Counsel, as awarded by the Court;

     c.     Any Service Payment to the Class Representative, as awarded by the Court;

     d.     The Claims Administration Costs of the Settlement Administrator; and

     e.     Defendant ASI's share of payroll taxes for the Claimants of the ASI Class.

## SECTION VII

## CLAIMS PROCEDURE

61.     No later than fourteen calendar days after the Preliminary Approval Date, ASI shall calculate the "Average Wage of ASI Laborer Assigned to Vee Pak" as defined in paragraph 28, *supra*. This information shall be included in the ASI Settlement Notice, attached as Exhibit A.

62.     No later than forty-five calendar days following the Preliminary Approval Date, ASI shall provide the ASI Class Data to the Settlement Administrator. The Class Data will be true and correct to the best of Defendant ASI's knowledge.

63.    No later than thirty calendar days after receiving the ASI Class Data, the Settlement Administrator shall establish the ASI Settlement Website advising of the terms of the Settlement with ASI; providing putative ASI Class Members with information on how they may participate in, object to, or exclude themselves from the ASI Settlement, as well as the date, time, and location of a Fairness Hearing; and posting the ASI Settlement Notice (Exhibit A), a fillable ASI Claim form (the version attached as Exhibit D).

64.    No later than thirty calendar days after receiving the ASI Class Data, the Settlement Administrator shall cause to be published in The Chicago Defender and The Voice Newspapers—or two other community newspapers with a similar circulation serving a ten mile radius around the location of ASI's Cicero, Illinois Branch Office, as selected by Class Counsel—an advertisement about the Settlement in the form attached hereto as Exhibit E. The advertisement shall run for not less than 7 consecutive days and shall contain a link to the ASI Settlement Website.

65.    No later than thirty calendar days after receiving the ASI Class Data, the Settlement Administrator shall cause to be published on Facebook an advertisement about the Settlement targeting African Americans in a ten mile radius around the location of ASI's Cicero, Illinois Branch Office, in the form attached as Exhibit F. The Facebook advertisement shall run for the entire Notice Period and shall contain a link to the ASI Settlement Website.

66.    No later than thirty calendar days after receiving the ASI Class Data, the Settlement Administrator shall mail to each individual for whom there is address information in the Class Data the ASI Settlement Notice, attached as Exhibits A, and an ASI Claim Form attached as Exhibit B, C or D, depending on in which group identified in paragraph 17, *supra*, the class

member falls, and a stamped envelope addressed to the Settlement Administrator ("ASI Notice Packet").

67.     Prior to the First Mailing, the Settlement Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Class Data as necessary.

68.     The Settlement Administrator shall promptly conduct a second mailing for a Class Member whose ASI Notice Packet is returned as undelivered and for whom a new address is obtained from the United States Postal Service ("Second Mailing"). If the Second Mailing is again returned as undeliverable, and if no other forwarding address is available, the notice mailing process will end for that Class Member and no further efforts will be made to reach that Class Member.

69.     The Settlement Administrator shall promptly mail an ASI Notice Packet, along with Exhibit D, to any individual who contacts the Settlement Administrator at the contact information provided on the ASI Settlement Website.

70.     All mailings described herein shall be made via first class U.S. mail, postage pre-paid.

71.     To receive a Settlement Payment, an ASI Class Member must submit to the Settlement Administrator a materially complete and timely ASI Claim Form and, as needed, a sworn attestation no later than the Claim Deadline, which shall be 90 calendar days after the date of mailing the ASI Notice Packet. Upon execution of the General Release, attached as Exhibit G, the Class Representative will be presumed to have filed a claim.

72.     The date that an ASI Claim Form is submitted to the Settlement Administrator is deemed to be the earlier of: (a) the date the ASI Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the ASI Claim Form is tendered to an overnight

service for delivery, as indicated by a shipping envelope; or (c) the date the ASI Claim Form is received by the Settlement Administrator.

73.     The Settlement Administrator shall review each ASI Claim Form upon receipt for timeliness and material completeness. In the event an ASI Claim Form is timely but is not materially complete, the Settlement Administrator shall immediately notify the Class Member, via U.S. mail and email, about the deficiency. The Class Member shall have 21 days following the date the deficiency notice is mailed to cure the deficiency and resubmit the ASI Claim Form. A Class Member who fails to return a materially complete ASI Claim Form by the Claim Deadline will not be eligible to receive a Settlement Payment, even if they previously timely submitted an incomplete form.

74.     An ASI Class Member who missed the Claim Deadline, either for the initial submission of the ASI Claim Form and any related materials or for the correction of a deficiency, may nonetheless be included in the settlement if he or she demonstrates good cause for missing the deadline.  The Settlement Administrator shall forward Class Counsel and ASI's Counsel any late-submitted materials.  Class Counsel and ASI's Counsel shall meet and confer in good faith to determine whether good cause has been demonstrated and shall instruct the Settlement Administrator accordingly.  Any disagreements about good cause may be submitted to the Court for resolution.

75.     The Settlement Administrator shall be bound by the terms of this Agreement.  In the event that an issue arises that is not specifically or clearly addressed in the Agreement, the Settlement Administrator shall report to the Parties for guidance.

76.     Only ASI Class Members who do not exclude themselves from the Settlement may object to the Agreement.  To object to the Agreement, the Claimant must send a written objection to the

Settlement Administrator no later than the Opt-Out/Objection Deadline. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

77.     The Settlement Administrator shall promptly notify and send a copy of the objection to both ASI's Counsel and Class Counsel and shall provide Class Counsel with the objecting Claimant's last known telephone number as reflected on the ASI Claim Form.

