IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, JOE EAGLE, MICHAEL KEYS, ANTWOIN HUNT, and JAMES ZOLLICOFFER, on behalf of themselves and similarly situated job laborers,<br><br>       Plaintiffs,<br><br>v.<br><br>VEE PAK, INC., STAFFING NETWORK HOLDINGS, LLC, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL and ALTERNATIVE STAFFING, INC. d/b/a ASI,<br><br>       Defendants. | Case No. 12-cv-9672<br>Judge John J Tharp Jr<br>Magistrate Judge Martin |

**DEFENDANT VEE PAK, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL FINANCIAL INFORMATION AND TO EXTEND DUE DATE FOR FILING ITS OPPOSITION TO PARTIAL SETTLEMENT**

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs allege in this lawsuit that Defendants (Vee Pak and three temporary employment companies) engaged in discriminatory hiring practices against African American workers in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Fifth Amended Complaint ("Compl."), ECF. No. 222, ¶1.) In particular, Plaintiffs allege that Vee Pak instructed the staffing company defendants, including Defendant Alternative Staffing, Inc. ("ASI"), not to refer African American workers for temporary work assignments and that the staffing company defendants complied with these alleged discriminatory requests. (Compl. ¶55.)

On May 16, 2016, Plaintiffs filed a motion for preliminary approval of a class action settlement agreement with Defendant ASI *only*. (ECF Nos. 249 & 250). Plaintiffs' and ASI's settlement agreement (ECF No. 256-1) provides, in relevant part:

> 83. A material term of this settlement agreement is ASI's agreement to cooperate in providing information, testimony, and/or documents that are not protected from disclosure by the attorney-client privilege or work product doctrine that may be relevant to determining the liability of Vee Pak or any of the other Non-Settling Defendants.
>
> 85. Specifically, the ASI agrees:
>
>> b. To make one or more employees of ASI and any other witnesses in ASI's control available through the conclusion of this lawsuit to give truthful testimony in depositions and, if necessary, at trial, pursuant to an appropriate subpoena.

ECF No. 256-1.

On July 8, 2016, Defendant ASI filed, in support of Plaintiffs' motion for preliminary approval of a class action settlement agreement, the declaration of ASI's owner and Chairman, Steven Swerdloff. In Mr. Swerdloff's sworn declaration, he stated:

> 1. I have personal knowledge of the facts contained in this Declaration and *would so testify if called as a witness at a hearing or trial*.
>
> * * *
>
> 14. If Plaintiff proceed with their claim against ASI through trial, ASI anticipates that it would not be able to pay legal fees associated with this case, much less, the liability award predicted by Plaintiffs.
>
> 15. If Plaintiffs proceeded with their claim against ASI and are awarded damages in the amount sought by Plaintiff, **ASI anticipates that it would be forced to file bankruptcy.**

ECF No. 259 (emphasis added).

Based, in part, on the representations in Mr. Swerdloff's declaration, the Court found in its December 20, 2017 Order preliminarily approving the settlement between Plaintiff and ASI that:

> In light of the risks and challenges plaintiffs face in proving liability and damages, *ASI's inability to withstand a large judgment,* and Vee Pak's alleged co-liability for the backpay damages, the settlement agreement provides adequate monetary and non-monetary benefits to the ASI Class. While the $93,000 is only a fraction of the $2.4 million in backpay damages that plaintiffs would seek at trial, the plaintiffs' damages theory is based on assumptions and expert analysis that would face heavy scrutiny at trial.
>
> \*\*\*
>
> Even if the plaintiffs succeeded in obtaining the full award of damages at trial against ASI, *they may not be able to recover the damages due to ASI's inability to pay the award. Because ASI is uninsured and unable to withstand a large judgment*, continued litigation would work against the Class's interests by depleting the funds available for payment to the Class.

ECF No. 291, p. 23 (emphasis added).

