IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, JOE EAGLE, MICHAEL KEYS, ANTWOIN HUNT, and JAMES ZOLLICOFFER, on behalf of themselves and similarly situated job laborers, <br><br> Plaintiffs, <br><br> v. <br><br> VEE PAK, INC., STAFFING NETWORK HOLDINGS, LLC, PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL and ALTERNATIVE STAFFING, INC. d/b/a ASI, <br><br> Defendants. | Case No. 12-cv-9672 <br> Judge John J Tharp Jr <br> Magistrate Judge Martin |

## DEFENDANT VEE PAK, INC.'S REPLY IN SUPPORT OF ITS MOTION IN OPPOSITION TO PARTIAL SETTLEMENT BETWEEN PLAINTIFFS AND ALTERNATIVE STAFFING, INC.

**I. ASI AND PLAINTIFFS CANNOT EXPLAIN AWAY ASI'S SERIOUS MISREPRESENTATIONS ABOUT ITS ABUNDANT FINANCIAL RESOURCES**

Notwithstanding Plaintiffs' and ASI's attempt to ignore and/or explain away the very serious misrepresentations made by ASI's owner and chairman, Steven Swerdloff, in his July 9, 2016 sworn declaration filed in support of Plaintiffs' and ASI's Settlement Agreement ("Settlement Agreement"), the following facts remain undisputed:

- Mr. Swerdloff's declaration expressly states, without qualification, that if this matter proceeds through trial, ASI anticipates that it will not be able to pay its legal fees and the potential damages in this case and could be forced to file bankruptcy. (ECF No. 259, ¶¶ 14-15.)

- The Court explicitly relied on Mr. Swerdloff's declaration representations about ASI's purported financial difficulties and possible bankruptcy in

approving the Settlement Agreement, in particular, the *de minimis* $93,000 monetary settlement amount to be paid to the putative class of more than 2,000 individuals. (ECF No. 291, pp. 21, 23.)

- ASI's financial records directly contradict Mr. Swerdloff's representations ███████████████████████████████████████████████████████████ [1] (Ex. A(1), p. 15.)[2]

- ███████████████████████████████████████████████████████ (Ex. A(1) pp. 4, 9, 14, 18, 22.)

Unable to refute the above facts, ASI contends in its response that, standing alone, ████ ████████████████████████████████████████ do not tell the whole story. (ASI Response, ECF No.338 ("ASI Resp.") p. 6.) This is true — ASI's financial statements are replete with *additional* accounting metrics that confirm that ASI was far healthier than Mr. Swerdloff represented in his declaration. ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ (Ex. A(1), p. 16

(emphasis added.): Swerdloff Dep. 252:10-12; Carstensen Dep. 58:3-7.) [3]

ASI next curiously suggests ████████████████████████████████████

████████████████████████████████ (ASI Resp. p. 6.) ██████████████████

████████████████████████████████████████████████████████████

---

[1] Any reference to ASI financial information herein is deemed Confidential Information pursuant to the Agreed Confidentiality Order entered in this case, and therefore is provisionally redacted here to be filed under seal if the Court grants the Motion to Seal filed contemporaneously herewith.

[2] Vee Pak attached as Exhibit A to its Memorandum In Support of Its Motion in Opposition to Partial Settlement Between Plaintiffs and Alternative Staffing, Inc. (ECF No. 331, referred to herein as "Br. __") ASI Financial records for years 2012 to 2017. For ease of reference, Vee Pak reattaches to this reply brief as Exhibit A(1) ("Ex. A(1)") the same financial metrics with highlighting to emphasize the specific financial records discussed herein.

[3] Deposition excerpts from Messrs. Swerdloff and Carstensen are attached hereto as Exhibits B and C, respectively.

█████████████████████████████████████████████████████. (Ex. A(1), pp. 6, 11, 16, 20, 24.)



█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████ (Ex. A(1), pp. 5-6.)  (See above chart.)

