IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUCAS, JOSEPH EAGLE, MICHAEL KEYS, ANTWOIN HUNT, and JAMES ZOLLICOFFER, on behalf of themselves and other similarly situated individuals,<br><br>                Plaintiffs,<br><br>   v.<br><br>VEE PAK, INC., PERSONNEL STAFFING GROUP d/b/a MVP, STAFFING NETWORK, and ALTERNATIVE STAFFING, INC.,<br><br>                Defendants. | Case No. 12 C 9672<br><br>Judge Tharp<br><br>Magistrate Judge Martin |

**ORDER OF FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT
BETWEEN PLAINTIFFS AND DEFENDANT ALTERNATIVE STAFFING, INC. *ONLY***

      The Parties having appeared before the Court on September 12, 2018 for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Motion for Final Approval of the Partial Class Action Settlement Agreement between Plaintiffs and Defendant Alternative Staffing, Inc. (hereafter, "Defendant" or "ASI"), supporting Memorandum of Law and other related materials submitted by the Parties; having heard the Parties' presentation at the Hearing on Final Approval; having given an opportunity to hear from any Class Members objecting to the Settlement; and otherwise being fully informed in the premises, it is hereby

      ORDERED AND ADJUDGED as follows:

      1.    The ASI Class was preliminarily certified, for settlement purposes only, by an Order dated January 16, 2018 (Dkt. No. 296) and defined as follows:

> The Class Representative and all African Americans who sought a work assignment through ASI but, on one or more occasion, were not assigned or hired to work at Vee Pak during the period December 5, 2008 through January 16, 2018.

2. The Court finds that the ASI Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the ASI Settlement Class for purposes of settlement of this class action only.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the ASI Settlement Class ("ASI Class Members") via First Class Mail and notification of the Settlement published on Facebook and in The Chicago Defender and The Voice Newspapers, adequately informed the Class Members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to request exclusion from the ASI Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Class Notice also adequately informed the ASI Class Members of the telephone number of the Settlement Administrator as well as Class Counsel, Christopher J. Williams and Alvar Ayala of the Workers Law Office, P.C. and Joseph Sellers, Shaylyn Cochran and Miriam Nemeth of Cohen, Milstein, Sellers & Toll, P.L.L.C. to inquire about additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. The Court hereby approves the proposed Partial Class Action Settlement Agreement between Plaintiffs and Alternative Staffing, Inc., which is attached hereto and is hereby made a part of this Order. For the reasons stated at the Final Approval Hearing on September 12, 2018, and further stated herein, the Court finds that the Settlement is fair, reasonable, and adequate to all ASI Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against ASI's defenses, and the complexity, length, and expense of further litigation,

support approval of the Settlement; the Settlement Amount of Ninety-Three Thousand and 00/100 Dollars ($93,000) to resolve the claims of the Named Plaintiff and the ASI Class arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, less the costs of settlement administration, and a $1,000 enhancement award to the Class Representative Brian Lucas, combined with the Cooperation Agreement and the agreed injunction to which ASI is subject, is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached as a result of arms-length negotiations between the Parties, and the support for the Settlement expressed by Class Counsel, and Counsel for Defendant, who have significant experience representing parties in complex class actions, weighs in favor of approval of the Settlement; only three of the putative Class Members opting out of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. Within fourteen (14) days of the "Effective Date" as defined in paragraph 36 of the Class Action Settlement Agreement, the Settlement Administrator shall deliver to Workers' Law Office P.C. the $1,000 Enhancement Award payment due to the Named Plaintiff Brian Lucas and the $2,000 General Release payment which has been paid by ASI separately and apart from the ASI Class Settlement Amount in exchange for Mr. Lucas executing a general release.

6. Within fourteen (14) days of the "Effective Date" as defined in paragraph 36 of the Class Action Settlement Agreement, the Settlement Administrator shall deposit the remaining Settlement Funds, net of reimbursement for settlement administration costs not to exceed $79,000, into an Interest Bearing Qualified Settlement Fund Account until further order of the Court.

7. This Court hereby dismisses all claims released in the Partial Class Action

Settlement Agreement with Alternative Staffing, Inc. with prejudice, and on the merits. All Parties are to bear their own fees and costs, except as otherwise provided in the Partial Class Action Settlement Agreement. The named Plaintiff and ASI Class Members are explicitly not releasing any claims against any of the non-settling parties, including Vee Pak, Inc., as a part of the Partial Class Action Settlement Agreement with Alternative Staffing, Inc.

8. This Court hereby retains jurisdiction over the implementation of this Order, including the Partial Class Action Settlement Agreement with Alternative Staffing, Inc., and any award from or distribution of the Qualified Settlement Fund ("QSF").

9. The Court grants final approval of the Settlement and all of its terms as set forth within the Class Action Settlement Agreement, attached as Attachment 1 and incorporated into this Order of Final Approval.

SO ORDERED this 19th day of September, 2018 in Chicago, Illinois,

_____
JOHN J. THARP JR.
Dated: 9/19/2018         UNITED STATES DISTRICT JUDGE