```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   BRIAN LUCAS, et al.,              )
                                       )
 4                    Plaintiffs,      )
                                       )
 5   -vs-                              )  Case No. 12 C 9672
                                       )
 6   VEE-PAK, INC., et al.             )  Chicago, Illinois
                                       )  September 12, 2018
 7                    Defendants.      )  2:00 p.m.

 8
                         TRANSCRIPT OF PROCEEDINGS
 9            BEFORE THE HONORABLE JOHN J. THARP, JR.

10   APPEARANCES:

11
     For the Plaintiffs:     WORKERS' LAW OFFICE, PC, by:
12                           MR. CHRISTOPHER J. WILLIAMS
                             53 West Jackson Boulevard
13                           Suite 701
                             Chicago, IL  60604
14
     For Defendant
15   Vee-Pak:                VEDDER PRICE P.C., by:
                             MR. JOSEPH K. MULHERIN
16                           222 North LaSalle Street
                             Suite 2600
17                           Chicago, IL  60601

18

19

20

21

22
     Court Reporter:         KELLY M. FITZGERALD, CSR, RMR, CRR
23                           Official Court Reporter
                             United States District Court
24                           219 South Dearborn Street, Room 1420
                             Chicago, Illinois  60604
25                           Telephone:  (312) 818-6626
                             kmftranscripts@gmail.com
```

```
 1
    APPEARANCES:   (Continued)
 2

 3  For Defendants
    MVP and
 4  Staffing Network
    Holdings:              KOREY RICHARDSON LLC, by:
 5                         MS. MICHELE DENISE DOUGHERTY
                           20 South Clark Street
 6                         Suite 500
                           Chicago, IL  60603
 7
    For Defendant
 8  Alternative Staffing,
    Inc.:                  MICHAEL, BEST & FRIEDRICH, by:
 9                         MR. BRIAN P. PAUL
                           MS. SARAH E. FLOTTE
10                         444 W. Lake Street
                           Suite 3200
11                         Chicago, IL  60606

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (Proceedings heard in open court:)

2          THE CLERK:  12 CV 9672, Lucas v. Vee-Pak.

3          MR. MULHERIN:  Good afternoon, Your Honor.  Joe

4    Mulherin and Donald Rothschild on behalf of Vee-Pak.

5          THE COURT:  Good afternoon.

6          MR. PAUL:  Good afternoon, Your Honor.  Brian Paul,

7    P-a-u-l, on behalf of defendant ASI.

8          MS. FLOTTE:  Good afternoon, Your Honor.  Sarah

9    Flotte on behalf of the defendant ASI.

10          MS. DOUGHERTY:  Good afternoon.  Michele Dougherty

11    for defendants Personnel Staffing and Staffing Network.

12          MR. WILLIAMS:  Good afternoon, Your Honor.

13    Chris Williams on behalf of the plaintiffs.

14          THE COURT:  All right.  Good afternoon.

15          All right.  We are here for a final approval hearing

16    on the settlement between the plaintiffs and ASI.  The

17    plaintiffs and ASI entered into a settlement in April of 2015.

18    The Court granted preliminary approval to that settlement on

19    January 16th of this year.  Notice to a settlement class was

20    provided.  We're here for the final approval hearing on that

21    settlement today.

22          No objections to the proposed settlement have been

23    filed by putative members of the settlement class.  The only

24    objections that have been filed have been filed by Vee-Pak,

25    one of the co-defendants in this case.

1        So I'm going to address Vee-Pak's objections, or --

2    well, I'll turn to Vee-Pak's objections, but the first

3    impediment we run into is the question of standing.  Obviously

4    we've had dialogue about this issue before.  Excuse me just a

5    second.

6        It's clear, the Seventh Circuit has made clear that

7    in general non-settling parties do not have standing to object

8    to settlements between other parties unless they could show

9    "plain legal prejudice."  I have cited that quote in written

10    materials that have been filed previously.  Plain legal

11    prejudice is not tactical disadvantage or a result that

12    increases one's risk of liability or the risk of the higher

13    degree of liability.  It is something that removes what

14    otherwise would exist as a legal right.  I mean, a classic

15    example of that would be a contribution bar that, you know, as

16    an example can be part of settlement agreements in securities

17    fraud class actions; but this settlement does not impose any

18    such bar and does not strip the defendant Vee-Pak of any legal

19    rights.

20        So my conclusion, and I'll elaborate a little more,

21    but the bottom line is I have not changed my view that Vee-Pak

22    does not have standing to object to this settlement.  I have

23    not changed my view because Vee-Pak has not, in my estimation,

24    identified any legal rights that would be compromised by this

25    settlement.

