```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| BRIAN LUCAS, et al., | ) | No. 12 C 9672 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Chicago, Illinois |
| | ) | |
| VEE PACK, INC., et al., | ) | |
| | ) | October 14, 2014 |
| Defendants. | ) | 9:30 a.m. |

```
                    TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HON. DANIEL G. MARTIN, MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiff:        MR. CHRISTOPHER J. WILLIAMS
                          Worker's Law Offices, P.C.,
                          401 South LaSalle Street, Suite 1400,
                          Chicago, Illinois  60605

For Defendant Vee Pack:   MR. DONALD S. ROTHSCHILD
                          Golstine, Skrodzki, Russian,
                          Nemec & Hoff, Ltd.,
                          835 McClintock Drive, 2nd Floor,
                          Burr Ridge, Illinois  60527

For Defendant
Personnel Staffing:       MS. BRITNEY ZILZ
                          Korey Richardson LLC,
                          20 South Clark Street, Suite 500,
                          Chicago, Illinois  60603

For Defendant
Staffing Network:         MR. MATTHEW J. GAGNON
                          Seyfarth Shaw LLP,
                          233 South Wacker Drive, Suite 8000,
                          Chicago, Illinois  60606

```
                         PATRICK J. MULLEN
                       Official Court Reporter
                     United States District Court
                219 South Dearborn Street, Room 1412
                         Chicago, Illinois 60604
                          (312) 435-5565
```

1  APPEARANCES:  (Continued.)

2  For Defendant
   Alternative Staffing:    MR. BRIAN P. PAUL
3                           Michael, Best & Friedrich LLP,
                            444 West Lake Street, Suite 3200,
4                           Chicago, Illinois  60606

| | |
|---|---|
| 1 | THE CLERK: 12 C 9672, Lucas versus Vee Pak. |
| 2 | THE COURT: Half the courtroom comes up. This is |
| 3 | heavy stuff. |
| 4 | MR. PAUL: It's plaintiffs' fault, Your Honor. |
| 5 | THE COURT: It is. |
| 6 | MS. ZILZ: A little bit. |
| 7 | THE COURT: It's always plaintiffs' fault. If you are |
| 8 | on the defense side, it's always plaintiffs' fault. |
| 9 | (Laughter.) |
| 10 | THE COURT: All right. Go ahead. Where's plaintiffs' |
| 11 | counsel? |
| 12 | MR. WILLIAMS: Good morning, Your Honor. This is |
| 13 | plaintiffs' counsel, and it's not my fault. |
| 14 | THE COURT: That's what they always say, though, |
| 15 | right? Go ahead. |
| 16 | MR. WILLIAMS: Chris Williams, W-i-l-l-i-a-m-s, on |
| 17 | behalf of plaintiffs. |
| 18 | THE COURT: Good morning, Mr. Williams. |
| 19 | MR. ROTHSCHILD: Good morning, Your Honor. Donald |
| 20 | Rothschild, R-o-t-h-s-c-h-i-l-d, appearing on behalf of |
| 21 | defendant Vee Pak, Inc. |
| 22 | THE COURT: Mr. Rothschild, good morning. |
| 23 | MS. ZILZ: Good morning, Your Honor. Britney Zilz, |
| 24 | Z-i-l-z, on behalf of defendant Personnel Staffing Group, LLC. |
| 25 | THE COURT: Ms. Zilz, good morning. |

1  MR. GAGNON: Good morning, Your Honor. Matthew Gagnon
2  on behalf of defendant Staffing Network.
3  THE COURT: Mr. Gagnon.
4  MR. GAGNON: Gagnon is G-a-g-n-o-n.
5  THE COURT: Thank you.
6  MR. PAUL: Good morning, Your Honor. Brian Paul,
7  P-a-u-l, on behalf of Alternative Staffing, Inc.
8  THE COURT: Good morning, Mr. Paul.
9  Good morning, one and all.
10  Okay. Last week plaintiffs were allowed to file a
11  fourth amended complaint. This is a referral from Judge Tharp
12  for discovery supervision and settlement. There's no status
13  date presently in front of Judge Tharp. He's referred the
14  matter to me for all discovery matters, including setting out a
15  schedule.
16  The parties' joint status report states that they
17  disagree on what the schedule should be and whether discovery
18  should be bifurcated to include the entire class or only
19  discovery relating to the named plaintiffs. Where does this
20  2012 case stand today, and is that still the respective
21  positions of the parties?
22  MR. WILLIAMS: Judge, if I may on behalf of
23  plaintiffs.
24  THE COURT: Sure. Since it's your fault, you've got
25  to start out, Mr. Williams. Go ahead.

