```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   BRIAN LUCAS, et al.,             )
                                      )
 4                Plaintiffs,         )
     -vs-                             ) Case No. 12 C 9672
 5                                    )
     VEE-PAK, INC., et al.            ) Chicago, Illinois
 6                                    ) January 9, 2020
                  Defendants.         ) 9:21 a.m.
 7

 8                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOHN J. THARP, JR.
 9
     APPEARANCES:
10
     For the Plaintiffs:    NATIONAL LEGAL ADVOCACY NETWORK, by:
11                          MR. CHRISTOPHER J. WILLIAMS
                            53 West Jackson Boulevard
12                          Suite 1224
                            Chicago, IL  60604
13
                            COHEN MILSTEIN SELLERS & TOLL PLLC, by:
14                          MS. HARINI SRINIVASAN (by phone)
                            1100 New York Avenue, N.W.
15                          Washington, DC  20005

16   For Defendant
     Vee-Pak:               MCDERMOTT WILL & EMERY LLP, by:
17                          MR. JOSEPH KEVIN MULHERIN
                            444 West Lake Street
18                          Chicago, IL 60606-0029

19                          GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC &
                            HOFF, LTD., by:
20                          MR. DONALD S. ROTHSCHILD
                            835 McClintock Drive
21                          2nd Floor
                            Burr Ridge, IL  60527
22
     Court Reporter:        KELLY M. FITZGERALD, CSR, RMR, CRR
23                          Official Court Reporter
                            United States District Court
24                          219 South Dearborn Street, Room 1420
                            Chicago, Illinois  60604
25                          Telephone:  (312) 818-6626
                            kmftranscripts@gmail.com
```

```
 1   APPEARANCES:   (Continued)

 2
     For Defendants
 3   Staffing Network
     Holdings and
 4   Personnel Staffing
     Group:                    KOREY RICHARDSON LLC, by:
 5                             MR. ELLIOT S. RICHARDSON
                               MS. JAIMEE C. CROCKETT
 6                             20 South Clark Street
                               Suite 500
 7                             Chicago, IL   60603
```

1     (Proceedings heard in open court:)
2            THE CLERK:  12 CV 9672, Lucas v. Vee-Pak.  I'm
3  dialling in --
4            MS. SRINIVASAN:  Hello, this is Harini.
5            THE CLERK:  Hi, you've been conferenced into
6  Judge Tharp's courtroom.  Please hold.
7            MS. SRINIVASAN:  Great.  Thank you.
8            THE COURT:  All right.  Good morning.
9            MR. WILLIAMS:  Good morning, Your Honor.
10 Chris Williams on behalf of the plaintiffs, and we have
11 co-counsel from DC on the phone.
12           THE COURT:  All right.
13           And counsel on the phone, your name again?
14           MS. SRINIVASAN:  Good morning, Your Honor.  This is
15 Harini Srinivasan.
16           THE COURT:  Okay.  Good morning.
17           MR. RICHARDSON:  Hi, Your Honor.  Elliott Richardson
18 for Staffing Network and Personnel Staffing Group.
19           MS. CROCKETT:  Good morning, Your Honor.  Jaimee
20 Crockett on behalf of Personnel Staffing Group and Staffing
21 Network.
22           MR. MULHERIN:  Good morning, Your Honor.  Joe
23 Mulherin and Donald Rothschild on behalf of Vee-Pak.
24           THE COURT:  All right.  Good morning.
25           I think we're here on plaintiff Hunt's motion to

