# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER, and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers,<br><br>Plaintiffs,<br>    v.<br><br>VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY., STAFFING NETWORK HOLDINGS LLC, PERSONNEL STAFFING GROUP, LLC, MOST VALUABLE PERSONNEL d/b/a MVP,<br><br>Defendants. | No. 12 C 9672<br><br>Judge Tharp |

**VEE PAK INC.'S AND VEE PAK LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH PERSONNEL STAFFING GROUP, LLC**

**I.   PLAINTIFFS' MOTION IS NOT RIPE AND SHOULD BE STAYED OR DISMISSED WITHOUT PREJUDICE[1]**

Plaintiffs petition this Court for preliminary approval of their (i) partial settlement agreement with Personnel Staffing Group LLC d/b/a Most Valuable Personnel d/b/a MVP ("MVP") in this case and (ii) proposed plan to send a joint notice and claim form to the proposed

---

[1] Vee Pak, Inc. and Vee Pak, LLC submit this brief outlining its objections to and concerns about MVP's and Plaintiffs' settlement pursuant to the Court's August 3, 2022 Order and as a friend of the Court.  As recognized by this Court in its December 20, 2017 order, non-settling parties' objections "address many of the Rule 23 requirements that the Court is required to consider in its independent determination of whether the [settlement] class may be certified." Dkt. No. 291 p. 5 (citing *Uhl v. Thoroughbred Tech. and Telecomm.*, 309 F.3d 978, 985 (7th Cir. 2002) ("In some ways, the Rule 23 requirements may be even more important for settlement classes, for which (as this court has put it), the district court must act almost as a fiduciary of the class when approving settlements."); *see also Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO, C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986) (confirming that a party is entitled to present evidence and have its objections heard at hearings on whether to approve a consent decree).

1

settlement class in this case and a settlement class in a different case *Zollicoffer v. Gold Standard Baking*, Case No. 13-1524 (Hon. Sara L. Ellis) ("GSB case"). As detailed in Section II herein, Plaintiffs' motion should be denied because the proposed $100,000 settlement in this case is not fair or reasonable to the proposed 4,000 person class in this case (especially in comparison to the $2.4M settlement in the GSB case).

However, the Court need not decide Plaintiffs' motion at this time because it is not ripe for consideration.

Ripeness issues arise "when a case involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Martinez v. City of Chicago*, 534 F. Supp. 3d 936, 948 (N.D. Ill. 2021) (quoting *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011)); *see also Church of Our Lord & Savior Jesus Christ v. City of Markham*, 913 F.3d 670, 676 (7th Cir. 2019) ("The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems."); *Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004) ("Ripeness doctrine is based on the 'central perception ... that courts should not render decisions absent a genuine need to resolve a real dispute.'")

Courts have traditionally considered two factors in determining ripeness: (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Democratic Nat'l Comm. v. Bostelmann*, 466 F. Supp. 3d 957, 963 (W.D. Wis. 2020) (internal cites omitted). In evaluating a claim of hardship, courts consider whether "irremediably adverse consequences" would flow from requiring a later challenge. *Id.* "A claim is unripe when critical elements are contingent or unknown." *Marusic Liquors, Inc. v. Daley*, 55 F.3d 258, 260 (7th Cir. 1995). "Plain and simple, ripeness is 'peculiarly a question of timing.'

2

" *Id.* (citation omitted). Courts must avoid decisions that are merely advisory in nature that "would [inappropriately] consume judicial time in order to produce a decision that may turn out to be irrelevant." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). Lastly, the ripeness applies to not issues and not simply claims. *See, e.g., Hoerchler v. Equifax Info. Servs.*, LLC, 568 F. Supp. 3d 931, 933 (N.D. Ill. 2021)

As explained by Plaintiffs' and MVP's counsel at the August 3, 2022 teleconference hearing, neither the settlement agreement in the *GSB* case nor Plaintiffs' preliminary approval papers relating to that settlement have been presented to the Honorable Judge Ellis. In fact, these documents cannot be presented to the court at this time because the GSB case has been stayed pending the disposition of GSB's recently filed Chapter 11 bankruptcy. If the Court accepts Plaintiffs' invitation to decide their motion, the Court will effectively be issuing an advisory order that is conditioned on (i) Plaintiffs' filing their preliminary approval motion and settlement in the GSB case and (ii) the court in the GSB case actually approving it. The Court thus would be expending judicial resources on a motion that may turn out to be irrelevant or need to be refiled with significant modification.

