IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER, and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers,<br><br>Plaintiffs,<br><br>v.<br><br>VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY, STAFFING NETWORK HOLDINGS LLC, and PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP,<br><br>Defendants. | Case No. 12 C 9672<br><br>Judge Tharp |

## **PRELIMINARY APPROVAL ORDER OF PARTIAL SETTLEMENT WITH PSG**

James Zollicoffer ("Named Plaintiff" or "Class Representative") and Personnel Staffing Group, LLC d/b/a MVP ("PSG" or "Defendant") (collectively, the "Parties"), having reached a partial settlement in this matter on a class-wide basis, the Court having reviewed the Partial Class Action Settlement Agreement entitled "Partial Class Action Settlement Agreement and Release With Personnel Staffing Group, LLC" (hereafter "PSG Class Action Settlement"; attached as Exhibit 1), the record in this Litigation, and Plaintiff Zollicoffer's "Motion for Preliminary Approval of Partial Class Action Settlement Agreement with Personnel Staffing Group, LLC Only" (ECF 611), unopposed by PSG,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court hereby preliminarily approves the PSG Class Action Settlement as being fair, reasonable and adequate. The PSG Class Action Settlement is the result of arm's-length

1

negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the PSG Settlement Class, as defined below.

3. The Court finds, preliminarily and for settlement purposes only, that: (1) the class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the class; (3) the claims of the Class Representative are typical of the claims of the class; (4) the Class Representative will fairly and adequately protect the interests of the class; and that the proposed class meets the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3).

4. The Court finds preliminarily that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. The case is hereby certified preliminarily as a class action under Federal Rule of Civil Procedure 23(b)(3). The Court hereby preliminarily certifies the following PSG Class defined as:

> African American laborers who sought work assignments at PSG from which they could have been referred to Vee Pak, but on one or more occasions were not assigned to work at Vee Pak during the period January 1, 2011, up through and including October 21, 2013.

5. The claims being certified preliminarily and for settlement purposes are limited to the Released Claims against PSG and their Releasees as those terms are defined in the Settling Parties' Partial Class Action Settlement Agreements.

6. The Court appoints Named Plaintiff James Zollicoffer as Class Representative and attorneys Christopher J. Williams of the National Legal Advocacy Network, Joseph Sellers and Harini Srinivasan of Cohen, Milstein, Sellers & Toll, PLLC, and Christopher Wilmes and Caryn

Lederer of Hughes, Socol, Piers, Resnick & Dym, Ltd. as Class Counsel. The Court finds that the Class Representative and Class Counsel have provided adequate representation to the PSG Class.

7. The Court appoints Atticus Administration, LLC as the Claims Administrator. The Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

8. The Court approves, as to form and content, the proposed Notice of Partial Class Action Settlement with PSG and Claim Forms attached to the Settlement Agreement as Exhibits A, B, C and E, respectively. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

9. A Fairness Hearing for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on Friday, April 7, 2023 at 2:00 p.m. (CDT), in Courtroom 1419 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois and may be continued from time to time without further notice.

10. The Court finds that this partial PSG Class Action Settlement does not settle the claims of the PSG Class Representative or any of the PSG Class Members against Defendants Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty and Staffing Network Holdings, LLC ("Non-Settling Defendants") and that, as a part of this PSG Class Action Settlement, the PSG Class Representative and the PSG Class Members do not waive any of their rights or release any of their claims against the Non-Settling Defendants.

11. The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representative, the PSG Class and Defendant PSG for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the PSG Class

Action Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the PSG Class Action Settlement Agreement and dismissing this Litigation against PSG only with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) hearing and determining any application by Class Counsel for an award of attorneys' fees and costs; (3) supervising the distribution of the Settlement Fund; and (4) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

IT IS SO ORDERED.

/s/ John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge
Northern District of Illinois

Dated this _7th_ day of December, 2022