THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers,<br><br>Plaintiffs,<br><br>v.<br><br>VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY, STAFFING NETWORK HOLDINGS LLC and PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP<br><br>Defendants. | Case No. 12-C-9672<br><br>Judge Tharp |

**ORDER GRANTING FINAL APPROVAL OF THE PARTIAL CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF ZOLLICOFFER AND THE MVP SUBCLASS AND PERSONNEL STAFFING GROUP, LLC d/b/a MVP *ONLY***

Named Plaintiff James Zollicoffer and Defendant Personnel Staffing Group, LLC d/b/a d/b/a MVP ("MVP" or "PSG") (collectively the "Settling Parties") have reached a proposed Partial Class Action Settlement Agreement in this matter (the "MVP Settlement Agreement") which will resolve all of the claims alleged in Plaintiffs' Sixth Amended Complaint on behalf of the MVP Subclass, as defined below, against MVP only. Plaintiff Zollicoffer, through his counsel, has filed a motion for final approval of the proposed MVP Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed Plaintiff's motion, supporting memorandum and having held a public hearing on the fairness of the MVP Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. The MVP Subclass as defined below, was preliminarily certified, for settlement purposes, in this matter by an Order dated December 7, 2022 (ECF No. 637, ¶ 4). On February 21,

2023, this Court granted Plaintiffs' Motion for Class Certification, certifying the same MVP Subclass (ECF No. 640 at 14). The MVP Subclass is defined as follows:

> African American laborers who sought work assignments at MVP from offices that referred workers to Vee Pak during the period of January 1, 2011, up through and including October 21, 2013, but on one or more occasions were not assigned to work at Vee Pak during the class period.

2. The claims being certified for purposes of the MVP Settlement are limited to the Released Claims against MVP only and their respective Releasees as those terms are defined in the MVP Settlement Agreement, attached hereto as Attachment 1 and a part of this Order of Final Approval.

3. The Notice of Class Action Settlement ("Class Notice") sent to MVP assignees during the MVP Subclass Period from the MVP Cicero, Illinois Office via First Class Mail through the direct-mail notice program utilized, in conjunction with the publication in two newspapers, the *Chicago Sun Times* and *The Voice,* and publication on the website https://www.mvpsettlement.com/, adequately informed the Class Members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to request exclusion from the MVP Settlement Subclass and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement, among other information. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e) and the Due Process Clause of the United States Constitution.

4. The Court hereby approves the MVP Settlement Agreement between Plaintiff Zollicoffer, on the one hand, and the Settling Defendant MVP, on the other hand, which is attached hereto as Attachment 1 and as part of this Order, and finds that the Settlement is fair, reasonable, and adequate to all MVP Subclass Members. The Court finds that the strength of the Plaintiff's

case on the merits, weighed against Settling Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; and the settlement amount, is fair, reasonable and adequate settlement of the claims of the MVP Subclass under the circumstances; the Settlement was reached as a result of arms-length negotiations between the Settling Parties, and the support for the Settlement expressed by Class Counsel, who have significant experience representing parties in complex class actions, weighs in favor of approval; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement. The Court also finds that the Settlement was made in good faith pursuant to Section 2(c) of the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2(c), and barring any third-party claims for contribution and/or indemnity against Defendant.

5. As identified by the Plaintiff's Motion for Final Approval and supporting Memorandum of Law and the Declaration of the Settlement Administrator, attached thereto, the Court also finds that there were zero individuals who timely requested exclusion from the Class and zero individuals who objected to the Settlement Agreement.

6. The Court directs a payment in the amount of $5,000 to Named Plaintiff Zollicoffer as a Service Award from the MVP Settlement. The Court finds that this award is reasonable to compensate the Named Plaintiff for the assistance he provided to Class Counsel in this litigation and for the general releases he will execute. This payment shall occur on the "Effective Date" as defined in the parties' Settlement Agreement. MVP Settlement, III.A.14.

7. Pursuant to the parties' settlement agreement, the Court directs immediate payment to be issued to Atticus for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

8. The Court directs Atticus to hold the balance of the Settlement Amount, after payment of the Service Award to the Named Plaintiff and Settlement Administration Costs, in trust until the conclusion of this litigation or until otherwise directed by an order of this Court.

9. The Court hereby dismisses this case with prejudice against Defendant MVP *only*. All Class Members herein release and forever discharge MVP and the Released Parties from claims outlined and described in each Settlement Agreement at § V. The Named Plaintiff and MVP Subclass Members are explicitly not releasing any claims against any of the non-settling parties, including Vee Pak, LLC and Vee Pak, Inc., as a part of the Partial Class Action Settlement Agreement with MVP.

10. By consent of the Settling Parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Partial Class Action Settlement Agreement and any award from or distribution of the Qualified Settlement Fund ("QSF").

11. The Court grants final approval of the MVP Settlement Agreement and all of its terms as set forth within the Partial Class Action Settlement Agreement, attached hereto as Attachment 1 and part of this Order of Final Approval.

IT IS SO ORDERED.

*[signature: John J. Tharp]*

John J. Tharp
United States District Judge
Northern District of Illinois

Dated this 11 day of April 2023