**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers, | |
| Plaintiffs, | Case No. 12-C-9672 |
| v. | Judge John J. Tharp, Jr. |
| VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY and STAFFING NETWORK HOLDINGS, LLC, | |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**
**BETWEEN PLAINTIFFS AND DEFENDANTS VEE PAK, INC.,**
**VEE PAK, LLC AND STAFFING NETWORK HOLDINGS, LLC**

Plaintiffs Joe Eagle, Michael Keys, James Zollicoffer, and Evan Franklin ("Named Plaintiffs"), individually and on behalf of the below defined Class and Subclasses, and Defendants Vee Pak, Inc., Vee Pak, LLC, (collectively, "Vee Pak"), and Staffing Network Holdings, LLC ("Staffing Network") (collectively, "Defendants") have reached a proposed Class Action Settlement Agreement in this matter (the "Settlement Agreement") which will resolve all of the claims alleged in Plaintiffs' Sixth Amended Complaint on behalf of the Class and the Staffing Network, Alternative Staffing, Inc. ("ASI") and Personnel Staffing Group ("PSG" or "MVP") Subclasses, as defined below. Named Plaintiffs, through their counsel, have filed a motion for final approval of the proposed Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Named Plaintiffs' motion, supporting memorandum and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1.      The Class and the Staffing Network, ASI and MVP Subclasses, originally certified

by the Court by an Order dated February 21, 2023 (ECF No. 640 at 14) and subsequently modified

for settlement purposes as a part of the Settlement Agreement at §III.A.7, preliminarily approved

by this Court on December 18, 2024 (ECF No. 673) are, for settlement purposes, defined as:

The named Plaintiffs and all other members the following three subclasses:

> Staffing Network Subclass (represented by Plaintiffs Eagle and Keys)
> African American laborers who sought work assignments at Staffing
> Network from offices that referred workers to Vee Pak during the period of
> January 1, 2011 up through and including December 31, 2015, but on one
> or more occasion were not assigned to work at Vee Pak during the period
> of January 1, 2011 up through and including December 31, 2015.

> ASI Subclass (represented by Plaintiff Franklin)
> African American laborers who sought work assignments at Alternative
> Staffing, Inc. from offices that referred workers to Vee Pak during the
> period of January 1, 2011 up through and including January 16, 2018, but
> on one or more occasion were not assigned to work at Vee Pak during the
> period of January 1, 2011 up through and including January 16, 2018.

> MVP Subclass (represented by Plaintiff Zollicoffer)
> African American laborers who sought work assignments at Personnel
> Staffing Group, LLC d/b/a MVP from offices that referred workers to Vee
> Pak during the period of January 1, 2011 up through and including October
> 21, 2013, but on one or more occasion were not assigned to work at Vee
> Pak during the period of January 1, 2011 up through and including October
> 21, 2013.

2.      The claims being certified for purposes of the Settlement Agreement are limited to

the Released Claims against Defendants and their respective Releasees as those terms are defined

in the Settlement Agreement, attached hereto as Attachment 1 and a part of this Order of Final

Approval. Settlement Agreement at §§III.A.33 and III.A.34.

3.      The Notice of Class Action Settlement ("Class Notice") sent to Staffing Network,

ASI and MVP assignees from these three staffing agencies' offices that referred workers to Vee

Pak during the respective subclass periods via First Class Mail through the direct-mail notice

program utilized, in conjunction with the publication in two newspapers, the *Chicago Sun Times*

and *The Voice,* and publication on the website https://www.vpsettlement.com/, adequately informed the Class Members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Agreement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement, among other information. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e) and the Due Process Clause of the United States Constitution.

4.     The Court hereby approves the Settlement Agreement between Named Plaintiffs Joe Eagle, Michael Keys, James Zollicoffer, and Evan Franklin, individually and on behalf of the Class and Subclasses, Defendants Vee Pak, Inc., Vee Pak, LLC, and Staffing Network Holdings, LLC, on the other hand, and finds that the Settlement Agreement is fair, reasonable, and adequate to all Class and Subclass Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against the Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement Agreement; and the Class Settlement Fund is a fair, reasonable and adequate settlement of the claims of the Class and Subclasses under the circumstances; the Settlement was reached as a result of arms-length negotiations between the parties, and the support for the Settlement Agreement expressed by Class Counsel, who have significant experience representing parties in complex class actions, weighs in favor of approval; and the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement Agreement. The Court also finds that the Settlement was made in good faith pursuant to Section 2(c) of the Illinois Joint Tortfeasor

Contribution Act, 740 ILCS 100/2(c), and barring any third-party claims for contribution and/or indemnity against Defendants.

5.      As identified in the Plaintiffs' Motion for Final Approval and supporting Memorandum of Law and the Declaration of the Settlement Administrator, attached thereto, the Court also finds that there were only two individuals who timely requested exclusion from the Class and zero individuals who objected to the Settlement Agreement.

6.      As identified in the Plaintiffs' Motion for Final Approval and supporting Memorandum of Law and the parties' presentation at the fairness hearing, the Court finds that Defendants Vee Pak and Staffing Network provided necessary notice of the parties' settlement to the U.S. Attorney General and applicable state Attorneys General in compliance with the Class Action Fairness Act, 28 U.S.C. §1715(b) and that no objections were lodged by any Attorney General.

7.      The Court directs Atticus Administration, LLC (the "Claims Administrator" or "Atticus") to make payments as Service Awards from the Total Settlement Amount to the Named Plaintiffs in the following amounts: to Plaintiff Joe Eagle, a payment in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00); to Plaintiff Michael Keys, a payment in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00); to Plaintiff Evan Franklin, a payment in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00); and to Plaintiff James Zollicoffer, a payment in the amount of Ten Thousand and 00/100 Dollars ($10,000.00). The Court finds that these awards are reasonable to compensate the Named Plaintiffs for the assistance they provided to Class Counsel in this litigation and for the general release of claims they are giving to Defendants. This payment shall occur on the "Effective Date" as defined in the parties' Settlement Agreement. Settlement Agreement, §III.A.21.

8.      The Court directs payment to Class Counsel, a total sum of Four Million, Four Hundred and Sixty-Seven Thousand, Six Hundred and Fifty-Three and 97/100 Dollars ($4,467,653.97) as an award of attorneys' fees and costs. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur on the "Effective Date" as defined in the parties' Settlement Agreement. Settlement Agreement, §III.A.21.

9.      Pursuant to the parties' Settlement Agreement, the Court directs immediate payment of Two Hundred, Twenty-Two Thousand, One Hundred and Twenty-Six and 00/100 Dollars ($222,126.00) to be issued to Atticus for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

10.     The Court directs Atticus to issue settlement checks to: (a) all Class Members who filed a Valid Claim, as set out in the Settlement Agreement; and, (b) to all Class Members who filed a claim form by the date of the fairness hearing but after the claims deadline and that was otherwise valid, by agreement of the parties and with the approval of the Court. The Settlement Payments should be made on or as soon as practicable after the "Effective Date" as defined in the parties' Settlement Agreement. Settlement Agreement, §§III.A.21 and III.A.38.

11.     The Court hereby dismisses this case with prejudice. All Class Members herein release and forever discharge Vee Pak, Inc., Vee Pak, LLC, and Staffing Network Holdings, LLC and the Released Parties from claims outlined and described in the Settlement Agreement at §V.

12.     By consent of the parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Class Action Settlement Agreement and any award from or distribution of the Qualified Settlement Fund ("QSF").

13.     The Court grants final approval of the Settlement Agreement and all of its terms as set forth within the Class Action Settlement Agreement, attached hereto as Attachment 1 and part of this Order of Final Approval.

IT IS SO ORDERED.

John J. Tharp, Jr.
United States District Judge
Northern District of Illinois

Dated this 19th day of April 2024

# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers, | |
| Plaintiffs, | |
| v. | |
| VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY and STAFFING NETWORK HOLDINGS LLC, | Case No. 12 C 9672 Judge Tharp |
| Defendants. | |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release (the "Class Settlement Agreement" or "Settlement") is entered into by and between Plaintiffs Joe Eagle, Michael Keys, James Zollicoffer and Evan Franklin ("Plaintiffs" or "Named Plaintiffs") and the class and subclasses of individuals they represent (as hereinafter defined) and Defendants Vee Pak, Inc. and Vee Pak, LLC d/b/a Voyant Beauty (collectively "Vee Pak") and Staffing Network Holdings, LLC ("Staffing Network").

## I.     INTRODUCTION

Subject to approval by the Court, this Settlement Agreement sets forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and a class of African Americans (specifically defined below in Section III.A.7.), on the one hand, and Defendants Vee Pak and Staffing Network ("Defendants") (collectively the "Parties"), on the other hand have settled and resolved all race discrimination claims and claims for fees, costs and expenses that were raised or

1

could have been raised in the Action captioned *Eagle, et al. v. Vee Pak, Inc., et al.* (Case No. 12-cv-09672 (N.D. Ill. 2012)), in the United States District Court for the Northern District of Illinois, against the Settling Defendants, as described in greater detail in Section V below. Race discrimination claims against former defendants in this action, Alternative Staffing, Inc. ("ASI") and Personnel Staffing Group, LLC d/b/a MVP ("MVP"), were resolved through class settlement agreements previously approved by this Court. *See* ECF Nos. 355 and 654, respectively. Final approval of this Class Settlement Agreement would resolve all remaining claims in this case and result in dismissal of the entire matter with prejudice.

## II. <u>NATURE AND RESOLUTION OF THE CASE</u>

A.  On December 5, 2012, certain plaintiffs, on behalf of themselves and all other similarly situated individuals filed a Class Action Complaint in the United States District Court for the Northern District of Illinois, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). On December 16, 2020, Plaintiffs filed their Sixth Amended Class Action Complaint, alleging violations of Section 1981, which is the operative complaint in this matter (the "Complaint"). ECF No. 514.

B.  Counsel for the Parties are experienced class action attorneys. They have vigorously pursued their positions and the rights of their clients through extensive briefing, legal and factual analysis, as well as discovery. In light of the novel legal issues briefed to date and the potential risk and delay in the event this case proceeded to trial, the Parties elected to engage in settlement discussions during the time the Action has been pending.

C.      After almost eleven years of litigation and multiple unsuccessful attempts to settle this

matter, this Court granted Plaintiffs' Motion for Class Certification on February 21, 2023 and

entered an order certifying the following three Subclasses:

> Staffing Network Subclass (represented by Plaintiffs Eagle and Keys)
> African American laborers who sought work assignments at Staffing
> Network from offices that referred workers to Vee Pak during the period of
> January 1, 2011 up through and including December 31, 2015, but on one
> or more occasion were not assigned to work at Vee Pak during the period
> of January 1, 2011 up through and including December 31, 2015.
>
> ASI Subclass (represented by Plaintiff Franklin)
> African American laborers who sought work assignments at Alternative
> Staffing, Inc. from offices that referred workers to Vee Pak during the
> period of January 1, 2011 up through and including December 31, 2015, but
> on one or more occasion were not assigned to work at Vee Pak during the
> period of January 1, 2011 up through and including December 31, 2015.
>
> MVP Subclass (represented by Plaintiff Zollicoffer)
> African American laborers who sought work assignments at Personnel
> Staffing Group, LLC d/b/a MVP from offices that referred workers to Vee
> Pak during the period of January 1, 2011 up through and including October
> 21, 2013, but on one or more occasion were not assigned to work at Vee
> Pak during the period of January 1, 2011 up through and including October
> 21, 2013.
>
> ECF No. 643, at *13-14, 48.