78.     For an ASI Class Member to exclude himself or herself from the Agreement, he or she must write and submit a letter ("Request for Exclusion") that states: "I request to be excluded from the settlement in *Lucas, et al. v. Vee Pak et al., - re: ASI Settlement,* Case No. 12 C 9672 (USDC Northern District of Illinois, Eastern Division)." The Settlement Class Member must also include his or her full name, address, and telephone number, and he or she must personally sign the letter. All Requests for Exclusion must be submitted by the Claim Deadline. No ASI Class Member may exclude him or herself by telephone, fax, or e-mail.

   a.   All ASI Class Members must comply with the above-listed requirements for a proper Request for Exclusion or the Request for Exclusion will be deemed invalid.

   b.   The date of submission is deemed to be the earlier of: (a) the date the Request for Exclusion is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Request for Exclusion is tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date the Request for Exclusion is received by the Settlement Administrator.

79.     An ASI Class Member who submits a timely Request for Exclusion Form that complies with the requirements set forth in paragraph 78 shall NOT: (i) be bound by orders or judgments entered in this Lawsuit; (ii) be entitled to benefits or relief under this Agreement; (iii) gain rights by virtue of this Agreement; and (iv) be entitled to object to the Agreement or appeal from an order of the Court.

80.     Upon receipt of a Request for Exclusion, the Settlement Administrator shall promptly notify and send a copy of the Request for Exclusion to both counsel for Defendant ASI and Class

Counsel, and shall provide Class Counsel with such ASI Class Member's last known telephone number as reflected in the Request for Exclusion.

81.    If a fully completed and properly executed Request for Exclusion is not timely received by the Settlement Administrator from an ASI Class Member, then that ASI Class Member will be deemed to have forever waived his or her right to opt out of the ASI Class.

82.    No later than 7 calendar days following the Claim Deadline, the Settlement Administrator shall prepare and tender a report to Class Counsel and ASI's Counsel containing the name, last-known address, and last-known telephone number of each Class Member who submitted a complete, timely ASI Claim Form, Request for Exclusion and/or  Objection to the Settlement ("Claim/Opt-out/Objection Report").

83.    No later than 14 calendar days after the Claim Deadline, Class Counsel and the Settlement Administrator shall calculate each Claimant's share of the ASI Settlement Fund and shall provide these calculations in writing to ASI's Counsel.  ASI's Counsel will then have 7 days to serve in writing on Class Counsel and the Settlement Administrator any challenges to the accuracy of the calculations.  If no such challenges are served, the calculations will be deemed accurate. If a dispute about a Claimant's individual award arises, the Parties shall meet and confer in good faith in an attempt to resolve the dispute.  A dispute that cannot be resolved by the Parties shall be submitted to the Court for a final determination.

84.    At the conclusion of this litigation against the Non-Settling Defendants or at another time as directed by the Court, the Settlement Administrator shall mail to each Claimant, at his or her last-known address as reflected in the Report, a check representing the net Settlement Payment listed in the Report, in addition to any future net settlement payment from a Non-Settling Defendant (as approved by the Court).

85.     In the event that a Settlement Payment check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will use reasonable efforts to locate a current address for the Settlement Class Member and, if a current address is found, re-mail the check.

86.     The Settlement Administrator shall be responsible for deducting and withholding the employee's share of all required income, payroll, and other taxes, and for deducting, withholding, and remitting all necessary taxes and withholdings to the appropriate governmental agencies.  The Settlement Administrator shall also be responsible for determining the ASI's share of payroll taxes on Settlement Payments to ASI Class Members, and for remitting from the Settlement Account and reporting the applicable portions of employers' payroll tax payment to the appropriate taxing authorities on a timely basis.

87.     ASI Settlement Payment checks will become void if not negotiated within 90 days of the date of issue.  No later than 60 days after the Settlement Administrator voids un-negotiated checks, the Claims Administrator will notify Class Counsel and ASI's Counsel if any amount remains.  Class counsel shall determine if a second distribution is practicable and, if so, shall instruct the Settlement Administrator to make a second distribution, on a *pro rata* basis, to the Class Members who cashed their checks during the first distribution.  At the conclusion of the second distribution, if any, and the expiration of the 90 day deadline for negotiating checks, or if a second distribution is determined by Class Counsel to be impracticable, any funds that remain in the Settlement Fund will be distributed pursuant to the Cy Pres provision in paragraph 88.

88.     The Settlement Administrator shall distribute funds remaining in the Settlement Fund after distribution of checks as *cy pres* to a qualified non-profit organization with Tax Code 501(c)(3) tax-exempt status ("*Cy Pres* Organization") proposed by class counsel and approved

by the Court. The Settlement Administrator will pay these funds to the *Cy Pres* Organization no later than 30 days after the Court approves the *cy pres* recipient.

89. No later than 30 calendar days after the calculation of each Claimant's share of the ASI Settlement Fund, or by such other date as the Court may direct: (1) Class Counsel shall file and serve a motion for final approval of the Agreement; and (2) a proposed order granting final approval of the Agreement, along with a proposed judgment that conforms with Fed. R. Civ. P. 58.

## SECTION VIII

## SERVICE PAYMENT AND GENERAL RELEASE PAYMENT

90. Service Payment: Class Counsel will move for a Service Payment to the Class Representative as a service award for helping to litigate and settle this Lawsuit, which will not exceed a total of One Thousand Dollars and No Cents ($1,000.00) to be paid from the ASI Settlement Account and will be subject to approval by the Court ("Service Payment"). This Service Payment shall be paid from the ASI Settlement Amount and be subject to approval of the Court. Former Class Representative Aronzo Davis affirmatively acknowledges and agrees that he shall not be entitled to receive any Service Payment under this Agreement.

91. General Release Payment: In addition, Defendant ASI has agreed to make a payment of Two Thousand Dollars and No Cents ($2,000.00) to Class Representative Brian Lucas in exchange for executing the full release of all claims as to Defendant ASI attached hereto as Exhibit G ('General Release Payment"). This General Release Payment shall be paid by ASI separate from and in addition to the ASI Settlement Amount and shall only be paid upon final approval by the Court of the Parties' Partial Class Action Settlement. Former Class Representative Aronzo Davis affirmatively acknowledges and agrees that he shall not be entitled to receive any General Release Payment under this Agreement.