In apparent contrast to the assertions in his declaration of financial despondency, on March 8, 2018, Mr. Swerdloff testified at his deposition that in 2016, ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇. (Swerdloff Dep.232:17-20.). Raising further questions about the true financial condition of ASI, Kyle Carstensen, the current President of ASI and former Chief Operating Officer, also testified in his July 12, 2018 deposition that in 2016 and 2017, respectively, ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[1] (Carstensen Dep. 58-62, emphasis added). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Carstensen Dep. 41-43.) ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, when Mr. Swerloff represented that ASI had supposedly suffered its financial difficulties, ▇▇▇▇▇▇▇▇. (Carstensen Dep. 67:8-18, 134-35; ECF No. 259 ¶12.)

---

[1] ASI financial information referenced herein is deemed Confidential Information pursuant to the Agreed Confidentiality Order entered in this case, and therefore is provisionally redacted here and in the supporting Motion to be filed under seal if the Court grants the Motion to Seal filed contemporaneously herewith regarding same.

On June 15, 2018, Vee Pak timely served its Second Amended Request for Production to Defendant ASI ("Second Amended Requests"). Request No. 12 seeks:

> All ASI annual financial statements for years 2008 through 2018, including but not limited to any balance sheets, income statements and cash flow statements.

On July 11, 2018, ASI served its objections and responses to Vee Pak's Second Amended Requests. (Ex. C, Second Amended Requests and Responses of ASI). ASI objected to the production of the financial information sought in Request No. 12 on the grounds that the information is purportedly: (i) irrelevant; and (ii) will be used to object to ASI's class action settlement agreement with Plaintiff, which ASI contends Vee Pak has no standing to raise. (Ex. C, no. 12.).

On July 19, 2018, Counsel for ASI and Vee Pak participated in a Local Rule 37.2 conference. Relying on the same objections lodged in ASI's July 11, 2018 response to the Second Amended Requests, ASI's counsel confirmed that ASI would not produce the requested financial records, which has necessitated this motion.

## II.  ARGUMENT

### A.  FED. R. CIV. P.'s Relevance Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Relevant information need not be admissible to be discoverable. *See* FED. R. CIV. P.26(b)(1). Rather, relevance encompasses "any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be [presented] in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). "District courts have broad discretion in directing pretrial discovery …." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

### B. The Requested ASI's Financial Records Are Undisputedly Relevant And Must Be Produced

The ASI financial records sought in Vee Pak's Second Amended Requests No. 12 are relevant and must be produced forthwith because the records, at a minimum, bear directly on Mr. Swerdloff's (ASI's owner and anticipated key trial witness for Plaintiffs): (i) credibility; (ii) potential bias; and (iii) motivations. The requested ASI financial records also relate to the merits of this case and whether, to the extent any discriminatory conduct was committed, it was ASI, not Vee Pak, that was responsible for such conduct.

As outlined above, the discovery taken by the non-settling defendants on ASI, to date, has unearthed potentially serious discrepancies in Mr. Swerdloff's and his colleagues' testimony. Mr. Swerdloff stated under oath in his July 8, 2016 declaration that (i) if this matter proceeds through trial, ASI anticipates that it will not be able to pay the legal fees and potential damages in this case; and (ii) if Plaintiffs are awarded the damages they seek, ASI anticipates that it would need to file bankruptcy. (ECF No. 259, ¶15.) The court relied on these representations in preliminarily approving this settlement. (*See* ECF No. 291, p. 23.)

In seeming contrast to Mr. Swerdloff's downtrodden portrayal of ASI's finances, current ASI President ▬▬▬▬▬▬▬▬▬▬ --the same year Mr. Swerdloff filed the July 2016 declaration in which he claimed that if this matter continued ASI could go bankrupt and would not be able to pay its attorney's fees and potential damages in this case. (ECF No. 259, ¶¶14-15.) ▬▬▬



■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Carstensen Dep. 58-62).

■■■■■ (Carstensen Dep. 41-42.) Carstensen also conceded that in 2013, Vee Pak, purportedly a valued customer, substantially increased its daily orders for temporary workers from ASI by a factor of three to four times the previous number of workers, which infusion of additional business has continued to this day, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Carstensen Dep. 78-80, 132).