In the same vein, ASI tries to make hay of the fact that ████████████████ ████████████████████████.  (ASI Resp. p. 6.)  ASI's argument defies basic accounting principles. ████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████ (Ex. A(1), p. 16.) ████████████████████████

█████████████████████████████████████████████████████

██████████ (*See id.*)

More generally, ████████████████████████████████████ ████████████████████████. (Ex. A(1), pp. 6, 11, 16, 20, 24.) ████████████████████████████████████

███████████████████████████████████████████████████

████████████ (Ex. A(1), p. 14.) Moreover, in 2016, the year that Mr. Swerdloff signed his

declaration stating that ASI could go bankrupt if it remained in this lawsuit, ████████████

██████████████████████████ (Ex. A(1) p. 11.)

                              ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████ (Ex. A(1) pp. 4, 9, 14, 18, 22.)[4] Had ASI been on the verge of bankruptcy and in

need of cash to strengthen its financial position in 2014, 2015 and/or 2016, ████████████████

██████████████████████████████████████████

       ASI also attempts to explain away Mr. Swerdloff's misrepresentations by asserting that

Mr. Swerdloff believed that the ship was sinking at the time of the April 2015 mediation because

████████████████████████████████████████ (ASI Resp. 6.) However, as detailed in

Vee Pak's opening brief and herein, ██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████. (Ex. A(1) pp

19-20.)

       ASI also makes vague reference to the fact that ASI had significant accounts file for

bankruptcy around the time of the mediation. (ASI Resp. 6.) Tellingly, ASI does not detail how

the loss of those accounts impacted its 2014-2015 financial bottom line in such a significant way

that it was reasonable to think ASI was going bankrupt. ████████████████████████████

---

[4] As a general matter, retained earnings are the profits that a company has earned to date, less
any dividends or other distributions paid to the investors.

███████████████████████████████████████████████

██████████████████████████████████

Similarly, ASI cannot be heard to say that it truly believed it was going to trial in 2015 or 2016 and in any imminent danger of incurring substantial litigation fees and/or paying damages. This case was years away from going to trial, as discovery was ongoing but in its early stages, and no class certification briefing schedule had even been set. Naturally, because ASI was not going to trial (or even engaged in heavy litigation) and its finances were healthy, Mr. Swerdloff had no valid basis to believe ASI could go bankrupt as a result of litigation fees or damages.

Finally, to the extent Plaintiffs argue that the Court need not resolve merits or credibility issues in considering final approval of a settlement (see Pl. Br. p. 4 n. 3), it is nevertheless undisputed that settling parties must provide actual proof to support their settlement. *See Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 280, 282 (7th Cir. 2002) (circumstances surrounding the proposed settlement demanded closer scrutiny than afforded by the district court, where the district court erroneously relied in part on the untested damages estimate of an accountant without assessing the adequacy of the accountant's methodology). Here, the record leaves little doubt that Mr. Swerdloff's declaration statements claiming that ASI would not be able to pay its legal fees or damages if this matter went to trial and that ASI could go bankrupt have been debunked. Thus, there is no longer any "evidence" upon which the Court could rely to conclude that the *de minimis* $93,000 settlement payment to the class members is sufficient, and that the settlement is fair and adequate. (ECF No. 291 pp. 21, 23.) As such, the Settlement Agreement should not be approved, in final, on this basis alone.

## II. VEE PAK HAS STANDING TO OPPOSE THE SETTLEMENT BECAUSE IT HAS SUFFERED LEGAL PREJUDICE AS A RESULT OF ASI'S MISREPRESENTATIONS ABOUT ITS FINANCES

As explained in its opening brief, Vee Pak will experience significant legal prejudice as a matter of law if the Settlement Agreement is approved in final. Unable to effectively attack the predicate for Vee Pak's standing (i.e., that Mr. Swerdloff misrepresented ASI's financial condition), ASI and Plaintiffs spend large portions of their briefs arguing that Vee Pak does not have standing to challenge the Settlement Agreement because Vee Pak will not forfeit a counterclaim against another party or right to contribution. (ASI Resp. pp. 7-8; Plaintiffs' Response, ECF No. 339 ("Pl. Resp."), p. 5.)

However, the case law cited by Plaintiffs and ASI merely provides "examples" of circumstances that could support a finding of standing to challenge a settlement. Further, it is not surprising that there is a dearth of case law addressing whether misrepresentations to the court by a settling party about a fundamental aspect of a settlement provide standing to a non-settling party to challenge the settlement. Surely, not too many parties have deigned to engage in such conduct. In any event, the absence of factually on point precedent does not negate or mitigate Vee Pak's argument that it suffered legal prejudice.