 1          You know, and all of this doctrine flows from the

 2   fact that there's no obligation by the -- on the part of the

 3   plaintiffs to sue everyone who might be liable to the

 4   plaintiffs for damages.  The plaintiffs didn't have to sue ASI

 5   in the first place.  So the idea that ASI is getting out of

 6   the case too cheaply and that that somehow prejudices Vee-Pak

 7   really makes no sense in my view.  Even in a situation where,

 8   you know, the defendants who have been sued, including

 9   Vee-Pak, if there was a judgment obtained against all the

10   defendants, it might still be the case that that judgment

11   would be collected only against Vee-Pak.  If the plaintiff

12   chose to go after Vee-Pak exclusively notwithstanding the

13   judgment, it would be entitled to do that.

14          So, again, the fact that ASI is getting out of this

15   case cheaply, in Vee-Pak's estimation, just does not invest

16   Vee-Pak with any legal right to try to block that settlement

17   because it does not strip Vee-Pak of any legal rights.  This

18   idea that it's just unfair to allow Vee-Pak -- or excuse me --

19   ASI out of the case, again, just makes no sense when one

20   considers the starting point that ASI didn't have to be part

21   of this case in the first place.  The plaintiffs could have

22   focused their guns exclusively on Vee-Pak.

23          The gist or the bulk of the argument that Vee-Pak has

24   made here I think really turns on -- or addresses the idea

25   that ASI and the plaintiffs have somehow misled the Court

about the state of ASI's finances and that that somehow
affects Vee-Pak's legal rights.  If there was some misconduct
in connection with representations that a party has made to
the Court, that's the Court's issue, and it may be an issue
for class settlement, but it's not an issue for Vee-Pak.  It
doesn't pose any prejudice or strip Vee-Pak of any legal right
that it may have.  It, again, you know, may affect the
settlement, but it doesn't invest Vee-Pak with the ability to
challenge the settlement.

That said, even if Vee-Pak had a basis to complain
about the representations that ASI has made regarding its
finances, I do not agree that this is a case where those
representations can be properly characterized as false and
fraudulent.  To the extent that Vee-Pak characterizes those
representations as claiming that ASI "was going bankrupt" --
and that's a quote from Vee-Pak's brief -- that is not, in my
estimation, an accurate characterization.  The gist of the
representations about ASI's finances was that if there were a
multimillion dollar judgment assessed against ASI and along
with substantial additional attorneys' fees that ASI might
then have to declare bankruptcy.  Those are two very different
statements.

Further, the financial information that has been
presented does not convince me that the statements are false
or fraudulent because I don't find that they are

1    irreconcilable or can't be squared with the statements that
2    have been made.  This is a company that if you average the net
3    income over the period 2012 to 2017 makes a -- has averaged
4    during that period about a bit more than $1,000,000 per year
5    in net income.  It takes no leap of imagination to understand
6    that being hit with a multimillion dollar judgment potentially
7    for a company that has an average net income each year of a
8    million dollars, not even to consider the possibility of
9    punitive damages on top of the multimillion dollar judgment
10   and hundreds of thousands more in legal fees, it doesn't take
11   a great deal of imagination or financial sophistication to
12   understand that that would be a serious financial blow to that
13   company, particularly also given the absence of insurance
14   coverage for such a judgment.

15          Further, the net income of ASI basically dropped by
16   50 percent from 2012 to 2013, essentially dropped another
17   50 percent from 2013 to 2014, and the testimony at issue here
18   was offered in early 2015.  So what was happening over that
19   period is a substantial drop in net income over the period,
20   and, commensurately, an increase, substantial increase in the
21   amount that was being pulled on the credit line.  That amount
22   increased from 2013 to 2014 by almost half a million dollars.
23   So in, you know, 2014, you've got an increase in debt of close
24   to half a million dollars, a decrease in net income of close
25   to half a million dollars, leaving ASI with significantly more

1   debt than it had had and significantly less net income than it

2   had had in the two prior years.  That's the stage at which

3   these representations were first made about ASI's finances and

4   the possible injurious effect of a judgment in this case

5   against ASI.

6          So there's other discussion about aspects of the

7   finances, cash flow, accounts receivable, things like that,

8   but the bottom line here is I see nothing that is

9   demonstratively inconsistent or irreconcilable between the

10  financial data and the representations that have been made by

11  ASI and the plaintiffs in this case.

12         To the extent that Vee-Pak otherwise argues that the

13  settlement is not supported by adequate consideration in terms

14  of the financial contribution of ASI, those are arguments that

15  clearly do not compromise Vee-Pak's legal rights and do not

16  provide it with standing to object to the settlement.  Again,

17  it's the Court's obligation to consider the fairness of the

18  settlement to the class; it's not the defendant's.  And,

19  again, the defendant does not have standing to object on

20  behalf of its adversaries in the lit igation; namely, the

21  members of the class.