5

1      MR. WILLIAMS:  Well, I'll give them an opportunity to
2  speak because we believe it's their fault.
3      THE COURT:  I know.
4      MR. WILLIAMS:  This is a 2012 case.  However, we just
5  received Judge Tharp's ruling on the defendants' motions to
6  dismiss, so they haven't even answered or otherwise pled.  This
7  is essentially -- for all practical purposes, this case is
8  starting now.  We've done no discovery at this point.
9      THE COURT:  Okay.
10     MR. WILLIAMS:  I will say that my plaintiffs, the
11 plaintiffs in this case, several of them, three of them also
12 filed two other cases.  They are temporary staffing workers
13 seeking work at various temporary staffing agencies.  There's
14 one defendant in common with another case that was before Judge
15 Chang and is now before Judge Ellis.  We just received a
16 decision on the motion to dismiss before Judge Lee on a third
17 case.
18     I say that because we have a little bit of insight
19 into what discovery is going to be like.  In the case that was
20 before or is before Judge Ellis, there was an early allowance
21 to begin discovery which started over a year ago.  After we got
22 a full decision on the motions to dismiss, the case was
23 referred to Magistrate Judge Kim -- I believe it was in
24 February -- and we have been continuing discovery.  At this
25 point, Judge Ellis had asked us to try to complete it by

1  December.  That may or may not be realistic depending on what
2  motions defendants file.
3  　　　　　I say all that just to say we have some foresight into
4  what the discovery is going to be and what's going to be
5  required.  As to the bifurcation, I think as Judge Kim
6  determined it didn't make sense to continue to bifurcate.  It
7  initially was bifurcated, but it didn't make sense to continue
8  to bifurcate.  Even if this matter were to proceed as an
9  individual claim, much the same discovery would be required.
10 　　　　　THE COURT:  That may well be.  I'm not going to be
11 able to set an appropriate discovery schedule until I know what
12 the parties' positions are on the bifurcation issue.  So you're
13 saying May?
14 　　　　　MR. WILLIAMS:  I'm saying May.
15 　　　　　THE COURT:  Okay.  Mr. Rothschild?
16 　　　　　MR. ROTHSCHILD:  Your Honor, the case was initially
17 filed --
18 　　　　　THE COURT:  First of all, are we all in agreement with
19 that?
20 　　　　　MR. PAUL:  We're all in agreement that he does not
21 want to have it bifurcated, but obviously we do want to have it
22 bifurcated.
23 　　　　　THE COURT:  Well, you guys know what I mean.  Okay?
24 　　　　　MS. ZILZ:  Your Honor, if I may, I also disagree with
25 Mr. Williams' characterization on the other lawsuit that it was

1 initially bifurcated.

2 THE COURT: That's of no matter right now. Okay?
3 Come on. Let's stick to the issue. I want to know what your
4 positions are on bifurcation so that I can take briefing and
5 then set out an appropriate discovery schedule depending upon
6 the ruling. So if we have a lot of disagreement, that's fine.
7 That's why we're here, you know, but let's just get to it.
8 Okay?

9 MR. PAUL: Your Honor, I'll speak for ASI. Your
10 Honor, we believe that bifurcation is appropriate. There is a
11 bifurcation in the other class case.

12 THE COURT: All right.

13 MR. ROTHSCHILD: And we agree with that position for
14 Vee Pak.

15 THE COURT: There you go.

16 MS. ZILZ: Your Honor, I have no objection to having
17 bifurcated discovery.

18 THE COURT: Okay.

19 MR. GAGNON: And Staffing Network is in favor of
20 bifurcation.

21 THE COURT: All right. There we have it.

22 All right. Well, let me hear from the plaintiffs and
23 then from the respective parties. You can file a joint brief,
24 defendants Vee Pak, Staffing Network, Personnel Staffing Group,
25 and Alternative Staffing, with respect to your position, no

1 longer than 10 pages. File simultaneous briefs.