1  withdraw as a class representative.
2      MR. WILLIAMS:  That's correct.  And I saw that I
3  think it was Vee-Pak, defendant Vee-Pak filed a response.  My
4  suggestion on that is that we be given a little time to meet
5  and confer and see if any of the issues that were raised in
6  that response could be resolved between the parties.
7      THE COURT:  All right.
8      Counsel?
9      MR. WILLIAMS:  And let me just -- to clarify, but we
10 do ask that Mr. Hunt be withdrawn as a named plaintiff.
11     THE COURT:  All right.  And I don't understand there
12 really to be any objection to Mr. Hunt withdrawing per se.
13 The question is they've had to spend money and time and
14 resources addressing Mr. Hunt's claim and what the -- you
15 know, the issue is to what degree should that be compensated
16 and/or to what degree should -- I don't suppose it's a matter
17 of degree whether Mr. Hunt's claim should be permitted to go
18 forward given what appear to be some inaccurate responses to
19 discovery requests and the, you know, attendant work that
20 counsel had to perform.
21     Is that the gist of it?
22     MR. MULHERIN:  That's accurate.
23     MR. RICHARDSON:  Yeah, Your Honor.  And Vee-Pak filed
24 that motion, and primarily in substance, we would join that.
25 You know, we see this as well as a discovery issue.

1            So I'll put this out there.  We would like to work it
2   out with plaintiffs' counsel.  And at the end of Mr. Hunt's
3   deposition, he indicated that that's something he would be
4   interested in doing.
5            MR. WILLIAMS:  "He" being plaintiffs' counsel?
6            MR. RICHARDSON:  Being plaintiffs' counsel, exactly.
7   I mean, we would see this more as a discovery issue as well.
8   And if we weren't able to work it out -- Mr. Hunt left in the
9   middle of his deposition.  PSG had no ability to ask any
10  questions.  One thing we want to make sure that happens and
11  why we also feel it's a discovery issue is that he's got
12  interrogatory answers.  He's filed declarations in other
13  cases.  And we want to make sure that if he's gone so is his
14  testimony.  You know, we don't want him to be dismissed --
15  well, we want him to be dismissed from the case, but part of
16  our sanctions request if we bring a motion would be that, you
17  know, we've never had the opportunity to ask him a question,
18  that, you know, his testimony on the record be stricken and
19  not used later on in the case.  And I think that's something
20  we can meet and confer on and see whether or not we're able to
21  find common ground.
22           THE COURT:  Okay.
23           MR. MULHERIN:  Your Honor, we may need to confer with
24  MVP as to that perspective as well.  We may not necessarily
25  agree with all of that.

1        THE COURT:  All right.

2        MR. RICHARDSON:  And we're always happy to meet with
3 them.

4        THE COURT:  So there's some meeting and conferring
5 that needs to take place.

6        MR. RICHARDSON:  Yes.

7        THE COURT:  So, again, I'll take the motion under
8 advisement and we'll set a further date.  But, you know, as
9 far as Mr. Hunt's participation as a class representative,
10 that doesn't seem controversial.  You know, he isn't going to
11 be compelled at this point to do it.

12        But the other issues in terms of, you know, what that
13 means and what, you know, his withdrawal means for his own
14 claim or claims in other cases or that sort of thing I think
15 does need to -- raises a variety of issues.  And I think as a
16 general proposition, and I don't hear Mr. Williams disputing
17 this, I think the defense has some right to be aggrieved by
18 Mr. Hunt's conduct at this juncture; whether advertent or
19 inadvertent, they've still been chasing something that now
20 isn't going to be part of the larger case anyway, put aside
21 the question of whether Mr. Hunt, his individual claim,
22 whether that should be affected or impacted by this
23 withdrawal.