Moreover, in contrast to Plaintiffs' counsel's representations on the August 3, 2022, Plaintiffs, the putative class and MVP will not suffer any adverse consequences if the Court waits to consider Plaintiffs' motion when it is ripe. Indeed, Plaintiffs do not even plan to distribute the small settlement moneys at issue to the putative class after settlement administration; rather, those funds will be held in trust until the conclusion of the litigation or the Court deems appropriate. Dkt. No. 611-2 p. 17. Moreover, MVP will suffer no prejudice because it already must wait for the GSB bankruptcy to be lifted and the settlement in the GSB case to be presented to Judge Ellis. Finally, if Plaintiffs have concerns about MVP being financially able to remit the $100,000

3

settlement funds down the road, MVP can file the money with the Clerk of the Court pursuant to Fed. R. Civ. P. 67 or put the moneys in escrow.

For the above reasons, Plaintiffs' motion should be stayed or dismissed without prejudice.

## II. PLAINTIFFS' MOTION MUST BE DENIED BECAUSE PLAINTIFFS' PARTIAL SETTLEMENT WITH MVP IS NOT FAIR OR REASONABLE

If the Court decides to consider Plaintiffs' motion at this juncture, Plaintiffs' motion must be denied for multiple reasons.

First, the monetary and other consideration that MVP has agreed to provide in exchange for a release of the class claims and dismissal of this case is woefully insufficient. In particular, MVP has agreed to allocate $100,000 (of the unknown total amount it has agreed to pay to settle this and the GSB case collectively) to a settlement fund which will be paid on a pro rata basis to 4,000 putative class members after the fund is reduced "by the cost of claims administration, *the employer's share of payroll taxes on the portion of settlement awards designated as back pay*, and the Named Plaintiff's Service Award." Dkt. No. 611-1 p. 18 (emphasis added). Although not mentioned in the settlement agreement, Plaintiffs represent that MVP also agreed to introduce Plaintiffs' Counsel to their 30(b)(6) witness Lisette Robles which resulted in Ms. Robles agreeing to provide a declaration to Plaintiffs. Dkt. No. 611-1, pp. 18-19.

Regarding the monetary aspect of MVP's purported consideration, it is noteworthy that Plaintiffs' have proffered no information regarding (i) the total amount that MVP has agreed to contribute to settle this and the GSB case, (ii) the amount of the estimated settlement administration costs of the purported joint notice or (iii) how the settlement administration costs will be allocated between the settlement in this and the GSB case. Plaintiffs' failure to specify the allocation of the settlement administration costs between the two settlements is particularly troubling considering

4

that such costs are not insubstantial and will significantly impact the class's recoveries. Moreover, if the settlement costs are being split in an uneven way between this case and the GSB case, one of the classes is being treated unfairly. This is information that should have been provided to this Court and included in the notice. As a result, neither this Court nor the putative class members have adequate information from which they can assess the reasonableness of the unknown pro rata recovery that the class members could receive from this case.

Nevertheless, as the ASI settlement in this case taught, the settlement administration and other costs will result in a significant reduction to the already small pro rata amounts being paid to the class members here. As a useful reference point, the administration costs in the ASI settlement previously approved by this Court were estimated to be $79,000. Dkt No. 291, pp. 12. As represented in Plaintiffs' final approval motion for their settlement with ASI in this case, "the net monetary benefit to the Class will be approximately $13,000.00 . . ., which will result in an average gross settlement award of approximately $5.50 to all Eligible ASI Claimants.") Dkt No. 291, pp. 12.