D.      Following entry of the Order, the Parties again discussed the possibility of settlement of

this matter and sought and obtained a stay in this litigation. *See* ECF Nos. 656, 658, 660. The

Parties re-engaged the services of the experienced mediator, Hunter Hughes, who had facilitated

previous settlement attempts. During the negotiations, counsel for the Plaintiffs and Defendants

bargained vigorously on behalf of their respective clients. After multiple in-person, virtual and

telephonic sessions with the mediator, the Parties reached a settlement of this matter on a class-

wide basis. All negotiations were conducted at arm's length and in good faith. The Parties now

seek preliminary approval of the Class Action Settlement.

E.      The Named Plaintiffs and the Defendants and their counsel believe that the Settlement Amount (as defined in Section III.A.37. below) is fair and reasonable, and Named Plaintiffs believe that it is in their best interests and the best interests of the Class and Subclasses to resolve their claims against Vee Pak and Staffing Network at this time.

F.      The Parties and their counsel recognize that following almost eleven years of litigation, significant uncertainties remain. In the absence of an approved settlement, they would face further litigation, including but not limited to a potential motion for summary judgment from Defendants, motion for decertification, a trial, and potential appellate proceedings, all of which would consume time and resources, and present ongoing litigation risks and uncertainties. The Parties wish to avoid these risks and uncertainties, as well as the consumption of time and resources, and have decided that an amicable settlement pursuant to the terms and conditions of this Class Settlement Agreement is more beneficial than continued litigation.

G.      The Settling Defendants specifically and generally deny all of the claims asserted in the Action, deny any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Action, and make no concession or admission of wrongdoing or liability of any kind whatsoever. This Settlement Agreement does not, and is not intended to, constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any party in this case. The Defendants do not admit or concede anything, expressly or impliedly, by entering into this Class Settlement Agreement. The Defendants deny they have in any way violated Title VII, Section 1981, or any parallel federal, state, or local laws prohibiting race discrimination or retaliation, the common law of any jurisdiction, or any other federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any other obligation or duty at law or in equity. Neither the Court nor any other

court has made any findings or expressed any opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this Action.

H.      Neither this Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications between the Parties, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to this Class Settlement Agreement, is intended by the Parties to, nor shall any of the foregoing constitute, be introduced, be used or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other proceeding of whatsoever kind or nature, including as evidence of discrimination, retaliation, or harassment, or as evidence of any violation of Title VII, Section 1981, parallel federal, state, and local laws prohibiting race discrimination or retaliation, the common law of any jurisdiction, or any other federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in Court to enforce or implement any provision of this Settlement Agreement or implement any orders or judgments of the Court entered in connection herewith.

## III.      __GENERAL TERMS OF THE SETTLEMENT AGREEMENT__

A.      _Definitions_. The defined terms set forth herein shall have the meanings ascribed to them below.

      1.      "Action" means _Eagle, et al. v. Vee Pak, Inc., et al._ (Case No. 12-cv-09672 (N.D. Ill. 2012)).

      2.      "Award(s)" means the Monetary Awards as described in Section III.A.25. below.

3.     "Claimants" means the Class Members who have submitted a Valid Claim Form to the Claims Administrator. The Named Plaintiffs shall be deemed to be Claimants without being required to submit a Claim Form.

4.     "Claim Form" means the form, attached as Exhibit A, that Claimants must submit to the Claims Administrator within the time period directed by the Court in order to receive a Monetary Award in the claims process described in Section VI.C. below.

5.     "Claims Administrator" means Atticus Administration, LLC, located in Mendota Heights, MN, the third-party claims administration firm to be selected by Class Counsel to fulfill the duties set forth herein, including to serve Notice and administer aspects of the claims process and Settlement Fund pursuant to Section VI. Below and related orders of the Court.

6.     "Claims Administrative Costs" means all costs incurred by the Claims Administrator in connection with the administration of the Settlement and the Settlement Fund including, but not limited to, those related to sending Notice, claims processing, legal advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below), the Claims Administrator's fees and expenses, and costs of the claims resolution process. The Claims Administration costs shall be paid from the Settlement Amount, and the Defendants will not have any responsibility for contributing additional funds to the Qualified Settlement Fund.

7.     "Settlement Class" means the three subclasses which include the named Plaintiffs:

Staffing Network Subclass (represented by Plaintiffs Eagle and Keys)
African American laborers who sought work assignments at Staffing Network from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including December 31, 2015, but on one

6

or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including December 31, 2015.

ASI Subclass (represented by Plaintiff Franklin)
African American laborers who sought work assignments at Alternative Staffing, Inc. from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including January 16, 2018, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including January 16, 2018.

MVP Subclass (represented by Plaintiff Zollicoffer)
African American laborers who sought work assignments at Personnel Staffing Group, LLC d/b/a MVP from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including October 21, 2013.

8.      "Settlement Class Claims Certified" means all Released Claims as defined herein.

9.      "Class Counsel" means Christopher J. Williams of the National Legal Advocacy Network, Joseph Sellers and Harini Srinivasan of Cohen, Milstein, Sellers & Toll, P.L.L.C. and Christopher Wilmes and Caryn Lederer of Hughes Socol Piers Resnick & Dym, Ltd.

10.      "Class Member" means an individual who is a member of any of the three subclasses and who does not opt out of this Class Settlement Agreement through the opt out procedures set forth herein.

11.      "Settlement Class Period" means, for the Staffing Network subclass, the period running from January 1, 2011 through December 31, 2015, for the ASI subclass, the period running from January 1, 2011 through January 16, 2018, and for the MVP subclass, the period running from January 1, 2011 through October 21, 2013.

12.      "Class Settlement Agreement" means the terms and conditions set forth in this Class Action Settlement Agreement of this matter.

7

13.     "Class Settlement Fund" means Six Million Six Hundred Thousand and 00/100 Dollars ($6,600,000.00), including any interest earned thereon, less the costs of claims administration, the service awards to the Named Plaintiffs as awarded by the Court as described in Section VII.B. and the Defendants' (employer's) share of payroll taxes, plus any amount not awarded as attorneys' fees and costs as described in Section VII.A.

14.     "Court" means the United States District Court for the Northern District of Illinois in the Eastern Division.

15.     "Defendant Staffing Network" or "Staffing Network" means Staffing Network Holdings, LLC.

16.     "Defendant Staffing Network's Counsel" means the law firm of Korey Richardson, LLP.

17.     "Defendant Staffing Network's Releasees" means Staffing Network Holdings, LLC and each of its current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present owners, shareholders, advisors, directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and representative capacities.

18.     "Defendant Vee Pak" or "Vee Pak" means Vee Pak, Inc. and Vee Pak, LLC d/b/a Voyant Beauty.

19.     "Defendant Vee Pak's Counsel" means the law firms of McDermott Will & Emory LLP and Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.

20.     "Defendant Vee Pak's Releasees" means Vee Pak, Inc. and Vee Pak, LLC d/b/a Voyant Beauty and each of their current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present owners, shareholders, advisors, directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, insurers, co-insurers, re-insurers, managers, attorneys, and personal or legal representatives, in their individual and representative capacities.

21.     Effective Date" means the date on which all of the following have occurred: (1) the Court has finally approved and entered this Class Settlement Agreement; (2) the Court has entered an Order and Judgment dismissing this Action with prejudice, with continuing jurisdiction limited to enforcing this Class Settlement Agreement; and (3) the time for appeal has either run without an appeal being filed or any appeal (including any requests for rehearing *en banc*, petitions for *certiorari* or appellate review) has been finally resolved.

22.     "Fairness Hearing" means the hearing at which the Court will consider final approval of this Class Settlement Agreement and related matters.

23.     "Final Approval Date" means the date on which the Court grants final approval of this Class Settlement Agreement.

24.     "Judgment" means the judgment to be rendered by the Court pursuant to this Class Settlement Agreement.

25.     "Monetary Awards" means the individual monetary awards given to Claimants as described in Section VI. below.

26. "Notice" means the "Notice of Class Action, Proposed Class Settlement Agreement, and Fairness Hearing," in the form attached hereto as Exhibits B (Abridged Notice) and C (Unabridged Notice).

27. "Notice Packet" means the Claim Form and the Abridged Notice of Class Action Proposed Class Settlement Agreement, and Fairness Hearing, which the Claims Administrator will mail directly to Class Members and potential Class Members in the forms attached hereto as Exhibits A and B.

28. "Opt-Out Request" means a written request to the Claims Administrator signed by a Class Member requesting exclusion from this Class Settlement Agreement, which must: (i) be signed by the Class Member; (ii) contain the name, address, telephone number of the Class Member requesting exclusion; (iii) clearly state that the Class Member is aware that by opting out he or she will forego the opportunity to receive monetary benefits from this Class Settlement Agreement and that he or she does not wish to be included in the Settlement Agreement; (iv) be returned by mail to the Claims Administrator at the specified address; and (v) be received by a date certain, to be specified on the Notice.

29. "Opt-Outs" means any Class Member who timely submits an Opt-Out Request.

30. "Order Granting Preliminary Approval" means the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Settlement Agreement, the manner and timing of providing notice to the Class, and the time period for objections, substantially in the form attached hereto as Exhibit D.

31. "Plaintiffs' Counsel" means Class Counsel as defined above.

32.     "Preliminary Approval Date" means the date that the Court enters the Order Granting Preliminary Approval of this Settlement.

33.     "Released Claims" means any and all race discrimination claims against the Defendants' respective Releasees as of the date of execution of this Agreement that arise out of the same transactions or occurrences alleged in Plaintiffs' complaints filed in this case and arising during the period of January 1, 2011 up through and including January 1, 2019. Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty, and Staffing Network Holdings, LLC each represent, for themselves only, that – other than this lawsuit – there are no pending claims of race discrimination filed against them, whether in an administrative agency or in a court, that allege discrimination occurring before January 1, 2019.  The scope of release for the Defendants' respective Releasees shall be the same as permitted under the doctrine of *res judicata*.  The Released Claims also include the release of any and all claims for fees, including attorneys' fees, costs and expenses incurred by any attorney or anyone acting on behalf of any Named Plaintiff or plaintiff to this Action, and shall include a release of attorneys' liens in favor of Defendants, if any.

34.     "Releasees" means the Vee Pak Releasees and Staffing Network Releasees collectively.

35.     "Remainder Fund" means any portion of the Class Settlement Fund funds distributed to Claimants pursuant to Section VI.A.3. and which are not negotiated, and which become void within the time period prescribed in Section VI.A.3(f-g).

36.     "Service Award" means an amount approved by the Court to be paid to the Named Plaintiffs as set forth in Section VII.B. in addition to the Monetary Award of each as a Claimant, in recognition of their efforts on behalf of members of the subclasses.