22

92.     Subject to paragraph 90 of this Agreement, upon approval by the Court, the Settlement Administrator shall pay the Service Payment to the Class Representative.  The Parties agree that the Service Payment is in addition to the Class Representative's Settlement Payment, to which he is independently entitled along with other Claimants who submit an ASI Claim Form.  The Settlement Administrator shall report the Service Payment to the Class Representative as non-wage income on an IRS Form 1099 where mandated by the IRS.  Amounts not awarded by the Court shall be distributed to the ASI Settlement Class pursuant to the terms of this Agreement.

## SECTION IX

## SETTLEMENT ADMINISTRATOR

93.     The Parties agree that Garden City Group, LLC shall serve as the Settlement Administrator.  The Settlement Administrator will be responsible for establishing the Qualified Settlement Fund Account described in paragraph 59; and, at the appropriate time, establishing the ASI Settlement Website, publicizing notice of the ASI Settlement as described in paragraphs 64 and 65; updating addresses; mailing Notice of the ASI Settlement; receiving and logging the Requests for Exclusion and Objections; mailing the ASI Notice Packets; receiving and logging ASI Claim Forms; reporting on the status of the administration of the Agreement to the Parties; resolving all disputes, in concert with the counsel for the Parties; preparing a declaration regarding its due diligence in the notice process; providing the Parties with all necessary data; setting up the ASI Settlement Account; at the appropriate time, distributing ASI Settlement Payments, and Service Payment, and withholding therefrom the Claimants' share of payroll taxes, and remitting such funds to the appropriate taxing authorities, along with associated tax reporting, return and filing requirements; determining the employer's share of payroll taxes on Settlement Payments to Claimants, and remitting from the ASI Settlement Account and reporting the applicable portions of Defendant ASI's payroll tax payment to the appropriate taxing

authorities on a timely basis; providing copies of executed releases of the Class Representative and Claimants to Defendant ASI's Counsel; and performing such additional duties as the Parties may mutually direct. All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement until all payments and obligations contemplated by this Agreement have been fully carried out.

94. Only the administration fees and costs of the Settlement Administrator necessary to administer this Settlement Agreement, or other expenses approved by the Court, shall be paid by out of the ASI Settlement Account.

95. The actions of the Settlement Administrator shall be governed by the terms of the Agreement. Class Counsel and Defendant ASI's Counsel may provide relevant information and guidance as needed by the Settlement Administrator in the performance of its duties, and engage in related communications with the Settlement Administrator.

## SECTION X

## ATTORNEYS' FEES AND EXPENSES

96. The Parties agree that Defendant ASI shall have no obligation to pay attorneys' fees or costs incurred by the Class Representative, the Class, and/or Class Counsel beyond the amount awarded by the Court pursuant to this Settlement, except that ASI will be liable for any fees awarded in the discretion of the Court in the event of a material breach of the Agreement by Defendant ASI. Class Counsel agrees to seek from the Court, and ASI agrees not to contest, an award of attorneys' fees of no more than one-third of the ASI Settlement Amount paid by ASI for all past and future attorneys' fees and reasonable costs incurred in prosecuting the Lawsuit against ASI through Final Judgment, including but not limited to: (i) obtaining Preliminary Approval from the Court of the Partial Class Action Settlement Agreement with ASI; (ii)

responding to inquiries from ASI Class Members regarding the Settlement; (iii) assisting ASI

Class Members; (iv) assisting in resolving objections; (v) defending the Agreement and securing

the Order of Final Approval of the Partial Class Action Settlement Agreement with ASI,

including the conduct of appellate action. Payment of attorneys' fees and costs pursuant to this

Section shall be paid from the Settlement Amount. Class Counsel explicitly reserve the right to

seek additional compensation for past and future attorneys' fees and reasonable costs incurred in

prosecuting the Lawsuit against any Non-Settling Defendants from any additional contribution to

the ASI Settlement Fund, whether through settlement or judgment.

97.     No later than seven (7) calendar days following the Effective Date, the Settlement

Administrator shall pay to Class Counsel, Class Counsel's fees and costs, as approved by the

Court in the ASI Final Judgment, in the amount of no more than one third of the Settlement

Amount.

## SECTION XI

## RELEASE BY CLASS AND FORMER CLASS REPRESENTATIVE

98.     The Class Representative and Former Class Representative Aronzo Davis dismiss,

release and forever discharge all claims, demands, rights, liabilities and causes of action of every

nature and description whatsoever, known or unknown, asserted or that might have been asserted

against the Released Parties, whether in tort, contract, or for violation of a state or federal statute,

rule or regulation arising out of, relating to, or in connection with an act or omission by or on the

part of a Released Party committed or omitted prior to the execution hereof ("General Release").

In exchange for providing this General Release, Defendant ASI shall pay the Class

Representative the General Release Payment as provided in Exhibit G, attached hereto.  Upon

execution of the release by Class Representative Brian Lucas' release and former Class

Representative Aronzo Davis, attached as Exhibit G, Class Counsel shall promptly provide a

copy to Defendant ASI's counsel and the Class Representative Lucas and former Class Representative Davis shall be deemed to have filed a valid claim.

99.     The General Release does not waive any rights that cannot be waived by law, including the Plaintiffs' right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and their right to participate in any agency investigation or proceeding.  The Class Representative Lucas and former Class Representative Davis are waiving, however, any right to recover money in connection with such a charge or investigation.  The Class Representative Lucas and former Class Representative Davis also expressly waive any right to recover money payable by ASI in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

**SECTION XII**

**RELEASE BY THE ASI SETTLEMENT CLASS**

100.    Upon Final Approval, the ASI Class Members (excluding those who have filed a compliant and timely Request for Exclusion), including but not limited to the Claimants, on behalf of themselves and each of their heirs, representatives, assigns, and attorneys, shall be deemed to release and forever discharge all claims against the Released Parties that were alleged or could have been alleged in the Lawsuit pursuant to Title VII and Section 1981 arising out of the assignment of or failure to assign African Americans to work at Vee Pak by ASI.  This release shall become effective on the Effective Date.  Upon Final Approval by the Court, a judgment shall be entered dismissing, with prejudice, all claims of the Class Representative and ASI Class Members against ASI asserted in the Fifth Amended Complaint, except to the extent the Court retains jurisdiction pursuant to Section XXVI.  This judgment shall not affect the claims against the Non-Settling Defendants in any manner.