At this point, it simply strains credulity for Mr. Swerdloff to declare under oath that ASI would go into bankruptcy and/or could not afford its legal bills if it remained in this case when his Company, ASI, from which he personally receives dividends,[2] ■■■■■■■■■■■■■■■■■■■ Vee Pak thus has the right under the broad discovery standards to obtain and review ASI's financial records as they bear directly on the veracity of Mr. Swerdloff's sweeping and now very questionable statements of ASI's financial instability. *See e.g.*, *Crop Production Servs., Inc. v. Robinson V., Inc.*, No. 12-00182, 2018 WL 883694 at *4-5 (S.D. Ind. Feb. 14, 2018) (ordering disclosure of tax returns under Rule 26 after plaintiff identified contradictory testimony undermining defendant's position of ownership of disputed equipment, and the requested tax returns could "discredit" defendant's allegation).

---

[2] Carstensen Dep. 58:3-7.

To the extent ASI attempts to transmute Swerdloff's declaration and argue that his suspect declaration representations related solely to ASI's financial condition in 2014 and/or 2015, that argument would only serve to highlight the serious question as to *why in July, 2016* when his Company was on the verge of ████████████████████████████ and the Court was to determine whether the settlement was fair, he signed off on the representations in his declaration. Something appears to be amiss and Vee Pak thus has the right to test Mr. Swerdloff's statements by obtaining and reviewing ASI's financial records. This need is compounded by the fact that Kyle Carstensen, who claims to have some responsibility over the finances of ASI, ████████████████████████████ (Carstensen Dep. 134-35.)

As stated in ASI's objections to Vee Pak's Second Amended Requests, ASI contends that Vee Pak's potential opposition to the settlement between ASI and Plaintiffs is the *sole* reason why Vee Pak needs the requested financial records. As explained herein, ASI's argument is without merit as Vee Pak would use those records for a number of reasons including exploring at trial the credibility, bias and motives of Mr. Swerdloff about key assertions he has made in this case. Notwithstanding, the discovery relevance standard is extremely broad and includes documents that are, for example, not admissible at trial. As such, even if Vee Pak was seeking this information solely for purposes of challenging the settlement, which it is not, the financial records are plainly discoverable at this stage. To be sure, the records will bear directly on the following serious settlement approval-related questions that must be answered (and of which the Court is likely interested) including whether (i) Mr. Swerdloff's declaration statements in support of the motion for preliminary appraisal of the settlement were accurate and; (ii) the de minimis amount of money ($93,000) that ASI would pay to the class members as part of the

settlement agreement is adequate monetary consideration in light of the testimony that shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ironically, while ASI and Plaintiffs highlighted ASI's apparent financial difficulties in attempting to obtain approval of this settlement, ASI now is trying to halt the production of the records that would confirm whether or not ASI truly was having financial difficulties.

Moreover, ASI's objections simply ignore the fact that if this case goes to trial, consistent with their settlement agreement with Plaintiffs, Mr. Swerdloff (and perhaps Mr. Carstensen) will testify in furtherance of Plaintiffs' case in chief. And, even if Plaintiffs do not call Mr. Swerdloff, which is very unlikely, Vee Pak would call him as an adverse witness. Vee Pak therefore has the right to obtain and review the financial records because they will, at a minimum, bear directly on the validity of Mr. Swerdloff's testimony about ASI's supposedly troubled finances, which testimony directly relates to whether or not Swerdloff is credible.

Furthermore, the case law is clear that "[a] successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *United States v. Abel*, 469 U.S. 45, 51 (1984). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear *on* the accuracy and truth of a witness' testimony." *Id*. at 52. In *Cohen v. Trump*, the district court explained:

> The Court finds that the amount of money Trump made from Trump University and the extent to which he controlled decisions about how the school was run and when distributions were made to him bear on Trump's self-interest and represents evidence of possible bias. The Court, therefore, finds financial evidence showing Trump's potential bias is relevant and discoverable.