Moreover, Plaintiffs' and ASI's arguments simply miss the point. As Vee Pak explained in its opening brief (Br. 7-8), it is one thing for settling parties to enter into a good faith settlement and for that settlement to have a negative impact on the remaining co-defendants. But it is another thing for a non-settling party to be significantly prejudiced as a direct result of a settling party's misrepresentations to the court, which were clearly designed to support the approval of a settlement, which is what happened here. Left unchecked, the approval of a settlement under such circumstances would, at a minimum, strike at the non-settling party's

6

fundamental right to the uncompromised and fair administration of justice, and would permit parties to get ahead in litigation based on untruths.

ASI and Plaintiffs attempt to diminish the case law cited by Vee Pak confirming that parties have a fundamental legal right to the uncompromised and fair administration of justice. (ASI Br. 7; Pl. Br. 5.) And while Vee Pak's cited cases may not directly relate to whether or not a party has standing to challenge a settlement, the cases establish the existence of the legal right that has been subjugated by ASI's conduct. Specifically, the cases stand for the proposition that parties have a right to expect that their opponent will make true representations to the court, and that courts have broad discretion to take appropriate action against parties who make factual misrepresentations. (*See* cases cited at Br. pp. 6-7; s*ee also Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014) ("[T]he judicial system cannot tolerate deception from litigants."); *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (affirming sanctions against litigant who falsely claimed he submitted a written grievance before filing suit); *Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012) (affirming dismissal as a sanction when litigant falsified a document that he submitted to the court and lied in his affidavit).

Here, assuming *arguendo* that Mr. Swerdloff had adopted some unrealistic and unsubstantiated view of ASI's finances in April 2015 (when he attended mediation), he could not have credibly believed in July 2016 that ASI was going bankrupt, ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████

CHICAGO/#3185627

Therefore, ASI and its owner, had an unmitigated duty of candor to truthfully represent the company's finances to the Court, which they failed to do. ASI has also shirked its "continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation." *Hartsell v. Source Media*, No. CIV.A.98-CV1980-M, 2003 WL 21245989, at *3 (N.D. Tex. Mar. 31, 2003), quoting *Bd. of License Comm'rs. v. Pastore*, 469 U.S. 238, 240 (1985), quoting *Fusari v. Steinberg*, 419 U.S. 379, 391 (1975). On the eve of the final approval hearing, ASI still steadfastly refuses to correct the record — even now, after ASI's financial records have eviscerated the notion that ASI was suffering acute financial distress and on its way to bankruptcy. The Court should exercise its discretion to deny approval of the Settlement Agreement now that it is clear that the underpinnings for accepting the *de minimis* settlement amount no longer exist, and neither Plaintiffs nor ASI have disclosed this fact.

Plaintiffs and ASI also both argue that Vee Pak has somehow waived its right to argue that it has standing to object to the settlement. This argument is a non-starter because neither the Court nor Vee Pak knew at the preliminary approval stage that ASI had misrepresented its finances. Relatedly, at the final approval stage, the Court is required to make a "more searching" review of the settlement to make sure that it satisfies FED. R. CIV. P. 23 and is fair and adequate,[5] *Schulte v. Fifth Third Bank,* 805 F. Supp. 2d 560, 584-85 (N.D. Ill. 2011), which should weigh heavily in favor of hearing from all parties. Additionally, as ASI points out (p. 11), the Court has the right to reconsider an earlier ruling when substantial evidence is later revealed.

---

[5] ASI's similar argument that Vee Pak cannot make objections about the fairness and adequacy of the settlement because the Court already ruled on the these issues at preliminary approval fails for the same reason. (ASI Br. 11-12.) Further, evidence that ASI misrepresented its finances in support of the *de minimis* settlement amount is certainly "good reason" to abandon any finding in the Court's preliminary approval order. *Kathrein v. City of Evanston*, 752 F.3d 680, 685-86 (7th Cir. 2014) (quoting *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004)).