22         Vee-Pak also argues that it could be -- there's

23  greater probability that it could be compelled to be

24  individually -- or to individually satisfy the entire judgment

25  at trial.  That's a product of what we've already talked

1    about.  That's a product of joint and several liability and

2    the fact that the plaintiff is not required to sue everyone.

3    The fact that there is a greater risk posed to Vee-Pak as a

4    result of this settlement is -- as many cases that are cited

5    in plaintiffs' and ASI's briefs reflect does not vest Vee-Pak

6    or other defendants with standing to object to the settlement.

7         I think the last argument that Vee-Pak makes in terms

8    of trying to establish legal prejudice is the argument that it

9    can't call ASI witnesses as parties and will have to call them

10   as adverse witnesses.  That, in my estimation, is just a

11   makeweight.  That's clearly a tactical disadvantage.  Whether

12   somebody is called as an adverse witness depends on what the

13   substance of the testimony is going to be, not whether they've

14   settled.  As the plaintiffs notes, there's a good chance that

15   ASI's witnesses would be adverse to Vee-Pak given what we know

16   about the substance of their testimony regardless of whether

17   there had been a settlement or not.

18        So at bottom, Vee-Pak's objection seems to me to be

19   that ASI got a sweetheart deal from the plaintiffs, and that

20   increases the risk that Vee-Pak will be found liable and will

21   be responsible for paying higher damages than it would if ASI

22   remained a defendant in the case.  That is the definition,

23   that is the paradigm of tactical, strategic prejudice, not

24   legal prejudice, and it does not provide Vee-Pak with standing

25   to object to ASI's settlement.

1   All right.  So with that, I'm going to turn to the

2   question of whether the settlement should be finally approved.

3   The Court has jurisdiction over this matter because it arises

4   from claims implicating federal statutory rights.  No party

5   has challenged the Court's jurisdiction over this settlement

6   agreement.

7   I find that the requirements for class action -- for

8   certification of a class, a settlement class, have been

9   satisfied, and there have been no suggestions to the contrary.

10  I find that the class is sufficiently numerous.  They face

11  common questions of both fact and law in the claims that they

12  assert.  The class representative claim is typical of the

13  claims that other settlement class members would have with

14  respect to efforts to gain employment via ASI at Vee-Pak.  And

15  I conclude that the class representative will fairly and

16  adequately represent the interests of the class members as

17  reflected in the vigorous litigation that has been conducted

18  thus far.

19  I will note here, and I will note probably at several

20  instances arguments that Vee-Pak has made not because Vee-Pak

21  has standing but because they're relevant arguments to the

22  Court's consideration of the approval that the Court would be

23  considering in any event.

24  Vee-Pak has suggested that class counsel is not

25  adequate, but I do not subscribe to Vee-Pak's contentions that

1   class counsel, call them what they are, the contention is

2   basically that class counsel has sold out the class.  I

3   disagree.  I don't believe there's any basis for such a

4   contention here.

5          What we have here, again, is a tactical move by class

6   counsel intended to strengthen the class's hand against

7   Vee-Pak; there's no question about that.  But that is a

8   tactical decision made by counsel that has many reasons to

9   think that it has the possibility of succeeding.  Certainly

10  there has been abundant information presented suggesting that

11  as a result of the cooperation agreement between ASI and the

12  class -- plaintiffs' counsel that plaintiffs' counsel has

13  developed a substantial body of evidence.  I'm not making any

14  rulings about anything, but there's certainly plenty of

15  deposition testimony cited that is supportive of the

16  plaintiffs' claims.  Maybe some, maybe ultimately all of that

17  testimony might have been uncovered or developed without

18  cooperation, but it would not have been done as quickly or

19  as -- in all likelihood as completely as it has been done.

20         Moreover, this is not a case where class counsel is

21  reaping some huge reward at the expense of class members who

22  are getting pennies on the dollar or mere coupons that have

23  little value.  At this juncture, class counsel is getting

24  nothing from this settlement.  And as I understand it -- and,

25  Mr. Williams, I want you to clarify my understanding of this

1  shortly -- but as I'm understanding it, class counsel won't

2  get anything relating to this settlement until and unless

3  there's a judgment in favor of the class against Vee-Pak; and

4  at that time, the financial recovery for the class is likely

5  to be substantially greater.