2 Actually, it's a response brief, isn't it? Let's see.
3 I've got that no replies to the response brief should be filed.
4 Am I getting initial briefs here? I just want initial briefs.
5 I don't want responses. All right? Well, what do you propose,
6 folks?

7 MR. ROTHSCHILD: Well, we would move for bifurcation.
8 I'll file a joint brief and allow Mr. Williams to respond, and
9 then we'd reply.

10 THE COURT: I don't want any replies. I think I'll be
11 able to --

12 MR. PAUL: I thought I understood Your Honor to want
13 simultaneous briefs.

14 THE COURT: That's what I was suggesting, and I don't
15 understand why we can't have that. I just want each parties'
16 position, and then I'm going to rule. Okay?

17 MR. PAUL: I suspect, Your Honor, that we can manage
18 that.

19 THE COURT: Okay.

20 MR. PAUL: And 14 days would be my anticipation.

21 THE COURT: Okay.

22 MR. WILLIAMS: Plaintiffs can do that as well, yes.

23 THE COURT: All right. Then I'll have you folks back
24 in 30 days, and we'll move on it. Okay?

25 MR. PAUL: Your Honor, if I may bring up another issue

1 while we're here, ASI and plaintiffs have agreed to participate
2 in a settlement conference. We've exchanged some information
3 toward that end. We would like to do it before Your Honor if
4 that's possible.
5     THE COURT: ASI and plaintiffs? How about the other
6 three defendants?
7     MR. GAGNON: Your Honor, on behalf of Staffing
8 Network, we think that it's premature to hold a settlement
9 conference at this point, but we would not object to one if the
10 Court wants to set one.
11     THE COURT: Well, you know, that never enthuses me
12 when you say you won't object to me setting one. I want to
13 hear from the parties. You know, are we spinning our wheels?
14 At this point, why don't you all talk about when would be an
15 optimal for time for all of us to sit down and try and do a
16 global settlement of the case. Since you're all falling under
17 the same C number, we can do that. We couldn't get you a
18 settlement date anyway until sometime after the new year.
19     So at our next status I want the parties to all meet
20 and confer and discuss the likelihood of engaging in a
21 good-faith settlement conference with an eye towards settling
22 the entire case. If it's premature, you'll let me know. If
23 it's not, we'll move. I respect that position but, you know,
24 if we got three on the outside, it doesn't really advance the
25 cause too much.

1  MR. PAUL: Your Honor, from ASI's standpoint, we would
2  still like to attempt to settle even if the other defendants
3  aren't interested in participating in it, and the plaintiffs
4  have agreed to participate.
5  THE COURT: Well, if you and plaintiffs are, the next
6  time we're here if you're still of that mindset, and after
7  talking with your co-defendants here, all separate interests,
8  they are still opposed, then we'll set a date for you. Okay?
9  MR. PAUL: Thank you, Your Honor.
10 THE COURT: All right. Remind me that I said that,
11 though, so I don't give you the same spiel again. Okay?
12 MR. PAUL: I promise I will remember. Thank you.
13 THE COURT: All right. When do you want to come back?
14 THE CLERK: November 18th.
15 THE COURT: Okay. 9:30, we'll see you all then.
16 MR. WILLIAMS: Thank you, Your Honor.
17 MR. ROTHSCHILD: Thank you, Your Honor.
18 MS. ZILZ: Thank you, Your Honor.
19 (Proceedings concluded.)
20 C E R T I F I C A T E
21 I, Patrick J. Mullen, do hereby certify the foregoing
    is an accurate transcript produced from an audio recording of
22 the proceedings had in the above-entitled case before the
    Honorable DANIEL G. MARTIN, one of the magistrate judges of
23 said court, at Chicago, Illinois, on October 14, 2014.
24 */s/ Patrick J. Mullen*
    Official Court Reporter
25  United States District Court
    Northern District of Illinois