24        So what's realistic -- understanding we've got a
25 discovery schedule in place that has a firm cutoff of whatever

1  I said, was it I think February 28th, and that's not moving.
2  So whatever has got to happen has got to happen promptly and
3  quickly.
4           So I'll leave it to the defendants.  When do you want
5  to come back?
6           MR. RICHARDSON:  Ideas?
7           MR. MULHERIN:  I would say a couple of weeks just
8  because I'm in New York next week.
9           THE COURT:  All right.  Come back on the 23rd?
10          MR. MULHERIN:  I apologize.  Could we have -- I
11 apologize.  I'm in New York that Wednesday and Thursday as
12 well.  Are you hearing any motions on that Tuesday?
13          THE COURT:  Certainly.
14          MR. RICHARDSON:  I'm good with that.
15          THE COURT:  Tuesday, the 21st?
16          MR. WILLIAMS:  Judge, counsel for MVP and I are here
17 before you on the 29th on a different matter.  I don't know if
18 it's possible to -- if that's okay with --
19          MR. MULHERIN:  That's fine.
20          MR. RICHARDSON:  That's good with you?
21          MR. MULHERIN:  That's fine.
22          THE COURT:  All right.  We have a status in Hunt?
23          MR. WILLIAMS:  Yes.
24          THE COURT:  Okay.  9:00 on Wednesday, the 29th.
25          All right.  And if you come to some agreed resolution

1    and file something in agreement, you will be here anyway, or
2    some of you will be here, but the others would not need to
3    appear, assuming it's agreed.  Okay.
4           All right.  Anything else?
5           MR. WILLIAMS:  Yes.  I'm going to attempt not to ask
6    you to move what you've just referenced as a firm date --
7           THE COURT:  That's --
8           MR. WILLIAMS:  -- but maybe to soften you up a little
9    bit to consider that.  And I will say, you know, we have -- as
10   you know, I'm in front of you on other cases.  I don't think
11   anybody who knows me thinks that I'm lazy or dilatory as a
12   general principle.  I have been working hard here.
13          We have -- we started with, you know, really trying
14   to respond to the new plaintiffs and get those depositions
15   done, the written discovery, get those depositions done.
16          In early December, we sent a discovery deficiency
17   letter in what we felt were deficient answers from Staffing
18   Network.  And, you know, I just want to be real careful here
19   that I'm not at all implying any bad faith on anybody, on the
20   other side's part.  I think the opposite is true, that we work
21   well together and in good faith.
22          We have been meeting and conferring on complicated
23   issues.  There was a ruling by Judge Chang at the end of
24   November which sort of helped I thought to clarify -- you
25   know, you referenced your respect for Judge Chang, clarified

1 what we could expect to get from the staffing agency
2 defendants. So, you know, we have been working to resolve
3 that and honestly making progress without resolving
4 everything. I bluntly feel squeezed between my local 37 --
5 Local Rule 37.2 obligations and this hard discovery deadline.
6     The other thing, I would just like to make a personal
7 appeal. I think during the eight years I've been working on
8 this litigation, had discovery ramped up any other time, it
9 would not have been the problem that it is now. I had new
10 attorney general Kwame Raoul steal three attorneys who were
11 working with me to go run their workplace rights bureau; and
12 not just on this case, but my longtime partner is now running
13 that bureau, happened during the summer. So that left me
14 holding the bag with not just this case but, you know, the
15 Hunt case, a number of other cases, not just here.
16     And so, you know, defendants I'm sure will argue I
17 got the letter out in December, discovery started again in
18 September, there's other discovery issues. I don't deny that
19 I'm behind, but I don't think it's bad faith. And I have been
20 working to get other people on. Cohen Milstein has brought
21 another attorney on who is on the phone here. I've tried to
22 get additional local counsel. We've got some new attorneys.
23 I'm trying to get experienced attorneys so we can move things
24 faster. I am not being dilatory, but I feel like if this
25 discovery is hard, I have to leave here and file a motion to