Here too, the putative class members' potential payments will be gutted by the settlement administration and other costs. For example, if we assume that the administration costs for the joint notice (should the court permit it) are akin to those in the ASI case ($79,000) and 50% of the administration costs will be borne by the class in this case, the settlement fund here will be reduced by $39,500. The fund will be further reduced by the $5,000 payment for the class representative payment to named plaintiff Zollicoffer as well as *MVP's portion of its payroll taxes on the back pay portion*. Significantly, MVP and Plaintiffs agreed to further reduce the already small funds to be distributed to the Vee Pak/GSB class by MVP's portion of its employer's payroll taxes, which is an obligation MVP should bear in such a small settlement. Based on these deductions alone,

5

the settlement fund and potential pro rata payments to the class members will be reduced to less than $55,500 and $13.88, respectively.

Plaintiffs attempt to justify the small class member pro rata settlement amounts (equaling less than two (2) hours of minimum wage work) by claiming that "[t]he monetary relief in this Settlement is supplemented, critically, by PSG's agreement to facilitate an introduction between Plaintiff's Counsel and the branch manager of PSG during the class period, Lisette Robles." Dkt. No. 611 p. 8. But whatever little value, if any, Ms. Robles' eleventh-hour contradictory declaration may have, there is no doubt that it is significantly less valuable on its face than ASI's promise to "*cooperate with the plaintiffs in providing information, testimony, and documents relevant to their ongoing litigation against Vee Pak and the non-settling defendants*." Compare with Dkt. No. 250-1 p. 21-22. Taken together, the small percentage of moneys that MVP and Plaintiffs are willing to allocate to this case and Ms. Robles' one conflicting declaration is inadequate consideration at this stage in the litigation for 4,000 class members' promises to release MVP in this case.

Second, and relatedly, Plaintiffs' have subjugated the rights of the Vee Pak/MVP class in favor of the GSB/MVP class. As reflected in the proposed notice (but not Plaintiffs' supporting brief), the Vee Pak/MVP class will be allocated only $100,000 and the GSB/MVP class will be allocated $2.4 million. Dkt. No. 611-2, p. x. Of that $2.4 million, the GSB/MVP class will receive $1,075,000.00 "less the cost of claims administration, the service awards to the Named Plaintiffs as approved by the Court and the employer share of payroll taxes." Dkt. No. 611-2. While there is a significant question for Judge Ellis as to whether the putative class receiving only 44% of the settlement fund is fair, it is undisputed that Plaintiffs and counsel have chosen to favor the GSB/MVP over the Vee/Pak MVP class. Indeed, although the GSB/MVP and Vee Pak/MVP classes are led by Mr. Zollicoffer and the same attorneys, Mr. Zollicoffer and counsel chose to

award the GSB/MVP class more than 20x the settlement amount to be paid to the Vee Pak/MVP case. Courts have found such favoritism towards one particular group of claims over another group of claims to be evidence of inadequate representation from plaintiffs and counsel. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* 827 F.3d 223, 233 (2nd Cir. 2007) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 626 n. 20 (1997)) ("*Amchem* tells us that [] divergent interests require separate counsel when it impacts the 'essential allocation decisions of plaintiffs' compensation and defendants' liability.")

Plaintiffs will likely contend that that the Court need not consider the massive differences in proposed recoveries to received by the GSB and Vee Pak MVP classes because the GSB case is technically a different case. However, Plaintiffs cannot it be heard to argue on the one hand that the Vee Pak settlement stands on its own and is sufficient but that a joint notice which bootstraps the significantly poorer Vee Pak settlement to the richer GSB settlement (so that the Vee Pak settlement looks better) is warranted. MVP and Plaintiffs have treated the resolution of both matters as one combined settlement negotiation throughout the duration of both cases and, as such, the court should consider the settlements in connection with each other.