37.　"Total Settlement Amount" means the amount of Eleven Million One Hundred Thousand and 00/100 Dollars ($11,100,000.00) to be paid by Defendants, of which Vee Pak shall pay Nine Million Five Hundred Seventy-Five Thousand and 00/100 Dollars ($9,575,000.00) and Staffing Network shall pay One Million Five Hundred Twenty-Five Thousand and 00/100 Dollars ($1,525,000.00) under the terms of this Class Settlement Agreement for the Monetary Awards to Class Members, including the employee's share of payroll taxes, Plaintiffs and Class Counsel's attorneys' fees and costs, Administrative Costs and Service Awards. The Settlement Amount shall be the only payment obligation of Vee Pak and Staffing Network or their respective insurers under this Agreement or otherwise in connection with the complete resolution of this Action against Vee Pak and Staffing Network.

38.　"Valid Claim" means a claim that is filed with the Claims Administrator within the timeframe designated by the Court and which is signed, dated with the response to both questions (1) and (2) contained in the Claim Form, attached hereto as Exhibit A, answered under oath in the affirmative and is otherwise materially complete. The Claims Administrator will be the sole and final arbiter of whether submitted claim forms are valid.

B.　<u>Cooperation</u>. The Parties agree that they will cooperate to effectuate and implement all terms and conditions of this Class Settlement Agreement, and exercise good faith efforts to accomplish the terms and conditions of this Class Settlement Agreement. The Parties agree to accept non-material and procedural changes to this Class Settlement Agreement if so required by the Court in connection with Final Approval of the Class Settlement Agreement, but are not obligated to accept any changes in the monetary amount of relief, or any other material substantive change.

## IV.　**COURT APPROVAL, CLASS NOTICE, AND FAIRNESS HEARING**

A.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Class Settlement Agreement, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

B.    <u>Preliminary Approval</u>.

1.    Upon execution of this Class Settlement Agreement, Plaintiffs shall file a motion with the Court for an order preliminarily approving this Class Settlement Agreement; approving the Notice to be sent to Class Members and potential Class Members describing the terms of the Class Settlement Agreement and informing them of their rights to submit objections or opt out; and preliminarily enjoining, pending the outcome of the Fairness Hearing, (i) all Class Members from commencing, prosecuting, or maintaining any claim against Vee Pak or Staffing Network already asserted in, or encompassed by, this Action, and (ii) all Class Members from commencing, prosecuting, pursuing or maintaining in any court or forum other than the Court, any claim, action, or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision, or ruling of the Court against Vee Pak or Staffing Network in connection with this Class Settlement Agreement or against Vee Pak or Staffing Network otherwise in connection with this Action.

C.    <u>Notice to Class Members; Responses to the Notice</u>.

1.    The Court will appoint a Claims Administrator to perform the following tasks, among others:

a.    Distribute Notice to Class Members and potential Class Members;

           b.      Receive and forward to Class Counsel and Vee Pak's and Staffing Network's Counsel any Objections to the proposed settlement or Opt-Out Requests from Class Members;

           c.      Distribute and receive Claim Forms and other documents; and

           d.      Properly process the Awards, including for tax purposes as directed in Section VII. below.

           2.      No later than sixty (60) calendar days following the Preliminary Approval Date, or as directed by the Court, the Claims Administrator shall mail the Notice Packet, made up of the Claim Form and Abridged Noticed attached hereto as Exhibits A and B, respectively, to each Class Member and potential Class Member contained on the list of assignees from (a) Staffing Network's Cicero, Chicago South/Burbank Offices from January 1, 2011 through December 31, 2015 ("Staffing Network's Assignee List"), (b) from ASI's Cicero Office from January 1, 2011 through January 16, 2018 ("ASI's Assignee List") and (c) from MVP's Cicero Office from January 1, 2011 through October 21, 2013 ("MVP Assignee List"). For the Staffing Network Subclass, this list will be provided to Plaintiffs' counsel by Defendant Staffing Network's Counsel. For the ASI Subclass, this is the list that the Claims Administrator used to provide notice to ASI Subclass Members and potential ASI Subclass Members of their rights to opt out of the Class, as updated by the Claims Administrator based on communications with ASI Subclass Members and potential ASI Subclass Members. For the MVP Subclass, this is the list utilized by the Claims Administrator to provide notice to MVP Subclass Members and potential MVP Subclass Members of their rights to opt out of the Class, as updated by the Claims Administrator based on communications with MVP Subclass Members and potential Subclass Members.

3. In order to provide the best notice practicable, before mailing the Notice and Claim Forms, the Claims Administrator will run the Staffing Network, ASI, and MVP Assignee Lists through the United States Postal Service's National Change of Address database ("NCOA").

4. If envelopes from the mailing of the Notice and Claim Forms are returned with forwarding addresses, the Claims Administrator will re-mail the Notice and Claim Forms to the new addresses within five (5) business days.

5. In the event that a Notice and Claim Form are returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to ascertain the current address of the particular Class Member or potential Class Member in question, and, if such an address is ascertained, the Claims Administrator will re-send the Notice and Claim Form within five (5) business days of receiving the newly ascertained address; if no updated address is obtained for that Class Member or potential Class Member, the duty of the Settling Parties and the Claims Administrator to deliver the Notice and Claim Form shall be deemed satisfied.

6. No later than the date of the first mailing of Notice Packets to the Class List, the Claims Administrator shall cause to be established a *Vee Pak* Class Action Settlement website at the URL www.VeePak_Settlement.com, or similar name as available, which shall contain the information in the Notice, Exhibits B and C, as well as a downloadable claim form, Exhibit A, which shall remain active for not less than the sixty (60) day claim period.

7. Within fourteen (14) calendars days of the mailing of the Notice Packet, the Claims Administrator shall cause to be published in the Chicago Sun Times and The Voice

Newspapers, two community newspapers serving the African American community in the Chicago area, the information contained in Exhibit E, attached hereto.

D.    Objections.

       1.    Class Member objections to this Class Settlement Agreement must be in writing, signed, and submitted to the Claims Administrator; must include a detailed description of the basis of the objection; and must indicate whether the Class Member intends to appear at the Fairness Hearing. To be timely and considered by the Court, objections must be received at least seven days before the Final Approval Hearing.

       2.    The Claims Administrator shall provide counsel for both parties all objections it receives from Class Members.

       3.    Class Counsel will file with the Court all timely submitted and served objections with the Court.

E.    Exclusions/Opt-Outs.

       1.    A Class Member who submits a timely Request for Exclusion Form or Opt-Out Request shall NOT: (i) be bound by an order of final or judgments entered in this Lawsuit; (ii) be entitled to benefits or relief under this Agreement; (iii) gain rights by virtue of this Agreement; and (iv) be entitled to object to the Agreement or appeal from an order of the Court.

       2.    The notice shall advise Class Members of their option to exclude themselves from this Class Settlement Agreement, the procedure by which to do so and that, if they exclude themselves from the Class Settlement Agreement: (i) they will not be entitled to receive any award or other benefit from the Settlement; and (ii) they will not be bound by the terms of the Settlement, including by the release of claims against the

16

Released Parties, and will be able to pursue claims on their own against the Released Parties, subject to Defendants' defenses.

       3.      Any Class Member who wishes to opt out of the Class for purposes of this Class Settlement Agreement must mail to the Claims Administrator a written, signed statement that he or she is opting out. Opt-Out Requests must be postmarked or otherwise received by the Claims Administrator within sixty (60) days after Notice is mailed to Class Members. Upon receipt of an Opt-Out Request, the Claims Administrator shall promptly notify, and send a copy of the Opt-Out Request to counsel for the Settling Defendant and to Class Counsel, and shall provide Class Counsel with such Class Member's last known telephone number as reflected in the Opt-Out Request. If a fully completed and properly executed Request for Exclusion is not timely received by the Settlement Administrator from a Class Member, then that Class Member will be deemed to have forever waived his or her right to opt out of the Class.  The Claims Administrator shall determine whether a Class Member has timely and properly opted out of this Settlement Agreement. Those decisions will be final. Class Counsel shall file with the Court all timely Opt-Out Requests.

      4.      Class Members who file Opt-Out Requests may rescind their Opt-Out Request. To be effective, such rescissions must be in writing and must be received by the Claims Administrator at least seven (7) days before the Fairness Hearing.

F.     <u>Fairness Hearing</u>.

      1.      Upon Preliminary Approval, a briefing schedule and Fairness Hearing date will be set at the Court's convenience. Class Counsel will prepare, for Defense Counsel's review, a motion for final approval of the Settlement which will include a proposed order, (1) granting Final Approval of the Settlement; (2) adjudging the terms of settlement to be fair, reasonable, and

adequate; (3) directing the Parties to carry out the Settlement's terms and provisions, including by distributing settlement awards to Class Members; and (4) approving payment of attorneys' fees, not to exceed Four Million and 00/100 Dollars ($4,000,000.00) and costs to Class Counsel in an amount not to exceed Five Hundred and 00/100 Dollars ($500,000.00).

2.    The Plaintiffs' Motion for Final Approval will be due no later than forty-five (45) days following the close of the opt-out and claim period, and the Fairness Hearing will be held no sooner than one hundred (100) days following the filing Plaintiffs' Motion for Preliminary Approval to provide Defendants adequate time to comply with their Class Action Fairness Act notice obligations, unless agreed to by the Parties or set by the Court. Neither this Class Settlement Agreement nor the Court's Preliminary or Final Approval hereof shall be admissible in any court regarding any issue or subject (except for the purpose of enforcing this Class Settlement Agreement).

3.    Plaintiffs' Motion for an Award of Fees and Costs shall be filed by Plaintiffs' Counsel not less than thirty (30) days before the fairness hearing. The notice shall advise Class Members of the date such motion will be filed and that it will be made available on the Settlement website for download and/or review.

4.    The time periods referenced in this Section IV are guidelines; actual dates will be determined by the Court.

5.    Except as to a request for an award of attorneys' fees by Class Counsel, if this Class Settlement Agreement is not approved by the Court or for any other reason is terminated or fails to become effective in accordance with its terms (or if, following approval by this Court, such approval is reversed or substantively modified), the Parties shall be restored to their respective positions that existed in this Action prior to entering into this Class Settlement Agreement; the

terms and provisions of this Class Settlement Agreement shall have no force or effect and shall not be used in this Action or in any proceeding for any purpose; the Settlement Fund shall be returned to the Defendants, including any interest earned through the date of termination (after deducting all class administration costs and expenses, including costs of providing Notice to Class Members, and all costs paid or incurred by the Claims Administrator, as of the date of termination); any judgment entered by the Court in accordance with the terms of this Class Settlement Agreement shall be treated as vacated, *nunc pro tunc*; and the litigation of the Action will resume as if there had been no Class Settlement Agreement. In such event, the Parties retain all rights, claims, and defenses to any of the allegations asserted in this Action and the Defendants retain their right to appeal class certification. In the event that the Court fails to approve this Class Settlement Agreement only with respect to an award of attorneys' fees to Class Counsel, the Parties agree that the Court may enter an Order approving this Class Settlement Agreement as to the Named Plaintiffs and the Class only and to direct the implementation of this Class Settlement Agreement in these respects only. This Class Settlement Agreement will not be considered an admission of liability or damages by the Settling Defendants.