## SECTION XIII

## COOPERATION AGREEMENT

101.    A material term of this settlement agreement is ASI's agreement to cooperate in providing information, testimony, and/or documents that are not protected from disclosure by the attorney-client privilege or work product doctrine that may be relevant to determining the liability of Vee Pak or any of the other Non-Settling Defendants.

102.    The information that ASI will provide was disclosed to The Honorable Morton Denlow at the April 23, 2015 settlement conference.  Magistrate Denlow represented to Class Representative that the information ASI has offered to share would substantially advance their claims against Vee Pak and should be considered valuable.  The ASI Class Members are all by definition members of the class brining claims against Vee Pak.  Accordingly, this information is valuable to them.

103.    Specifically, the ASI agrees:

      a.      To make one or more employees of ASI and any other witnesses in ASI's control available through the conclusion of this lawsuit to give truthful testimony in depositions and, if necessary, at trial, pursuant to an appropriate subpoena;

      b.      To the extent any former ASI employee is no longer employed by ASI at the time such testimony is sought, ASI agrees to cooperate with Class Counsel to locate such individual and make all reasonable efforts to make such individual available as a witness pursuant to an appropriate subpoena; and

      c.      Within fourteen (14) calendar days of preliminary approval, subject to the above-described limitations, to produce to Class Counsel copies of any information, documents or other materials relevant to the allegations of discrimination against Vee Pak or any of the other Non-Settling Defendants. "Document" includes, without limitation, anything in which there is portrayed or contained, or from which can be retrieved any facts, information or data, including all of the things delineated in Fed. R. Civ. P. 34(a)(1) and without limitation on the foregoing, all electronic data processing materials.

104.    Resolution of Disputes Regarding the Cooperation Agreement:

a) In the event a dispute arises over a material term of this Agreement, the party alleging the breach will provide written notice to the other party of the alleged breach and the relief sought. Within ten (10) business days of receiving the notice, the recipient party will provide a written response.

b) If the parties cannot resolve the matter within five (5) business days, the initiating party will bring the matter to Judge Denlow for resolution. The parties agree that Judge Denlow shall, in his discretion and in consideration of his familiarity with the terms of the Agreement and the negotiations giving rise to the Agreement, be the sole arbiter of any disputes.

c) In the event Judge Denlow is unavailable, the parties shall select another JAMS mediator ("the Alternate") to act as the sole arbiter of any disputes. The parties have requested, and Judge Denlow has agreed, to ensure that all materials he has accumulated concerning this matter are memorialized and filed for safe keeping, so that another JAMS mediator can access them, should Judge Denlow be unavailable to resolve any disputes.

## SECTION XIV

## INJUNCTIVE RELIEF

105. ASI will implement the following injunctive relief.

a) The term of any injunctive relief shall be two (2) years from the Effective Date.

b) ASI shall maintain a record of the race of all laborers who seek work assignments from ASI in its database, as identified on the EEO-1 self-identification form, and shall provide this data to Class Counsel in electronic form on the first day of January, April, July and October during the period of injunctive relief.

c) ASI further agrees to the following actions:

i. Within four weeks after providing Class Counsel the data described in paragraph 105(b), ASI agrees to meet with Class Counsel, upon written request by Class Counsel, to review the information and discuss recruitment, assignment and retention of laborers. Such meeting shall be held at a time and place mutually agreed to by the Parties but such agreement shall not be unreasonably denied. By mutual agreement, the Parties may extend the time to hold such meetings;

ii. ASI agrees to provide not less than four trainings during the period of injunctive relief on equal employment opportunity and compliance with various federal and state civil rights laws, to include the following topics: (1) equal employment opportunity (2) federal, state and local prohibitions of unlawful discrimination and retaliation (3) diversity issues and (4) other topics that will encourage equal employment in recruiting, hiring, assigning, promoting and retaining minorities.

## SECTION XV

## NO ADMISSION OF LIABILIITY

106. This Agreement shall not be construed as an admission by Defendant ASI that it has acted wrongfully with respect to Class Representative or ASI Class Members collectively or individually or to any other person, or that those individuals have rights against ASI or the Released Parties, and ASI and the Released Parties specifically disclaim liability to or wrongful acts against the Class Representative and ASI Class Members or other persons.

107. This Agreement is a settlement document and shall be inadmissible in evidence in a proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## SECTION XVI

## PARTIES' AUTHORITY

108. The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## SECTION XVII

## MUTUAL FULL COOPERATION

109. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement.

110. Should the Court not approve the Agreement, or should the Court not approve or not enter the Preliminary Approval Order, the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and

materials pertaining to this Agreement or the settlement of the Lawsuit will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval. In the event this Agreement is never approved by the Court, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining to the settlement of the Lawsuit will be inadmissible.

## SECTION XVIII

## FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

111.    The Parties agree that the Agreement is fair, adequate, and reasonable, and will so represent to the Court.

## SECTION XIX

## COMMUNICATIONS

112.    Unless otherwise specifically provided, all notices, demands or other communications given under this Agreement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> a.    **To Class Counsel:** Christopher Williams, Workers' Law Office, PC, 53 W. Jackson Blvd, Suite 701, Chicago, IL 60604; Telephone: (312) 795-9120; Facsimile: (312) 929-2207; E-mail: info@wagetheftlaw.com.
>
> b.    **To Class Counsel:** Joseph M. Sellers, Cohen, Milstein, Sellers & Toll, PLLC, 1100 New York Avenue, N.W., East Tower, Suite 500, Washington, D.C. 20005; Telephone: (202) 408-4600; Facsimile: (202) 408-4699; E-mail: jsellers@cohenmilstein.com.
>
> c.    **To Counsel for Defendant ASI:** Brian Paul, Michael Best & Friedrich LLP, Two Prudential Plaza,180 N. Stetson Ave., Suite 2000, Chicago, IL 60601; Telephone: (312) 222-0800; Facsimile: (312) 222-0818; E-mail: BPPaul@michaelbest.com.