Nos. 13-cv-2519 & 10-cv-0940, 2015 WL 3966140, at *6 (S.D. Cal. June 30, 2015).

Here, in light of the apparent holes in Mr. Swerdloff's testimony, there is a very ripe question as to whether Mr. Swerdloff was biased in favor of protecting the business he built and whether that bias resulted in inaccurate statements in his declaration. *See also Nat'l Jockey Club v. Ganassi*, No. 04 3743, 2009 WL 2177217, at *2 (N.D. Ill. July 21, 2009) ("The fact that witnesses have a direct financial interest in the outcome of this case is relevant to their credibility."); *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003) (financial incentive is classic evidence of bias); *Wilson v. Attaway*, 757 F.2d 1227, 1243 (11th Cir. 1985) ("the possible financial stake of a witness in a particular outcome of the case is a proper subject of cross-examination.").

Lastly, the requested ASI financial records will bear on whether Mr. Swerdloff and ASI had an improper motive for settling this case for little to no consideration. Indeed, those records are critical to Vee Pak's merits defense that ASI was ultimately responsible for any discrimination that may have occurred in the assignment of African American workers and that Mr. Swerdloff and ASI put the settlement with Plaintiffs in motion, as a strategical move to deflect liability on Vee Pak and to exit this case with little costs.

> **C.** **The Court Should Extend the Deadline for Vee Pak to File Its Opposition to Plaintiffs'/ASI's Settlement until the Related Discovery Disputes Are Resolved**

At the July 11, 2018 status hearing in this case, Vee Pak's counsel advised the Court that Vee Pak plans to oppose the proposed settlement between Plaintiffs and ASI, and to that end, a briefing schedule was established in order for Vee Pak to file their opposition papers and for other parties to respond to this opposition. Vee Pak's opposition brief is due on August 10, 2018. In view of the lack of sufficient and proper responses to Vee Pak's discovery requests regarding ASI financial information, addressed herein, Vee Pak respectfully requests that the schedule for filing and briefing its motion opposing the proposed settlement between Plaintiffs

and ASI be reset, with a filing date of 14 days following the date the Court rules on Vee Pak's motion to compel. As discussed above, in addition to being relevant to Vee Pak's merits defenses, the financial information sought by Vee Pak is materially relevant to its opposition to the settlement.

## III. CONCLUSION

For the reasons stated herein, Vee Pak's motion should be granted and the Court should (i) order ASI to produce the requested ASI financial information immediately and (ii) extend the schedule for Vee Pak to file its motion opposing the proposed settlement between Plaintiffs and ASI, with a filing date of 14 days after the Court rules on Vee Pak's motion to compel.

          Respectfully submitted,

          VEE PAK, INC.

          By: /s/ Joseph K. Mulherin
               One of its Attorneys

Thomas G. Abram & Joseph K. Mulherin
Vedder Price
222 North LaSalle, Suite
Chicago, IL 60601
(312) 609-7500
Donald S. Rothschild & Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## **CERTIFICATE OF SERVICE**

I, Joseph K. Mulherin , an attorney, certify that I served a copy of **Defendant Vee Pak, Inc.'s Memorandum in Support of its Motion to Compel Financial Information and to Extend Due Date for Filing its Opposition to Partial Settlement** , filed with the United States District Court, via CM/ECF, on all registered users, on this 30th day of July, 2018:

*For Plaintiffs*
Christopher Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, IL 60604

*For Alternative Staffing, Inc.*
Kerryann Marie Haase
Katherine Lee Goyert
Brian P. Paul
Sara E. Flotte
Michael Best & Freidrich, LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606

*For Plaintiffs*
Shaylyn Capri Cochran
Miriam Rose Nemeth
Joseph M. Sellers
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave., NW
Suite 500
Washington, DC 20005

*For Personnel Staffing Group, LLC and Staffing Network Holdings, LLC*
Carter A. Korey
Elliot S. Richardson
Ryan D. Gibson
Michele Denise Dougherty
Korey Richardson, LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603

    /s/ Joseph K. Mulherin
Attorney for Defendant Vee Pak, Inc.