8

## III. THE RECORD IS CLEAR THAT PLAINTIFFS' COUNSEL FAILED TO ADEQUATELY RESEARCH ASI'S FINANCES

Plaintiffs' response claims that they were "satisfied" "at the time of the settlement [in 2015]" of ASI's poor financial condition and that ASI could not afford a more significant monetary award. (Pl. Resp. p. 4.) In support of this assertion, Plaintiffs cite only to Mr. Swerdloff's declaration and deposition testimony and the deposition testimony of other ASI representatives who admittedly had no detailed knowledge of ASI's finances in 2014 and 2015. (Pl. Resp. p. 4; Carstensen Dep. 67:8-68:8; Tracey Dep. 261:17-262:10.)[6]

Plaintiffs' response makes imminently clear that they have decided to continue to blindly accept ASI's representations about its finances rather than to conduct a searching review of ASI's finances, which records they now have. Plaintiffs' utter lack at diligence is consistent with Plaintiffs' previous reliance on ASI's purported representation to mediator Denlow and by Mr. Swerdloff in his now-discredited declaration. Had Plaintiffs conducted any diligence and reviewed ASI's records, they would have undoubtedly recognized that Mr. Swerdloff's statements were inconsistent with ASI's financial records and that ASI had significant financial resources to pay a significantly greater amount to the class than $93,000. ███████████████

███████████████████████████████████████████████████

███████████████████

Instead, Plaintiffs have chosen to ignore the obvious problems with Mr. Swerdloff's declaration and to move forward with a settlement that provides very little benefit to the more than 2,000 class members. Plaintiffs continue to argue that they have obtained great value from the non-monetary aspects of the settlement, but as detailed in Vee Pak's opening brief, that is not the case, and other than speculating about their prospects, Plaintiffs cannot with any level of

---

[6] Deposition excerpts from Ms. Tracey are attached hereto as Exhibit D.

confidence claim that they can certify a class action and win at trial. Indeed, Plaintiffs' claims about Vee Pak's co-liability are so speculative at this point in the case that they amount to nothing.

In sum, by failing to evaluate ASI's finances to ensure that they were obtaining a fair deal for the putative class and nullifying or renegotiating the settlement as a result of ASI's misrepresentations about its finances, Plaintiffs' counsel has proven themselves to be inadequate class counsel.

## IV.     THE COURT IN ITS FIDUCIARY ROLE SHOULD DENY THE SETTLEMENT

Assuming *arguendo* that the Court determines that Vee Pak does not have standing to directly oppose the Settlement Agreement, the Court, as the fiduciary for the putative class, should deny approval of the Settlement Agreement, in final, for all the reasons stated herein. (*See* Order, ECF No. 291, p. 7 (citing *Uhl v. Thoroughbred Tech. and Telecomm.*, 309 F.3d 978, 985 (7th Cir. 2002).)

Respectfully submitted,

VEE PAK, INC.

By: /s/ Joseph K. Mulherin
    One of its Attorneys

Thomas G. Abram & Joseph K. Mulherin
Vedder Price
222 North LaSalle, Suite
Chicago, IL 60601
(312) 609-7500

Donald S. Rothschild & Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.

CHICAGO/#3185627

835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

11

## CERTIFICATE OF SERVICE

I, Joseph K. Mulherin, an attorney, certify that I served a copy of Defendant Vee Pak, Inc.'s Reply in Support of its Motion in Opposition to Partial Settlement Between Plaintiffs and Alternative Staffing, Inc., filed with the United States District Court, via CM/ECF, on all registered users, on this 31st day of August, 2018:

*For Plaintiffs*
Christopher Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, IL 60604

*For Alternative Staffing, Inc.*
Kerryann Marie Haase
Katherine Lee Goyert
Brian P. Paul
Sara E. Flotte
Michael Best & Freidrich, LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606

*For Plaintiffs*
Shaylyn Capri Cochran
Miriam Rose Nemeth
Joseph M. Sellers
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave., NW
Suite 500
Washington, DC 20005

*For Personnel Staffing Group, LLC and Staffing Network Holdings, LLC*
Carter A. Korey
Elliot S. Richardson
Ryan D. Gibson
Michele Denise Dougherty
Korey Richardson, LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603

/s/ Joseph K. Mulherin
Attorney for Defendant Vee Pak, Inc.

CHICAGO/#3185627