6          With respect to the predominance of common issues and

7  superiority, the common issues do predominate here and it is

8  absolutely clear that this case would not be going forward or

9  individual cases would not be going forward against the

10  defendants and that it's only by the vehicle of class action

11  that this litigation can be effectively carried forward.

12          I also find that the settlement is fair, adequate,

13  and reasonable, and I want to go through briefly -- and,

14  again, much of my reasoning is reflected already in the

15  written orders that I have issued with respect to the

16  preliminary approval and the other various motions that the

17  Court has entertained in the past two years that we have been

18  grappling with this subject.

19          First, the strength of the case versus the settlement

20  benefits that are offered.  The range of outcomes here is

21  anywhere from nothing, if the plaintiffs do not prevail, to

22  roughly -- it was previously represented in the context of the

23  preliminary approval hearing of roughly $2.4 million, not

24  including any punitive damages that might be awarded.  It

25  is -- there is a very live dispute about what damages can be

1  recovered, assuming liability, based both on different models

2  for calculating those damages and related questions about

3  whether and how mitigation principles would come into play

4  with respect to a damage award.  So suffice it to say the

5  actual recovery versus ASI could be substantially lower than

6  the estimated $2.4 million that plaintiffs have estimated.

7       It's worth noting that ASI's prior estimate based on

8  its arguments about the way damages ought to be calculated is

9  that the damage award would only be something on the order of

10  113 or $114,000 because of the need for mitigation.  Obviously

11  a settlement fund of $95,000 would represent a very

12  substantial portion of that liability.

13       The fact of the matter is we don't know where those

14  damage calculations will come out.  We don't know how they

15  will be arrived at at this point, so it's impossible to know

16  whether the ultimate recovery if liability is found will be

17  closer to $113,000 or $2.4 million.  But it is clear that

18  there are very significant issues and very substantial risks

19  to the plaintiffs that they will not recover $2.4 million.

20       The settlement fund is $95,000, and that, while not a

21  de minimis or trivial amount of money, is not a huge sum of

22  money.  There's no question about that.  But it's not an

23  insignificant sum of money.  And the small dollar value

24  recovery for class members is only part of the story there.

25  As I've mentioned, damages are very much in dispute in any

1   event.  The question of damages and the way that damages are

2   calculated may well ultimately affect class certification; if

3   Vee-Pak, for instance, has already argued that damages will

4   require individualized hearings, that could be a factor that

5   plays a role in the question of whether a class is ultimately

6   certified in this case.

7          And, again, going back to the standing argument, the

8   certification of a settlement class here, Vee-Pak itself has

9   acknowledged it does not in any way mean that it is a foregone

10  conclusion that a class will be settled in this matter.  So,

11  again, Vee-Pak is not being stripped of any legal right.

12         There are joint employer issues that have already

13  surfaced and we've started dealing with in the context of

14  discovery that could affect the damage award.  There is

15  uncertainty as to the applicable statute of limitations

16  period.

17         On top of all of that, we have -- I find it almost

18  inconceivable that any class member would pursue an individual

19  claim in this case; so the alternative recovery that we have

20  to compare the actual recovery to is, in fact, zero, all of

21  which goes back to the fundamental point that this settlement

22  can't be evaluated exclusively like a run-of-the-mill

23  settlement.  This is -- in effect, it would be a final

24  settlement of ASI, but it's really an interim settlement in

25  the ASI/Vee-Pak portion of this case, and it has to be

1    regarded in that way.

2          What this settlement fund also contributes to that

3    process is really a head start on things like class

4    notification.  There is a much clearer picture now of the size

5    of the class and who the class members are that also will

6    ultimately benefit the class if there is a judgment in its

7    favor.

8          And last but not least, again, this is a tactical

9    gambit by the plaintiffs to improve their position vis-à-vis

10   Vee-Pak.  I understand Vee-Pak's chagrin about that, and I

11   understand that they don't like it; but that's not a reason

12   that they can halt the settlement, or it's not a reason that

13   the settlement is not fair to the putative settlement class.

14         On top of that, that just addresses really the

15   adequacy of the financial element of the settlement, but

16   that's not the only element of the settlement.  There are two

17   other significant aspects of the settlement, and that is

18   cooperation and injunctive relief.  I don't agree with

19   Vee-Pak's premise that the cooperation here is not significant

20   and not meaningful.  Yes, of course, you would hope in the

21   course of discovery that all relevant information is developed

22   and produced and that is what is expected by parties, but it

23   is an entirely different thing, in reality, to be able to

24   ferret out that information to know where it might be, who

25   might have it, what you need to ask for, all while skirmishing

1  about whether you're entitled to go down those paths or not.