Case: 1:12-cv-09672 Document #: 411 Filed: 01/13/20 Page 10 of 13 PageID #:5852

10

1  compel against Staffing Network while I think that there are
2  opportunities to resolve issues.  There are similar issues
3  with MVP about what we believe Judge Chang's order sort of
4  guides us to expect to get in discovery in a case like this.
5         So I just -- I just feel -- I'm making a personal
6  appeal.
7         And, you know, lastly I'll say, I don't want to go
8  into too much detail, but I have kidney disease, and I just
9  can't burn the candle at both ends as I have in the past.  You
10 know, I'm approaching 60.  I'm old.  I'm feeling old.  You
11 know, I'm worried about my ability to properly represent
12 plaintiffs in this case if this discovery date is really that
13 hard.
14         THE COURT:  All right.  I hear you.  I've set a date.
15 I'm not moving that date at present, and I'm not suggesting
16 that I might move it.  I hear you.  I understand.  I'm not
17 foreclosing the possibility, but I want you to keep working
18 diligently.  I certainly don't want you to imperil your
19 health, however, and that is something that is new to the
20 equation.  And to the extent that's something that has not
21 been presented to the Court previously, I don't want
22 anybody -- no lawsuit is worth, you know, endangering your
23 health.
24         So talk to your co-counsel.  I won't foreclose the
25 possibility.  But, you know, don't hold your breaths either.

1  This case is a 2012.  I know we've had a long, tortured
2  procedural history and delays that, I mean, it's nobody's
3  fault.  It's just the way the case spun out with a partial
4  settlement and that sort of thing, but this case has to get
5  resolved.  And I'm, you know, going to keep the pedal to the
6  metal, though, again, I hear you, Mr. Williams.  And I
7  certainly don't think we're in this position because you're
8  dilatory at all, but we're in this position because the way
9  the case has spun out but the case has to get done, and we're
10 going to keep pressing forward.
11         Talk to your co-counsel.  If there's agreement across
12 the board, that will certainly make it more likely that I'm
13 willing to revisit that date than if there's a dispute.  If
14 there's a dispute, I'll listen to both sides.  But I'm very,
15 very determined to get this case resolved promptly at this
16 juncture.
17         MR. WILLIAMS:  If I could just clarify a couple of
18 things.
19         One, you know, it's the timing was particularly bad
20 for me.
21         THE COURT:  I understand.
22         MR. WILLIAMS:  The second thing is I'm talking about
23 maybe to the end of April.  I'm not talking about an
24 indefinite amount of time.  I couldn't agree with you more
25 that this 2012 case should be brought to a conclusion.  I'm

1 sure counsel agrees as well. Certainly my heart is in the
2 same place.
3      THE COURT: All right.
4      MR. WILLIAMS: I do want to be clear about that.
5      I guess I just -- so I will -- I feel then that I
6 have to file the motion to compel even though I think there
7 are still issues that we will continue -- I would be open, you
8 know, will be available to continue to talk about pursuant to
9 Local Rule 37.2. I don't think that's completely exhausted.
10 But I also don't think it's possible to wait because what
11 we're looking for triggers other things.
12      THE COURT: All right. Well, again, finish 37.2.
13 Talk to your adversaries here about the schedule. You know,
14 again, if everybody agrees then, you know, to some modest
15 extension, that is going to make it far more likely that I'll
16 be receptive to it. If there's a dispute and you have to file
17 a motion and they would rather litigate the motion than not,
18 then file the motion. File a motion for a continuance if --
19      MR. WILLIAMS: And I did mention it this morning.
20 They said they were going to check back with their clients.
21 And, again, I do want to emphasize that this is not in any way
22 implying any bad faith on anybody's part.
23      THE COURT: Okay. All right. We'll resume on the
24 29th and address this motion; and anything else that may be
25 noticed up in the meantime, notice it up for the 29th.

1      MR. RICHARDSON:  For the 29th, okay.

2      MR. WILLIAMS:  Very good.  Thank you, Judge.

3      THE COURT:  All right.

4      MR. MULHERIN:  Thank you.

5  (Which were all the proceedings heard.)

6

7                      CERTIFICATE

8  I certify that the foregoing is a correct transcript from

9  the record of proceedings in the above-entitled matter.

10 */s/Kelly M. Fitzgerald*                *January 10, 2020*

11 _____     _____
   Kelly M. Fitzgerald                              Date
12 Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25