The first line of the settlement claim form further confirms Plaintiffs' and MVP's joint treatment of these settlements:

> You are receiving this Claim Form because you may be eligible to receive some alleged damages due to the denial of job assignments **as part of a class action settlement**. If you are African American and sought work assignments through MVP during the period of January 1, 2011 up through and including October 21, 2013 or during the period of February 27, 2011, up through and including December 31, 2014, but on one or more occasion were not assigned to work at Gold Standard Baking and/or Vee Pak, complete the form below.

Dkt. No. 611-2 p. i. The claim form further suggests that there is effectively one settlement by asking the following questions in the questionnaire:

7

      a) Did you seek work from MVP's Cicero Office from February 27, 2011 through December 31, 2014?
      ☐ Yes ☐ No
      b) Did you seek work from MVP's Cicero Office from January 1, 2011 through October 21, 2013?
      ☐ Yes ☐ No

*Id*. p. ii. Put simply, Plaintiffs curiously want each class member to answer a question that will define which class(es) he/she belongs to without associating the work periods set out in the question with the applicable GSB or Vee Pak class. As a result, the claim form unnecessarily will confuse the reader and likely result in class members checking boxes that do not apply. The confusion that will undoubtedly result from the vague claim form is another reason to deny Plaintiffs' motion.

    Plaintiffs will also likely argue that the significant unevenness of the settlement funds in the GSB and in this case and the lack of exactitude in the claim form are harmless because the classes "largely overlap." In other words, Plaintiffs will assert that there is no harm because the same people belong to both classes. Not so. The use of the term "overlap" by Plaintiffs is an admission that the classes are not the same. Dkt. No. 611-1 p. 9. Thus, at minimum, some members of the Vee Pak/MVP class will be significantly disadvantaged because they are not members of the GSB class (i.e., they did not seek work during the GSB class period). *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* 827 F.3d at 251 (named plaintiffs' ownership of the same claims as a group that was subjugated in addition to other claims that were treated more favorably does not excuse the named plaintiffs' failure to adequately represent the subjugated group).

DM_US 190074129-1.107674.0011

Moreover, there are other differences on the face of the respective class definitions that undercut Plaintiffs' assertions that the classes overlap. The Vee Pak/GSB class is defined as:

> African American laborers who sought work assignments through MVP *to work at GSB*, but on one or more occasion were not assigned to work at GSB when a position was available during the period of February 27, 2011, up through and including December 31, 2014.

The Vee Pak/MVP subclass is defined as:

> African American laborers who sought work assignments through MVP *to work at Vee Pak*, but on one or more occasion were not assigned to work at Vee Pak when a position was available during the period of January 1, 2011, up through and including October 21, 2013.

Dkt. No. 611-2 (emphasis added). A basic plain language comparison of each definition reflects that each class specifically contemplates that the "individual sought work assignments through MVP to work **at GSB**" or "to work **at Vee Pak**." Such a significant difference in Plaintiffs' own purported classes definitions cannot be rendered meaningless. As a result, it is also very possible that MVP employees who wanted to work at Vee Pak through MVP but not at GSB (because, for example, they heard the job was difficult or they lived too far away) will receive a significantly smaller settlement because Plaintiffs' counsel chose to subjugate the Vee Pak/MVP class.

For the above reasons, Plaintiffs' motion for preliminary approval of their partial settlement with MVP should be denied.

VEE PAK, INC. and VEE PAK, LLC,

By: /s/ Joseph K. Mulherin
     One of their Attorneys

Donald S. Rothschild

dsr@gsrnh.com
Brian M. Dougherty
bmd@gsrnh.com
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

Joseph K. Mulherin
jmulherin@mwe.com
McDermott Will and Emery
444 W. Lake Street
Chicago, IL 60606
(312) 372-2000

## CERTIFICATE OF SERVICE

I, Joseph K. Mulherin, an attorney, certify that I served a copy of the foregoing **OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH PERSONNEL STAFFING GROUP, LLC** filed with the United States District Court, via CM/ECF, on all registered users, on this 10th day of August, 2022.

/s/ *Joseph K. Mulherin*
Attorney for Defendants Vee Pak, Inc. and Vee Pak, LLC