## V.      **RELEASE/BAR OF CLAIMS**

A.      As of the Effective Date, all Class Members will irrevocably and forever release all Released Claims as defined in Section III.A.33. above. Class Members (including their heirs, administrators, representatives, executors, successors, and assigns) expressly waive any and all provisions, rights and benefits conferred under or by any law of any state or territory of the United States. The claims being released are the same as the Settlement Class Claims Certified. For the avoidance of doubt, Class Members who do not opt out will release the Released Claims regardless of whether they submit a claim form.

B.  Named Plaintiffs' General Release.  As a condition of receiving a Service Award in conjunction with this Settlement Agreement, in this "General Release," the Named Plaintiffs knowingly and voluntarily release and forever discharge each Defendant's Releasees as defined herein, of and from any and all claims, known and unknown, asserted or unasserted, which each of the Named Plaintiffs has or may have against each Defendant's Releasees as of the date of execution of this Agreement except as limited in Section V.C. below, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Illinois Human Rights Act;
- 820 ILCS 305/4(h) of the Illinois Workers' Compensation Act;
- Illinois common law regarding retaliation or discrimination for filing a workers' compensation claim;
- Illinois Equal Pay Act;
- Illinois School Visitation Rights Act;
- Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- Illinois Genetic Information Privacy Act;
- Illinois One Day Rest in Seven Act;
- Illinois Eight Hour Work Day Act;
- Illinois Health and Safety Act;
- Illinois Whistleblower Act;
- Illinois Victims' Economic Safety and Security Act;
- Illinois Worker Adjustment and Retraining Notification Act;
- Illinois Personnel Records Review Act;
- Illinois Criminal Identification Act;
- Illinois Voter Leave Act;
- Illinois Family Military Leave Act;

- Illinois Joint Agency Rules of Sex Discrimination;
- Illinois Joint Agency Rules on National Origin Discrimination;
- Illinois Human Rights Commission Rules on Handicap Discrimination;
- Illinois Human Rights Commission Rules on Unfavorable Military Discharge Discrimination;
- Smoke Free Illinois Act;
- Illinois Blood Donation Leave Act;
- Illinois Civil Patrol Leave Law;
- Illinois Jury Duty Leave Law;
- Illinois Official Meetings Leave Law;
- Illinois Witness Duty Leave Law;
- Illinois Working Mothers in the Workplace Act;
- Illinois Common Law Claims for Unlawful Retaliatory Discharge in Violation of Public Policy;
- Illinois Employee Sick Leave Act;
- Illinois Child Bereavement Leave Act;
- Illinois Biometric Information Privacy Act;
- Cook County Human Rights Ordinance;
- Cook County Earned Sick Leave Ordinance;
- Chicago Human Rights Ordinance, as amended;
- Chicago Earned Sick Leave Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

In exchange for providing this General Release, Defendants shall pay the Named Plaintiffs the Service Award, which amount shall be subject to ordinary withholdings.

C.     The General Release by the Named Plaintiffs in this Class Settlement Agreement does not waive any rights that cannot be waived by law, including the Named Plaintiffs' right to file a charge of discrimination with an administrative agency, such as the U.S. Equal Employment Opportunity Commission and their right to participate in any agency investigation or proceeding. The Named Plaintiffs are waiving, however, any right to recover money in connection with such a charge or investigation involving a released claim, whether initiated by a Named Plaintiff or by another party, against Vee Pak or Staffing Network up through the date of execution of this Agreement.

D.     The terms of the Releases, set forth in Section V.A. above for Class Members and Section V.B. above for the Named Plaintiffs, are a material part of this Class Settlement Agreement and are hereby incorporated as if fully set forth in the Class Settlement Agreement; if these Releases, set forth in Section V.A. above for Class Members and in Section V.B. for the Named Plaintiffs, are not finally approved by the Court, or the Class Settlement Agreement does not become effective for any reason and the Class Settlement set forth in this Class Settlement Agreement terminates as provided in Section VIII. of this Class Settlement Agreement, then the Releases shall terminate *nunc pro tunc* and be of no force and effect.

E.     The Defendants each release and forever discharge all claims, counter-claims, cross-claims, demands, rights, liabilities against the Named Plaintiffs', their counsel, heirs, administrators, representatives, executors, successors, and assigns in relation to their effort to seek work at Vee Pak through Staffing Network, ASI and MVP or work performed at Vee Pak, known or unknown, asserted or unasserted, which the Defendants have or may have against the Named Plaintiffs as of the date of execution of this Agreement.

## VI.   **MONETARY RELIEF**

A.     Settlement Fund.

1.     No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendant Vee Pak shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the amount of Four Hundred Thirty-One Thousand Three Hundred Six and 31/100 Dollars ($431,306.31). No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendant Staffing Network shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the amount of Sixty-Eight Thousand Six Hundred Ninety-Three and 69/100 Dollars

($68,693.69). No later than fourteen (14) calendar days after the Final Approval Date, Settling Defendant Vee Pak shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the amount of Nine Million One Hundred Forty-Three Thousand Six Hundred Ninety-Three and 69/100 Dollars ($9,143,693.69). No later than fourteen (14) calendar days after the Final Approval Date, Defendant Staffing Network shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the amount of One Million Four Hundred Fifty-Six Thousand Three Hundred Six and 31/100 Dollars ($1,456,306.31). These payments are made in order to satisfy the claims of the Named Plaintiffs and Class Members released in this Class Settlement Agreement, as well as for other purposes identified in this Class Settlement Agreement. The Total Settlement Amount shall constitute the total monetary outlay by the Defendants with respect to: (a) the resolution of this matter; (b) this Class Settlement Agreement (and attachments); and (c) the dismissal of this Action. The amounts for which each Defendant is responsible for paying shall be that Defendant's only payment obligation(s), and failure of the other Defendant to pay its portion of the Total Settlement Amount shall not impact the resolution of this Action between the other Defendant pursuant to the Class Settlement Agreement.

2.    The Claims Administrator shall hold each Defendant's share of the Total Settlement Amount in trust until the Effective Date.

3.    Once this Class Settlement Agreement is approved by the Court, the Named Plaintiffs will formulate an appropriate plan for distribution of the Class Settlement Fund to the Class Members, which will be subject to approval by the Court.  However, it is understood and agreed by the Parties that:

a. The Class Settlement Fund as defined in Section III.A(13) will be distributed through a claims-made process based on the formulas described below; and

b. Each Claimant shall receive an equal pro rata share of the Class Settlement Fund (Class Settlement Fund ÷ Total Valid Claims). Thirty percent (30%) of each Claimant's Settlement Award shall be considered back wages and the remaining seventy percent (70%) of each Claimant's Settlement Award shall be considered compensatory damages and interest accrued on back wages.

c. Appropriate withholding of federal, state, and local income taxes and the Claimants' share of Federal Insurance Contribution Act ("FICA") taxes shall be deducted from the portion of the Settlement Payments considered to be wages, as well as the Service Awards, and reported on an IRS Form W-2.

d. No withholdings shall be deducted from the portion of the Settlement Payments considered to be compensatory damages and interest and such portion shall be reported on an IRS Form 1099 where required by law.

e. Other than the withholding and reporting requirements herein, each Claimant shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Agreement.

f. All Settlement Awards shall be made by check with "Void after 90 Days" printed on the check and any Settlement Awards not negotiated within ninety (90) days shall become void. Any funds payable in unnegotiated checks that become void shall become part of the Remainder Fund.

g. Within ninety (90) days after unnegotiated Settlement Payment checks become void, the Claims Administrator shall determine if there are sufficient funds in the

Remainder Fund to justify the cost of redistributing the Remainder Amount to Claimants who negotiated their checks within the prescribed time period and, if so, shall redistribute any Remainder Fund to such Class Members on a pro rata basis. If the Claims Administrator determines there are not sufficient funds in the Remainder Fund to redistribute such funds to Claimants, the Claims Administrator shall remit the Remainder Fund to the Chicago Bar Foundation or another non-profit organization approved by the Court as *cy pres*. Under no circumstances will Defendants be required to pay any additional administration fees or costs relating to the Remainder Fund.

B.    Administration of Settlement Fund.

The Settlement Fund will be placed in an account titled in the name of Vee Pak Settlement Fund, a Qualified Settlement Fund, intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.* At the time the Claims Administrator is directed by Order of the Court to distribute the Vee Pak Settlement Fund, the Claims Administrator shall: (1) calculate, withhold, remit, and report the employer's and each Claimant's share of applicable payroll taxes in connection with the Settlement Payment; (2) satisfy all tax reporting, return, and filing requirements with respect to the Settlement Account and interest or other income earned by the Settlement Account as detailed in Section VII.F. below; and (3) satisfy out of the Settlement Account all taxes (including estimated taxes, interest, or penalties) with respect to the interest or other income earned by the Settlement Account, fees, expenses, and costs incurred in connection with the opening and administration of the Agreement as Administrative Costs. The Parties and the Claims Administrator shall elect to treat the Settlement Account as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 C.F.R. § 1.468B-1(j)(2)(i), and such

election statement shall be attached to the appropriate returns as required by 26 C.F.R. § 1.468B-1(j)(2)(ii). The Parties agree to cooperate with the Claims Administrator and one another as necessary to effectuate the terms of this Agreement.

    C.    <u>Claims Procedure</u>.

    1.    <u>Claims Filing Procedures for Obtaining Monetary Relief</u>. All Class Members, including the Named Plaintiffs, may be eligible to receive a Monetary Award from the Settlement Fund. All Class Members, excluding the Named Plaintiffs, who seek to claim a Monetary Award from the Settlement Fund must do so in writing by signing and submitting to the Claims Administrator a Claim Form, as described more fully below, which must be postmarked or otherwise received by the Claims Administrator by the date set by the Court. By signing this Agreement, the Named Plaintiffs are deemed to have filed a Valid Claim Form. Class Members shall complete the Claim Form in its entirety to the extent applicable and in accordance with the procedures and requirements set forth on the Claim Form. Class Members who file a Claim Form must notify the Claims Administrator of any change of address. A failure to notify the Claims Administrator of a change of address may result in the forfeiture of an Award.

    The Claim Form shall be mailed to Class Members by the Claims Administrator within twenty-one (21) days of the entry of the Order of Preliminary Approval of the Settlement or such other date as directed by the Court.

    2.    <u>Claim Form and Monetary Award Options</u>. Class Members, excluding the Named Plaintiffs, who seek to claim a Monetary Award must submit a Claim Form. Any Class Member who fails to timely file a Claim Form shall not receive a Monetary Award. By signing this Agreement, the Named Plaintiffs shall be deemed to have filed a valid and timely claim.

D.     Non-Admissibility of Fact of Award or Non-Award. Neither the fact nor the amount of an Award, nor the fact of the denial of an award to any class member, shall be admissible in any other proceeding for any purpose other than to enforce the Class Member Release or Named Plaintiffs' Release, nor shall it be deemed to be a finding as to the merits of any claim.