## SECTION XX

## CONSTRUCTION

113.    The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties, and that the Agreement shall not be construed in favor of or against a Party by reason of the extent to which a Party or his/her or its counsel participated in the drafting of this Agreement.

## SECTION XXI

## CAPTIONS AND INTERPRETATIONS

114.    Section titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement.

## SECTION XXII

## MODIFICATION

115.    This Agreement may not be changed, altered, or modified, except in writing and signed by ASI, through its Counsel, and by Class Counsel, on behalf of the Class Representative and the ASI Class, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by ASI, through its Counsel, and Class Counsel, on behalf of the Class Representative and the ASI Class, and approved by the Court.

## SECTION XXIII

## BINDING ON ASSIGNS

116.    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representative.

31

## SECTION XXIV

## COUNTERPARTS

117.    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement.

## SECTION XXV

## APPLICABLE LAW

118.    This Agreement shall be governed by and construed in accordance with Illinois law.

## SECTION XXVI

## RETENTION OF JURISDICTION

119.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

ATTORNEYS FOR PLAINTIFFS:

_____
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

_____
Joseph M. Sellers
Shaylyn Cochran
Miriam R. Nemeth
Cohen, Milstein, Sellers & Toll PLLC
1100 New York Avenue, N.W.
East Tower - Suite 500
Washington, D.C. 20005
(202) 408-4600

**ATTORNEYS FOR DEFENDANT ASI:**


_____

Brian Paul
Kerryann Minton
Katherine Goyert
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
(312) 222-0800

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, ET AL., | |
| Plaintiffs, | |
| | Case No. 12 C 9672 |
| v. | |
| | Judge Tharp |
| VEE PAK, INC., ET AL., | |
| | Magistrate Judge Martin |
| Defendants. | |

## NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENT WITH ALTERNATIVE STAFFING, INC., AND FAIRNESS HEARING

**If you are African American and sought a work assignment at Alternative Staffing, Inc. ("ASI") between December 5, 2008 and January 16, 2018, you may be eligible to participate in a class action settlement and may be entitled to the benefits described below.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

| Why Did I Get This Notice? |
|---|

You received this Notice because the lawyers for the Plaintiffs and Defendant ASI identified you as a potential member of the Class represented in this lawsuit, defined as:

> The Class Representative and all African Americans who sought a work assignment through ASI but, on one or more occasions, were not assigned or hired to work at Vee Pak during the period December 5, 2008 through January 16, 2018.

| Your Options |
|---|

1. **To participate in this settlement and receive a payment, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM BY JULY 2, 2018.**

2. **To participate in the settlement but not receive a payment, you may do nothing.**

3. **To exclude yourself from the settlement, YOU MUST SUBMIT A REQUEST FOR EXCLUSION BY JULY 2, 2018.**

4. **To object to the settlement, YOU MUST SUBMIT WRITTEN OBJECTIONS BY JULY 2, 2018.**

**More details on each of these options are available on pages 2-3 below, or you may contact Class Counsel at the contact information on page 4.**

| Overview of the Lawsuit and the Settlement |
|---|

1

The Plaintiff alleges that he and other African Americans were excluded from work assignments made by ASI to Vee Pak, Inc. based on their race. The Plaintiff alleges that the discriminatory assignments made by ASI were the result of a preference by Vee Pak for non-African American workers. The Plaintiff has sought lost wages, attorneys' fees and costs, and other relief. ASI denies these allegations but has decided to settle to avoid the expense and time of further litigation. Vee Pak has not settled this case and the case against Vee Pak and several other defendants is continuing. The Court has authorized the settlement funds to be held in trust, and <u>no settlement money will be paid out until the end of the case</u> or until the Court so directs.

As part of the Settlement, ASI has agreed to pay $93,000 and to participate in some trainings and reforms to their hiring and assignment practices that should benefit all Class Members. Class Members who file completed and timely claim forms will be eligible for a portion of this settlement if they sought and were denied work from ASI between December 5, 2008 and January 16, 2018, as long any wages earned from ASI do not exceed $5,883.24 (the average wages earned by all laborers assigned to Vee Pak by ASI during this same time).

The actual amount of each person's settlement payment will also depend on:

1. *The total number of eligible Class Members who file claims*. If more claims are received than funds available, each claimant will receive a proportionate share of the total settlement, based on their actual payment compared to all other claimants' payments. If the total amount of all claims is less than the total funds available, each eligible Claimant's settlement payment will be increased proportionately.

2. *The amount, if any, that Vee Pak contributes to the ASI Class Settlement Fund*. As part of the settlement with ASI, ASI has agreed to cooperate and provide relevant testimony, information and documents about Vee Pak's practices. As a result, Vee Pak may ultimately be required to contribute to a settlement of your claims, which could increase your final payment. The Court has made no determination that Vee Pak is liable, and there is no guarantee that Vee Pak will be required to contribute additional funds.

The settlement funds provided by ASI also will cover the costs of administering the settlement, ASI's share of payroll taxes, a service award to the Plaintiff, and attorneys' fees and costs for Plaintiffs' counsel (limited to one-third of the settlement), if the Court approves.

If you have further questions about the lawsuit or the settlement, please go to www._____.com or contact Plaintiffs' counsel at the address or phone number below.

***Because payments may be distributed several years from now, it is your responsibility to notify and update the Settlement Administrator if your address or other contact information changes.***

| NEXT STEPS |
|:---:|

<u>**How do I receive a Settlement Payment?**</u>

Return the completed Claim Form (included with this Notice) to the Settlement Administrator by July 2, 2018. If you do not return a Claim Form, you will not get an payment, but you will still be bound by the Court's judgment.