2  We've already seen that in this case with respect to the

3  limited discovery that's been conducted thus far with respect

4  to ASI and Vee-Pak's and other defendants' suggestions that

5  discovery should be limited to a single issue of intentional

6  discrimination and no access to other information should be

7  required.  What the cooperation agreement has provided to the

8  settlement class is direct, timely access to -- without having

9  to fight those skirmishes with the target of discovery.

10       Relatedly, there's the issue of -- you know, the

11  fact -- it's the simple fact everybody here has had experience

12  with trials.  Having -- knowing you will have a cooperative

13  witness to testify at trial and to help you present your case

14  is highly beneficial for presenting your case effectively and

15  enables you to be much more -- not just creative but much more

16  certain about the course that your own case anyway is going to

17  take, and that's not an insignificant benefit to the class if

18  this case goes to trial.

19       The injunctive relief I find also has significant

20  value.  There's some back and forth about the fact that some

21  of the data that is being provided pursuant to the injunction

22  would be required by law at this point to be maintained by ASI

23  in any event; some, but not all, No. 1.

24       Secondly, even if ASI was required to maintain some

25  of that data, the impetus of an injunction and the ability to

1   go into court to seek enforcement of injunctive measures as

2   opposed to initiating a lawsuit from scratch is very valuable

3   to the plaintiffs, and that is what an injunction would give

4   them.

5          Similarly, providing access, guaranteed access to an

6   organization that sued you so that they could come in and

7   verify that, in fact, progress has been made and the same

8   violations are not being committed is quite significant.  And

9   I'm sure that ASI on its own would have no interest -- and I

10  don't mean this pejoratively to ASI.  No employer wants to

11  invite plaintiffs' counsel in to say, "Come take a look at how

12  much better we're doing," but that's part of what the

13  plaintiffs are getting out of this settlement.  So I do think

14  that both the injunctive relief and the cooperation provided

15  and access to ASI are meaningful and significant elements of

16  the settlement, benefits conferred on the settlement class in

17  addition to the settlement fund.

18         Mr. Williams, before I leave that, though, I do want

19  to address the issue of class counsel's fees because I'm

20  not -- I think I understand what you represented in your

21  motion.  But as I'm understanding it, because the bulk of the

22  settlement fund, some $79,000 of the 95,000 is going to pay

23  for notice costs and associated costs with that, and the

24  balance after the incentive award, et cetera, will be put in

25  escrow awaiting, you hope, further deposit from a judgment

1  against Vee-Pak.  If no judgment against Vee-Pak is

2  forthcoming, it's my understanding that there's not going to

3  be a disbursement of fees to plaintiffs' counsel.

4          MR. WILLIAMS:  You are completely correct,

5  Your Honor.  We would not seek any fees out of the existing

6  ASI portion of the settlement fund.

7          THE COURT:  All right.  So, you know, again, further

8  going back to the fairness and adequacy of the settlement

9  fund, this is a very, very different situation from

10  settlements where class counsel has reaped substantial

11  financial awards while class members reap, you know, very

12  insubstantial recoveries.  We have class counsel here that

13  unless this gambit pays off are going to collect nothing, and

14  that is a very salient factor in the Court's consideration and

15  assessment of the fairness of this settlement to the class.

16  In effect, class counsel is, you know, putting themselves at

17  risk by engaging in this gambit.

18          All right.  Turning to the -- some other factors:

19  The complexity of the case, the length of litigation and

20  expense of further litigation.  It pains me to say that this

21  case still has quite a ways to go.  We're already approaching

22  our sixth anniversary, but we're not in the red zone yet by

23  any stretch.  There is still a long way to go.  As I've

24  already averted, there's still a lot of very complicated

25  issues left to resolve, and there's no doubt that that's going

1    to take significantly more time and require significantly more

2    expense.

3            My own guess is we've got a couple of years of

4    litigation ahead of us left in this case under a good

5    scenario.  So we have a long way to go here, and this

6    settlement obviously gives the class some benefits, assures

7    them of some benefits and some benefits at an early time in --

8    relatively early time in the litigation.

9            I think it's worth emphasizing here as well that

10   what -- part of the reason it's taken us so long to get here,

11   to the point where we're at, is that this settlement has

12   undergone a great deal of scrutiny.  We had the original

13   motion for preliminary approval which I rejected and required

14   the plaintiffs to supplement.  At the same time we were going

15   through that process, we were going through the related

16   process of addressing mitigation and damage model issues,

17   haven't resolved that yet.  And we've had as well as we've

18   gone through this process, we've had issues relating to the

19   scope of discovery that could be obtained from ASI that has in

20   part been informed by issues relevant to the consideration of

21   the settlement agreement.  So I think that this settlement

22   agreement has had substantially more robust review than is

23   typical, and that's part of the reason that it has taken us as

24   long as it has to get to this point.