E.     Payment of Federal, State, and Local Taxes. The Parties recognize that the awards to eligible Claimants will be subject to applicable tax withholding and reporting as specified in Section VI.A.3., which will be handled as follows:

1.     The Claims Administrator shall serve as trustee of the portion of the Settlement Fund devoted to paying claims ("Claims Fund") and shall act as a fiduciary with respect to the handling, management, and distribution of the claims, including the handling of tax-related issues and payments. Specifically, the Claims Administrator shall be responsible for withholding, remitting, and reporting of the employer and the Claimants' share of payroll taxes from wage portion of payments made from the Class Settlement Fund.

2.     The Claims Administrator shall be responsible for the timely reporting and remitting of the Employer Payroll Tax Payment to the appropriate taxing authorities and shall indemnify the Defendants for any and all penalties and interest relating to such tax payments, including those arising out of an incorrect calculation and/or late payment of the correct taxes.

3.     The Claims Administrator shall be responsible for satisfying from the Class Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal and state income tax withholding, FICA, Medicare, and any state employment taxes.

4.     The Claims Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other

costs and expenses subject to reporting), and any and all taxes, penalties, and other obligations with respect to the payments or distributions from the Class Settlement Fund not otherwise addressed herein.

5.     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Class Settlement Fund, including any taxes or tax detriments that may be imposed on the Defendants with respect to such income earned for any period during which the Class Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this Section (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs, and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Class Settlement Fund Tax Expenses"), shall be paid out of the Class Settlement Fund. The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

6.     Other than the withholding and reporting requirements set forth in Section VI.A.3., Claimants shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Settlement Agreement. The Defendants make no representations, and it is understood and agreed that the Defendants have made no representations, as to the taxability of any portions of the settlement payments to any Claimants, the payment of any cost or an award of attorney fees, or any payments to the Named Plaintiffs.

F.    <u>Defendants Have No Further Obligation, Liability, or Responsibility</u>. The Defendants shall have no withholding, reporting, or any other tax reporting or payment responsibilities with regard to the Class Settlement Fund or its distribution to Class Members. Moreover, the Defendants shall have no liability, obligation, or responsibility for the administration of the Class Settlement Fund, the determination of any formulas for disbursement, or the disbursement of any monies from the Class Settlement Fund except for (1) the obligation to pay the Total Settlement Amount into the Settlement Fund as described in Section VI.A.1; and (2) the agreement to cooperate in providing information necessary for claims administration set forth herein.

## VII.    ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL AND SERVICE AWARD TO THE NAMED PLAINTIFF

A.    All of Class Counsel's fees and costs, including those in connection with securing Court approval of this Settlement Agreement, the claims process, and any monitoring of this Settlement Agreement, shall be paid from the Qualified Settlement Fund, following approval of those attorneys' fees and costs by the Court. Plaintiffs' Counsel will seek attorneys' fees in the amount of Four Million and 00/100 Dollars ($4,000,000.00) from the Total Settlement Amount, subject to Court approval. In addition, Plaintiffs' Counsel will seek reimbursement of their litigation expenses in the amount of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00) from the Total Settlement Amount, subject to Court approval. The Defendants shall not object to Class Counsel's requests for fees and litigation expenses in the amounts stated herein. Any funds from the Total Settlement Amount not approved by the Court for the payment of Class Counsel's attorneys' fees and litigation expenses shall become part of the Class Settlement Fund. Under no circumstances will the award of fees to Class Counsel cause Vee Pak or Staffing Network or their respective insurers' financial obligation under this Agreement to increase beyond the Total Settlement Amount.

B.     The Named Plaintiffs have exerted time and effort in assisting Plaintiffs' Counsel and serving as fiduciaries for the Class. The parties agree that Class Counsel may petition the Court for a Service Award payable to the Named Plaintiffs from the Class Settlement Fund for their efforts and service to the Class. The Defendants shall not object to the Named Plaintiffs' motion for a Service Award of Fifteen Thousand and 00/100 Dollars ($15,000.00) each for Named Plaintiffs Joe Eagle, Michael Keys and Evan Franklin and of Ten Thousand and 00/100 Dollars ($10,000.00) to Plaintiff Zollicoffer, or a total of Fifty-Five Thousand and 00/100 Dollars ($55,000.00) to all of the Named Plaintiffs, which amounts shall be subject to ordinary withholdings.

## VIII.   **TERMINATION OF SETTLEMENT**

A.     In the event that the Court does not approve this Class Settlement Agreement in its entirety as to the relief provided to the Named Plaintiffs and the Class Members, excluding modifications that the Defendants determine in their reasonable and good faith judgment not to be material modifications and excluding an Order denying, in whole or in part, an award of attorneys' fees to Class Counsel, or in the event that the Class Settlement Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, no payments shall be made by the Defendants to anyone in accordance with the terms of this Class Settlement Agreement except any claims administration costs incurred through that date as specified herein, and the Parties will each bear their own costs and fees with regard to the efforts to obtain Court approval. In such event, this Class Settlement Agreement (except for this provision and those provisions relating to non-admissibility and non-admission of liability set forth in Sections II.G., II.H., and IV.F.) shall be deemed null and void, its terms and provisions shall have no further force and effect

with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose. In such event, the Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims and allegations asserted by the Named Plaintiffs in the Action upon all procedural and substantive grounds, including without limitation the ability to assert any and all other potential defenses or privileges on any grounds and to appeal the Court's class certification of this matter. The Named Plaintiffs and Class Counsel agree that the Defendants retain and reserve these rights and agree not to take a position to the contrary. The Named Plaintiffs and Class Counsel do not waive, but rather expressly reserve, all rights to assert any claims and allegations and to challenge any and all defenses thereto, upon all procedural and substantive grounds, and to seek class action treatment of any and all of their claims. The Defendants agree that the Named Plaintiffs and Class Counsel retain and reserve these rights and agree not to take a position to the contrary. Notwithstanding any other provision of this Class Settlement Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, denying fees or reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of the Service Award to be paid to any Named Plaintiff, shall constitute grounds for cancellation or termination of this Class Settlement Agreement or grounds for limiting any other provision of the Judgment.

## IX.    <u>MISCELLANEOUS PROVISIONS</u>

A.    <u>Governing Law</u>. The Parties agree that federal law shall govern the validity, construction, and enforcement of this Class Settlement Agreement. To the extent that it is determined that the validity, construction, or enforcement of this Class Settlement Agreement, or the Release

thereunder pursuant to its terms, is governed by state law, the substantive law of Illinois shall apply.

B.      Entire Agreement. This Class Settlement Agreement, including the Exhibits hereto, contains the entire agreement and understanding of the Parties with respect to this Class Settlement Agreement. This Class Settlement Agreement does not impose any obligations on the Parties beyond the terms and conditions stated herein. Accordingly, this Class Settlement Agreement shall not prevent or preclude the Defendants from revising their employment practices and policies or taking other personnel actions during the term of this Class Settlement Agreement so long as such actions would not violate the terms of this Class Settlement Agreement.

C.      Modifications. Except as specifically provided for herein, this Class Settlement Agreement may not be amended or modified except with the express written consent of the Parties.

D.      Exhibits. The Exhibits to this Class Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

E.      Notices to Counsel. All notices to counsel required or desired to be given under this Settlement Agreement shall be in writing and by overnight mail and e-mail to counsel for the Plaintiffs (specifically, to Christopher J. Williams of the National Legal Advocacy Network, Joseph Sellers and Harini Srinivasan of Cohen Milstein Sellers & Toll, PLLC and Christopher Wilmes and Caryn Lederer of Hughes Socol Piers Resnick & Dym, Ltd.), Vee Pak (specifically, to Joseph K. Mulherin of McDermott, Will & Emery LLP and Donald S. Rothschild of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.) and Staffing Network (specifically to Elliot Richardson and Michele Dougherty of Korey Richardson, LLP) at their respective addresses set forth below (or at such other address as any such party or counsel may designate in a subsequent notice).

F.      Failure to Insist on Strict Compliance. The failure of any party to insist in any one or more instances on strict compliance with the terms and conditions hereof shall not be construed to be a waiver of remedies available with respect to any prior or subsequent breach.

G.      Settlement Agreement Binding. This Class Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties hereto and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, successors, and assigns.

H.      Dispute Resolution Mechanisms. The Parties will work diligently and in good faith to resolve all disputes that may arise between them concerning the rights, obligations, and duties of the Parties to this Agreement. In the event that the Parties cannot agree, the Parties will attempt to resolve the dispute with the facilitation of a mediator. In the event that mediation is unsuccessful, then either party may apply to the Court for relief. Class Members will have no individual right to enforce the terms of this Class Settlement Agreement. Rather, only the Defendants and the Named Plaintiffs, through Class Counsel, may seek to enforce the terms of this Class Settlement Agreement. In any action brought to enforce this Class Settlement Agreement, the Court may, in its discretion, award reasonable attorneys' fees and expenses to the prevailing party.

I.      No Drafting Presumption. All Parties hereto have participated, through their respective counsel, in the drafting of this Class Settlement Agreement and, therefore, this Class Settlement Agreement shall not be construed more strictly against one party than another.

J.      Dispute As To Meaning of Agreement Terms. In the event of any dispute or disagreement with respect to the meaning, effect, or interpretation of this Class Settlement Agreement or any Exhibit hereto, or in the event of a claimed breach of the Class Settlement Agreement, the Parties

agree that such dispute will be resolved and adjudicated only in accordance with the dispute resolution provisions of Section XI.H. of this Class Settlement Agreement.

K.      Interpretation of Terms. Whenever possible, each provision and term of this Class Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.

L.      Paragraph and Section Headings. Paragraph and section headings are for convenience of reference only and are not intended to create substantive rights or obligations.

M.      Counterparts. This Class Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Class Settlement Agreement.

N.      Agreement Binding. As of the date on which all counsel for the Parties have executed this Class Settlement Agreement, this Class Settlement Agreement shall be binding in all respects, subject to the terms and conditions set forth herein.

O.      Parties' Authority. The signatories hereby represent that they are fully authorized to enter into this Class Settlement Agreement and to bind the Parties to the terms and conditions hereof. All of the Parties acknowledge that through this Settlement Agreement and its attachments, they and the Class Members are being advised that they may consult an attorney regarding their participation in this Class Settlement Agreement, and the Parties acknowledge that they in fact have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Class Settlement Agreement, and this Class Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Class Settlement Agreement.

P.      Media Statements.  Plaintiffs' Counsel will not make any statement suggesting that any of the allegations of race discrimination in this lawsuit pertained to Voyant Beauty.

**On behalf of Named Plaintiffs and the Class by Counsel for Plaintiffs and the Class**

DATED**:** _____          NATIONAL LEGAL ADVOCACY NETWORK

By: _____
     Christopher J. Williams

DATED**:** _12/12/2023_____          COHEN MILSTEIN SELLERS & TOLL, PLLC

By: _____
     Joseph Sellers

DATED**:**  **12/12/2023**_____          HUGHES SOCOL PIERS RESNICK & DYM, LTD.