**What Rights am I Giving up if I Participate in the Settlement?**

The right to sue ASI, Resource Management Group, Inc., and persons and entities affiliated with them for any claims related to race discrimination in ASI's assignment of or failure to assign African Americans to work at Vee Pak.

However, you may also have additional claims against one or more of the three other Defendants that are not a part of this settlement, Vee Pak, Inc., Staffing Network Holdings, LLC d/b/a Staffing Network and Personnel Staffing Group, LLC d/b/a MVP but such claims are not impacted by this settlement with ASI.

**What will my Payment Cover?**

The difference between your wages earned, if any, and the average worker's wages will be considered "wages" and will be reported on IRS Form W-2. The Settlement Administrator will withhold from your wages ASI's share of all required federal, state, and local income taxes, which will also be reported on the W-2. Any additional recovery will be considered "punitive damages" and will be reported on IRS Form 1099, as necessary. You are solely responsible for reporting and paying your share of any federal, state, and/or local taxes on your total payment.

**How Can I Opt-Out of the Settlement?**

Submit to the Settlement Administrator the following signed statement: "I request to be excluded from the *ASI Settlement* in *Lucas et. al. vs. Vee Pak, et al.*, Case No. 12 C 9672 (USDC Northern District of Illinois, Eastern Division)." You must include your full name, address, and telephone number. **This Request for Exclusion must be filed by July 2, 2018.**

**If you opt-out of the settlement, you will not be eligible to receive a payment from the settlement with ASI.** But you may pursue other legal remedies independently of this lawsuit, and you may still be eligible for other settlements in this case.

*YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.*

**How Can I Object to the Settlement?**

You cannot object if you opt-out of the settlement. If you choose to object, you may do so by mailing a written statement explaining the legal and factual bases for your objections to the Settlement Administrator on or before July 2, 2018. This statement must also include (a) your full name, address, and, telephone number, (b) the dates of your employment with ASI and job title(s), if any; (c) the last four digits of your employee identification number, (d) copies of papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of your objection, if any, and (f) your signature, even if you are represented by counsel. You do not need to appear at the Final Fairness Hearing in order to raise an objection.

Any objections received after July 2, 2018 will be deemed waived and will not grant the objector the right to speak at the Final Fairness Hearing or appeal the settlement.

**What is the Final Fairness Hearing and do I need to attend?**

At the Final Fairness Hearing, the Court will determine if the settlement is fair, reasonable, and adequate, and, if so, approve the settlement. This hearing will be held before the Honorable John J. Tharp, Jr. on September 12, 2018 at 2:00 p.m. in Courtroom 1419 of the United States District Courthouse, 219 South Dearborn Avenue, Chicago, Illinois 60604.

YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. You may also appear in this case through your own attorney if you desire, but you are not required to have your own attorney to participate in, opt-out of or object to the Settlement. The Hearing may be rescheduled at the Court's discretion and without further notice. You should contact the Court for updated dates and times, if you plan to attend.

**What if the court does not approve the settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that the class will recover more than is provided for in the settlement agreement or, indeed, anything.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive no more than one-third of the Settlement Amount paid by ASI. Class Counsel will not receive payment for their fees or costs while the settlement is being held in trust.

**Can I review a copy of the Settlement Agreement or other papers filed with the Court?**

Yes. Please visit www._____.com for a copy of the full settlement agreement, or you may contact class counsel for a copy. For additional information on the case, you may read the documents the parties have filed with the Court at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours.

| The Lawyers Representing the Class |
|---|

The following law firms were appointed by the Court to represent the Class:

| **Workers' Law Office, PC** | **Cohen, Milstein, Sellers & Toll, P.L.L.C.** |
|---|---|
| Christopher J. Williams | Joseph M. Sellers |
| Alvar Ayala | Shaylyn Cochran |
| 53 W. Jackson Blvd, Suite 701 | Miriam R. Nemeth |
| Chicago, IL 60604 | 1100 New York Avenue, N.W., Suite 500 |
| (312) 795-9120 | Washington, D.C. 20005 |
| | (202) 408-4600 |

**PLEASE DIRECT QUESTIONS ABOUT THE SETTLEMENT TO CLASS COUNSEL, NOT THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*Lucas, et al. v. Vee Pak et al., - re: ASI Settlement, Case No. 12 C 9672*

<u>**IMPORTANT**</u>

You are receiving this Claim Form because you may be eligible to receive lost wages due to the denial of employment as part of a class action settlement. If you are African American and, between December 5, 2008 and January 16, 2018, you sought a job assignment through the staffing agency Alternative Services, Inc. then you may be eligible to participate in the settlement.

**Questions? Please visit the Settlement website, [insert] or call 1-800-xxx-xxxx.**

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED. YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW
NO LATER THAN JULY 2, 2018:**

**ASI Class Settlement Administrator
Garden City Group, LLC
P.O. Box ____
Seattle, WA 98134
Telephone #, Fax #, email address**

<u>**INSTRUCTIONS**</u>**:**

You must ***complete, sign and return*** this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before **July 2, 2018**. You should keep a copy of the completed Claim Form for your records. It also is recommended that you obtain and keep some proof of the date you mailed, emailed or faxed the completed Claim Form (such as Certified Mail). ***If you move, it is your repsonsibility to send your new address to the settlement administrator at the address listed above.*** Failing to provide any of the information requested above may delay verification of the claim or result in rejection of the claim. After you submit your Claim Form, you may be contacted with a request for additional information and/or clarification.

Returning this Claim Form does not ensure that you will share in the Settlement Proceeds. You will share in the proceeds only if (1) the Settlement receives final approval from the Court and (2) you meet requirements for recovery set forth in the Settlement Agreement, which is summarized in the accompanying Notice.

## CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>
<<ADDRESS>>
<<CITY>>,<<ST>><<ZIP>>
( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
  Area Code    Daytime Telephone Number

_____
_____
_____
( ___ ___ ___) ___ ___ ___ - ___ ___ ___ ___
Area Code     Evening Telephone Number

### WAIVER AND RELEASE
***You must sign this release to be eligible for a settlement award.***

I, _____ (print your name), hereby release and forever discharge, on behalf of myself and my heirs, representatives, assigns, and attorneys, all claims against Alternative Staffing, Inc. and Resource Management Group, Inc., as well as their respective former and current parent companies, owners, directors, officers, agents, employees, attorneys, predecessors, assigns, subsidiaries, shareholders, insurers, and benefit plans ("Released Parties") that were alleged or could have been alleged in the matter of *Lucas, et al. v. Vee Pak et al.*, Case No. 12 C 9672, pursuant to Title VII and Section 1981 arising out of the assignment of or failure to assign African Americans to work at Vee Pak by ASI.

This Waiver and Release does not waive any rights that cannot be waived by law, including my right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC") and my right to participate in any agency investigation or proceeding. I understand that I am waiving, however, any right to recover money in connection with such a charge or investigation. I am also expressly waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

Date: _____    Signature: _____

Printed Name: _____

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*Lucas, et al. v. Vee Pak et al., - re: ASI Settlement, Case No. 12 C 9672*

**IMPORTANT**

You are receiving this Claim Form because you may be eligible to receive lost wages due to the denial of employment as part of a class action settlement. If you are African American and, between December 5, 2008 and January 16, 2018, you sought a job assignment through the staffing agency Alternative Services, Inc. then you may be eligible to participate in the settlement.

**Questions? Please visit the Settlement website, [insert]or call 1-800-xxx-xxxx.**

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED. YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN _____:**

**ASI Class Settlement Administrator**
**Garden City Group, LLC**
**P.O. Box ____**
**Seattle, WA 98134**
**Telephone #, Fax #, email address**

**<u>INSTRUCTIONS</u>:**

You must ***complete, sign and return*** this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before July 2, 2018. You should keep a copy of the completed Claim Form for your records. It also is recommended that you obtain and keep some proof of the date you mailed, emailed or faxed the completed Claim Form (such as Certified Mail). ***If you move, it is your repsponsibility to send your new address to the settlement administrator at the address listed above.*** Failing to provide any of the information requested above may delay verification of the claim or result in rejection of the claim. After you submit your Claim Form, you may be contacted with a request for additional information and/or clarification.

Returning this Claim Form does not ensure that you will share in the Settlement Proceeds. You will share in the proceeds only if (1) the Settlement receives final approval from the Court and (2) you meet requirements for recovery set forth in the Settlement Agreement, which is summarized in the accompanying Notice.

## CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>  
<<ADDRESS>>  _____  
<<CITY>>,<<ST>><<ZIP>>  _____  
( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___      ( ___ ___ ___) ___ ___ ___ - ___ ___ ___ ___  
 Area Code   Daytime Telephone Number        Area Code    Evening Telephone Number

### PART I: QUESTIONNAIRE
***You must answer the question below and sign this release to be eligible for a settlement award.***

1.     Are you African-American?

      ☐ **Yes**  ☐ **No**

### WAIVER AND RELEASE

I, _____ (print your name), hereby release and forever discharge, on behalf of myself and my heirs, representatives, assigns, and attorneys, all claims against Alternative Staffing, Inc. and Resource Management Group, Inc., as well as their respective former and current parent companies, owners, directors, officers, agents, employees, attorneys, predecessors, assigns, subsidiaries, shareholders, insurers, and benefit plans ("Released Parties") that were alleged or could have been alleged in the matter of *Lucas, et al. v. Vee Pak et al.*, Case No. 12 C 9672, pursuant to Title VII and Section 1981 arising out of the assignment of or failure to assign African Americans to work at Vee Pak by ASI.

This Waiver and Release does not waive any rights that cannot be waived by law, including my right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC") and my right to participate in any agency investigation or proceeding. I understand that I am waiving, however, any right to recover money in connection with such a charge or investigation. I am also expressly waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

Date: _____      Signature: _____


Printed Name: _____

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*Lucas, et al. v. Vee Pak et al., - re: ASI Settlement, Case No. 12 C 9672*

<u>**IMPORTANT**</u>

You are receiving this Claim Form because you may be eligible to receive lost wages due to the denial of employment as part of a class action settlement. If you are African American and, between December 5, 2008 and January 16, 2018, you sought a job assignment through the staffing agency Alternative Services, Inc. then you may be eligible to participate in the settlement.

**Questions? Please visit the Settlement website, [insert]or call 1-800-xxx-xxxx.**

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED. YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN JULY 2, 2018:**

**ASI Class Settlement Administrator**
**Garden City Group, LLC**
**P.O. Box ____**
**Seattle, WA 98134**
**Telephone #, Fax #, email address**

<u>**INSTRUCTIONS**</u>:

You must ***complete, sign and return*** this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before **July 2, 2018**. You should keep a copy of the completed Claim Form for your records. It also is recommended that you obtain and keep some proof of the date you mailed, emailed or faxed the completed Claim Form (such as Certified Mail). ***If you move, it is your repsonsibility to send your new address to the settlement administrator at the address listed above.*** Failing to provide any of the information requested above may delay verification of the claim or result in rejection of the claim. After you submit your Claim Form, you may be contacted with a request for additional information and/or clarification.

Returning this Claim Form does not ensure that you will share in the Settlement Proceeds. You will share in the proceeds only if (1) the Settlement receives final approval from the Court and (2) you meet requirements for recovery set forth in the Settlement Agreement, which is summarized in the accompanying Notice.

## CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name, Address and telephone information  (*required*):

Full Name:  _____

Street Address:  _____

City, State and Zip Code:  _____

Telephone:  ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___          ( ___ ___ ___) ___ ___ ___ - ___ ___ ___ ___
                   Area Code    Daytime Telephone Number           Area Code    Evening Telephone Number

### PART I: QUESTIONNAIRE
***You must answer the questions below, provide your correct Social Security Number or Individual Tax Identification Number and sign this release to be eligible for a settlement award.***

1.      Are you African-American?

         ☐ **Yes**  ☐ **No**

2.      From December 5, 2008 until January 16, 2018, did you seek work from a staffing agency called Alternative Staffing, Inc. located at 5620 W Cermak Rd, Cicero, IL 60804, Cicero, Illinois?

         ☐ **Yes**  ☐ **No**

You <u>must</u> provide your full Social Security Number or Individual Tax Identification Number: _____-___-_____

### WAIVER AND RELEASE

I, _____ (print your name), hereby release and forever discharge, on behalf of myself and my heirs, representatives, assigns, and attorneys, all claims against Alternative Staffing, Inc. and Resource Management Group, Inc., as well as their respective former and current parent companies, owners, directors, officers, agents, employees, attorneys, predecessors, assigns, subsidiaries, shareholders, insurers, and benefit plans ("Released Parties") that were alleged or could have been alleged in the matter of *Lucas, et al. v. Vee Pak et al.*, Case No. 12 C 9672, pursuant to Title VII and Section 1981 arising out of the assignment of or failure to assign African Americans to work at Vee Pak by ASI.

This Waiver and Release does not waive any rights that cannot be waived by law, including my right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC") and my right to participate in any agency investigation or proceeding.  I understand that I am waiving, however, any right to recover money in connection with such a charge or investigation.  I am also expressly waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

Date: _____    Signature: _____

                                     Printed Name: _____

# EXHIBIT E

***Attention African Americans Who Sought Work at Alternative Staffing, Inc. From December 5, 2008 through January 16, 2018***

If you are African American and sought a work assignment from Alternative Staffing, Inc. between December 5, 2008 and January 16, 2018 but were not assigned to work at a company called Vee Pak, Inc., then you may be eligible to participate in a partial class action settlement with Alternative Staffing, Inc. in the matter of *Lucas et al. v. Vee Pak, Inc. et al.*, Case No. 12 C 9672.

For more information on the settlement and whether you are eligible to participate in the settlement visit the Settlement website at www._____.____, call 1-800-xxx-xxxx, or send inquiries to:

Claims Administrator
Attn: ASI Settlement

# EXHIBIT F



# EXHIBIT G

## CLASS REPRESENTATIVE GENERAL RELEASE

Brian Lucas ("Class Representative" or "Plaintiff"), on behalf of himself, his heirs, executors, administrators, successors, and assigns, in connection with and as part of the partial class action settlement agreement with Alternative Staffing, Inc. ("ASI") only in the matter entitled *Lucas et al. v. Vee Pak, et al.*, Case No. 12 C 9672, pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"), agrees that:

1.  <u>Consideration</u>. ASI agrees to pay Class Representative Lucas the sum of Two Thousand and 00/100 ($2,000), in separate from and in addition to the ASI Settlement Amount agreed to in the Partial Class Action Settlement Agreement ("Class Settlement") upon final approval by the Court of the Class Settlement, execution of the Class Settlement by the Parties and execution by Class Representative Lucas of this General Release Should Plaintiff Lucas fail to sign this General Release, or should he revoke the General Release, then he shall have no right to receive any payments under the ASI Settlement Agreement.

2.  <u>No Consideration Absent Execution of this General Release</u>. Plaintiff Lucas understands and agrees that he would not receive the monies and/or benefits specified in paragraph 1 above, except for Plaintiff Lucas' execution of this General Release, the fulfillment of the promises contained herein, and the absence of effective revocation of same.

3.  <u>Revocation.</u> This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved by the Court.

4.  <u>General Release of All Claims</u>. Plaintiff Lucas, on behalf of himself and his heirs, legatees, personal representatives and assigns, hereby release and discharge the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Plaintiff Lucas has, has had or may have against Defendant ASI or Plaintiff Lucas' employment with Defendant ASI, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory hiring or assignment; (ii) all claims under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, ("Section 1981") and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, *et. seq*. ("Title VII"), the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*., the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*., the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq*., the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq*., the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq*., and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq*.; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any

action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. Defendants affirmatively reserve all rights, claims and defenses which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

5. <u>Exclusions From General Release of All Claims</u>. The General Release of All Claims does not waive any rights that cannot be waived by law, including the Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and his right to participate in any agency investigation or proceeding. Plaintiffs are waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiffs also expressly waive any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency. Specifically excluded from this release are any claims raised in this matter against the Non-Settling Defendants Vee Pak, Inc. Staffing Network Holdings, LLC and Personnel Staffing Group, LLC.

6. <u>Acknowledgments and Affirmations</u>. Plaintiffs affirm that Plaintiffs have not filed, caused to be filed, or presently are a party to any claim against Defendants except this Lawsuit.

7. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

8. <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed as an admission by Released Parties of wrongdoing or evidence of liability or unlawful conduct.

10. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this General Release.

**NAMED PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE. NAMED PLAINTIFF IS ALSO ADVISED THAT HE IS BEING ASKED TO WAIVE HIS RIGHTS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND TO CONSULT WITH AN ATTORNEY PRIOR TO NAMED PLAINTIFF'S SIGNING OF THIS GENERAL RELEASE AND ACKNOWLEDGE THAT HE HAS DONE SO.**

**NAMED PLAINTIFF MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO BRIAN PAUL, COUNSEL FOR DEFENDANT**

2

**ALTERNATIVE STAFFING, INC. AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO THE ABOVE REFERENCED ATTORNEYS OR THEIR DESIGNEE, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE.**

**NAMED PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DOES NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**THIS DOCUMENTED MAY BE EXECUTED IN COUNTERPARTS. FACSIMILES OR EMAILED SIGNATURES SHALL BE TREATED AS ORIGINALS.**

I declare under penalty of perjury that the foregoing is true and correct.


_____
        BRIAN LUCAS


Date:_____

3