25           So that addresses the state of the proceedings where

1  we're at, and I think that approving the settlement at this

2  juncture does provide the class with meaningful benefits now

3  that will, again, potentially pay dividends for the class down

4  the road.

5      I'll note as well the lack of objections to the

6  settlement.  One of the consequences of the robust notice

7  process that was engaged in here is I think we ended up with a

8  class that's about 50 percent bigger than was expected.  I

9  think it was somewhere around 2,000 that the preliminary

10 estimates were made, and we've roughly ended up with something

11 a bit more than 3,000.

12      MR. WILLIAMS:  3100, yeah.

13      THE COURT:  So that is I think very good evidence

14 that the notice process was quite effective.  And

15 notwithstanding the fact that there was a 50 percent larger

16 class than had been anticipated, there had been no objections

17 whatsoever from the class members and only three individuals

18 have opted out.  That is significant, and I take note of it.

19 I don't put inordinate weight on that point, however, because,

20 again, it's inconceivable to me that too many people would opt

21 for individual litigation of a claim against ASI and Vee-Pak

22 under really any circumstances.  So I think you have to factor

23 that into the lack of objections.  We've already noted that in

24 the context of the damage discussions that we have to take

25 into the context of this case that the putative class members,

1    the members of this settlement class in particular are, you

2    know, highly marginalized and probably among the least likely

3    to pick up and start litigating something on their own or have

4    the ability to go out and find a lawyer to do that on their

5    behalf.

6          Next, I do, in contradistinction to the limited

7    weight I accord to the lack of objections, I accord

8    substantial weight to the opinion of competent counsel in this

9    case that this is a fair and reasonable settlement.  Again,

10   we've been litigating this for five years.  Counsel is

11   obviously not in this for a quick killing.  This is

12   experienced class counsel dedicated to representing workers

13   and certainly has a better claim to be looking out for the

14   interests of the class members than do counsel for the

15   defendants.  And, again, I don't mean that pejoratively.  It's

16   not your responsibility to be looking out for the class

17   members.  It's class counsel's responsibility to do that, and

18   I've -- based on my observations in this case, I am absolutely

19   satisfied that class counsel has the interests of the class

20   first and foremost in mind.

21         And at the risk of beating this drum too many times,

22   in this context, again, it is I think worth noting the unusual

23   character of this particular settlement.  This is not a

24   settlement that is, you know, I think properly viewed in

25   isolation.  This is a tactic.  It's a tactical move on the

1   part of the plaintiffs, and it's one that in the experienced

2   judgment of plaintiffs' counsel is likely to inure to the

3   benefit of the class, and I credit that perspective.

4          Last, I will note that these settlement discussions

5   are clearly arm's length discussions.  I've already indicated

6   that I don't accept any characterization that there's any

7   element of collusion, if you will, between ASI and class

8   counsel.  This is a settlement that was started in the process

9   of mediation with a highly respected former U.S. magistrate

10  judge who is particularly respected for his skill as a

11  mediator; and even then the settlement wasn't reached at the

12  mediation, but with additional discussions and communication,

13  a settlement was ultimately reached.  These were clearly arm's

14  length negotiations, and as I've indicated, I think they do

15  ultimately provide value to the settlement class.

16         All right.  Mr. Williams, anything else you think I

17  neglected to consider or put on the record that I ought to?

18         MR. WILLIAMS:  Well, first, I thank you for your

19  thoroughness.

20         And I also just want to appreciate that you

21  highlighted the injunctive part of the relief.  I think

22  contrary to statements made, I think that's substantial.  I

23  happened to be involved in assisting in the drafting of the

24  Day and Labor Services Act in 2005 with then Senator

25  del Valle, and we put into -- he put into the statute the

1    requirement to maintain records, the race and gender of those

2    who are assigned.  But as we have learned in the course of

3    this and other litigation, the big flaw in that law and

4    frankly the EEO ones that don't apply is those who sought work

5    but did not get assigned; and, you know, I want to highlight

6    that, and I also want to recognize ASI's compromise in

7    agreeing to that, and as you pointed out, opening their door

8    to some scrutiny from our office.

9            And so -- it's the third on the list of the three

10   prongs to the settlement, but I appreciate that you

11   highlighted it because I think it deserved that.