By: _____
     Christopher Wilmes

*Attorneys for Plaintiffs and Class Counsel*

DATED**:** _____          By: _____
     Joe Eagle

DATED**:** _____          By: _____
     James Zollicoffer

DATED**:** _____          By: _____
     Michael Keys

DATED**:** _____          By: _____
     Evan Franklin

*Named Plaintiffs*

**On behalf of Named Plaintiffs and the Class by Counsel for Plaintiffs and the Class**

DATED: 12/12/2023 _____  NATIONAL LEGAL ADVOCACY NETWORK

By: Christopher J. Williams
Christopher J. Williams

DATED: _____  COHEN MILSTEIN SELLERS & TOLL, PLLC

By: _____
Joseph Sellers

DATED: _____  HUGHES SOCOL PIERS RESNICK & DYM, LTD.

By: _____
Christopher Wilmes

*Attorneys for Plaintiffs and Class Counsel*

DATED: 12/12/2023 _____  By: _____
Joe Eagle

DATED: 12/12/2023 _____  By: James Zollicoffer
James Zollicoffer

DATED: 12/12/2023  By: _____
Michael Keys

DATED: 12/12/2023 _____  By: _____
Evan Franklin

*Named Plaintiffs*

35

**Defendant Vee Pak, Inc and Vee Pak, LLC d/b/a Voyant Beauty**

DATED: _____

Vee Pak, LLC (as successor in interest to Vee Pak, Inc.)

By: _____

Its: _____

**Defendants Vee Pak, Inc and Vee Pak, LLC's Counsel**

DATED: _____

By: _____
*Attorney for Defendant Vee Pak, Inc and Vee Pak, LLC*

**Defendant Staffing Network Holdings, LLC**

DATED: 11-22-2023

By: _____

Its: HUMAN RESOURCES MANAGER

**Defendants Staffing Network Holdings, LLC's Counsel**

DATED: 12/12/23

By: *Michele D. Dougherty*
*Attorney for Defendant Staffing Network Holdings, LLC*

DM_US 202172293-1.107674.0011

36

**Defendant Vee Pak, Inc and Vee Pak, LLC d/b/a Voyant Beauty**

DATED: _____12/11/23_____          Vee Pak, LLC (as successor in interest to
                                             Vee Pak, Inc.)

                                             By: _Richard McEvoy_____

                                             Its: Richard McEvoy – CEO Voyant Beauty


**Defendants Vee Pak, Inc and Vee Pak, LLC's Counsel**

DATED: __12/12/2023_____

                                             By: _Donald S. Rothschild_____
                                                  *Attorney for Defendant Vee Pak, Inc
                                                  and Vee Pak, LLC*


**Defendant Staffing Network Holdings, LLC**

DATED: _____

                                             By: _____

                                             Its: _____


**Defendants Staffing Network Holdings, LLC's Counsel**

DATED: _____

                                             By: _____
                                                  *Attorney for Defendant Staffing
                                                  Network Holding, LLC*

DM_US 202172293-1.107674.0011

36

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672

## IMPORTANT NOTICE

You are receiving this Claim Form because you may be eligible to receive money due to settlement of a class action case involving the alleged denial of job assignments to African American workers. If you are African American and sought work assignments through Staffing Network during the period of January 1, 2011 up through and including December 31, 2015 or through ASI during the period of January 1, 2011 up through and including January 16, 2018, or through MVP during the period of January 1, 2011 up through and including October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak, you may be eligible to participate in a class action settlement if you complete the form below.

**Questions? Please call xxx-xxx-xxxx or visit the Settlement website, www.VeePak_Settlement.com**

## CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>
<<ADDRESS>>
<<CITY>>,<<ST>><<ZIP>>
( _____ ) _____ - _____

( _____ ) _____ - _____

Area Code    Daytime Telephone Number

Area Code    Evening Telephone Number

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE OR UNTIMELY CLAIM FORMS WILL BE REJECTED. YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN [INSERT CLAIM DEADLINE]:**

**Vee Pak Class Claims Administrator [insert claims administrator name and address] Telephone #, Fax #, email address**

### INSTRUCTIONS:

You must *complete, sign and return* this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before [insert claim deadline]. If you move, it is your responsibility to update your contact information with the Claims Administrator at the address listed above.

Returning this Claim Form does not ensure that you will share in the Settlement Proceeds. You will share in the proceeds only if (1) the Court approves the Settlement and (2) you meet requirements for recovery set forth in the three Settlement Agreements, which are summarized in the accompanying Notice. You must respond to the below questions under penalty of perjury.

i

## PART I: QUESTIONNAIRE

Be advised – this agreement is only for African Americans who allege they were denied an assignment from Staffing Network, ASI or MVP's offices that made assignments to Vee Pak. In order to recover a settlement payment, you must respond to the following questions under oath. **Do not complete this claim form if you are not African American.**

Tenga en cuenta - este acuerdo es solo para los Afroamericanos que alegan que se les negó una asignación de las oficinas de Staffing Network, ASI o MVP que hizo asignaciones a Vee Pak. Para recuperar un pago de liquidación, debe responder a la siguiente pregunta a continuación bajo juramento. **No complete este formulario de reclamo si no es Afroamericano.**

1.      Are you African American?     Yes     No

2.      Did you seek work from a staffing agency known as Staffing Network (at its Cicero Office, Chicago South Office or Burbank Office) from January 1, 2011 through December 31, 2015, or from a staffing agency known as ASI (at its Cicero Office) from January 1, 2011 through January 16, 2018, or from a staffing agency known as MVP (at its Cicero Office) from January 1, 2011 through October 21, 2013?

        Yes     No     *[Answer "yes" if you sought work from at least one of these staffing agency offices.]*

## PART II: WAIVER AND RELEASE

I, the undersigned, hereby irrevocably and unconditionally waive, release, and forever discharge Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty and Staffing Network Holdings, LLC and each of their current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present owners, shareholders, advisors, directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, insurers, co-insurers, re-insurers, managers, , attorneys, and personal or legal representatives, in their individual and representative capacities (collectively referred to as the "Releasees") from any and all race discrimination claims against the Releasees and that arise out of the same transactions or occurrences alleged in Plaintiffs' Sixth Amended Complaint ("Released Claims") in the matter entitled *Eagle, et al. v. Vee Pak, Inc., et al.*, (Case No. 12-cv-09672 (N.D. Ill. 2012)).  I acknowledge and agree that the scope of release for the Releasees shall be the same as permitted under the doctrine of *res judicata* had a judgment been entered in Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty and Staffing Network Holdings, LLC's favor. I also acknowledge and agree that explicitly not released and excluded from this settlement are any claims related to any conduct or omissions occurring after January 1, 2019 and that this Waiver and Release explicitly does not waive any rights that cannot be waived by law, including my right to file a charge of discrimination with an administrative agency, such as the United States Equal Employment Opportunity Commission ("EEOC") and my right to participate in any agency investigation or proceeding. I understand, however, that I am waiving any right to recover a monetary award from any of the Releasees in connection with such a charge or investigation related to the Released Claims for a charge filed by me or by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

ACCORDINGLY, I declare under penalty of perjury that the answers to the questions in this Claim and Release Form are true and correct.

Date: _____ Signature: _____

**EXHIBIT B [Abridged Notice]**
**NOTICE OF CLASS ACTION SETTLEMENT**
*Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672 ("*Vee Pak* Matter")

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**                    **c/o Claims Administrator**
**EASTERN DIVISION**

<u>**WHY YOU ARE RECEIVING THIS NOTICE**</u>

   This Notice is to tell you about the settlement of a class action lawsuit that was filed against Vee Pak, Inc. Vee Pak, LLC d/b/a Voyant Beauty (collectively "Vee Pak" and Staffing Network Holdings, LLC ("Staffing Network") (the "*Vee Pak* Matter"). This Notice also tells you about a "Fairness Hearing" in the *Vee Pak* Matter to be held before Judge John J. Tharp, Jr. on ____ at _.m. [insert location]. The Fairness Hearing will be used to determine whether the proposed settlement described in the Class Action Settlement Agreement (the "Agreement") fairly resolves the claims against Vee Pak and Staffing Network in the *Vee Pak* Matter. You may be entitled to a monetary award as described in this notice.

This Notice **is not** a notice of a lawsuit **against** you. A federal Court has authorized this Notice.

**You received this Notice because you may be a member of the Class in the *Vee Pak* Matter. The Class in the *Vee Pak* Matter is made up of three Subclasses which are defined as:**

<u>*Staffing Network Subclass (represented by Plaintiffs Eagle and Keys)*</u>
African American laborers who sought work assignments at Staffing Network from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including December 31, 2015, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including December 31, 2015.

<u>*ASI Subclass (represented by Plaintiff Franklin)*</u>
African American laborers who sought work assignments at Alternative Staffing, Inc. from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including January 16, 2018, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including January 16, 2018.

<u>*MVP Subclass (represented by Plaintiff Zollicoffer)*</u>
African American laborers who sought work assignments at Personnel Staffing Group, LLC d/b/a MVP from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including October 21, 2013.

<u>**SETTLEMENT IN THIS MATTER AND INFORMATION ON HOW TO PARTICIPATE**</u>

You may be eligible to participate in the settlement of the *Vee Pak* Matter by completing the attached Claim Form and timely mailing it to the Settlement Administrator. To receive your share of the Settlement Fund, you **must** mail the attached Claim and Release Form not later than [Insert Date]. The Claim and Release must be completed, signed and returned without alteration or amendment.

To be a class member in the *Vee Pak* Matter and eligible for a settlement award, you must answer "Yes" to questions 1 (affirming under oath that you identify as African American) and 2 (affirming under oath that you sought work at Staffing Network, ASI and/or MVP at an office that made assignments to Vee Pak during the relevant Subclass Period) on the enclosed claim form.

<u>**Settlement Awards in the settlement of the *Vee Pak* Matter:**</u> If you respond in the affirmative under oath to questions 1 and 2 on the enclosed Claim Form, you are a Class Member in the *Vee Pak* Matter. If you are

iv

a Class Member in the *Vee Pak* Matter and you accurately complete and timely submit the enclosed Claim Form, then you may be entitled to receive a Settlement Payment from the Class Action Settlement with Vee Pak and Staffing Network. If you previously filed a claim as part of the settlements with ASI or MVP, you may receive additional funds as part of the same payment. Each Claimant in the settlement of the *Vee Pak* Matter may receive a share of the Class Settlement Fund of Six Million Six Hundred Thousand and 00/100 Dollars ($6,600,000.00), minus the cost of claims administration, service awards to the Named Plaintiffs as awarded by the court and the employer's share of payroll taxes. The actual amount each Claimant will receive will depend upon how many claims are filed.

**If the information on the claim form is accurate,** fill out the claim form completely, *making sure to answer the questions and sign and date the form* and mail it in the postage-paid envelope included.

**If the information on the claim form is NOT accurate**, print the corrections on the lines provided, and then fill out the claim form completely, *making sure to answer the questions and sign and date the form* and mail it in the postage-paid envelope included.