12           THE COURT:  All right.  Well, again, just I do

13   believe it is a significant element here that has to be

14   considered in assessing whether the settlement delivers value

15   for the class members, and I think for the reasons I've

16   stated, it does.

17           Nobody else here has standing, but if you've got

18   something to say, I'm willing to at least hear you.

19           MR. PAUL:  ASI has nothing to add, Your Honor.  Thank

20   you very much.

21           THE COURT:  All right.  Then I think I've gone

22   through fairly comprehensively the factors that I think are

23   relevant to the question of whether the Court should approve

24   this settlement agreement, and I conclude that final approval

25   is appropriate here.

24

1          I looked.  Perhaps I missed it.  Did you submit a
2     final order?
3          MR. WILLIAMS:  There was one attached as an exhibit.
4     I believe it's attachment 1 if I'm remembering correctly.  I
5     can submit to your proposed order inbox the Word version of
6     that.
7          THE COURT:  Please do that, but let me -- before
8     we --
9          MS. DOUGHERTY:  Could I just say briefly, Your Honor,
10    I did review the proposed final, and I think there is an error
11    in the class definition.  I don't believe it's the amended
12    definition Your Honor provided in the preliminary approval
13    order.  I just wanted to point that out.  I may be incorrect,
14    but that was my reading.
15         MR. WILLIAMS:  Okay.  I will consult with counsel for
16    MVP and Staffing Network and get that and make sure it is
17    correct for the Word version I submit to your proposed order
18    inbox.
19         THE COURT:  Okay.  And just bear with me.  I want to
20    just double-check something.
21         So Exhibit 1 to --
22         MR. WILLIAMS:  It's the attachment 1 to the
23    memorandum of law in support of the motion for final approval.
24         THE COURT:  Docket 351?
25         MR. PAUL:  351, Your Honor.

1    MR. WILLIAMS:  Attachment one.  I have a copy here if

2  you need it.

3    THE COURT:  I've got it.

4    Okay.  One other issue I wanted to address with the

5  proposed order is continuing jurisdiction.  Obviously I

6  maintain jurisdiction over this action, but ASI is going to be

7  dismissed with prejudice.  Once that dismissal with prejudice

8  takes place, I can only continue to exercise jurisdiction over

9  the settlement agreement to the extent that it is part of the

10  court order.  So I'm going to adjust that language.

11  There's -- obviously the settlement agreement is public.  I

12  believe it's been --

13    MR. PAUL:  I believe it's been attached multiple

14  times, Your Honor.

15    MR. WILLIAMS:  Yes.

16    THE COURT:  If it hasn't been on the docket, it's

17  going to be because --

18    MR. WILLIAMS:  It is on the docket.

19    THE COURT:  Okay.

20    So the settlement agreement, I'm going to alter that

21  language to make clear that the settlement agreement is

22  included as a part of the final approval order which then

23  effectively makes the final approval order an injunction or a

24  court order that requires, you know, whatever else needs to

25  be -- needs to happen between the parties thereafter, and I

1   can enforce that; so, you know, to my point that --

2           MR. WILLIAMS:  So, Your Honor, in the draft I

3   submitted, paragraph 4, it references the settlement

4   agreement, but it references it as attachment 2 to the

5   memorandum of law.  My suggestion would be that I just change

6   that language to attach it to the final approval order so the

7   settlement agreement is a part -- incorporated into and a part

8   of the settlement order.

9           THE COURT:  That's fine.

10          And the other question I wanted to look at is where

11  do we have the specific injunctive language?

12          MR. WILLIAMS:  In the settlement agreement, yes.

13          THE COURT:  So the specific language is included in

14  the settlement agreement?

15          MR. WILLIAMS:  It is.

16          THE COURT:  Because that's what's going to obviously

17  govern and, again, all the more reason that the settlement

18  agreement has to be part of the order so that the order gives

19  effect to the injunctive relief.

20          Okay.  So if you would send that modified as you

21  described to my proposed order inbox, I will go through that

22  myself.  If I have any substantive issues, I'll have to circle

23  back to you, but we'll get that entered.

24          MR. WILLIAMS:  And I will indicate in the e-mail to

25  your proposed order inbox the section that is the injunctive

1    relief just so it's clear.

2            THE COURT:  Okay.  All right.

3            Anything else from anyone?  I think we set this as a

4    status hearing as well.  So let's move on from that, from the

5    settlement for a moment.

6            We have been pursuing settlement -- or discovery as

7    to -- limited to ASI.  Where do we go from here?

8            MR. MULHERIN:  There are some remaining disputes

9    which we're trying to work out, and I believe that we have

10   worked them out prior to today.  We have not received those

11   documents.  I'm a little confused as to how to proceed on that

12   right now.  I would think that in light of the fact that it

13   was agreed to before the dismissal that it would be produced,

14   but based on your statements, they will be a nonparty soon.