## HOW ARE THE LAWYERS FOR THE SETTLEMENT CLASS PAID?

Multiple law firms have worked on this lawsuit for more than 10 years and have incurred approximately $500,000.00 in case expenses, including hiring experts to help prove this case, and have expended more than $5,000,000.00 in attorneys' fees. The parties negotiated payment of attorneys' fees and costs separately from the amount available to pay claims of class members and have agreed that Class Counsel may petition the Court for reimbursement of some of the attorneys' fees incurred over the last decade in this case in the amount of Four Million and 00/100 Dollars ($4,000,000.00). In addition, Class Counsel may petition the Court for reimbursement of their costs up to Five Hundred Thousand and 00/100 Dollars ($500,000.00) incurred in the litigation of the *Vee Pak* Matter.

## HOW TO OPT-OUT OF OR OBJECT TO THE SETTLEMENT

If you do not wish to participate in the settlement of the *Vee Pak* Matter, you may opt out. If you opt out of the Settlement, you will not be eligible to receive any benefit from the settlement.

**If you do not wish to participate in the settlement of the *Vee Pak* Matter, you may exclude yourself from the settlement ("Opt-Out Request").** To exclude yourself you must submit the following written statement on your Opt-Out Request: "I request to be excluded from the Settlement with Vee Pak and Staffing Network in *Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672."

Your Opt-Out Request must include your full name, address and telephone number and must be personally signed by you and returned to the Claims Administrator and postmarked on or before [Opt-Out Deadline]. If you exclude yourself from the settlement, you will not be eligible to receive a settlement award. You will also not be bound by any release and may pursue other legal remedies on your own apart from the settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out.

**You may also object to the terms of the settlement.** If you choose to object to the settlement of the *Vee Pak* Matter, you must mail your written objection to the Claims Administrator on or before [Objection Deadline]. If you choose to object to the settlement, you must also include your full name, address, and telephone number, and you must personally sign and date the letter.

Full details on how to exclude yourself or object to the settlement are available in the Complete Notice available at www.VeePak_Settlement.com. Please review the complete notice prior to excluding yourself from the settlement or objecting to the terms of the settlement.

If you have questions about the settlement, contact Class Counsel or the Settlement Administrator at: [insert class counsel contact information; insert settlement administrator information]

**FILE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN [INSERT DATE]**

---

*NOTE: Claimants who have already filed a claim through either the Personnel Staffing Grroup (PSG) or Alternative Staffing, Inc. (ASI) settlement administration processes in this case will automatically be eligible to receive a payment through this claims administration process, regardless of whether they also fill out the current claim form" be included in the notice.*

<u>**EXHIBIT C [Long Form Notice]**</u>

**IN THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

***Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672 ("*Vee Pak* Matter")**

## I.  NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

### A.  Introduction

If you are African American and sought a work assignment at an agency known as Staffing Network (at its Cicero, Chicago South, or Burbank offices in Illinois) from January 1, 2011 up through December 31, 2015, or from ASI (at its Cicero, Illinois office) from January 1, 2011 through January 16, 2018, or from a staffing agency known as MVP (at its Cicero, Illinois office) from January 1, 2011 through October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak, the settlement of a class action lawsuit may affect you.

*A federal court has authorized this Notice.  This is not a solicitation from a lawyer.
You are not being sued.*

### B.  Part 1: Basic Information

| What is this Notice About? |
| --- |

This Notice is to tell you about the Settlement of a "class action" lawsuit that was filed against Vee Pak and Staffing Network and to tell you about a "Fairness Hearing" before Judge John J. Tharp, Jr. on  at ____.m. at [insert location], to determine whether the proposed partial settlement described in the Class Action Settlement Agreement (the "*Vee Pak* Agreement") fairly resolves the claims against Vee Pak and Staffing Network as explained below.

### C.  Why did I get this Notice?

You received this Notice because you may be a member of the Class in the *Vee Pak* Matter. The Class in the *Vee Pak* Matter is made up of three Subclasses which are defined as:

<u>*Staffing Network Subclass (represented by Plaintiffs Eagle and Keys)*</u>
African American laborers who sought work assignments at Staffing Network from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including December 31, 2015, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including December 31, 2015.

<u>*ASI Subclass (represented by Plaintiff Franklin)*</u>
African American laborers who sought work assignments at Alternative Staffing, Inc. from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including January 16, 2018, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including January 16, 2018.

<u>*MVP Subclass (represented by Plaintiff Zollicoffer)*</u>

African American laborers who sought work assignments at Personnel Staffing Group, LLC d/b/a MVP from offices that referred workers to Vee Pak during the period of January 1, 2011 up through and including October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak during the period of January 1, 2011 up through and including October 21, 2013.

If you meet this definition of one or more of these Classes, you are eligible to participate in this settlement and may be eligible for compensation as described below. If you do not wish to participate in the settlement, you may also exclude yourself or opt-out of the settlement. Information on how to exclude yourself from the settlement is available on page 5 of this Notice. This Notice explains:

- What this litigation is about;
- Who is affected by the lawsuit;
- Who represents the Classes in the lawsuit;
- What your legal rights and options are;
- How and by when you need to act.

This Notice **is not** a notice of a lawsuit **against** you.  A federal Court has authorized this Notice.

### D. What is the Litigation about?

The *Vee Pak* Matter was filed against Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty ("Vee Pak"), Staffing Network Holdings, LLC ("Staffing Network"), Alternative Staffing, Inc. ("ASI"), and Personnel Staffing Group d/b/a MVP ("MVP") by Joe Eagle, Michael Keys, Evan Franklin and James Zollicoffer ("Named Plaintiffs"), on behalf of themselves and other similarly situated African American laborers who sought work assignments from Staffing Network at its Cicero, Chicago South, or Burbank offices in Illinois from January 1, 2011 through December 31, 2015, or from ASI at its Cicero, Illinois office from January 1, 2011 through January 16, 2018, or from MVP at its Cicero, Illinois office from January 1, 2011 through October 21, 2013, but on one or more occasion were not assigned to work at Vee Pak. In this lawsuit, Plaintiffs sought to recover on their own behalf and on behalf of the Staffing Network, ASI and MVP Subclasses in the *Vee Pak* Matter the lost wages that they could have received if they had been assigned to work at Vee Pak. Plaintiffs also sought to recover compensatory damages, punitive damages, and attorney's fees and costs. Class settlements were previously reached with ASI and MVP. The funds for all three of these settlement agreements will be distributed together. If you are eligible to receive funds from multiple settlement agreements, you will receive them together as a single check. The Defendants in this case have denied all allegations of wrongdoing in this matter, and no Court has held that they have violated the law. The Plaintiffs and Defendants have reached a Settlement in this Matter.

### E. The Settlement

**What is the Vee Pak Settlement and how was it reached?**

In the *Vee Pak* Matter, Plaintiffs and Defendants agreed to a Settlement in which Vee Pak and Staffing Network have agreed to contribute to a fund to compensate Plaintiffs and the other members of the three subclasses for the race discrimination alleged when Staffing Network, ASI and MVP denied job referrals to Vee Pak during the relevant subclass periods. Defendants deny all wrongdoing, and no court has held that either of the Defendants have violated the law. The Named

Plaintiffs and Defendants are now seeking Court approval of the settlement, which is required for the settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Fund.

The parties have devoted substantial amounts of time, energy, and other resources in prosecuting and in defending the *Vee Pak* Matter which was initially filed with the Equal Employment Opportunity Commission in 2012 and filed in Court in late 2012. Unless there is a settlement, the lawsuit will continue against the Defendants and there would be no guarantee of a greater recovery. In light of these factors, the Parties believe that this Settlement is the best way to fully resolve the *Vee Pak* Matter while minimizing further expenditures, delay and risk.

The Parties and their attorneys believe that the settlements are fair, reasonable, and adequate, and in the best interests of all Settling Parties.

### *What are the terms of the Settlement?*

In the Settlement, Defendants have agreed to pay Six Million Six Hundred Thousand and 00/100 Dollars ($6,600,000.00), toward a settlement fund (the "*Vee Pak* Class Settlement Fund"). The *Vee Pak* Class Settlement Fund will be used to pay Settlement Awards to Staffing Network, ASI and MVP Subclass Members in the *Vee Pak* Matter, after deduction of the cost of claims administration, the employer's share of payroll taxes and any service award to the Named Plaintiffs as approved by the Court.

Class Members who do not exclude themselves from the *Vee Pak* Settlement will release Vee Pak, Inc., Vee Pak, LLC d/b/a Voyant Beauty and Staffing Network Holdings, LLC and each of their respective current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present owners, shareholders, advisors, directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and representative capacities (collectively referred to as the "Releasees") from any and all race discrimination claims against the Releasees that arise out of the same transactions or occurrences alleged in Plaintiffs' Sixth Amended Complaint in the *Vee Pak* Matter ("*Vee Pak* Released Claims"). The scope of release for the Defendants' Releasees in this matter shall be the same as permitted under the doctrine of *res judicata* had a judgment been entered in Vee Pak and Staffing Network's favor. The Waiver and Release explicitly does not waive any rights that cannot be waived by law, including for events that occurred after January 1, 2019, the right to file a charge of discrimination with an administrative agency, such as the United States Equal Employment Opportunity Commission ("EEOC") and the right to participate in any agency investigation or proceeding. However, any *Vee Pak* Class Member who does not opt-out of the *Vee Pak* Settlement, if approved, will waive any right to recover a monetary award from any of the Releasees in connection with such a charge or investigation related to the Released Claims for a charge filed by any individual, by the EEOC, or by any other city, local, state, or federal agency.

Under the Settlement Agreement, the Named Plaintiffs Joe Eagle, Michael Keys and Evan Franklin will ask the Court to award them a payment of Fifteen Thousand and 00/100 Dollars

($15,000.00) and Plaintiff James Zollicoffer[1] will ask the Court to award him Ten Thousand and 00/100 Dollars ($10,000.00) for executing a full release of all claims as to Vee Pak and Staffing Network and for helping to litigate and settle this litigation. Plaintiffs' counsel will ask the Court to award them Four Million and 00/100 Dollars ($4,000,000.00) as a partial payment for the work they performed on behalf of the class for more than 10 years and will ask the Court to reimburse their actual expenses incurred in this litigation up to Five Hundred Thousand and 00/100 Dollars ($500,000.00).

The Court has also ordered that the terms of the prior settlement agreements with ASI and MVP be modified to allow for *pro rata* distribution of settlement funds – that is, each claimant will receive an equal share. The Court has ordered that the distribution of these funds should be consolidated with the distribution of the funds in the *Vee Pak* Settlement. If you are eligible to receive monies from multiple settlement funds, you will receive them together as a single check.

### F. What am I entitled to recover under the Settlement?

If the Court approves the *Vee Pak* Settlement, each Vee Pak Class Settlement Member who submits a valid and timely claim may receive a share of the *Vee Pak* Class Settlement Fund of Six Million Six Hundred Thousand and 00/100 Dollars ($6,600,000.00), minus the cost of claims administration, the service awards to the Named Plaintiffs and the employer's share of payroll taxes. The award to each Claimant shall be no more than Five Thousand Dollars ($5,000.00). The actual amount each Claimant in the *Vee Pak* Settlement will receive will depend upon how many claims are filed. If more claims are received than have been expected, then each claimant's settlement award will be reduced proportionally. If the total number of claims received is less than the number of claims expected, then each eligible Claimant's settlement payment will be increased proportionately.