15   So we would be looking for your guidance on that or an

16   agreement from opposing counsel they will produce -- or ASI's

17   counsel they will produce what they said they would.

18           MR. WILLIAMS:  And just to clarify, you're talking

19   about disputes with ASI or with plaintiff?

20           MR. MULHERIN:  With ASI, yeah.

21           MR. PAUL:  Your Honor, to address that briefly, there

22   is not an agreement.  There was a dispute.  We offered to

23   create some documents to produce them to resolve the discovery

24   dispute.  Vee-Pak has indicated that they're not willing to

25   agree that it's a resolved discovery dispute until we go

1   through the process of creating new reports and then them

2   reviewing them and them coming back once again and saying no,

3   that's not the report we want.

4        So our view is in discovery in general, we don't have

5   to create documents that don't exist in response to a document

6   request.  To try to compromise and get discovery done, we

7   offered to go through our database, different databases,

8   create a report that we don't create in the regular course of

9   business and produce it to them.  We said we would do that if

10  they would agree that that would resolve the discovery

11  dispute.  They did not agree that would resolve the discovery

12  dispute, and that's where we are in the conversation right

13  now.

14       MR. MULHERIN:  Your Honor, if I might, we said we

15  needed to see the documents first to see whether it resolved

16  the discovery dispute, which I think is a reasonable position.

17       THE COURT:  All right.  Well, here's -- if you --

18  well, a document request that has been served you're still

19  required to comply with.  We're not going to go through the

20  exercise of having to reissue a subpoena that makes the same

21  request.

22       That said, you're absolutely right.  You're under --

23  there's no requirement that you create documents in order to

24  respond to a document request.  So really this change in

25  status should not interfere with your discussions about this.

 1          I'm not going to resolve your dispute right now, but

 2     if you can't resolve it, you can bring a motion.  But if it's

 3     a motion saying -- what your motion will be would be to

 4     enforce or compel the production of whatever the documents

 5     that are in dispute are.  You're not going to succeed on "make

 6     them create a document for me."  But if you can't come to an

 7     agreement about that, then I'm going to have to adjudicate

 8     whether they get the documents or not.

 9          MR. PAUL:  Absolutely, Your Honor.  And I don't think

10     we had made any suggestion otherwise.

11          THE COURT:  Okay.  So but what I will say

12     definitively at this point is I see no point in requiring any

13     of the parties to reissue discovery requests in the form of a

14     subpoena that have already been served as a document request.

15          Okay.  All right.  So there's still some cleanup as

16     to ASI, and there was no -- certainly no deadline that's been

17     put on discovery as to ASI at this point.  That was simply

18     what we were focusing on given the pendency of the settlement

19     agreement.

20          I see no reason at this point that discovery

21     shouldn't go forward on all fronts.  Does anyone have a

22     different view?

23          MR. WILLIAMS:  Plaintiffs agree with that.

24          THE COURT:  Okay.  All right.  So with that, we'll

25     broaden permissible discovery to whatever parties think

1    they're entitled to.

2         And why don't we -- I'll set another status in, say,

3    two months by which time you ought to be underway on a broader

4    front in that regard and prepared to talk about what we think

5    is realistic to get done what needs to be done so we can start

6    plotting out, you know, the next two years.  I say that only

7    partially seriously, not completely facetiously.

8         All right.  Anything else?

9         All right.  Thank you.

10        MR. MULHERIN:  Thank you, Your Honor.

11        MR. WILLIAMS:  Thank you, Your Honor.

12        MR. PAUL:  Thank you, Your Honor.

13        MS. FLOTTE:  Thank you, Your Honor.

14     (Off the record.)

15        THE COURT:  I'm going to go back on the record.

16        I said 60 days, but I didn't actually set a date my

17   intrepid court reporter noted.

18        November 15th, 9:00?  Actually, let's make it 9:30.

19        MR. WILLIAMS:  That works for plaintiffs, Your Honor.

20        MR. MULHERIN:  Okay.

21        THE COURT:  Very good.  Thank you.

22        MR. PAUL:  Thank you, Your Honor.

23        (Which were all the proceedings heard.)

24

25

1

2                              CERTIFICATE

3      I certify that the foregoing is a correct transcript from

4    the record of proceedings in the above-entitled matter.

5    */s/Kelly M. Fitzgerald*              *October 3, 2018*

6    _____          _____
     Kelly M. Fitzgerald                     Date
7    Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25