The Parties have agreed that thirty percent (30%) of each Claimant's settlement award in the *Vee Pak* Matter will be considered wages and will be reported as such on an IRS Form W-2 and that the remaining seventy percent (70%) will be considered compensatory damages and interest and will be reported as such on an IRS Form 1099 where mandated by the Internal Revenue Service. Appropriate withholding of federal, state, and local income taxes shall be made from the wage portion of the settlement award and the Claimants' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from these settlement payments and reported in the above referenced Form W-2. Other than the withholding and reporting requirements herein, Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, or local income or other taxes on payments received pursuant to this settlement.

### G. How do I receive a Settlement Award in the Vee Pak Settlement?

*How do I participate?*

To receive a part of the Class Settlement Fund, you must be a class member in the *Vee Pak* Matter which is determined by answering on the Claim Form, under oath, "Yes" to Questions 1 (affirming under oath that you identify as African American) and 2 (affirming under oath that you sought work at Staffing Network, ASI and/or MVP at an office that made assignments to Vee Pak

---

[1] Named Plaintiff Zollicoffer previously received a Five Thousand and 00/100 Dollar ($5,000.00) payment in this case as a part of the partial settlement with MVP as the representative plaintiff of the MVP Subclass.

during the relevant Subclass Period). You must complete and sign the Claim Form without alteration or amendment and return it to the Claims Administrator on or before [Claims Deadline]. *If you do not timely complete and return a signed and __fully__ completed Claim Form, you will not receive a monetary settlement award.*

**NOTE: Claimants who have already filed a claim through either the Personnel Staffing Grroup (PSG) or Alternative Staffing, Inc. (ASI) settlement administration processes in this case will automatically be eligible to receive a payment through this claims administration process, regardless of whether they also fill out the current claim form" be included in the notice.**

### H. Am I required to participate in the Settlement?

No, you may do nothing, and you will remain a member of the *Vee Pak* Class and be bound by the settlement of this matter, but you will not receive a settlement check and will not be eligible to later receive a proportionate share of the Class Settlement Fund described above.

You also have the right to object or exclude yourself from the Settlement if you comply with the opt-out procedure stated below. However, if you exclude yourself from the Settlement, you will not be eligible to receive any money from the Settlement.

### I. What is the Fairness Hearing and do I need to attend?

The purpose of the Fairness Hearing is to determine whether the proposed settlement of the lawsuit is fair, reasonable, and adequate, and whether the proposed settlement should be finally approved by the Court. There will be a Fairness Hearing for the *Vee Pak* Settlement before Judge Tharp. Information about the Fairness Hearing is provided below. **Any Class Member who is satisfied with the proposed settlement does not have to appear at the Fairness Hearing.**

### J. How can I opt-out of the Settlement?

**If you do not wish to participate in the *Vee Pak* Settlement, you may also exclude yourself from the settlement ("Opt-Out Request").** To exclude yourself from the *Vee Pak* Settlement, you must submit the following written statement on your Opt-Out Request: "I request to be excluded from the settlement in *Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672" and return it to the Claims Administrator and postmarked on or before [Opt-Out Deadline].

Your Opt-Out Request must include your full name, address and telephone number and must be personally signed by you and returned to the Claims Administrator and postmarked on or before [Opt-Out Deadline]. If you exclude yourself from the *Vee Pak* Settlement, you will not receive a settlement award in the *Vee Pak* Matter as described above and you will not be bound by the release against Vee Pak or Staffing Network and may pursue other legal remedies against Vee Pak or Staffing Network on your own apart from the *Vee Pak* Settlement that may be available to you. *You should not opt-out if you wish to participate in the settlement.*

### K. How can I object to the Settlement?

Any person who has not validly and timely opted-out of the settlement but who objects to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate. Neither Plaintiffs nor Defendants will pay attorneys' fees to an objector's counsel for work related to an objection to this Settlement. If you choose to object to the Settlement, your written objection must

be received by the Claims Administrator on or before [Objection Deadline]. The objection should set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include your full name, address and telephone number and be personally signed and dated by you. Class Members who do not make timely objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection and wish it to be considered in the *Vee Pak Matter*, you must also appear at hearing on ___ at __:__ .m. at [insert location], at which time the judge presiding over the *Vee Pak* Matter (The Hon. John J. Tharp, Jr.) will consider whether to grant final approval of the *Vee Pak* Settlement. **YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

## L.  When is the Court hearing to determine if the Settlement is fair?

The Fairness Hearing in the *Vee Pak* Matter will be held before the Honorable John J. Tharp, Jr. on ___ at __:__ .m. at [insert location]. This Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification. If you are a member of the *Vee Pak* Class, you will be bound by the proposed *Vee Pak* Settlement with Vee Pak and Staffing Network if it is approved, unless you opt-out by making a timely Request for Exclusion as described above.

## M.  What rights am I giving up if I participate in the Settlement?

Class Members who do not opt out of the *Vee Pak* Settlement will release the Vee Pak and Staffing Network's Releasees from the Released Claims in this Matter, as discussed above.

## N.  How are the lawyers for the Settlement Class Paid?

Multiple law firms have worked on this lawsuit for more than 10 years and have incurred approximately $500,000.00 in case expenses, including hiring experts to help prove this case, and have expended more than $5,000,000.00 in attorneys' fees. The parties negotiated payment of attorneys' fees and costs separately from the amount available to pay claims of class members and have agreed that Class Counsel may petition the Court for reimbursement of some of the attorneys' fees incurred over the last decade in this case in the amount of Four Million and 00/100 Dollars ($4,000,000.00). In addition, Class Counsel may petition the Court for reimbursement of their costs up to Five Hundred Thousand and 00/100 Dollars ($500,000.00) incurred in the litigation of the *Vee Pak* Matter.

## O.  What if the court does not approve the Settlement?

If the Court does not approve the Settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that Class Members will recover more than is provided for in the settlement agreement, or indeed, anything.

## P.  Can I review a copy of the Settlement Agreement or other filings in this case?

Yes, for a detailed statement of the matters involved in this case and the proposed Settlement, you may review the pleadings and other papers filed in the Lawsuit, which are available online through the court's PACER (Public Access to Court Electronic Records) system or may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. Additional

information about the Settlements is available at the settlement website, www.VeePak_Settlement.com. You may also contact Class Counsel to review copies of the settlement papers filed with the Court.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT. DIRECT QUESTIONS ABOUT THE SETTLEMENT TO CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR.**

[INSERT CONTACT INFORMATION FOR THE SETTLEMENT ADMINISTRATOR]

| The Lawyers Representing the Class |
|---|

The following law firms were appointed by the *Vee Pak* Court to represent the Class (called "Class Counsel"):

Christopher J. Williams
National Legal Advocacy
Network
1 N LaSalle St., Suite 1275
Chicago, Illinois 60602

Joseph Sellers
Harini Srinivasan
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave, N.W. Ste 500
Washington, D.C.  20005

Christopher Wilmes
Caryn Lederer
Hughes Socol Piers Resnick & Dym Ltd.
70 W. Madison St., Suite 4000
Chicago, Illinois 60602

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION IN THE MATTER OF *EAGLE, ET AL. V. VEE PAK, INC., ET AL.*, CASE NO. 12-CV-09672

Dated: _____

<u>**EXHIBIT D**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOE EAGLE, MICHAEL KEYS, JAMES ZOLLICOFFER, and EVAN FRANKLIN, on behalf of themselves and similarly situated laborers,<br><br>        Plaintiffs,<br><br>v.<br><br>VEE PAK, INC., VEE PAK, LLC d/b/a VOYANT BEAUTY and STAFFING NETWORK HOLDINGS LLC,<br><br>        Defendants. | Case No. 12 C 9672<br><br>Judge Tharp |

**PRELIMINARY APPROVAL ORDER OF SETTLEMENT
<u>WITH VEE PAK AND STAFFING NETWORK</u>**

Joe Eagle, Michael Keys, James Zollicoffer and Evan Franklin ("Named Plaintiffs" or "Class Representatives") and Vee Pak, Inc., Vee Pak, LLC (collectively "Vee Pak") and Staffing Network Holdings, LLC ("Staffing Network") ("Defendants") (collectively, the "Parties"), having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Class Action Settlement Agreement entitled "Class Action Settlement Agreement and Release with Vee Pak, Inc., Vee Pak, LLC and Staffing Network Holdings, LLC" (hereafter "Class Action Settlement"), the record in this Litigation, and Plaintiffs' "Motion for Preliminary Approval of the Class Action Settlement Agreement and Release with Vee Pak, Inc., Vee Pak, LLC and Staffing Network Holdings, LLC" (ECF No. ___), unopposed by Defendants,

    **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The Court hereby preliminarily approves the Class Action Settlement as being fair, reasonable and adequate. The Class Action Settlement is the result of arm's-length negotiations

between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.      The Court appoints Atticus Administration, LLC as the Claims Administrator. The Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

3.      The Court approves, as to form and content, the proposed Notice of the Class Action Settlement and Claim Forms attached to the Settlement Agreement as Exhibits A, B, C and E, respectively. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

4.      A Fairness Hearing for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on _____, at _____ .m., in Courtroom 1419 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois and may be continued from time to time without further notice.

5.      The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Class and the Defendants for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the Class Action Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Class Action Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) hearing and determining any application by Class Counsel for an award of attorneys' fees and costs; (3) supervising the distribution of the Class Settlement Fund; and (4) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

6.      The Court also approves the modification of the ASI[2] and PSG[3] Settlement Agreements to allow for the funds held in trust from those agreements to be distributed on a *pro rata* basis to Class Members who return claim forms. These funds will be administered and distributed by Atticus Administration, LLC in a consolidated claims process along with the funds from the Class Action Settlement Agreement and Release with Vee Pak, Inc., Vee Pak, LLC and Staffing Network Holdings, LLC.

IT IS SO ORDERED.


_____
Hon. John J. Tharp, Jr.
United States District Judge
Northern District of Illinois


Dated this ___ day of _____, 2023


_____

[2] ECF No. 355-1 at ¶ 57(b)(i).
[3] ECF No. 654-1 at ¶ VI.A.3.a.a.i.

**EXHIBIT E**

***Attention African Americans Who Sought Work at Staffing Agencies known as Staffing Network between January 1, 2011 and December 31, 2015, or ASI between January 1, 2011 and January 16, 2018, or MVP between January 1, 2011 and October 21, 2013***

If you are African American and sought a work assignment at a staffing agency known as Staffing Network (at its Cicero, Chicago South or Burbank Offices) from January 1, 2011 through December 31, 2015, or from a staffing agency known as ASI (at its Cicero Office) from January 1, 2011 through January 16, 2018, or from a staffing agency known as MVP (at its Cicero Office) from January 1, 2011 through October 21, 2013 but on one or more occasions did not receive a work assignment to Vee Pak, then you may be eligible to participate in a class action settlement in the matter of

*Eagle, et al. v. Vee Pak, Inc., et al.*, Case No. 12-cv-09672.

For more information on the settlement and whether you are eligible to participate in the settlement, call 1-xxx-xxx-xxxx, visit the Settlement Website at www.VeePak_Settlement.com or send inquiries by mail to:

[insert class counsel information]